UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. |
| | : | 02-CV-194 (GLG) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION | : | |
| | : | |
| Defendants. | : | DECEMBER 3, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 34, and 37 of the Federal Rules of Civil Procedure and Rules 7(a) and 37 of Local Civil Rules of the United States District Court for the District of Connecticut (the "Local Rules"), the defendant Electric Boat Corporation ("Electric Boat") respectfully submits this memorandum in support of its motion to compel the plaintiff Executive Airlines ("Plaintiff") to produce documents relevant to this case that Plaintiff has failed to produce despite repeated requests by Electric Boat.

### I.   BACKGROUND

As set forth in the affidavit of William H. Erickson, counsel for Electric Boat (the "Erickson Aff."), on August 14, 2003, counsel for Electric Boat served an Amended Re-Notice of Deposition for the deposition of Mr. Peragine to take place on August 21, 2003. In the amended re-notice, Electric Boat requested Mr. Peragine to produce at or before the deposition copies of certain documents in Plaintiff's possession.[1] (Erickson Aff., ¶ 7.) The documents requested in the Amended Re-Notice are essential to this case. Among other things, Electric

Boat requested that Plaintiff produce all documents concerning (1) the profits Plaintiff expected to derive from its contract with Electric Boat and its historic profit margins (requests 2-3); and (2) documents related to Plaintiff's operations of its airline business (requests 6-12). This first category of documents relates directly to what compensation, if any, Plaintiff is entitled to as a result of Electric Boat's termination of the contract. Electric Boat requested the production of this second category of documents so that Electric Boat's expert witness can evaluate Plaintiff's overall business practices and formulate his opinions in this case. (Erickson Aff., ¶ 8.)

On August 18, 2003, Plaintiff's counsel indicated that Mr. Peragine would not appear for the deposition previously scheduled for August 21, 2003. Plaintiff's counsel informed Electric Boat's counsel that the basis for not producing Mr. Peragine on this previously noticed date was that Electric Boat had failed to produce certain documents and interrogatory responses previously requested by Plaintiff. (Erickson Aff., ¶ 9.) As a result of this disagreement, Magistrate Judge Garfinkel scheduled a telephone conference on September 18, 2003, to resolve these and other discovery issues, and counsel for Plaintiff and Electric Boat participated in this conference. (Erickson Aff., ¶ 10.) After the September 18 conference, Magistrate Judge Garfinkel entered a new Scheduling Order, extending, among other things, the discovery deadline to December 31, 2003. (Erickson Aff., ¶ 11.)

On October 3, 2003, Electric Boat responded to Plaintiff's first set of interrogatories. (Erickson Aff., ¶ 12.) After entry of the revised scheduling order and after Electric Boat had responded to Plaintiff's interrogatories, counsel for the parties agreed that the deposition of Mr. Peragine would take place on November 18, 2003, a date suggested by Plaintiff's counsel.

---

[1] A copy of the August 14, 2003 Amended Re-Notice is attached to the Erickson Aff. as Exhibit A.

(Erickson Aff., ¶ 13.)  Despite the fact that counsel had requested the production of documents in the numerous deposition notices directed to Mr. Peragine, and despite Plaintiff's counsel's repeated assurances that such documents would be produced, Mr. Peragine nor Plaintiff produced any of these documents.  Accordingly, on October 29, 2003, counsel for Electric Boat served on Plaintiff's counsel Electric Boat's Second Set of Requests for Production of Documents, in which Electric Boat requested Plaintiff to produce the same documents that had been requested in the Amended Re-Notice of Deposition served on August 14, 2003.  (Erickson Aff., ¶ 14.)2

On December 1, 2003, Electric Boat's counsel spoke on the telephone with Plaintiff's counsel regarding the production of the requested documents.  Plaintiff's counsel reported that Plaintiff had collected all documents responsive to the requests and that such documents would be sent via overnight delivery on December 2, 2003, for delivery to Electric Boat's counsel on December 3, 2003.  (Erickson Aff., ¶ 17.)  On December 3, 2003, Electric Boat's counsel received from Plaintiff counsel certain documents responsive to Electric Boat's requests set forth in the various deposition notices and the second set of requests for production.  However, Plaintiff did not produce any documents responsive to requests 6-12 of the second set of requests for production of documents.  (Erickson Aff., ¶ 18.)

## II.   ARGUMENT

By failing to timely respond to certain of the requests in Electric Boat's second set of requests for production of documents, Plaintiff has waived any objections to them.  Rule 34(b)

---

[2] A copy of the Second Set of Requests for Production of Documents is attached to the Erickson Aff. as Exhibit B.

"in its most pertinent part, requires that the party upon whom a request for production of documents has been served provide a 'written response within 30 days of service of the request.' Failure to respond timely to a party's request for documents results in a waiver of all objections which could have been seasonably asserted." <u>Kolenc v. Bellizzi, et al.</u>, 1999 U.S. Dist. LEXIS 1794, at * 8 (S.D.N.Y. Feb. 22, 1999); <u>see also</u> <u>Polokoff v. Int'l Pantyhose, Inc.</u>, 1997 U.S. Dist. LEXIS 4582, 1997 WL 178621, at *1 (S.D.N.Y. Apr. 11, 1997).  Here, Electric Boat repeatedly requested that Plaintiff produce these documents.  The first such request was made in the Amended Re-Notice of Deposition served on Plaintiff's counsel on August 14, 2003.  Plaintiff never objected to producing these documents.  The last such request was made in Electric Boat's second set of document requests which were served on Plaintiff on October 29, 2003.  Thirty days have now elapsed since that date and Plaintiff has asserted no objections to these requests.  Consequently, Plaintiff must provide all of the documents requested, without interposing any objections.

     Counsel for Electric Boat has conferred with Plaintiff's counsel in accordance with D. Conn. L. R. 37(a)2 in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court.  Despite Plaintiff's counsel's assurances that all requested documents would be produced on December 3, 2003, documents responsive to requests 6-12 of the second set of document requests have not been produced. (Affidavit of William H. Erickson in Support of Motion to Compel, submitted together with this memorandum).  This continued failure to produce the requested documents has prejudiced Electric Boat's ability to defend the claims asserted by Plaintiff and to prosecute its counterclaim.

-5-

Accordingly, Electric Boat respectfully request that (1) the Court compel Plaintiff to respond fully to Electric Boat's second set of requests for production of documents without interposing any objections; and (2) award to Electric Boat the reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to produce the requested documents.

DEFENDANT,
ELECTRIC BOAT CORPORATION


By_____
Francis H. Morrison (ct04200)
William H. Erickson (ct18117)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Tel. (860) 275-0100
Fax (860) 275-0343
fhmorrison@dbh.com
wherickson@dbh.com
Its Attorneys

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 3rd day of December, 2003, postage prepaid, to:

Stephen R. Mahler, Esq.
Mahler, Miller, Harris & Engel, P.C.
125-10 Queens Boulevard
Suite 311
Kew Gardens, NY  11415

_____
William H. Erickson