UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. |
| | : | 02-CV-194 (GLG) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION | : | |
| | : | |
| Defendants. | : | DECEMBER 3, 2003 |

## AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL

I, William H. Erickson, depose and say as follows:

1. I am over the age of eighteen years old and believe in the obligation of an oath.

2. I am counsel of record for the defendant Electric Boat Corporation ("Electric Boat").

3. On or about October 25, 2002, I sent to Attorney Stephen Mahler, counsel for the plaintiff, Executive Airlines ("Plaintiff"), a Notice of Deposition for the deposition of Mr. Michael Peragine, President of Executive Airlines, for a deposition to take place on November 21, 2002.

4. Attorney Mahler and I agreed that this initial date for Mr. Peragine's deposition would be postponed given the then pending settlement conference with Magistrate Judge Garfinkel.

5. On February 12, 2003, Magistrate Judge Garfinkel issued a Scheduling Order staying discovery pending the ruling on Electric Boat's Motion for Partial Summary Judgment.

6. On July 17, 2003, the Court issued its ruling on Electric Boat's summary judgment motion, thus lifting the stay of discovery.

-2-

7. On August 14, 2003, I served an Amended Re-Notice of Deposition for the deposition of Mr. Peragine to take place on August 21, 2003. In the amended re-notice, I also requested Mr. Peragine to produce at or before the deposition copies of certain documents in Plaintiff's possession. A copy of the August 14, 2003 Amended Re-Notice is attached hereto as Exhibit A.

8. The documents requested in the Amended Re-Notice are essential to this case. Among other things, Electric Boat requested that Plaintiff produce all documents concerning (1) the profits Plaintiff expected to derive from its contract with Electric Boat and its historic profit margins (requests 2-3); and (2) documents related to Plaintiff's operations of its airline business (requests 6-12). This first category of documents relates directly to what compensation, if any, Plaintiff is entitled to due to Electric Boat's termination of the contract. The second category of documents is necessary for an evaluation of Plaintiff's overall business practices and is essential for Plaintiff's expert to review in formulating his opinions in this case.

9. On August 18, 2003, I spoke with Attorney Mahler, at which time he indicated that Mr. Peragine would not appear for the deposition previously scheduled for August 21, 2003. Attorney Mahler informed me that the basis for not producing Mr. Peragine on this previously noticed date was that Electric Boat had failed to produce certain documents and interrogatory responses previously requested by Plaintiff.

10. As a result of this disagreement, Magistrate Judge Garfinkel scheduled a telephone conference on September 18, 2003, to resolve these and other discovery issues. Attorney Mahler, and Electric Boat's counsel, Attorney Francis Morrison and I, participated in this conference.

-3-

11.  After the September 18 conference, Magistrate Judge Garfinkel entered a new Scheduling Order, extending, among other things, the discovery deadline to December 31, 2003.

12.  On October 3, 2003, Electric Boat responded to Plaintiff's first set of interrogatories.

13.  After entry of the revised scheduling order and after Electric Boat had responded to Plaintiff's interrogatories, Attorney Mahler and I agreed that the deposition of Mr. Peragine would take place on November 18, 2003, a date suggested by Attorney Mahler.

14.  Despite the fact that counsel had requested the production of documents in the numerous deposition notices directed to Mr. Peragine, and despite Plaintiff's counsel's repeated assurances that such documents would be produced, Mr. Peragine nor Plaintiff produced any of these documents. On October 29, 2003, I served on Plaintiff's counsel Electric Boat's Second Set of Requests for Production of Documents, in which Electric Boat requested that Plaintiff produce the same documents that had been requested in the Amended Re-Notice of Deposition I served on August 14, 2003. A copy of the Second Set of Requests for Production of Documents is attached hereto as Exhibit B.

15.  Sometime after October 29, 2003, Attorney Mahler informed me that he would not make Mr. Peragine available for his deposition on the previously agreed to date of November 18, 2003, due to Mr. Mahler's trial schedule.

16.  Attorney Mahler and I have now agreed that Mr. Peragine's deposition will take place on December 16, 2003.

17. On December 1, 2003, I spoke on the telephone with Attorney Mahler regarding the production of the requested documents. Plaintiff's counsel reported that Plaintiff had collected all documents responsive to the requests and that such documents would be sent via overnight delivery on December 2, 2003, for delivery to me on December 3, 2003.

18. On December 3, 2003, Attorney Mahler delivered to me certain documents responsive to Electric Boat's requests set forth in the various deposition notices and the second set of requests for production. However, Plaintiff did not produce any documents responsive to requests 6-12 of the second set of requests for production of documents.

19. In preparing the Motion to Compel, supporting Memorandum, and this Affidavit, I have billed Electric Boat six hours of time at my usual hourly rate of $270, for a total of $1,620.

_____
William H. Erickson

Sworn to before me this 3rd day of
December, 2003.


_____
Notary Public
My commission expires: