UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES | : CIVIL ACTION NO. |
| | : 02-CV-194 (GLG) |
| Plaintiff, | : |
| VS. | : |
| | : |
| ELECTRIC BOAT CORPORATION | : |
| | : |
| Defendants. | : AUGUST 14, 2003 |

## AMENDED RE-NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Rule 30 of the Federal Rules of Civil Procedure, the defendant Electric Boat Corporation will take the deposition of Michael Peragine, President of the plaintiff Executive Airlines, Route 109, Hangar 3, Farmingdale, New York, 11735, at the law offices of Day, Berry & Howard LLP, CityPlace I, 185 Asylum Street, Hartford, Connecticut on August 21, 2003, at 10:00 a.m. before Brandon Court Reporting, or other competent authority authorized to administer oaths. This deposition will continue from day to day until completed. You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that pursuant to Rules 30(b)(5) and 34 of the Federal Rules of Civil Procedure, you are directed to produce at the taking of the deposition the documents described below. The definitions and instructions applicable to these document requests are set forth on the attached Exhibit A.

1. Each and every document concerning the cost of Executive Airlines' actual performance under the Purchase Order Agreement.

2. Each and every document concerning the profit Executive Airlines reasonable expected to derive from the Purchase Order Agreement.

3. Each and every document concerning the historic profit margins that Executive Airlines experienced with respect to its charter air service contracts.

4. Each and every document concerning efforts made by Executive Airlines to mutually agree with Electric Boat on the amount due Executive Airlines, if any, pursuant to paragraph 14 of the Terms and Conditions.

5. Each and every document concerning Executive Airlines' remaining claims in the Amended Complaint or upon which Executive Airlines intends to rely to support such claims.

6. Each and every crew training record for each pilot who flew flights for Electric Boat pursuant to the Purchase Order Agreement.

7. Each and every flight, ground and duty time record for each pilot who flew flights for Electric Boat pursuant to the Purchase Order Agreement.

8. The operations manual in effect on May 21, 2000 for the Aircraft.

9. The maintenance manual for the Aircraft.

10. The minimum equipment list applicable to the Aircraft's model of aircraft.

11. The flight manual for the Aircraft.

12. The operations specifications for the Aircraft.

DEFENDANT,
ELECTRIC BOAT CORPORATION

By_____
    Francis H. Morrison (ct04200)
    William H. Erickson (ct18117)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    Tel. (860) 275-0100
    Fax  (860) 275-0343
    fhmorrison@dbh.com
    wherickson@dbh.com
    Its Attorneys

## CERTIFICATION

     THIS IS TO CERTIFY that a copy of the foregoing was mailed this 14th day of August, 2003, postage prepaid, to:

Stephen R. Mahler, Esq.
Mahler, Miller, Harris & Engel, P.C.
125-10 Queens Boulevard
Suite 311
Kew Gardens, NY  11415

                                                    _____
                                                         William H. Erickson

## EXHIBIT A

## DEFINITIONS

1. "Person" shall have the meaning stated in Rule 26(c)(6) of the Local Civil Rules of the United States District Court for the District of Connecticut (the "Local Rules").

2. "Identify" with respect to a person shall have the meaning stated in Rule 26(c)(3) of the Local Rules.

3. "Identify" with respect to a document shall have the meaning stated in Rule 26(c)(4) of the Local Rules.

4. "Identify," when used in reference to an act, occurrence, transaction, decision, statement, communication, negotiation, or contract, means to describe in substance the event or events and circumstances constituting such act or acts, or what transpired, the place and date thereof, and to identify each person present or involved.

5. "Including" shall have a non-exclusive meaning and shall mean "including but not limited to."

6. "Concerning" shall have the meaning stated in Rule 26(c)(7) of the Local Rules.

7. "Document" shall have the meaning stated in Rule 34(a) of the Federal Rules of Civil Procedure.

8. "Executive Airlines" shall mean the plaintiff in this action, its parents, subsidiaries and affiliates and the directors, officers, employees, representatives, agents and attorneys of the foregoing and all other persons acting on their behalf.

9. "Amended Complaint" shall mean the Amended Complaint filed by Executive Airlines dated August 28, 2002.

10. "Electric Boat" shall mean the defendant, Electric Boat Corporation, and its agents and representatives.

11. "February Purchase Order" shall mean purchase order number SNL022-096 dated February 9, 2000, issued by Electric Boat to Executive Airlines.

12. "March Purchase Order" shall mean purchase order number SNL022-096, along with a "purchase order supplement number 1" dated March 14, 2000, issued by Electric Boat to Executive Airlines.

13. "Aircraft" shall mean the BAE Systems Jet Stream 31 which on May 21, 2000, crashed, killing all 17 passengers and the two pilots.

14. "Terms and Conditions" shall mean GDC 410 (REV. 3/87), a form entitled "Purchase Order Terms and Conditions."

15. "Purchase Order Agreement" shall mean collectively the February Purchase Order, the March Purchase Order, and the Terms and Conditions.

## INSTRUCTIONS

1. If any document sought in these requests is withheld from production on the grounds of the attorney/client privilege and/or attorney work product immunity, provide the following information: (a) identify the document; (b) state the privilege or immunity that Executive Airlines claims authorizes its withholding of the document; and (c) provide a brief description of the nature and subject matter of the document.

2. If any document sought by the following requests for production was, but is no longer, in Executive Airlines' possession, custody or control, provide the following information: (a) identify the document; (b) provide a brief description of the nature and subject matter of the document; (c) state the disposition of the document; (d) state the date such disposition was made; (e) state whether the document no longer exists; (f) identify the person who made the decision regarding the disposition of the document; and (g) state the reason for the disposition of the document.