UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,

                Plaintiff,

— against —

ELECTRIC BOAT CORPORATION,

                Defendant.

Docket #02-CV-1 94(GLG)

12 May 2004

MEMORANDUM OF LAW IN OPPOSITION TO
MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Pursuant to Rule 26(b) of the Federal Rules of Civil Procedure and Rule 7(a) of the Local Rules of Civil Procedure of the United State District Court for the District of Connecticut, plaintiff respectfully submits this memorandum in opposition to defendant's motion to compel the production of documents.

BACKGROUND

This action seeks damages for breach of contract and accounts stated based on a one-year agreement pursuant to which plaintiff was to provide continuing air charter services to defendant between defendants facilities in Groton, Connecticut and Newport News, Virginia. The agreement provided for termination on six months' notice but defendant has refused to make any payments since sending notice of termination to plaintiff.

Prior to dealing with defendant's motion, it is first necessary to deal with the recent changes in counsel and approach. Pursuant to order dated 31 March 2004 (Docket # 66) I. Leonard Feigenbaum, Esq. was granted permission to proceed *pro hac vice* as plaintiff's counsel. As detailed in Mr. Feigenbaum's affirmation, his initial involvement in the action included conversations with

defendant's attorneys earlier in March 2004 and attendance at the deposition of Mr. Peragine on 20 March 2004. At the time of the deposition, substantial differences in approach between Mr. Feigenbaum and Mr. Peragine came out, but those differences have since been resolved and defendant's attorneys have been so informed. Plaintiff is now committed to withdrawal of the fourth cause of action for actual damages.

POINT I

THE DOCUMENTS SOUGHT ARE EITHER<br>IRRELEVANT AND IMMATERIAL OR DO NOT EXIST

Defendant's Exhibit A shows that the documents sought (as detailed in the first bulleted paragraph of Exhibit B, Mr. Morrison's 26 March 2004 letter) regarded leases between the entities which owned aircraft and plaintiff, which was the operating entity. The information sought by defendant clearly related to plaintiff's expenses and therefore, its actual damages, which are no longer in issue. Furthermore, as Mr. Peragine implied in his testimony, those agreements were between himself and himself and were not formalized by any signed agreements. Plaintiff's response in paragraph 1 of Mr. Feigenbaum's 19 April 2004 letter (Exhibit E) clarified the situation and stated there were no written leases.

Defendant submitted pages 269 through 279 of the first deposition of Mr. Peragine in Exhibit A with regard to the Leeds litigation. The significance of the questioning is made crystal clear on page 277, where in response to an inquiry as to where the questioning was going, Mr. Morrison twice stated: "I'm talking about damages." Since the fourth cause of action is being withdrawn, there is no longer an issue as to plaintiff's actual damages and the information sought in the second and third bulleted paragraphs of the 26 March 2004 letter are therefore not relevant or material.

The response to the fourth bulleted paragraph as to the Caesar's Palace contract was that there may have been a letter agreement in 1998 but it has not been located. Again, the thrust of the inquiry is regarding damages and is no longer in issue. Similarly, no document was found in response to the fifth bulleted paragraph, which also involves damages.

Mr. Peragine specifically denied the existence of the contract or proposal sought in the sixth paragraph which, in any event, related solely to damages. The seventh paragraph sought listing agreements for the sale of aircraft. Mr. Peragine's response was that there were no formal listing agreements and, again, the relevance is only as to damages.

POINT II

<u>DEFENDANT'S POINTS ONLY RELATE TO PLAINTIFF'S DAMAGES</u>

On page 5 in Point 1 of defendant's Argument concerning "leases of Executive Airline's Aircraft", defendant says: "Plaintiff continues to claims [sic] that a component of its damages is the "start up" costs it incurred in order to be in a position to perform the services required under the Electric Boat contract.". That is no longer the case and defendant's justification for the (non-existent) leases therefore falls.

Defendant's Point 2 as to the "joint venture" is predicated on page 7 on the statement: "Here, Executive Airlines continues to assert that part of its damages include start-up costs and actual damages it incurred as a result of the termination of the Electric Boat contract.". Absent the fourth cause of action, there is no relevance to this material.

Defendant's Point 3 deals with "litigation between Executive Airlines and Mr. Michael Leads [sic]" and claims on page 7: "As stated above, such documents may lead to the discovery of information regarding the costs incurred by Plaintiff that it alleges it should recover in this case.".

Since costs incurred are part of the actual damages plaintiff is no longer seeking, there is no basis for a fishing expedition into the Leeds litigation.

CONCLUSION

As detailed in Mr. Feigenbaum's affirmation, defendants failed to comply with the requirements of Local Rule 37(a)2 and have sought material which they were advised would no longer be relevant to this action based on plaintiff's avowed intent to withdraw its fourth cause of action.  Under the circumstances, it is respectfully submitted defendant's motion be denied in its entirety and that defendant pay the reasonable attorney's fees incurred in unnecessarily compelling plaintiff to defend this motion.

Respectfully submitted,

_____
I. LEONARD FEIGENBAUM
Visiting Attorney for Plaintiff
1670 Old Country Road
Plainview, New York 11803
Phone:  (516) 420-6900
Fax:    (516) 420-8444
leefeig@aol.com