UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES, | AFFIRMATION IN OPPOSITION |
| Plaintiff, | |
| — against — | Docket #02-CV-1 94(GLG) |
| ELECTRIC BOAT CORPORATION, | |
| | 12 May 2004 |
| Defendant. | |

I. LEONARD FEIGENBAUM, an attorney at law duly admitted to practice in New York State, under the penalties of perjury, affirms as follows:

I am the attorney of record for plaintiff herein, having been effectively substituted for Stephen R. Mahler, Esq. on 1 March 2004 and having been admitted *pro hac vice* by order dated 31 March 2004 (Docket # 66).

I agreed to take over this matter after extensive discussions with Michael S. Peragine, the principal of plaintiff, during which discussions I expressed a substantially different philosophy and approach from that pursued by my predecessors. Based on my review of the file, the contract between the parties and the 17 July 2003 Opinion of the Court (Docket #50), I felt that the fourth cause of action for actual damages should be withdrawn and that the case should be determined as a matter of law on the contract.

As noted in defendant's papers, I attended the deposition of Mr. Peragine on 20 March 2004. What was not noted is that Mr. Peragine and I were substantially at odds during the deposition since (previously not understood by me) Mr. Peragine had not fully accepted the idea of gratuitously withdrawing that cause of action. Prior to the commencement of the deposition, I had anticipated a stipulation to withdraw the fourth cause of action and a very short session, which was not to be.

As a result of conversations I had with Mr. Peragine on 20 March 2004 and thereafter, he has authorized me to move for permission to amend the complaint by withdrawing the fourth cause of action, thereby leaving only the first and second causes of action for breach of contract and accounts stated, since the third cause of action was dismissed by the 17 July 2003 Opinion. I am a solo practitioner and only the press of time has prevented me from doing so by now, but I shall bring that motion within the next ten days.

Defendant submitted my 19 April 2004 letter to Francis H. Morrison III, Esq. as Exhibit E, but ignored the significant aspects of it. The last paragraph refers to a one hour telephone conversation I had on 15 April 2004 with Attorneys Morrison and Erickson on a speakerphone, in which I tried to narrow the issues. We discussed a stipulation I hoped to get from defendant as part of that effort. They said they would discuss it with their client and call me back. In the interim, I wrote the 19 April 2004 letter and instead of the promised telephone call, I received defendant's motion papers. I had no conversation with defendant's attorneys regarding the discovery issues as required by Local Rule 37(a)2 subsequent to the 15 April 2004 telephone conversation and/or subsequent to my 19 April 2004 letter and prior to this motion having been brought by defendant.

I next spoke to Mr. Morrison when I called him on 30 April 2004 and confirmed that I will move to withdraw the fourth cause of action. Based on that withdrawal and the statements contained in my 19 April 2004 letter, it is submitted that all of defendant's requests relevant to this action have been answered. It should be noted that at the deposition on 20 March 2004, Mr. Peragine specifically stated that he was the principal and sole stockholder of all of the companies involved in his charter business (defendant's Exhibit A, page 19), both operational and aircraft owning, and that the agreements among the companies were, in essence, between himself and himself. Although he agreed to provide whatever existed, there were no written agreements, as stated in my 19 April 2004 letter.

There is no intention on plaintiff's part to evade disclosure and a great deal of documentation has already been provided to defendants. In light of the intended withdrawal of the fourth cause of action for actual damages, it is submitted the material being sought by defendant is clearly no longer relevant nor material and defendant's motion should therefore be denied.

Dated: Plainview, New York
      12 May 2004

                                              I. LEONARD FEIGENBAUM