UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES | : CIVIL ACTION NO. |
| | : 02-CV-194 (GLG) |
| Plaintiff, | : |
| VS. | : |
| | : |
| ELECTRIC BOAT CORPORATION | : |
| | : |
| Defendants. | : MAY 25, 2004 |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Pursuant to Rule 7(d) of the Local Civil Rules of the United States District Court for the District of Connecticut (the "Local Rules") the defendant Electric Boat Corporation ("Electric Boat") respectfully submits this reply brief to the memorandum of law in opposition to Electric Boat's motion to compel (the "Opposition Memorandum") filed by plaintiff Executive Airlines ("Plaintiff").

1. <u>The Requested Documents Are Relevant To Determine What Damages, If Any, Plaintiff May Be Entitled To If The Contract Was Terminated For Convenience.</u>

Plaintiff argues that without the fourth cause of action, the documents concerning the Leeds joint venture and litigation are not "relevant or material." (Opposition Memorandum, at 2.)[1]

---

[1] Despite Plaintiff's counsel's statements that Mr. Peragine "has authorized me to move for permission to amend the complaint by withdrawing the fourth cause of action" (Affirmation of Attorney I. Leonard Feigenbaum ("Feigenbaum Affirmation"), at 2) Plaintiff has not done so. Plaintiff correctly states that "[T]he information sought [through Electric Boat's Motion to Compel] clearly related to plaintiff's expenses and therefore, its actual damages." (Opposition Memorandum, at 2). Unless and until Plaintiff withdraws count four, by Plaintiff's own admission, the information sought is relevant and discoverable on that basis alone.

This is simply incorrect. In its opinion granting Electric Boat's motion for summary judgment with respect to Plaintiff's liquidated damages claim, the Court noted that it reached "no decision as to whether there was a default by Executive Airlines or to what damages Executive Airlines may be entitled as a result of this early termination [of the contract]." (Opinion dated July 17, 2003.) The parties agree that Electric Boat terminated the contract. They do not agree, however, as to whether such termination was "for cause" or "for convenience." Also, if the Court ultimately determines that Electric Boat's termination of the contract was "for convenience," the parties do not agree, and the Court has not determined, what damages to which Plaintiff may be entitled. In particular, ¶ 14 of the terms and conditions of the contract provides that upon termination for convenience, Plaintiff shall be paid an amount adequate to cover the reasonable costs of Plaintiff's actual performance to the effective date of termination, plus a reasonable profit thereon. In order to argue to this Court, and the jury at trial, how ¶ 14 should be interpreted in order to determine what payment, if any, Plaintiff might be entitled to if it is determined that Electric Boat terminated the contract for convenience, the requested information must be produced. This information, which concerns the actual loss, if any, incurred by Plaintiff is directly relevant to the issue of what would be a reasonable payment under ¶ 14.

In particular, the documents concerning the litigation between Plaintiff and Mr. Michael Leeds are relevant to Plaintiff's claim that Electric Boat's termination of the contract caused considerable loss to Plaintiff. After Electric Boat filed its Motion to Compel, Electric Boat's counsel deposed Mr. James Ahlfeld who had been the controller of Plaintiff from 1994 through 1996 and from 2000 through 2003.[2] Mr. Ahlfeld testified that Mr. Leeds had contributed two Jetstream 3100 aircraft to the "joint venture" with Mr. Peragine and was prepared to make other

contributions to the "joint venture" before the crash took place on May 21, 2000 in which all 17 passengers and two pilots employed by Plaintiff were killed. After the crash, Mr. Leeds apparently was no longer willing to participate in such joint venture resulting in the Leeds litigation. The Leeds litigation documents, therefore, are discoverable because they may contradict Plaintiff's claim that Electric Boat's termination of the contract caused Plaintiff's damage and support an alternate theory as to the cause of Plaintiff's loss – that customers, potential customers, and one of Plaintiff's investors had no faith in Plaintiff's company after the fatal crash on May 21, 2000.

  2. <u>The Information Sought By Electric Boat Is Relevant To The Issue Of Whether It Was Reasonable For Electric Boat To Terminate The Contract.</u>

Even if Plaintiff withdraws the fourth count of the Amended Complaint, the documents sought are still discoverable. Plaintiff argues that without the fourth cause of action, the documents concerning the Leeds joint venture and litigation are not "relevant or material." (Opposition Memorandum, at 2.) The deposition of Mr. Ahlfeld, however, revealed that Mr. Leeds terminated his relationship with Plaintiff because of the fatal May 21, 2000 crash. Apparently, Mr. Leeds has sufficient concerns about Plaintiff's business that he no longer wanted to be an investor in such organization. The documents concerning the Leeds litigation likely support Electric Boat's claim that its termination of the contract was reasonable under the circumstances because they will reveal that Mr. Leeds, an investor in Plaintiff, also terminated his relationship with Plaintiff as a result of the crash. For this additional reason, the Leeds litigation documents are discoverable.

---

[2] Mr. Ahlfeld was deposed on Thursday, May 20, 2004, and a copy of the transcript is not yet available.

3. <u>The Leases By Which Executive Airlines Operated Its Aircraft Are Discoverable.</u>

Plaintiff's counsel states that the leases through which Plaintiff leased its aircraft "were between himself and himself and were not formalized by any signed agreements." (Opposition Memorandum, at 2.) This assertion, however, directly contradicts Mr. Peragine's sworn deposition testimony. (Memorandum, at 5 and Exhibit A, deposition testimony of Mr. Peragine, at 18-20). In any event, even if no formal "signed agreements" exist, Electric Boat is entitled to copies of any documents, formal, informal, or otherwise, which evidence Plaintiff's leasehold interest in its aircraft. Over a year and a half ago, Electric Boat requested that Plaintiff produce "each and every document concerning Executive Airlines' ownership or leasehold interest in the" accident aircraft.[3] Plaintiff never objected to this request. Whether such agreements were formal or informal, signed or unsigned, between Mr. Peragine and himself or Mr. Peragine and some other entity, Electric Boat is entitled to see these documents. Plaintiff's continued stonewalling on what otherwise would appear to be fairly inconsequential documents has caused unnecessary delay in this litigation and expense for Electric Boat.

4. <u>Conclusion.</u>

For the above stated reasons, Electric Boat again requests that this Court order Plaintiff to produce to Electric Boat the documents identified in its motion to compel. Additionally, Electric Boat requests that this Court order that Plaintiff incur the cost of copying and shipping such documents to Electric Boat's counsel and that Plaintiff pay to Electric Boat the reasonable expenses, including attorneys' fees, caused by Executive Airlines' failure to produce the requested documents.

DEFENDANT,
ELECTRIC BOAT CORPORATION

By _____
Francis H. Morrison (ct04200)
William H. Erickson (ct18117)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Tel. (860) 275-0100
Fax (860) 275-0343
fhmorrison@dbh.com
wherickson@dbh.com
Its Attorneys

---

[3] A copy of the relevant portions of such discovery request is attached hereto as Exhibit A.

## **CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 25th day of May, 2004, postage prepaid, to:

Leonard Feigenbaum, Esq.
1670 Old County Road
Suite 224
Plainview, NY  11803

_____
William H. Erickson