UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. |
| | : | 02-CV-194 (GLG) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| | : | |
| Defendant. | : | SEPTEMBER 24, 2002 |
| | : | |

**DEFENDANT ELECTRIC BOAT CORPORATION'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION DIRECTED TO
PLAINTIFF EXECUTIVE AIRLINES**

Pursuant to Federal Rules of Civil Procedure 33 and 34, the defendant, Electric Boat Corporation, hereby serves the plaintiff, Executive Airlines, with Defendant's First Set of Interrogatories and Requests for Production of Documents.

A.  <u>Interrogatories</u>: Interrogatories propounded herein are to be answered separately and fully in writing under oath within thirty days of the date of service hereof with supplemental answers to be provided as additional or new information is discovered.

B.  <u>Requests for Production</u>: Plaintiff's production, unless otherwise specified, or agreed upon by counsel, is to be made at the offices of Day, Berry & Howard, CityPlace I, Hartford, Connecticut 06103-3499, within thirty days of the date of service hereof and supplemented as additional or new information is subsequently discovered. With respect to

*cc Peachey*

documents other than photograph negatives, it shall be sufficient to supply true copies of the originals.

## DEFINITIONS

1. "Person" shall have the meaning stated in Rule 39(c)(6) of the Local Civil Rules of the United States District Court for the District of Connecticut (the "Local Rules").

2. "Identify" with respect to a person shall have the meaning stated in Rule 39(c)(3) of the Local Rules.

3. "Identify" with respect to a document shall have the meaning stated in Rule 39(c)(4) of the Local Rules.

4. "Identify," when used in reference to an act, occurrence, transaction, decision, statement, communication, negotiation, or contract, means to describe in substance the event or events and circumstances constituting such act or acts, or what transpired, the place and date thereof, and to identify each person present or involved.

5. "Including" shall have a non-exclusive meaning and shall mean "including but not limited to."

6. "Concerning" shall have the meaning stated in Rule 39(c)(7) of the Local Rules.

7. For purposes of these requests, the term "document" or "documents" shall mean any written, typed, printed, recorded or graphic matter, however produced or reproduced, of any type or description, regardless of origin or location, in Executive Airlines' actual or constructive possession, custody or control and whether prepared, published or recorded by Executive Airlines or by any other person or entity, including, without limitation, all correspondence, records, reports, notes, tables, charts, analyses, graphs, videotapes, schedules, audiotapes,

memoranda, lists, calendars, telexes, messages (including, but not limited to, reports of telephone conversations and conferences, studies, books, periodicals, magazines, booklets, circulars, bulletins, including, but not limited to inter- and intra-office communications), questionnaires, contracts, agreements, assignments, licenses, certificates, permits, ledgers, books of account, accounting and financing records, orders, invoices, statements, acknowledgements, bills, bills of lading, data processing cards, computer-generated matter, photographs, photographic negatives, phonographic records, transcripts or logs of recordings, all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists of persons attending meetings, drafts and revisions of drafts of any documents, invoices, receipts and/or preliminary notes. If a document has been prepared and several copies or additional copies have been made, or copies are not identical (by reason of subsequent modification, by the addition of notations or other marginalia) each non-identical copy is a separate document.

8. "Executive Airlines" shall mean the plaintiff in this action, its parents, subsidiaries and affiliates and the directors, officers, employees, representatives, agents and attorneys of the foregoing and all other persons acting on their behalf.

9. "Amended Complaint" shall mean the Amended Complaint filed by Executive Airlines dated August 28, 2002.

10. "Electric Boat" shall mean the defendant, Electric Boat Corporation, and its agents and representatives.

11. "February Purchase Order" shall mean purchase order number SNL022-096 dated February 9, 2000, issued by Electric Boat to Executive Airlines.

12. "March Purchase Order" shall mean purchase order number SNL022-096, along with a "purchase order supplement number 1" dated March 14, 2000, issued by Electric Boat to Executive Airlines.

13. "Aircraft" shall mean the BAE Systems Jet Stream 31 which on May 21, 2000, crashed, killing all 17 passengers and the two pilots.

14. "Terms and Conditions" shall mean GDC 410 (REV. 3/87), a form entitled "Purchase Order Terms and Conditions."

15. "Purchase Order Agreement" shall mean collectively the February Purchase Order, the March Purchase Order, and the Terms and Conditions.

16. "FAA" shall mean the Federal Aviation Administration.

17. "NTSB" shall mean the National Transportation Safety Board.

## INSTRUCTIONS

1. If any document sought in these requests is withheld from production on the grounds of the attorney/client privilege and/or attorney work product immunity, provide the following information: (a) identify the document; (b) state the privilege or immunity that Executive Airlines claims authorizes its withholding of the document; and (c) provide a brief description of the nature and subject matter of the document.

2. If any document sought by the following requests for production was, but is no longer, in Executive Airlines' possession, custody or control, provide the following information: (a) identify the document; (b) provide a brief description of the nature and subject matter of the document; (c) state the disposition of the document; (d) state the date such disposition was made;

(e) state whether the document no longer exists; (f) identify the person who made the decision regarding the disposition of the document; and (g) state the reason for the disposition of the document.

## DOCUMENT REQUESTS

1. Each and every document concerning the February Purchase Order, the March Purchase Order, or the Purchase Order Agreement.

2. Each and every document concerning the maintenance of the Aircraft between January, 2000, and May 21, 2000, the date of the crash of the Aircraft.

3. Each and every document concerning the cause or causes of the crash of the Aircraft which took place on May 21, 2000.

4. Each and every document concerning each and every equipment or maintenance problem associated with the Aircraft.

5. Each and every document concerning Executive Airlines' ownership or leasehold interest in the Aircraft.

6. Each and every document concerning communications between Executive Airlines and Electric Boat.

7. Each and every document concerning communications between Executive Airlines, on the one hand, and the FAA, the NTSB, or any other party, on the other hand, concerning the Aircraft or the crash of the Aircraft which took place on May 21, 2000.

8. Each and every document concerning the investigation conducted by the FAA and the NTSB concerning the crash of the Aircraft which took place on May 21, 2000.

9. Each and every insurance policy under which an insurer may be liable to satisfy part or all of a judgment which may be rendered in this action against Executive Airlines.

14. Each and every document concerning each and every recovery by Executive Airlines of compensation from any source, including insurance proceeds, as a result of the crash of the Aircraft which took place on May 21, 2000.

DEFENDANT ELECTRIC BOAT
CORPORATION

By _____
Ernest J. Mattei (ct04313)
William H. Erickson (ct18117)
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 24th day of September, 2002, postage prepaid, to:

Stephen R. Mahler, Esq.
Mahler, Miller, Harris & Engel, P.C.
125-10 Queens Boulevard
Suite 311
Kew Gardens, NY  11415

_____
William H. Erickson

-13-