UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,

                Plaintiff,

— against —

ELECTRIC BOAT CORPORATION,

                Defendant.

SECOND AMENDED COMPLAINT

Docket #02-CV-1 94(JCH)

14 June 2004

### INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff EXECUTIVE AIRLINES as a result of defendant ELECTRIC BOAT CORPORATION'S willful breach of a contract pursuant to which it was agreed that plaintiff would provide air charter services for defendant between Groton, Connecticut and Newport News, Virginia for a period of one year.

### JURISDICTION

2. Jurisdiction for this action is founded on 28 U.S.C. § 1 332(a)(1) insomuch as this action is between the citizens of different States.

3. The amount in controversy exceeds $100,000.00, exclusive of interest.

### PARTIES

4. Plaintiff in the business of providing air charter services and, at all relevant times, maintained its principal address for the performance of such services at Route 109, Hangar 3, Farmingdale, New York 11735.

5. Defendant is a Connecticut corporation maintaining its principal address for the conduct of business at 75 Eastern Point Road, Groton, Connecticut 06340-4989.

## FACTUAL ALLEGATIONS

6. On or about 1 October 999, defendant forwarded to plaintiff a Request for Quotation for air charter service between Groton, Connecticut and Newport News, Virginia for a term of not less than one year.

7. In its Request for Quotation, defendant specified that it required of any potential provider of air charter services a minimum of fifteen round-trip flights per month between Groton, Connecticut and Newport News, Virginia.

8. On or about November, 1999, plaintiff submitted a response to defendant's Request for Quotations meeting all of defendant's specifications, including the minimum number of round trip flights per month.

9. In submitting this response plaintiff itemized that the cost per flight would be $4,895.00.

10. Defendant accepted plaintiff's bid/proposal to provide air charter services per defendant's specification and, on or about 14 March 2000, sent to plaintiff a purchase order agreement pursuant to which plaintiff was to provide such services for a term of one year, from 17 April 2000 through 16 April 2001, at the rate of $4,895.00 per flight. See Exhibit "A".

11. As with the Request for Quotation, defendant's purchase order agreement called for a minimum of fifteen flights per month.

12. The purchase order agreement further provided that defendant had the right to terminate the service called for thereunder, but only upon six months written notice.

13. On or about 7 June 2000, defendant advised plaintiff in writing that it was exercising its right to terminate the services provided for in the purchase order agreement. In so doing, however, defendant did not indicate when its unilateral termination would become effective.

14. At all times subsequent to 17 April 2000, plaintiff was willing and able to meet all of its obligations under the purchase order agreement.

15. At no time prior to 7 June 2000 was plaintiff in default of any terms or conditions of the purchase order agreement.

16. Nevertheless, since 7 June 2000, defendant has failed to fulfill its obligations under the agreement, including payment of the per flight fee of $4,895.00 for the minimum number of flights specifically requested by defendant.

17. In fact, after paying for only four flights for the period from 17 May 2000 through 16 June 2000, defendant has failed to compensate plaintiff for any charges associated with the fifteen round trip flights for which it was obligated to pay plaintiff each and every month of the agreement.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats and reiterates each and every allegation set forth above in paragraphs "1" through and including "17" as if set forth here at length.

19. By virtue of its failure to fulfill its obligations under the purchase order agreement for a period of six months after written notice of its decision to terminate the services provided for thereunder, defendant has breached the agreement.

20. As a result of defendant's breach, plaintiff has been damaged in the amount of $494,395.00.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and reiterates each and every allegation set forth above in paragraphs "1" through "20" as if set forth here at length.

22. On or about 16 December 2000, plaintiff duly provided to defendant invoices detailing defendant's obligations for the six months following defendant's unilateral termination of the services provided for in the purchase order agreement.

23. These invoices demonstrate that the amount of $494,395.00 remains unpaid.

24. Defendant has never objected to these invoices, nor has it disputed the amounts of the invoices.

25. As such, these invoices constitute accounts stated.

26. Defendant has failed to make any payments due plaintiff pursuant to the accounts stated.

27. As a result of defendant's failure to make payment, plaintiff has suffered damages in the amount of $494,395.

WHEREFORE, plaintiff demands judgement over and against defendant on each of its causes of action in the amount of $494,395.00, as damages, together with interest since 7 June 2000, together with the costs and disbursements of this action.

> I. Leonard Feigenbaum (ct25807)
> Visiting Attorney for Plaintiff
> 1670 Old Country Road - Ste 224
> Plainview, New York 11803
> Tel. (516) 420-6900
> Fax (516) 420-8444
> leefeig@aol.com