UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 SEP 28 A 11: 24

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. |
| | : | 02-CV-194 (JCH) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION | : | |
| | : | |
| Defendant | : | SEPTEMBER 27, 2004 |

## MOTION TO COMPEL COMPLIANCE
## WITH COURT ORDER

The defendant Electric Boat Corporation ("Electric Boat"), pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure and Rule 37 of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby moves for an order from this Court as a result of the failure of the plaintiff, Executive Airlines ("Plaintiff"), to fully comply with this Court's previous order granting Electric Boat's motion to compel. As a result of Plaintiff's failure to comply, Electric Boat respectfully requests that this Court order the following:

(1) in accordance with F. R. Civ. P. 37(b)(2)(A) it shall be taken to be established for purposes of this action that Plaintiff suffered no actual damages as a result of Electric Boat's alleged breach of contract at issue in this case;

(2) in accordance with F. R. Civ. P. 37(b)(2)(B) Plaintiff is prohibited from introducing at trial in this matter any claim that it suffered actual damages in this action as a result of Electric Boat's alleged breach of contract, and Plaintiff is prohibited from introducing at trial in this matter any evidence that would support such a claim; and

**ORAL ARGUMENT REQUESTED**

(3) in accordance with F. R. Civ. P. 37(b)(2) Plaintiff shall pay to Electric Boat its reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to produce the requested documents.

In the alternative, Electric Boat respectfully requests that Plaintiff be order to produce immediately to Electric Boat all documents in its possession regarding the settlement agreement in connection with the litigation between Michael Peragine, the president of Plaintiff, and Mr. Michael Leeds and that, in accordance with F. R. Civ. P. 37(b)(2), Plaintiff be ordered to pay to Electric Boat its reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to produce the requested documents.

In support of this motion, Electric Boat sets forth the following:

1. On April 21, 2004, Electric Boat filed a Motion to Compel together with a supporting Memorandum of Law and Affidavit requesting that this Court direct the Plaintiff to produce, among other things, "all documents concerning the litigation between Executive Airlines and Mr. Michael Leeds." (See Memorandum of Law in Support of Motion to Compel Production of Documents dated April 21, 2004, at page 8.)

2. On or about May 12, 2004, Plaintiff filed a Memorandum of Law in Opposition to Motion to Compel Production of Documents.

3. On May 25, 2004, Electric Boat filed its Reply to Plaintiff's opposition.

4. On August 6, 2004, the Court (Judge William I. Garfinkel) entered an electronic Order granting the Motion to Compel. The Court ordered that such compliance should be made by August 25, 2004. The Court also noted that Plaintiff would bear the cost of copying and shipping the documents at issue and that "no other costs are assessed against plaintiff at this

time; this aspect of the ruling is without prejudice to reconsideration in light of how remaining discovery is conducted by plaintiff and its current counsel."

5.     On or about August 25, 2004, Plaintiff produced a number of documents to Electric Boat which the Court had ordered it to produce. Plaintiff, however, failed to produce any documents related to the settlement of the litigation between Mr. Peragine and Mr. Michael Leeds.

6.     A review of the documents regarding the Leeds litigation which Plaintiff has produced reveals that in the Leeds litigation, Mr. Peragine, president of Plaintiff, sought to recover from Mr. Leeds many of the same items of damages that he has claimed he should be entitled to recover from Electric Boat in this case. For instance, in the Answer and Counterclaims dated March 2, 2001 (the "Leeds Answer") Mr. Peragine sought to recover increased costs associated with a new lease for his companies' facilities (Leeds Answer, fifth counterclaim), moving and set-up expenses and a new telephone system for such newly leased facility (Leeds Answer, sixth counterclaim), and costs associated with Mr. Peragine's inability to obtain aircraft that he contemplated acquiring thus depriving him and his companies of revenues (Leeds Answer, seventh counterclaim).

7.     The settlement documents are relevant for a number of reasons including to test the credibility of Mr. Peragine and to determine if he has already been compensated in the Leeds litigation for any of the damages he may seek in this case. Additionally, although Plaintiff has now withdrawn its claim for actual damages, Plaintiff's existing breach of contract claim (Count 1 of the Second Amended Complaint) may present Plaintiff with the opportunity to submit at trial evidence regarding his alleged damages that resulted from Electric Boat's alleged breach of contract.

8. As set forth in the supporting affidavit filed with this motion, counsel for Electric Boat has conferred with counsel for Plaintiff and counsel for Plaintiff has reported that, in his view, such documents are not relevant to this litigation and will not be produced.

9. The Court has already ordered these documents to be produced in accordance with Electric Boat's Motion to Compel.

## **CONCLUSION**

For all of the foregoing reasons, Electric Boat requests that this Court enter an Order, pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, ordering the following:

(1) in accordance with F. R. Civ. P. 37(b)(2)(A) it shall be taken to be established for purposes of this action that Plaintiff suffered no actual damages as a result of Electric Boat's alleged breach of contract at issue in this case;

(2) in accordance with F. R. Civ. P. 37(b)(2)(B) Plaintiff is prohibited from introducing at trial in this matter any claim that it suffered actual damages in this action as a result of Electric Boat's alleged breach, and Plaintiff is prohibited from introducing at trial in this matter any evidence that would support such a claim; and

(3) in accordance with F. R. Civ. P. 37(b)(2) Plaintiff shall pay to Electric Boat its reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to produce the requested documents.

In the alternative, Electric Boat respectfully requests that this Court order Plaintiff to produce immediately to Electric Boat all documents in its possession regarding the settlement agreement in connection with the litigation between Michael Peragine, the president of Plaintiff, and Mr. Michael Leeds and that, in accordance with F. R. Civ. P. 37(b)(2) Plaintiff be ordered to

pay to Electric Boat its reasonable expenses, including attorneys' fees, caused by Plaintiff's failure to produce the requested documents.

                DEFENDANT,
                ELECTRIC BOAT CORPORATION

By_____
        Francis H. Morrison (ct04200)
        William H. Erickson (ct18117)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        Tel. (860) 275-0100
        Fax (860) 275-0343
        fhmorrison@dbh.com
        wherickson@dbh.com
        Its Attorneys

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

> I. Leonard Feigenbaum, Esq.
> 1670 Old County Road
> Suite 224
> Plainview, NY 11803

_____
William H. Erickson