# EXHIBIT B

Case 3:02-cv-00194-WWE    Document 88-3    Filed 10/29/2004    Page 1 of 5

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



_____X

EXECUTIVE AIRLINES                    :    DOCKET NUMBER

VS.                                   :    02-CV-194

ELECTRIC BOAT CORPORATION             :    (GLG)

_____X

VOLUME I, PAGES 1 - 187

DEPOSITION OF: MICHAEL PERAGINE

DATE: DECEMBER 16, 2003

HELD AT: DAY, BERRY & HOWARD

ONE CANTERBURY GREEN

STAMFORD, CONNECTICUT

Reporter: Margaret A. Sharpe, LSR 00023

BRANDON SMITH REPORTING SERVICE

44 Capitol Avenue

Hartford, CT 06106

(860) 549-1850

john@brandonreporting.com

BRANDON SMITH REPORTING SERVICES

Page 67

```
 1      A       John Bisotte.  I think you have all of
 2   those.  I provided the entire document to you, which was
 3   the transcript of all the conversations that took place.
 4   You have that.
 5      Q       I understand.  I'm just trying to get at
 6   what you told Electric Boat, Mr. Peragine.
 7      A       Okay.
 8      Q       What did you tell Electric Boat, if
 9   anything, about whether or not the crew utilized the drip
10   sticks that morning to check fuel?
11      A       You know, we had a conversation about all of
12   the events that went on that morning.  At the time -- at
13   that specific time that we had that conversation, I shared
14   with them all the information I had up to that point.  So
15   the conversations we had with the crew, in terms of
16   fueling, my order to top the airplane off, the conversation
17   that I had with the ramp agent subsequent to the crash
18   about their conversations with the crew, all of that was
19   shared with them.
20      Q       Okay.
21      A       And there was, I believe, at that point we
22   knew -- we had done the fuel analysis.  We did the actual
23   burn analysis; and the minute-by-minute from the flight
24   logs and the transcripts that we had, I think we pretty
25   much knew at that point that fuel exhaustion was not
```

Page 68

```
 1   indicated from the facts we had so far.
 2             The only conversation I remember having with
 3   them, is the fact that there may have been some confusion
 4   between the order given by the crew and what we actually
 5   fueled the airplane with.  I know we had that conversation
 6   because it had not yet been completely locked down.
 7       Q     When you say "there was confusion," does
 8   that mean -- what does that mean about what they ordered
 9   and what was put in the tank?
10       A     I was led to believe that they ordered
11   ninety gallons per side; and the fuel receipt that we had
12   only showed ninety gallons total, so I thought there may
13   have been some confusion in --
14       Q     That -- go ahead.
15       A     No.
16       Q     Did you tell people at Electric Boat whether
17   or not the crew used the drip sticks that morning?
18       A     I don't remember specifically, but I
19   certainly might have.  There'd be no reason not to say it.
20   I did know at that time they had stuck -- the term used is
21   "stuck the tanks," -- I know they stuck the tanks that
22   morning.
23       Q     Did you tell Mr. Hanrahan that the crew had
24   stuck the tanks that morning?
25       A     Probably, yes.
```

Page 187

1  My Notary Expires: _____

2  STATE OF CONNECTICUT    :

3  COUNTY OF HARTFORD      :

4

5        I, MARGARET A. SHARPE, a Commissioner duly

6  commissioned and qualified in and for the State of

7  Connecticut, do hereby certify that pursuant to notice

8  there came before me on the 16th day of December, 2003, the

9  following-named person, to wit: Michael Peragine, who was

10 by me duly sworn to testify to the truth and nothing but

11 the truth; that he was thereupon carefully examined upon

12 his oath and his examination was reduced to writing under

13 my supervision; that this deposition is a true record of

14 the testimony given by the witness.

15       I further certify that I am neither attorney nor

16 counsel for nor related to nor employed by any of the

17 parties to the action in which this deposition is taken;

18 and further, that I am not a relative or employee of any

19 attorney or counsel employed by the parties hereto or

20 financially interested in this action.

21       IN WITNESS THEREOF, I have hereunto set my hand and

22 affixed my seal this 2nd day of January, 2004.

23

24                              _____

25                              MARGARET A. SHARPE, Commissioner