UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | | CIVIL ACTION NO. |
| Plaintiff, | | 02-CV-194 (JCH) |
| — against — | | |
| ELECTRIC BOAT CORPORATION, | | 7 November 2004 |
| Defendant. | | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment as follows: 1. Dismissing defendant's counterclaim against plaintiff because defendant's claim does not comply with the terms of the Contract between the parties; and 2. For judgment on both claims contained in plaintiff's Second Amended Complaint dated 14 June 2004, since there is no genuine issue of material fact requiring a trial as to defendant's obligation owed to plaintiff.

Although defendant terminated the Contract between the parties based on an allegation of plaintiff's breach, as a matter of law, it failed to comply with the contractual conditions precedent of providing plaintiff with a notice of default and time to cure any alleged default. In addition, prior to termination of the Contract, defendant identified no action by plaintiff which constituted a default under the terms of the Contract and documentary evidence establishes there was no factual basis for defendant's claim of breach of the Contract. Since the Contract was not properly terminated by defendant pursuant to its terms, its counterclaim for breach of contract must fail.

ORAL ARGUMENT IS REQUESTED

Defendant has admitted that the parties negotiated a change in the provision which had previously granted to defendant the right to terminate the Contract on ten days notice, to increase the notice period to six months. The provisions of the boilerplate Terms and Conditions which would eliminate plaintiff's recourse on a termination by defendant other than for default do not apply and are inconsistent with the six-month termination provision which they would render meaningless. Based on the order of precedence clause in the Contract, the six-month notice period specifically negotiated by the parties is determinative and defendant was obligated to make the minimum monthly payment to plaintiff for each of those six months. Plaintiff is therefore entitled to judgment against defendant on both of its causes of action.

PLAINTIFF, EXECUTIVE AIRLINES

By: _____
I. Leonard Feigenbaum (ct25807)
Visiting Attorney for Plaintiff
1670 Old Country Road - Ste 224
Plainview, New York 11803
Tel. (516) 420-6900
Fax (516) 420-8444
leefeig@aol.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed on 8 November 2004 to the following:

Day, Berry & Howard LLP
CityPlace I
Hartford CT 06103-3499

_____
I. LEONARD FEIGENBAUM