UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,

                              CIVIL ACTION NO.
            Plaintiff,        02-CV-1 94 (JCH)

     — against —

ELECTRIC BOAT CORPORATION,

                              7 November 2004
            Defendant.

## PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

Pursuant to Local Rule 56(a)1 and in support of its motion for summary judgment, plaintiff

submits this Statement of material facts as to which plaintiff contends there is no genuine issue to

be tried:

1.    In October 1999, defendant Electric Boat issued a request for quotation (the "RFQ") for air

      charter service between Groton, Connecticut and Newport News, Virginia.  (Affidavit of

      Michael S. Peragine ("Peragine Aff."), ¶ 2.)

2.    On or about 11 November 1999, plaintiff Executive Airlines submitted its offer to provide

      such air charter services in response to the RFQ.  (Peragine Aff., ¶ 2.)

3.    On 9 February 2000, defendant issued draft Purchase Order number SNLO22-096 to plaintiff

      (the "February Draft").  (Peragine Aff., ¶ 2.)

4.    On 14 March 2000, defendant reissued the Purchase Order (the "March Purchase Order"),

      incorporating "Purchase Order Supplement No. 1", which referenced GDC-410 entitled

      Purchase Order Terms and Conditions (the "Terms and Conditions").  (Peragine Aff., ¶ 3.)

5.    The March Purchase Order modified, in certain respects, the February Draft, changed defendant's right to terminate plaintiff's services from seven days to six months and defendant added a provision giving it the right to terminate on ten day's notice for default. (Exhibit 2 C and D, Peragine Aff. ¶ 3.)

6.    On 14 March 2000, plaintiff and defendant entered into an agreement consisting of the March Purchase Order, which incorporated the terms of the February Draft and the Terms and Conditions (collectively, the "Contract"). (Peragine Aff., ¶¶ 3 and 5.)

7.    The Contract contained a provision for the subcontracting by plaintiff's of the services plaintiff was to supply to defendant. (Exhibit 2 D, page 2.)

8.    On 10 April 2000, plaintiff commenced its flights for defendant using several BAE Systems Jet Stream 31 airplanes (the "Aircraft"). (Peragine Aff., ¶ 6.)

9.    During the course of its operations for defendant, with defendant's approval, plaintiff subcontracted at least one of its flights for defendant to another charter operator. (Peragine Aff., ¶ 13 and Exhibit 10.)

10.    On 21 May 2000, one of the Aircraft being operated by plaintiff on an unrelated charter flight from Atlantic City, New Jersey to Wilkes-Barre/Scranton International Airport crashed, killing all aboard. (Peragine Aff., ¶ 6.)

11.    On 21 May 2000, plaintiff notified defendant that plaintiff was still capable of fulfilling its obligations under the Contract. (Peragine Aff., ¶ 6, Exhibit 3.)

12.    On 24 May 2000, defendant sent to plaintiff a letter stating it was temporarily suspending plaintiff's service. (Peragine Aff., ¶ 7 and Exhibit 4.)

13.    On 7 June 2000, defendant sent to plaintiff a letter stating it was terminating the Contract

between plaintiff and defendant.  (Peragine Aff., ¶ 10 and Exhibit 6.)

14.     On 7 June 2000, Plaintiff had three other Jet Stream Aircraft available to fulfill its

obligations under the Contract.  (Peragine Aff., ¶ 7.)

15.     Defendant did not send to plaintiff a written notice of default conforming to the requirements

of paragraph 12(a) of the Terms and Conditions.  (Peragine Aff., ¶ 12.)

16.     Prior to terminating the Contract, defendant did not notify plaintiff specifying plaintiff's

alleged failure under paragraph 12(a)(i) or (ii) of the Terms and Conditions, nor did it

provide to plaintiff the ten day period to cure as required therein.  (Peragine Aff., ¶ 12.)

17.     Prior to terminating the Contract, defendant did not ask or allow plaintiff to subcontract the

services it was to provide for defendant.  (Peragine Aff., ¶ 13.)

18.     Plaintiff billed defendant for the minimum monthly payment of $73,425 for each of the

months from June through December 2000.  (Peragine Aff., ¶ 10.)

19.     Defendant did not reject plaintiff's June through December 2000 bills to defendant.

(Peragine Aff., ¶ 10.)

20.     Defendant did not pay plaintiff's June through December 2000 bills to defendant.  (Peragine

Aff., ¶ 10.)

PLAINTIFF, EXECUTIVE AIRLINES

By:_____

I. Leonard Feigenbaum (ct25807)
Visiting Attorney for Plaintiff
1670 Old Country Road - Ste 224
Plainview, New York 11803
Tel. (516) 420-6900
Fax (516) 420-8444
leefeig@aol.com

4

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that the foregoing was mailed on 8 November 2004 to the following:

Day, Berry & Howard LLP
CityPlace I
Hartford CT 06103-3499

_____
I. LEONARD FEIGENBAUM