UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. 3:02cv194 (JCH) |
| Plaintiff, | : | |
| v. | : | |
| GENERAL DYNAMICS CO., ET AL. | : | |
| Defendants. | : | OCTOBER 27, 2005 |

### DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL PAYMENT OF EXPERT'S FEES

The defendant, Electric Boat Insurance Company ("Electric Boat"), pursuant to Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure, respectfully submits this memorandum of law in support of its Motion to Compel seeking an order compelling plaintiff, Executive Airlines, to pay Aaron G. Olmsted, Jr., Electric Boat's expert, for his fees associated with his deposition on October 14, 2004.

Additionally, pursuant to Fed. R. Civ. P. 37, defendant requests that this Court award it reasonable expenses, including attorney's fees, incurred to file this Motion.

**I.    FACTS**

Electric Boat disclosed Aaron G. Olmsted, Jr. as its expert in this case and provided his report of June 11, 2004 to plaintiff's counsel. (*See* Report of A.G. Olmsted, Jr., attached hereto as Ex. A.) In compliance with Federal Rule 26(a)(2), Mr. Olmsted disclosed in his report that his rate was "$175 per hour and $1500 day for deposition." (Id. at 5.) Plaintiff deposed Mr. Olmsted in Stamford, Connecticut on October 14, 2004. (*See* Olmsted Deposition Transcript at 1, attached hereto as Ex. B.) The deposition ran from 11:14 a.m. to 7:05 p.m. (*Id.* at 5; 201.)

Mr. Olmsted traveled to Stamford for the sole purpose of attending this deposition. In doing so, he incurred mileage expenses associated with that travel. At no time prior to the

October 14, 2004 deposition did plaintiff ever indicate that it would not pay Mr. Olmsted's deposition fees and travel costs.

On October 26, 2004, counsel for the defendant sent Mr. Olmsted's bill for his fees and travel costs associated with that deposition, totaling $1,573.87, to plaintiff's counsel. (*See* William Erickson letter of Oct. 26, 2004 enclosing Olmsted bill, attached hereto as Ex. C.) That fee was broken down as follows: $1500 for the deposition; $73.87 for travel expenses.

Nearly a year has passed since that first letter. A follow-up letter was sent on January 1 reminding plaintiff's counsel that "under the Federal Rules your client is required to pay Mr. Olmsted for his time in connection with the deposition." (*See* William Erickson letter of Jan. 26, 2005, attached hereto as Ex. D.)

On March 1, 2005, defense counsel sent plaintiff's counsel an updated invoice and again explained that payment was required under the Federal Rules. (*See* William Erickson letter of March 1, 2005, enclosing invoice, attached hereto as Ex. E.) The updated bill had an interest charge of $96.56 based on the four months that the bill had not been paid. (*Id.*)

Finally, an email was sent to Mr. Feigenbaum on October 4, 2005, enclosing another updated bill, with interest billed at $283.30 for 12 months. (*See* email of October 4, 2005 from Francis H. Morrison, III to Leonard Feigenbaum, attached hereto as Ex. F.) That email also enclosed a letter from Mr. Olmsted to defense counsel, explaining that "[w]ithin the next few months, I will have to consider all options available to me" for collecting these expenses. (*Id.*)

Plaintiff's counsel has never paid any portion of Mr. Olmsted's fees or in any way responded to the letters sent by counsel for the defendant.

## II. ARGUMENT

### A. The Plaintiff Is Required under Fed. R. Civ. P. 26(b)(4)(C) to Pay the Reasonable Deposition Fees and Travel Expenses of Defendant's Expert.

Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure states that "unless manifest injustice would result . . . the court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(C). The Advisory Committee Notes state that "the expert's fees for the deposition will ordinarily be borne by the party taking the deposition." Fed. R. Civ. P. 26(b)(4)(C) (Notes of Advisory Committee on 1993 amendments). The text of Rule 26(b)(4)(C), together with the Advisory Committee Notes, indicates that the party taking an expert deposition <u>must</u> pay all of the expert's fees, including requiring payment of travel time and related costs. As this Court has stated, "the underlying purpose of Rule 26(b)(4)(C) is to compensate experts for their time spent participating in litigation and to prevent one party from unfairly obtaining the benefit of the opposing party's expert work free from cost." *Goldwater v. Postmaster General of the United States*, 136 F.R.D. 337, 339 (D. Conn. 1991)(internal citations omitted).

Plaintiff has never actually stated that he will not pay the bill or given any reason for doing so—he has simply ignored the bills. However, plaintiff has no grounds for refusing to pay. "The payment of fees is mandatory and the party seeking discovery will not be excused from its obligations to the expert unless manifest injustice would result." *Goldwater*, 136 F.R.D. at 339 (internal citations omitted). No such injustice can be claimed here. The plaintiff made the choice to depose Electric Boat's expert, and it did so with full knowledge of Mr. Olmsted's billing rate. When it noticed Mr. Olmsted's deposition, plaintiff implicitly agreed to reimburse him for all reasonable travel time and expenses as required by the Federal Rules of Civil Procedure. Plaintiff never raised the issue of who would pay the expert's fees and expenses.

It is indisputable that the party seeking an expert's deposition is responsible for both the expert's fees and his or her travel costs.[1] *See, e.g., Bonner v. American Airlines, Inc.*, No. 96 Civ. 4762, 1997 U.S. Dist. LEXIS 20836, *3 (S.D.N.Y. Dec. 30, 1997)[2] ("the weight of authority appears to hold that Rule 26(b)(4)(C) permits recovery of fees for an expert's travel time . . . in connection with a deposition, along with the expert's out-of-pocket expenses"); *Magee v. Paul Revere Life Ins. Co.*, 172 F.R.D. 627, 646 (E.D.N.Y. 1997) ("Travel time has been held compensable."); *Kruzits v. Okuma Machine Tool, Inc.*, 1996 U.S. Dist. LEXIS 6617, *7 (E.D. Pa. May 8, 1996) (where no prior agreement has been reached as to payment of expert fees, plaintiffs were responsible for "full transportation costs, reasonable fees for the experts' travel time, and reasonable fees for the time spent in the depositions."). "Compensating an expert for his time spent in deposition is mandatory under the rule to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *Magee*, 172 F.R.D. at 645.

**B.    Mr. Olmsted's Bill is Reasonable.**

Although plaintiff has not thus far responded in any way to Mr. Olmsted's bills, it is clear that Mr. Olmsted's fees are abundantly reasonable. In determining whether an expert fee request is "reasonable," the Court may consider the following factors: (1) witness's area of expertise; (2) the education and training that is required to provide expert insight which is sought; (3) the prevailing rates of other comparably respected available experts; (4) the nature, quality and complexity of discovery responses provided; (5) the cost of living in a particular geographic

---

[1] Indeed, many cases have also required the deposing party to pay for the expert's preparation time. *See, e.g. Bonner*, 1997 U.S. Dist. LEXIS 20836 at *3; *Magee*, 172 F.R.D. at 646-47. Mr. Olmsted has not billed the plaintiff for his preparation time, nor does the defendant seek any such reimbursement in this case.

[2] All unreported decisions are attached hereto as Ex. G.

area; and (6) any other factor likely to be of assistance in balancing interests implicated by Rule 26." *Goldwater v. Postmaster General of the United States*, 136 F.R.D. 337, 340 (D. Conn. 1991). "The weight to be given any one of the factors in a particular case depends, of course, on the circumstances before the court." *Goldwater*, 136 F.R.D. at 340.

Applying these factors to this case, Mr. Olmsted's rates are reasonable. Mr. Olmsted has many years of experience in the aviation industry. A rate of $1500 for a full day of deposition is more than reasonable, especially since this deposition went for nearly eight hours. This is not a rate specific to this case or an attempt to overcharge the plaintiff. Further, Mr. Olmsted's mileage rate of $0.375 is also eminently reasonable, as is the 1.5% interest rate he has charged the plaintiff for its delay in paying his fees.

### C. The Defendant is Entitled to its Reasonable Attorney's Fees in Preparing this Motion.

Additionally, pursuant to Fed. R. Civ. P. 37, defendant requests that this Court award it reasonable attorney's fees in connection with this Motion, which was necessitated by plaintiff's unexplained and unjustified refusal to pay Mr. Olmsted's bill.

Courts have held that a party may be sanctioned for its failure to pay an expert's reasonable deposition fees.

> While nothing in Rule 37 specifically addresses the issue of sanctioning a party's noncompliance with Rule 26(b)(4)(C), the court finds that Rule 37(a) inherently provides authority for the imposition of sanctions for such a violation. Among the sanctions the court may consider are reasonable costs and attorneys' fees.

*New York v. Solvent Chem. Co.*, 210 F.R.D. 462, 474 (W.D.N.Y. 2002) (awarding a party attorney's fees incurred in making a motion to compel payment of expert witness fees). Moreover, such sanctions may be entered "even though no prior court order compelling discovery has been entered," especially where a party has no basis for refusing to pay the

expert's fees. *Royal Maccabees Life Ins. Co. v. Malachinski*, No. 96C6135, 2001 U.S. Dist. LEXIS 3362, *57 (N.D. Ill. Mar. 19, 2001).

As set forth above and as required by Rule 37, the undersigned hereby certifies that defense counsel have made multiple good-faith efforts to contact plaintiff's counsel regarding the payment of these fees and expenses and have been "more than willing to discuss" these issues. (Ex. F.) Plaintiff has simply not responded.

The defendant therefore requests that it be awarded its reasonable attorney's fees in connection this motion. The defendant stands ready to provide an itemization of those fees.

## III. CONCLUSION

For all the foregoing reasons, Electric Boat respectfully requests that this court compel the plaintiff to immediately pay Mr. Olmsted's deposition-related fees and expenses, which total $1857.17.

Additionally, pursuant to Fed. R. Civ. P. 37, defendant requests that this Court award it its reasonable attorney's fees in connection with this Motion.

DEFENDANT, ELECTRIC BOAT CORPORATION

By _____
Francis H. Morrison (ct04200)
*fhmorrison@dbh.com*
Michelle I. Turner (ct24012)
*miturner@dbh.com*
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
Its Attorneys

- 7 -

## CERTIFICATION

THIS IS TO CERTIFY that a copy of the foregoing was mailed this date, postage prepaid, to:

Leonard Feigenbaum, Esq.
1670 Old County Road, Suite 224
Plainview, NY 11803

_____
Michelle I. Turner