# EXHIBIT A

A. G. Olmsted, Jr.
*AVIATION CONSULTING*
91 Hopkins Road
Ellington, CT 06029
(H) 860-871-8915 (F) 860-871-8001
(C) 860-214-1601
E-Mail: timolmsted@aol.com

*FAR Enforcement*
*Accident Investigation*
*Expert Witness*
*Air Carrier*
*General Aviation*
*Military Aviation*

June 11, 2004

Attorney William Erickson
Day, Berry, and Howard, LLC
City Place 1
Hartford, Connecticut 06103

Reference:     *Executive Airlines v. Electric Boat Corporation, ET. Al.*

Attorney Erickson,

I've reviewed the following documents in this case:
-   FAR Part 1          Definitions and Abbreviations
-   FAR Part 13         Investigative and Enforcement Procedures
-   FAR Part 61         Certification: Pilots, Flight Instructors, and Ground Instructors
-   FAR Part 91         General Operating and Flight Rules
-   FAR Part 119        Certification: Air Carriers and Commercial Operators
-   FAR Part 135        Operating Requirements: Commuter and On Demand Operations
                        and Rules Governing Persons On Board Such Aircraft
-   FAA Order 2150.3a   Compliance and Enforcement Program
-   FAA Order 8300.10   Airworthiness Inspector's Handbook
-   FAA Order 8400.10   Air Transportation Operations Inspector's Handbook
-   FAA Order 8700.1    General Aviation Operations Inspector's Handbook
-   Executive Airlines Operations Specifications
-   Executive Airlines Minimum Equipment List, N16EJ
-   Executive Airlines Operations Manual
-   Executive Airlines Pilot Records
    o   Gregory MacVicar
    o   Paul Woodford
    o   Paul Frederico
    o   Can Basat
    o   Russell Bronson
    o   Michael Mulawka
    o   Robert Vansise
    o   Donald Tucker
    o   Sean Murphy
    o   Corin Lyon
    o   Chris Gravalis
    o   Jacob Fowler

o   Tom Neilson

Depositions,

Michael Simone Peragine dated:
- Nov 11, 2002      - Dec 16, 2003
- Nov 12, 2002      - Mar 20, 2004
- Dec 18, 2002
- Jan 8,2003
- Jan 9, 2003

Michael J. Mulawka dated:
- Dec 17, 2002
- Dec 20, 2002

Stacy Lynn Suazo dated:
- Mar 20, 2003

James B. Ahfeld dated:
- May 20, 2004

NTSB Factual Report and supporting documents for N16EJ

Plaintiff's Damage Analysis; Civil Action No. 02-CV-194 (GLG) dated Nov 11, 2002

Aircraft Sales Agreements
- Cartrette LLC and Millennium Jetstream Holdings, N403UE S/N 743
- Air Medical Leasing Inc and Millennium Jetstream Holdings, N404GJ S/N 754
- North East Air and Sea LLC and Millennium Jetstream Holdings, N404GJ S/N 754

Executive Airlines Income Statement Pro-Forma 12 months ended/2000 with supporting documents

Article *Citizen'sVoice.com*   12-16-2003, "Air crash suit Settled for 32.5 million"

Letters from Electric Boat to Executive Airlines
        Defendant's Exhibits #2, #3, #4 dated 12-16-2003

Michael Simone Peragine's Deposition Exhibits #5, #6, #7 dated 12-16-2003

Contract for Aviation Services between Executive Airlines an Electric Boat Corporation

US District Court, District of Connecticut; Opinion Case No. 3; 02CV0194 (GLG)

Based upon my experience and the facts found in these documents and research, I will testify to the following opinions:

A contract clause required that Executive Airlines operate its aircraft, flight crews, and conduct all of its operations in accordance with the Federal Aviation regulations (FAR's) throughout the valid time period of this contract. Executive Airlines failed to maintain compliance with the standards of the FAR's for aircrews, aircraft, and operational procedures in the following instances:

1. Executive Airlines operated N16EJ under FAR Part 135 on flights between GON and PHF for Electric Boat on May 17, 2000 and on May 19, 2000.

2. Executive Airlines operated N16EJ in violation of the Federal Aviations Regulations under various parts of FAR Part 91 and Part 135 on May 21, 2000. N16EJ failed to reach its intended destination due to fuel starvation. FAR Part 91 and 135 requires an aircraft operating under each of these parts to have departed its point of origin with sufficient onboard fuel and reserves to arrive at its destination, proceed to the designated alternate, and maintain minimum reserve fuel. The crew of N16EJ and Executive Airlines exercising its Air Carrier Certificate failed to meet these regulations.

3. Captain Michael J. Mulawka operated N16EJ in charter services to Electric Boat over routes between airports in New London, Connecticut (GON) and Newport News, Virginia (PHF). By his own admission and based upon Executive Airlines flight records, Captain Mulawka operated this aircraft over it's maximum designed gross take off weights.

4. No aircraft maintenance records show the flight crew documented (Captain Mulawka) the over weight operation. Such an over weight operation renders an aircraft unairworthy until such time as an inspection determines no damage was done to the aircraft and its components. Executive Airlines did not perform any such inspection(s) and N16EJ remained in service in an unairworthy condition.

5. Executive Airlines used the pilot services of Captain Michael Mulawka on May 17 and 19, 2000 as the pilot in command on round trips between PHF and GON for Electric Boat. A review of Captain Mulawka's pilot records shows he documented Executive Airlines Basic Indoctrination Training, Emergency Training, Hazmat Training, Winter Operations Training, and a FAR 135.293 examination all on April 9, 1999. Captain Mulawka's Crew Duty Records show he was "Off Duty" that day. Captain Mulawka's training and crew duty records indicate this required training could not have been received with the "off duty" times listed. Therefore, Captain Mulawka was never properly certified by Executive Airlines to operate the J-3100 series aircraft under FAR Part 135 from April 9, 1999 during the period of service for Electric Boat.

6. Executive Airlines used the pilot services of Captain MacVicar for FAR Part 135 operations during the period of the Electric Boat contract. Executive Airlines documents internal Executive Airlines training for Captain MacVicar on Jan 14, 1999 FAR Part 135.293/297 check rides and Executive Airlines Recurrent Training dated June 21, 1999. On each of these dates, Captain Mac Vicar was on duty elsewhere for Atlantic Coast Airlines. These records indicate the required training may not have been received. Therefore, Captain Vicar was not current and qualified to perform J3100 series aircraft duties for Executive Airlines. From as early as January 1999 up to and including May 21, 2000.

7. Executive Airlines used the pilot services of First Officer Can Basat during the period of the Electric Boat contract up to and including May 21, 2000. Crew Duty Records for First officer Basat show he was off duty between November 11th and 12th 1998 and documented receiving Executive Airlines Basic Indoctrination Training, Aircraft Ground Training, and Aircraft Emergency Training. On November 20, 1999, FO Basat documents receiving Annual HAZMAT Training when records show him off duty. These records document a lack of required training, which rendered the airman unqualified for any FAR Part 135 duty at Executive Airlines from November 1998 through May 21, 2000.

Facts and opinions used to reach the points outlined above are based on the review of documentation and depositions listed above and facts gathered and/or presented by parties during the NTSB investigation of this accident. Further facts and opinions were reached by applying the standards of the Federal Aviation Regulations, FAA Inspector Handbook guidance, practical experienced gained as a Principle Operations Inspector certifying Air Carriers with similar types of aircraft, as a FAA Aviation Safety Inspector-Operations investigating and preparing EIR action against similar Air Carrier operations, and the knowledge of accident investigation based on my years of experience with the Federal Aviation Administration. This practical knowledge is based on attendance to three separate accident investigation courses, as a fully qualified FAA Investigator-In-Charge on over forty separate accidents, and attendance at formal FAA Aviation Safety Inspector courses at the Mike Maroney Aeronautical Center in Oklahoma.

The following represents past and current expert witness cases in which I have testified as an expert at trial or by deposition within the last four years and contractual service I have provided to a range of aviation and litigation organizations as of June 11, 2004:

| Law Firm | Year | Aircraft / Case Type | Status |
|---|---|---|---|
| J. Cooling, PC; Kansas City, MO<br>Atty James Cooling | 2000 | B707, FAA Enforcement, Defendant | Closed, FAA Informal Hearing |
| Nurenberg, Plevin, Heller & McCarthy Co, LPA;<br>Cleveland, OH<br>Atty Jamie Lebovitz | 2000 | MD-80, American Airlines Accident, Disclosure Reports, Trial Preparation Plaintiff | Closed, Settled at Trial |
| Gary, Williams, Parenti, Finney, Lewis, McManus, Watson, & Sperando;<br>Stuart, FL<br>Atty's Jason Williams & Jean Laws | 2000 | DC-9 Value Jet, Plaintiff, Disclosure Reports | Closed, Out of Court Settlement |
| | 2004 | Cessna 172, Mid-air Fatal Accident, Plaintiff | Closed, client withdrew case |
| Porzio, Bromberg & Newman, P.C.<br>Newark, NJ<br>Atty Lynette J. Carhart | 2003 | CE-208, Parachute Drop Zone Licensing, | Open, ALJ Decision Disclosure and Testimony before ALJ, appeal pending |
| Branse & Willis, PC.<br>Glastonbury, CT<br>Atty Marc Branse | 2000 | CE500, Airport/Land use operations | Open, trial completed, Disclosure and Depositions |
| Windle Turley, PC<br>Dallas, TX<br>Atty Jeff Hightower | 2003 | PA23 Fatal Accident, Disclosure and Deposition | Closed, trial/arbitration |
| AC Aviation LLC<br>Oxford, CT | 2001 | DA50/HS125, FAR Part 135 | Open, Agent for Service Maintain Company's FAA approved General Operations Manual and Training Programs |

Guardian Jet          2002     FAR Part 91 Corporate Aviation          Open, Operations Manual
New Haven, CT                                                          Aviation Risk Management
                                                                      Profile and Program System

My contractual fee for services remains at $175.00 per hour and $1500.00 day for deposition and trial services.

Sincerely,

Aaron G. Olmsted, Jr.
Aviation Consultant