# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,

                Plaintiff,

— against —

ELECTRIC BOAT CORPORATION,

                Defendant.

CIVIL ACTION NO.
02-CV-194 (JCH)

22 December 2005

### PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM INTRODUCING CERTAIN TESTIMONY OR EVIDENCE ON THE TRIAL OF THIS ACTION

    Plaintiff Executive Airlines moves to preclude defendant from introducing any testimony or evidence relating to defendant's counterclaim that plaintiff defaulted or violated the terms of the Contract between the parties.  By its 12 July 2005 decision, this Court determined that defendant failed to comply with the Terms and Conditions regarding notification by defendant to plaintiff of any default, thereby preventing defendant from seeking damages for plaintiff's alleged actions.  That determination rendered irrelevant and immaterial all documents and testimony, particularly that of defendant's expert, Aaron Goodwin Olmsted, Jr., relating to defendant's claim that plaintiff violated Federal Aviation Regulations or was unable to perform its obligations under the Contract.  Accordingly, defendant should be precluded from introducing on the trial of this action all such documents and testimony.

                                            I. Leonard Feigenbaum (ct25807)
                                            Visiting Attorney for Plaintiff
                                            1670 Old Country Road - Ste 224
                                            Plainview, New York 11803
                                            Tel. (516) 420-6900
                                            Fax (516) 420-8444
                                            leefeig@aol.com

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed on this date to the following:
Day, Berry & Howard LLP
CityPlace I
Hartford CT 06103-3499

                                                I. LEONARD FEIGENBAUM

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,

                Plaintiff,

— against —

ELECTRIC BOAT CORPORATION,

                Defendant.

CIVIL ACTION NO.
02-CV-1 94 (JCH)

22 December 2005

**PLAINTIFF EXECUTIVE AIRLINES' MEMORANDUM OF LAW
ON ITS MOTION TO PRECLUDE DEFENDANT FROM INTRODUCING
CERTAIN TESTIMONY OR EVIDENCE ON THE TRIAL OF THIS ACTION**

INTRODUCTORY STATEMENT

Plaintiff sued defendant seeking the six month contractual payments due to plaintiff based on the one-year agreement (the "Contract"[1]) pursuant to which plaintiff was to provide air charter services to defendant between defendant's facilities in Groton, Connecticut and Newport News, Virginia. The Contract granted to defendant the unqualified right to terminate the Contract on six months' notice pursuant to Paragraph 2 (A) of Supplement No. 1, as well as the right to terminate for plaintiff's default on ten days' notice pursuant to Paragraph 2 (B). On 21 May 2000, a little more than one month after plaintiff commenced its air charter service for defendant, plaintiff suffered a fatal crash of one of the Jetstream aircraft which it had been using for defendant's flights. Despite the crash, plaintiff had the aircraft and personnel enabling it to be capable of performing its

---

[1] The Contract was executed on 14 March 2000 and consisted of Purchase Order SNL022-296 Supplement 001 (the "March Purchase Order") which incorporated the terms of the February Draft Purchase Order and included Purchase Order Supplement No. 1 which referenced Electric Boat form GDC-410 entitled Purchase Order Terms and Conditions (the "Terms and Conditions")

obligations under the Contract. By letter dated 7 June 2000 sent to plaintiff, defendant claimed it was immediately terminating the Contract. Defendant has counterclaimed against plaintiff for breach of the Contract.

Defendant's counterclaim is based on the provisions of Paragraph 12(b) of the Terms and Conditions (see paragraph 21 of Defendant's 8 October 2004 Answer, Affirmative Defenses and Counterclaim), which provides for Seller's (Plaintiff's) liability for defendant's excess costs ("damages") if "... Buyer [Defendant] terminates this order in whole or in part as provided in subparagraph (a) above". Defendant quoted part of subparagraph (a) in paragraph 20 of its Counterclaim but omitted the part thereof which required the termination for Seller's failure to be "... by written notice of default to Seller ..." and that Seller "... does not cure such failure within a period of ten (10) days (or longer period as Buyer may authorize in writing) after receipt of notice from Buyer specifying such failure".

DEFENDANT'S FAILURE TO PROVIDE THE REQUIRED NOTICE
SHOULD PRECLUDE DEFENDANT FROM INTRODUCING ANY
EVIDENCE AS TO ANY DEFAULT OR LIABILITY BY Plaintiff

Proper notice of default and ten days to cure were conditions precedent to termination of the Contract. *Blitz v. Subklew*, 74 Conn. App. 183, 810 A.2d 841 (2002).

> "A condition precedent is a fact or event which the parties intend must exist or take place before there is a right to performance. *Christophersen v. Blount, 216 Conn. 509, 512, 582 A.2d 460 (1990)*, quoting *Lach v. Cahill, 138 Conn. 418, 421, 85 A.2d 481 (1951)*, if the condition does not take place, the right to enforce the contract does not come into existence." *Scoville v. Shop Rite Supermarkets, Inc.*, 2001 Conn. Super. LEXIS 3518

On page 3 of its 12 July 2005 decision, this Court said: "At no point did Electric Boat send

---

(collectively, the "Contract").

2

Executive Airlines a written notice of default conforming to the requirements of paragraph 12(a) of the Term and Conditions.". By that finding, the Court determined that the condition precedent to defendant's claim had not ocurred. Accordingly, even if there had been a default by plaintiff (which is strenuously denied) it would not be enforceable by defendant since it had failed to comply with the requirements of its own "boilerplate" Terms and Conditions. Since any alleged default by plaintiff is not enforceable, evidence and testimony in support of a claim of plaintiff's default is not material or relevant to the issues before the Court, would be extremely prejudicial to plaintiff and therefore should not be admissible.

The proposed testimony of Defendant's expert, Aaron Goodwin Olmsted, Jr., relates solely to the 21 May 2000 crash and purported violations of Federal Aviation Regulations and underpins defendant's counterclaim in providing defendant with a conclusion that plaintiff violated the Contract by failing to comply with FAA regulations. That opinion is therefore neither relevant nor material to any issues to be tried due to defendant's failure to comply with the notice provisions of paragraph 12(a) of the Terms and Conditions. Mr. Olsmsted's opinion was rendered four years after defendant's termination of the Contract, therefore could not have been involved in defendant's decision to terminate and was not referenced in defendant's letters terminating the Contract. The issue is not the cause of the crash but rather the intent of the parties to the Contract and the consequences of its termination by defendant. Mr. Olmsted's testimony should not be admissible on the trial of this action.

## CONCLUSION

For the foregoing reasons, plaintiff Electric Boat respectfully requests that this Court issue its order prohibiting defendant from presenting on the trial of this action any evidence or testimony,

3

including the testimony of Mr. Olmsted, relating to its claim that plaintiff defaulted under or violated the terms of the Contract.

PLAINTIFF EXECUTIVE AIRLINES

By:
I. Leonard Feigenbaum (ct25807)
Visiting Attorney for Plaintiff
1670 Old Country Road - Ste 224
Plainview, New York 11803
Tel. (516) 420-6900
Fax (516) 420-8444
**leefeig@aol.com**

## CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed on 22 December 2005 to the following:

Day, Berry & Howard LLP
CityPlace I
Hartford CT 06103-3499

I. LEONARD FEIGENBAUM