# EXHIBIT I

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES                     :    CIVIL ACTION NO. 3:02cv194 (JCH)
                                       :
                      Plaintiff,       :
                                       :
v.                                     :
                                       :
ELECTRIC BOAT CORPORATION,             :
                                       :
                      Defendant.       :    DECEMBER 23, 2005

## DEFENDANT'S PRELIMINARY PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, Defendant Electric Boat Corporation

("Electric Boat") requests that the Court submit the following instructions to the jury.  Electric

Boat reserves its right to further modify, supplement or amend its proposed jury instructions

based on developments at trial.

## BURDEN OF PROOF

I will now explain to you certain rules that apply in civil cases generally. In a civil action such as this, the party who asserts certain facts must prove those facts by the required weight of the evidence. This obligation is known as the "burden of proof." In this case, the plaintiff must prove the essential elements of his case, and defendant must prove its defense, by what is described in the law as a "preponderance of the evidence."

This rule does not require proof to an absolute certainty. Proof to an absolute certainty is seldom possible in any case. This rule does not even require proof "beyond a reasonable doubt," the rule in criminal cases. In a civil case, such as this one, you must weigh the evidence in support of a particular fact against the evidence opposed to that fact and consider which evidence is more convincing. To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.

It may be helpful to ask yourselves, with respect to each disputed issue of fact, how all the credible evidence would balance if you placed it on an imaginary pair of scales. If all the evidence presented by both sides on a particular issue of fact caused the scales to strike an even balance, then the plaintiff has failed to meet his burden. On the other hand, if the evidence caused the scale to tip <u>even slightly</u> in favor of the party asserting the claim, then that fact would have been proved <u>by a preponderance of the evidence</u>.

In determining whether any fact in dispute has been proved by a preponderance of the evidence, you should consider the testimony of all witnesses and all exhibits received in evidence, regardless of who may have introduced them.

AUTHORITY/SOURCE

3 Kevin O'Malley, <u>et al.</u>, <u>Federal Jury Practice & Instructions</u>, § 104.01 (5th Ed. 2001 & Supp. 2005).

## CREDIBILITY

In fulfilling your duty as finders of fact, you as jurors are the sole judges of the credibility of the witnesses and the weight, if any, their testimony deserves. This is also true as to the veracity and weight of the other evidence including exhibits. There is no magic formula by which one may evaluate testimony. You bring with you to this courtroom all the experience and background of your daily lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others. The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations here. You may consider the demeanor of the witness on the stand and any interest he or she may have in the outcome of the case. You may also consider any bias or prejudice for or against any party; the witness's opportunity to observe; any reason for the witness to remember or forget; the inherent probability of her or her own story; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible evidence.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine. Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind and scrutinize the whole testimony of that witness. Thus if you find that there has been inaccuracy in one

-3-

respect upon the part of a witness, remember it in judging the rest of that witness's testimony, and give to it that weight which your own mind leads you to think it ought to have, and which you would attach to it in the ordinary affairs of life where anyone came to you in a matter and you found that in some particular that person was inaccurate. The testimony of a witness which is discredited in one aspect may well be disbelieved in its entirety by the jury. You may apply the maxim, "Falsus in uno, falsus in omnibus;" that is, "False in one, false in all."

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

### AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, §§ 105.01, 105.04, 105.09 (5th Ed. 2001 & Supp. 2005).

## ADMISSIONS BY PARTIES

Out-of-court statements or conduct by parties, which are not consistent with their claims at trial, may be used against them as an admission of the facts stated. It is for you to determine what weight is to be given to any alleged admission if you find that one has been made. In that connection, you should consider the circumstances under which any such statements were given as bearing upon the weight you decide to accord to them.

AUTHORITY/SOURCE

Fed. R. Evid. 801(d)(2).

## STIPULATION OF FACTS

While we were hearing evidence, you were told that the plaintiff and the defendant

agreed or stipulated to certain facts. For instance, the parties stipulated that they had a written

contract. This means simply that they both accept this fact. There is no need for evidence by

either side on those points. You must accept those stipulations as facts that have been

conclusively proved, even though nothing more was said about it one way or the other.

AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, § 102.10 (5th Ed. 2001 & Supp. 2005).

## DEPOSITIONS

Some of the testimony before you was presented in the form of depositions which have been received into evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court reporter prior to trial. All parties and/or their attorneys are present at a deposition and are entitled to ask questions and object to the other side's questions.  This is part of the pretrial discovery process, and each side is entitled to take depositions.

Witnesses at depositions are administered the same oath and have the same obligation to testify truthfully, as at trial.  You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, §§ 102.23, 105.01 (5th Ed. 2001 & Supp. 2005).

## OBJECTIONS AND RULINGS

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made an objection.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer--that is, in overruling a lawyer's objection—the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

### AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions,* § 101.49 (5th Ed. 2001 & Supp. 2005).

*Lunn v. Hussey*, No. CV010085525, 2003 Conn. Super. LEXIS 401 (Conn. Super. Ct. Feb. 11, 2003)

*Talbot v. Kirkup*, No. 551986, 2000 Conn. Super. LEXIS 2506 (Conn. Super. Ct. Sep. 21, 2000)

## TERMINATION FOR DEFAULT

I am instructing you as a matter of law that Electric Boat did not breach the contract by terminating the contract, because it had the right to terminate the contract either for default or simply for convenience.

In determining whether Executive Airlines is nonetheless entitled to any payments under the contract, you must first determine whether Electric Boat terminated for default or for convenience. If you find that Electric Boat terminated for default, then Executive Airlines is not entitled to any damages or payments under the contract.

## TERMINATION FOR CONVENIENCE

I am instructing you as a matter of law that Electric Boat did not breach the contract by terminating the contract, because it had the right to terminate the contract either for default or simply for convenience.

In determining whether Executive Airlines is nonetheless entitled to any payments under the contract, you must first determine whether Electric Boat terminated for default or for convenience.

If you find that Electric Boat terminated the contract for convenience, then you must determine what termination payments, if any, Executive Airlines has proven within the terms of the contract. Under Paragraph 14 of the Terms and Conditions, the plaintiff is only entitled to "an amount, to be mutually agreed upon, which shall be adequate to cover the reasonable costs of [Plaintiff's] actual performance of work under this order to the effective date of termination, plus a reasonable profit thereon." However, the plaintiff is not entitled to payment of the amounts invoiced for flights that were never actually made.

If you determine that the plaintiff is entitled to payments under Paragraph 14 of the Terms and Conditions, you may award Executive Airlines compensation so as to place it in the same position as it would have been had the contract(s) not been breached by Electric Boat. In determining an appropriate measure of damages, you should not place Executive Airlines in a better position than it would have been if the contract had been performed. Executive Airlines is entitled to nothing in excess of that sum which compensates it for the loss of its bargain with Electric Boat. In essence, this means that the most that Executive Airlines could recover is its reasonable profit if it had actually performed its obligations under the contract.

-10-

AUTHORITY/SOURCE

*Argentinis v. Gould*, 219 Conn. 151, 157-58 (1991);
*Gargano v. Heyman*, 203 Conn. 616, 621 (1987);
*Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 688-89 (1986);
22 Am. Jur. 2d *Damages* §46 (2d ed. 1988).

## **BREACH OF CONTRACT**

Although Electric Boat did not breach the contract by terminating the contract, because it had the right to terminate the contract either for default or simply for convenience, Executive Airlines claims that Electric Boat breached the contract by failing to pay convenience termination costs.

In order to find Electric Boat liable for breach of contract, you must find that Executive Airlines has proven by a preponderance of the evidence that:

(1) Executive Airlines performed its obligations under the contract;

(2) Electric Boat breached the contract — that is, it failed to do what it promised to do in the contract; and

(3) that Electric Boat's breach proximately caused harm to Executive Airlines.

Electric Boat has set also counterclaimed that Executive Airlines breached the written contract because it was not able to provide the services as required by the contract.  In order to find Executive Airlines liable for breach of contract, you must find that Electric Boat has proven by a preponderance of the evidence that:

(1) Electric Boat performed its obligations under the contract;

(2) Executive Airlines breached the contract — that is, it failed to do what it promised to do in the contract; and

(3) that Executive Airlines' breach proximately caused harm to Electric Boat.

AUTHORITY/SOURCE

*Rosato v. Mascardo*, 82 Conn. App. 396, 411 (2004).

## **BREACH OF CONTRACT –MEASURE OF PLAINTIFF'S DAMAGES**

If you find that Executive Airlines has proven that Electric Boat breached its contract(s) with Executive Airlines, and that Executive Airlines fully performed all of its obligations under the contract(s), you may award Executive Airlines compensation so as to place it in the same position as it would have been had the contract(s) not been breached by Electric Boat. In determining an appropriate measure of damages, you should not place Executive Airlines in a better position than it would have been if the contracts had been performed. On its contract claims, Executive Airlines is entitled to nothing in excess of that sum which compensates it for the loss of its bargain with Electric Boat.

In no event may Executive Airlines recover what are called "consequential damages," those that may be claimed to have resulted from the termination of this contract, such as lost business, excess aircraft capacity or even failure of the business itself. And in no event is Executive Airlines entitled to recover for payments it claims to have been made in reliance on the contract, such as the purchase of aircraft or the lease of facilities.

### AUTHORITY/SOURCE

*Argentinis v. Gould*, 219 Conn. 151, 157-58 (1991);
*Gargano v. Heyman*, 203 Conn. 616, 621 (1987);
*Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 688-89 (1986);
22 Am. Jur. 2d *Damages* §46 (2d ed. 1988).

## BREACH OF CONTRACT –MEASURE OF DEFENDANT'S DAMAGES

As to Electric Boat's counterclaim, if you find that Executive Airlines has breached the contract, you may award Electric Boat compensation so as to place it in the same position as it would have been had the contract(s) not been breached by Executive Airlines. In determining an appropriate measure of damages, you should not place Electric Boat in a better position than it would have been if the contracts had been performed. On its contract claims, Electric Boat is entitled to nothing in excess of that sum which compensates it for the loss of its bargain with Executive Airlines.

Electric Boat has not claimed, and you may not award, any consequential damages as a result of the plaintiff's alleged breach of contract.

AUTHORITY/SOURCE

*Argentinis v. Gould*, 219 Conn. 151, 157-58 (1991);
*Gargano v. Heyman*, 203 Conn. 616, 621 (1987);
*Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 688-89 (1986);
22 Am. Jur. 2d *Damages* §46 (2d ed. 1988).

-14-

## ACCOUNT STATED

In addition to its breach of contract claim, Executive Airlines has alleged an "account stated" claim.  The allegation is that Executive Airlines submitted to Electric Boat invoices for the six months after termination and that those invoices constituted an agreement between the parties as to the amount due.

To hold Electric Boat liable on an account stated claim, you must find that Executive Airlines has shown, by a preponderance of the evidence, that after the invoices were issued, both parties examined the invoices, that they agreed upon the precise sum due, and that Electric Boat made a promise to pay that sum.  If you do not find that Executive Airlines proved that such an agreement was struck and that Electric Boat promised to pay the invoices, then you must find no liability against Electric Boat on the account stated claim.

### AUTHORITY/SOURCE

*Dunnett v. Thornton*, 73 Conn. 1, 15-16 (1900);

*Zacarino v. Pallotti*, 49 Conn. 36, 38 (1881);

*Cozy v. Smith*, 3 Conn. Cir. Ct. 261, 263 (1965);

*Checkers Int'l v. Southwest Cmty. Health Center, Inc.*, No. CV000375092S, 2001 Conn. Super. LEXIS 1673, *8-9 (Conn. Super. Ct. Bridgeport, June 13, 2001).

## MITIGATION OF DAMAGES

As a special defense in this case, the defendant has asserted that the plaintiff failed to mitigate its alleged damages. When a plaintiff claims damages suffered as a result of a breach of contract, or due to some other alleged improper conduct, the plaintiff is under an affirmative obligation to exercise reasonable conduct to minimize the damages it claims.

In the context of this case, Executive Airlines had an affirmative duty to use reasonable efforts to minimize the damages it suffered due to the termination of the contract. On this special defense, the Electric Boat has the burden of proving that Executive Airlines failed to exercise reasonable conduct to minimize its alleged damages. Electric Boat must establish (1) that the injured party, here Executive Airlines respectively, failed to take reasonable action to lessen the damages; (2) that the damages were enhanced by the injured party's failure to take reasonable action to lessen the damages; and (3) that the damages which could have been avoided can be measured with reasonable certainty.

If you find that Executive Airlines failed in any way to mitigate its damages, you must reduce any award by the amount the plaintiff reasonably could have expected to recover through mitigation. To the extent that you are unable to calculate such amounts with any certainty, or if you have to resort to speculating about what amount Executive Airlines would have avoided, I am instructing you that you may not enter any award of damages for plaintiff and, thus, must find for the defendant on all counts.

### AUTHORITY/SOURCE

*Preston v. Keith*, 217 Conn. 12, 22 (1991);
*West Haven Sound Development Corporation v. City of West Haven*, 201 Conn. 305,
    332 (1986);
*Cary Oil Co. v. MG Ref. & Mktg.*, Inc., 90 F. Supp. 2d 401 (S.D.N.Y. 2000).

## <u>JURY'S DUTY TO BE IMPARTIAL TO ALL PARTIES</u>

In deciding the facts of this case, you must not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You must carefully and impartially consider all the evidence in the case, follow the law given to you by the court and reach a just verdict regardless of the consequences.

In this case, the Defendant, Electric Boat, is a large corporation, while the plaintiff, Executive Airlines, is a smaller corporation. These facts must not influence your decision in this case. In the eyes of the law, a corporation is a person and is entitled to the same fair trial at your hands as an individual, and considerations of the size of the Company or its financial position have no place in this trial. This case is not to be decided on the basis of relative size or wealth. All parties stand equal under the law and are to be dealt with as equals in a court of justice.

AUTHORITY/SOURCE/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, § 103.12 (5th Ed. 2001 & Supp. 2005).

-17-

DEFENDANT, ELECTRIC BOAT
CORPORATION

By _____

Francis H. Morrison III (ct04200)
fhmorrison@dbh.com
Michelle I. Turner (ct24012)
miturner@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
Its Attorneys

## **CERTIFICATION**

This is to certify that on this date a copy of the foregoing was mailed, first class postage
prepaid, to:

I. Leonard Feigenbaum, Esq.
1670 Old County Road, .Suite 224
Plainview, NY  11803

_____
Michelle I. Turner