# EXHIBIT 3

BID #K1960000

EXECUTIVE AIRLINES
1300 New Highway
Farmingdale, NY 11735

ELECTRIC BOAT CORPORATION
A GENERAL DYNAMICS COMPANY
75 Eastern Point Road, Groton, Connecticut 06340-4989

CHANGES OR SUGGESTIONS OFFERING COST ECONOMY ARE SOLICITED

# REQUEST FOR QUOTATION

## KJ960000

<< TERMS AND CONDITIONS REQUIRED >>

BID CONTROL INVOKED


CAROL JONES
EXECUTIVE AIRLINES
REPUBLIC AIRPORT
1300 NEW HIGHWAY
FARMINGDALE      NY   11735


ADDRESS COMMUNICATIONS TO: D. STILLMAN    BUYER NO. A717
TELEPHONE NUMBER: (860)433-5054

ELECTRIC BOAT CORPORATION
75 Eastern Point Road, Groton, Connecticut 06340-4989

CHANGES OR SUGGESTION
OFFERING COST ECONOMY
ARE SOLICITED

```
CAROL JONES                              RFQ DATE: 10/13/99
EXECUTIVE AIRLINES                     RFQ NUMBER: K1960000
REPUBLIC AIRPORT                   BID CLOSING DATE: 11/12/99   B/C
1300 NEW HIGHWAY                      SUPPLIER CODE: 1006805
FARMINGDALE    NY   11735               PRINT DATE: 10/12/99
```

```
              ADDRESS COMMUNICATIONS TO: D. STILLMAN
                              PHONE: (860) 433-5054
                                FAX: (860) 433-5033

                      REQUEST FOR QUOTATION
                         (not an order)
```

CONDITIONS OF PURCHASE FORMING PART OF THIS ORDER ARE:
GDC 410 (REV 3/87) AND ATTACHMENT (7/86) AND EB S.C. 17-235
RE: Y2K WARRANTY (IN YOUR POSSESSION)
Note: Any order resulting from this RFQ will be subject to the conditions
of purchase referenced.

*******************************************************************

**** SERVICE RFQ ****

******PERFORMANCE SCHEDULE******
03/31/00  THROUGH  04/03/01

INSPECTION:
Material and/or services delivered under this order may be subject to EB Corp.
inspection at destination.

Government Source Insp:    NOT REQD
EB Source Inspection:      NOT REQD

MAXIMUM AMOUNT EXPENDED ON THIS EFFORT SHALL NOT EXCEED:

BIDDER NOTES:
ALL INQUIRIES FOR THIS RFQ SHOULD BE DIRECTED EXCLUSIVELY TO:
DOTTIE STILLMAN,BUYER SPECIALIST EITHER BY PHONE (860)433-5054 OR
BY FAX (860)433-2313.
--------------------------------------------------------------------

BIDDERS ARE REQUESTED TO PROVIDE PRICING FOR THE CHARTER AIRCRAFT
SERVICES BY THE CLOSE OF BUSINESS 11/12/99.

*** PAGE    1 ***

RFQ NUMBER: K1960000 B/C

BIDDERS ARE REQUESTED TO ADDRESS ALL CORRESPONDENCE TO THE
BID CONTROL CLERK.  FAX RESPONSES MAY BE SUBMITTED USING THE
BELOW LISTED FAX NUMBERS:
(860)433-5035/(860)433-5033.

MERCURY CONTAMINATION PROHIBITED:
Functional mercury and mercury contamination prohibited notwithstanding any
other provisions of this order or specifications referenced herein, material
furnished by Seller under this order shall not contain functional mercury
unless specific written approval has been obtained from Electric Boat Corporation.

PRIORITY RATING:
This order is certified for National Defense use under DPAS.  The priority
rating is noted at the line item level.  If a priority rating is indicated;
you are required to follow the provisions under the Defense Priorities and
Allocation System (DPAS), and all other applicable regulations and orders
of the Bureau of Domestic Commerce (BDC) in obtaining products, material,
and services needed to fill this order.

                        ** ASBESTOS WARNING **
ASBESTOS IS A HUMAN CARCINOGEN WHICH PRESENTS A HAZARD TO PERSONNEL HANDLING
OR OTHERWISE WORKING WITH IT. ANY ASBESTOS OR ASBESTOS CONTAINING MATERIAL
SUPPLIED ON THIS ORDER MUST BE ANNOTATED ON THE PACKING LIST AND MUST BE
IDENTIFIED ACCORDINGLY WITH APPROPRIATE OSHA APPROVED LABELS OR TAGS TO INFORM ALL
PERSONNEL WHO HANDLE OR WORK WITH THE MATERIAL OF THE POTENTIAL ASBESTOS HAZARD.


RFQ NUMBER: K1960000 B/C
BIDDERS MUST COMPLETE THE FOLLOWING INFORMATION
(circle one or note exception)

SUPPLIER: 1006805

A.) PROPOSAL GOOD FOR ( 60, 90, 120 ) DAYS.  EXCEPTION: _____90 days_____

B.) F.O.B (1) DESTINATION
         (2) SHIPPING POINT/FREIGHT COLLECT
         (3) SHIPPING POINT/FREIGHT ALLOWED
         (4) NAMED PORT.CIF

C.) TERMS OF PAYMENT: (1) 2%15N30       EXCEPTION _____
                      (2) 2%10N30
                      (3) 1%10N30
                      (4) 1/2%10N30     EXCEPTION _____

D.) SMALL BUSINESS:                     (1) YES   (2) NO
(as defined by DAR 1-701-1)

E.) LABOR SURPLUS AREA:                 (1) YES   (2) NO

F.) DISADVANTAGED BUSINESS:             (1) YES   (2) NO
(as defined by DAR 7-104.36)

F.) WOMEN OWNED BUSINESS:               (1) YES   (2) NO


BIDDERS AUTHORIZATION
SIGNATURE _____ TITLE ____President____ DATE __11/11/99__
QUOTE NUMBER _____ TELEPHONE __516-694-0600__ FAX __516-694-0172__

*** PAGE  3 ***

RFQ NUMBER: K1960000 B/C

```
ITEM: 0001                  QUANTITY              UNIT PRICE    NET PRICE
PART NUMBER: N/A                0                 $4,895.00 per flight
     U/M: AR
DESCRIPTION: CHARTER SERVICE
                                      LEADTIME _____(SHOP DAYS ARO)
```

REQUIRE SELLER TO SUPPLY CHARTER SERVICE BETWEEN GROTON(GON)CT AND
NEWPORT NEWS(PHF)VA, AND NEWPORT NEWS(PHF)VA AND GROTON(GON)CT ON
A CONTINUING BASIS FOR A TERM OF NOT LESS THAN ONE(1)YEAR COMMENCING
4/01/00(OR SOONER)PER BUYER AND SELLER AGREEMENT.  AIRCRAFT WILL, AT
A MINIMUM, SEAT 19 PASSENGERS, BE PRESSURIZED AND TURBO-PROP.  OTHER
AIRCRAFT CONFIGURATION OPTIONS WILL BE CONSIDERED AND EVALUATED BY
THE BUYER.  CHARTER AIRCRAFT,CHARTER OPERATOR AND CHARTER PILOTS
MUST MEET ALL FAA REGULATIONS.  EACH ASSIGNED AIRCRAFT AND PILOT IS
SUBJECT TO EB MANAGEMENT AND CHIEF PILOT APPROVAL.

AIRCRAFT WILL DEPART AS SHCEDULED BY BUYER AND MUST BE APPROVED BY
SELLER UNLESS SAFETY OR FAA REQUIREMENTS DICTATE OTHERWISE.  AIRCRAFT
MUST BE MADE AVAILABLE TO BUYER,SUBJECT TO REASONABLE AVAILABILITY,
ON OTHER DAYS AT A PER ROUND TRIP RATE NOT TO EXCEED THE RATE CHARGED
FOR SCHEDULED ROUND TRIPS.

IN THE EVENT THE SELLER IS UNABLE TO PROVIDE THESE SERVICES, THE
SELLER WILL BE RESPONSIBLE TO SUBCONTRACT THESE SERVICES NOT WAVERING
FROM ALL TERMS AND CONDITIONS OF THIS CONTRACT AT NO ADDITIONAL COST
TO THE BUYER.

CREW.
-----
EACH AIRCRAFT WILL FLY WITH ONE(1) CAPTAIN AND ONE(1)FIRST OFFICER.

AIRCRAFT
--------
1.  ONE(1) 19 PASSENGER AIRCRAFT, BASED AT GON.
2.  ONE(1) 19 PASSENGER AIRCRAFT, BASED AT PHF.
3.  OTHER AIRCRAFT OPTIONS WILL BE CONSIDERED AND MAY BE
    APPROVED BY BUYER'S REPRESENTATIVE.

ITINERARY
---------
1.  APPROXIMATELY FOUR(4)ROUND TRIPS (R/T'S)PER WEEK FOR A
    MINIMUM OF FIFTEEN(15)R/T'S PER MONTH USING ANY TRIP
    COMBINATION.

    1) ROUND TRIP GON PHF GON      4    3    2    1    0
       ROUND TRIP PHF GON PHF    + 0    1    2    3    4
                                  -    -    -    -    -
                                = 4    4    4    4    4

2.  THE SELLER MUST BE ABLE TO MEET THE CURRENT CHARTER SCHEDULE
    OUTLINED BELOW:
```

75 Eastern Point Road, C         Connecticut 06340-4989

CHANGES OR SUGGESTI[ONS]
OFFERING COST ECONOMY
ARE SOLICITED

RFQ NUMBER: K1960000 B/C

| DEPARTURE FROM | TIME | ARRIVALS TO | TIME | FREQUENCY MON | TUES | WED | THUR | FRI |
|---|---|---|---|---|---|---|---|---|
| GROTON | 700 | NEWPORT NEWS | 855 | X | | X | | |
| NEWPORT NEWS | 1600 | GROTON | 1740 | X | | X | | |
| NEWPORT NEWS | 700 | GROTON | 840 | X | X | | X | X |
| GROTON | 1600 | NEWPORT NEWS | 1755 | X | X | | X | X |

RATES.
------

1. SELLER TO PROVIDE A RATE PER R/T, INCLUDING FET AND SEGMENT FEES
   PER OCCUPIED LEG.

2. BASED ON A MINIMUM MONTHLY BILLING OF FIFTEEN(15)R/T'S PER MONTH
   THE FOLLOWING OPTIONS APPLY:

   A. ONE AIRCRAFT ONLY BASED ON GON, ONE(1)AIRCRAFT BASED AT PHF
      DOING FIFTEEN R/T'S PER MONTH, ANY COMBINATION.
   B. ANY ADDITIONAL R/T'S OPERATING FROM EITHER BASE AS SHOWN
      ABOVE UNDER ITINERARY.
   C. AIRCRAFT MUST BE AVAILABLE FOR ADDITIONAL CHARTER DESTINATIONS
      AND WILL BE BILLED AT A DISCOUNTED RATE PER FLIGHT HOUR PLUS
      LANDING FEES AND CREW EXPENSES AT PER DIEM IN ACCORDANCE
      WITH BUYER INTERNAL PROCEDURES APPLICABLE TO ITS OWN EMPLOYEES.
   D. IF AIRCRAFT IS AWAY FROM ITS ASSIGNED BASE(PHF OR GON) FOR A
      24 HOUR PERIOD AT BUYER'S REQUEST WITHOUT A FLIGHT, A FEE WILL
      BE INCURRED,I.E. DEPART GON ON MON,OVERNIGHT PHF MON AND TUES,
      RETURN GON ON WED, AIRCRAFT HAS FLOWN ON MON & WED=ONE
      R/T.

MISCELLANEOUS.
--------------

1. THE ABOVE DOES NOT INCLUDE HOLIDAYS OR BUYER SCHEDULED
   SHUTDOWNS.
2. TRIP DAYS AND TIMES ARE SCHEDULED BY THE BUYER.
3. IN THE EVENT THAT SELLER CANNOT COMPLETE SCHEDULED TRIP DUE
   TO CIRCUMSTANCES BEYOND HIS CONTROL,(I.E.INCLEMENT WEATHER,
   MECHANICAL DIFFICULTY)BUYER SHALL NOT BE LIABLE FOR SUBSTITUTION
   OF OTHER TRIPS TO REPLACE THAT WHICH WAS CANCELLED.

INSURANCE.
----------

SELLER IS TO MAINTAIN A MINIMUM OF $200,000,000.00 COMBINED SINGLE

                    *** PAGE    5 ***

Case 3:02-cv-00194-WWE   Document 120-5   Filed 12/27/2005   Page 9 of 10

GENERAL DYNAMICS Electric Boat
75 Eastern Point Road, Groton, Connecticut 06340-4989

CHANGES IN SCHEDULE,
OFFERING COST ECONOMY
ARE SOLICITED

RFQ NUMBER: K1960000 B/C

LIMIT NAMING GENERAL DYNAMICS CORPORATION, ELECTRIC BOAT, NEWPORT
NEWS CORPORATION AND U.S. GOVERNMENT, THEIR RESPECTIVE ASSIGNS,
OFFICERS, DIRECRORS, SHAREHOLDERS, EMPLOYEES, AND SERVANTS(HEREAFTER
REFERRED TO AS ADDITIONAL INSUREDS)AS AN ADDITIONAL INSURED FOR THE
DURATION OF THE AGREEMENT. COVERAGE SHOULD BE PROVIDED BY ONE OR
MORE OF THE FOLLOWING:
    .ASSOCIATED AVIATION UNDERWRITERS
    .UNITED STATES AVIATION INSURANCE GROUP
    .AMERICAN INTERNATIINAL GROUP(AIG)
    .CIGNA

EACH OF THE ADDITIONAL INSUREDS SHALL HAVE THE SAME PROTECTION AS
WOULD HAVE BEEN AVAILABLE HAD THESE POLICIES BEEN ISSUED INDIVIDUALLY
TO EACH OF THEM EXCEPT THAT THIS PROTECTION SHALL NOT IN ANY
EVENT INCREASE THE INSURER'S TOTAL LIABILLITY BEYOND THE LIMITS
SET FORTH ELSEWHERE IN THE POLICY.

SUCH INSURANCE AS IS AFFORDED TO THE ADDITIONAL INSUREDS SHALL
BE PRIMARY WITHOUT RIGHT OF CONTRIBUTION FROM ANY OTHER INSURANCE
WHICH IS CARRIED BY THE ADDITIONAL INSUREDS.

THIRTY(30)DAYS ADVANCE WIRTTEN NOTICE(SEVEN(7)DAYS ADVANCE
NOTICE FOR WAR RISK)OF ANY MATERIAL CHANGE OR CANCELLATION SHALL
BE PROVIDED TO THE ADDITIONAL INSURED.

WITH RESPECT TO SUCH INSURANCE AS IS AFFORDED TO THE ADDITIONAL
INSUREDS, THE INSURERS AGREE TO WAIVE ANY RIGHTS THEY MAY HAVE
AGAINST SAID INSUREDS TO ANY SETOFFS OR COUNTER CLAIMS AGAINST
OR REDUCTION OF SUCH AMOUNTS AS MAY BE PAYABLE FOR SELF INSUREDS
ARE WITHOUT LIABILITY TO THE INSURERS AS RESPECTS ANY PREMIUM
PAYMENTS THEREFORE.  A WAIVER OF SUBROGRATION SHALL BE PROVIDED
TO THE ADDITIONAL INSUREDS.  A CERTIFICATE OF INSURANCE SHALL BE
ISSUED IN ACCORDANCE WITH ALL THE PROVISIONS OUTLINED HEREIN.


AIRCRAFT LIABILITY INSURANCE.
-------------------------------
SELLER IS TO MAINTAIN A MINIMUM OF $100 MILLION(OR AS DIRECTED BY
RISK MANAGMENT, EXT 37853)IN AIRCRAFT LIABILITY INSURANCE ON ALL
AIRCRAFT USED IN SUPPORT OF THIS CONTRACT.

GENERAL DYNAMICS CORPORATION, 3190 FAIRVIEW PARK,FALLS CHURCH,
VA.,22042-4523,ELECTRIC BOAT, 75 EASTERN POINT ROAD,GROTON,CT.,
06340-4989,BATH IRON WORKS,700 WASHINGTON STREET,BATH,ME.,04530,
AND/OR ANY OTHER SUBSIDIARY OF GENERAL DYNAMICS CORPORATION, MUST BE
LISTED AS AN ADDITIONAL INSURED AND THE INSURANCE CERTIFICATE MUST
STATE THAT SUBROGATION RIGHTS AGAINST ANY OF THE ABOVE ARE WAIVED.

ELECTRIC BOAT CORPORATION
a GENERAL DYNAMICS COMPANY
75 Eastern Point Road, Groton, Connecticut 06340-4989

CHANGES OR SUGGESTIONS
OFFERING COST ECONOMY
ARE SOLICITED

RFQ NUMBER: K1960000 B/C

TEST PERIOD.
------------
REQUIRE SELLER TO PROVIDE A THIRTY(30)DAY TEST PERIOD TO
DETERMINE FLIGHT NEEDS AND SUITABILITY OF AIRCRAFT AND ACCEPT-
ABILITY TO PASSENGERS.  TERMINATION AT THE END OF TEST PERIOD IS
WITHOUT PENALTY AND AT THE DESCRETION OF BUYER.

CONTRACT DURATION.
------------------
PROPOSED CONTRACT TERM IS ONE YEAR WITH TWO ONE-YEAR OPTIONS TO
EXTEND.

TERMINATION OF CONTRACT.
------------------------
1.  REQUIRE A TERMINATION OF CONTRACT WITHOUT PENALTY UPON 7 DAY
    NOTICE TO SELLER BY BUYER THAT SERVICE IS NO LONGER REQUIRED.

2.  SELLER WILL BE REQUIRED TO PROVIDE ALL SERVICES THROUGH CONTRACT
    EXPIRATION.

INVOICING.
----------
SELLER SHOULD INVOICE FOR R/T SERVICES ON A BIWEEKLY BASIS.

EBSI: NO   GSI: NO    HAZARDOUS MATL N                          SHIP TO: NA

------------------------------BIDDER COMMENTS------------------------------


================================================================================

ITEM: 0002                    QUANTITY            UNIT PRICE    NET PRICE
PART NUMBER: NA                  0                $4,895.00 per flight
      U/M: AR
DESCRIPTION: COMPANY INFORMATION
                                         LEADTIME _____ (SHOP DAYS ARO)
(TO BE COMPLETED BY SELLER)

A.  PROVIDE COMPANY NAME, ADDRESS, AND TELEPHONE/FAX NUMBERS. ALSO    Executive Airlines
    PROVIDE THE NAME, TITLE AND TELEPHONE/FAX NUMBERS OF THE          1300 New Highway
    CONTACT PERSON FOR YOUR PROPOSAL.    Michael S. Peragine          Farmingdale, NY 11735
                                                                      516-694-0600
B.  STATE COMPANY YEARS IN BUSINESS.        35                        516-694-0172 (f)

                        xxx PAGE    7 xxx

RFQ NUMBER:K1960000 B/C

ITEM 0002 CONTINUED

    IDENTIFY RECENT COMPANY MERGERS OR ALLIANCES AND EFFECTIVE
    DATES.    None

C.  PROVIDE THE FOLLOWING:

|  | TOTAL | EAST COAST |
|---|---|---|
| AIR SALES 1998: | $ 4,500,000.00 | $ _____ |
| AIR SALES 1999(6 MONTHS) | $ 2,500,000.00 | $ _____ |

D.  NUMBER OF OFFICE LOCATIONS OVERALL.   One

E.  IDENTIFY THE LOCATION THAT WILL SERVICE THIS ACCOUNT.  Republic Airport, Farmingdale New York

F.  PROVIDE THE NAME, CONTACTS AND TELEPHONE NUMBERS FOR YOUR
    THREE LARGEST ACCOUNTS.   See attached listing

G.  PROVIDE THE NUMBER OF PILOTS YOU EMPLOY.   10

H.  PROVIDE THE NUMBER, AGE, TYPES OF AIRCRAFT AND PAX LOAD.   see attached list

EBSI: NO  GSI: NO   HAZARDOUS MATL N           SHIP TO:NA

----------------------------------BIDDER COMMENTS----------------------------------

| ELECTRIC BOAT CORPORATION<br>A GENERAL DYNAMICS COMPANY | CONTINUATION SHEET | REQUEST FOR QUOTATION |
|---|---|---|
| | PAGE      OF | (NOT AN ORDER) |

PO/RFQ NO. _____

Exec AR

## CERTIFICATION AND REPRESENTATIONS

Offeror must complete the following certifications as are applicable as shown below

I. <u>NO EXCEPTIONS</u>

    A. ☒ Offeror certifies that his quotation is in strict conformance with the Technical Requirements of the Request for Quotation and no exceptions are taken.

        ☐ Exceptions are taken and are specified in the attached letter.

    B. ☒ Offeror certifies that he takes no exception to the Contractual Requirements as specified in this Request for Quotation and in the Conditions of Purchase applicable to the resulting purchase order.

        ☐ Exceptions are taken and are specified in the attached letter.

II. <u>PRICING BASIS</u>

Check answer that is applicable:

     ☐ Pricing is on an individual line item basis and Offeror will accept an order for any or all of the items at the prices quoted.

     ☐ Pricing is on a total order basis and Offeror will only accept an order for all the items quoted.

     ☐ Pricing is on an individual item basis but Offeror will extend an additional discount of      % if all the items in the quotation are ordered.

     ☒ Other      Pricing is on a per trip basis

III. <u>EQUAL EMPLOYMENT OPPORTUNITY</u>

(If Offeror's bid in excess of $10,000, the following provisions apply)

1. Representations

    a. <u>Previous Contracts and Compliance Reports</u> (Offeror must check appropriate entries) (FAR 52.222-22 (4/84)).

        The Bidder or Offeror represents that it ☐ has, ☒ has not, participated in a previous contract or subcontract subject either to the Equal Opportunity clause herein or the clause originally contained in Section 310 of Executive Order No. 10925, or the clause contained in Section 201 of Executive Order No. 11114; that it ☐ has, ☒ has not, filed all required compliance reports; and that representations indicating submission of required compliance reports, signed by proposed subcontractors, will be obtained prior to subcontract awards. (The above representation needed not be submitted in connection with Offeror's contracts or subcontracts which are exempt from the clause).

    b. <u>Affirmative Action Compliance</u> (FAR 52.222-25 (4/84))

        The Bidder or Offeror represents that (1) it ☒ has developed and has on file, ☐ has not developed and does not have on file, at each establishment, Affirmative Action Programs required by the Rules and Regulations of the Secretary of Labor, 41 CFR 60-1 and 60-2, or (2) he ☐ has not previously had contracts subject to the written Affirmative Action Programs required of the Rules and Regulations of the Secretary of Labor.

III. EQUAL EMPLOYMENT OPPORTUNITY (Continued)

   c. Certification of Nonsegregated Facilities (FAR 52.222-21 (4/84) Modified)

     (a) "Segregated facilities," as used in this certification means any waiting rooms, work areas, rest rooms and wash rooms, restaurants and other eating areas, time clocks, locker rooms and other storage or dressing areas, parking lots, drinking fountains, recreation or entertainment areas, transportation, and housing facilities provided for employees, that are segregated by explicit directive or are in fact segregated on the basis of race, color, religion, or national origin because of habit, local custom, or otherwise.

     (b) By the submission of this bid or acceptance of this Purchase Order, the Offeror or Seller certifies that it does not and will not maintain or provide for its employees any segregated facilities at any of its establishments, and that it does not and will not permit its employees to perform their services at any location under its control where segregated facilities are maintained. The Offeror or Seller agrees that a breach of this certification is a violation of the Equal Opportunity clause in the Purchase Order/proposed Purchase Order.

     (c) The Offeror or Seller further agrees that (except where it has obtained identical certifications from proposed subcontractors for specific time periods) it will –

       (1) Obtain identical certifications from proposed subcontractors before the award of subcontracts exceeding $10,000 which are not exempt from the provisions of the Equal Opportunity clauses;

       (2) Retain the certifications in its files; and

       (3) Forward the following notice to the proposed subcontractors (except if the proposed subcontractors have submitted identical certifications for specific time periods):

NOTICE TO PROSPECTIVE SUBCONTRACTORS OF REQUIREMENT FOR CERTIFICATIONS OF NONSEGREGATED FACILITIES.

     A Certification of Nonsegregated Facilities must be submitted before the award of a subcontract exceeding $10,000 which is not exempt from the provisions of the Equal Opportunity clause. The certification may be submitted either for each subcontract or for all subcontracts during a period (i.e., quarterly, semiannually, or annually).

     NOTE: The penalty for making false statements in offers is prescribed in 18 U.S.C. 1001.

  2. Pre-Award Compliance Review (FAR 52.222-24 (4/84) partial)

    If Offeror's bid is for $1,000,000 or more, Offeror is advised that an award in the amount of $1,000,000 or more will not be made under this solicitation unless the Bidder or Offeror is found, on the basis of a compliance review, to be able to comply with the provisions of the Equal Opportunity clause of this solicitation.

IV. CLEAN AIR AND WATER CERTIFICATION (FAR 52.223-1 (4/84))

Applicable if: (a) the bid or offer exceeds 100,000; (b) the Buyer has determined that orders under an indefinite quantity Purchase Order in any year will exceed $100,000; or (c) a facility to be used has been the subject of a conviction under the applicable portion of the Air Act (42 U.S.C. 7413 (c) (1)) or the Water Act (33 U.S.C. 1319(c)) and is listed by the Environmental Protection Agency (EPA) as a violating facility; and is not otherwise exempt.

   The Bidder or Offeror certifies that –

     (a) Any facility to be used in the performance of this proposed order is ☐ is not ☒ listed on the Environmental Protection Agency (EPA) List of Violating Facilities;

     (b) It will immediately notify the Buyer, before award, of the receipt of any communication from the Administrator, or a designee, of the EPA, indicating that any facility that it proposes to use for the performance of the contract is under consideration to be listed on the EPA List of Violating Facilities; and

(c) It will include a certification substantially the same as this certification, including this paragraph (c), in every nonexempt subcontract.

V. GOVERNMENT APPROVED PROPERTY CONTROL SYSTEM
(Applicable if Electric Boat Corporation or U.S. Government property is to be furnished to the Seller).

Offeror or Seller certifies that it has ☐ does not have ☒ a Government approved system for control of Government property within its plant. (If Offeror has a Government approved system, it should forward a copy of the approval letter from the Government Agency with its quotation.)

VI. USE OF GOVERNMENT OWNED FACILITIES (Applicable to all RFQ's)
Offeror certifies that:

U.S. Government-owned facilities or equipment will ☐ will not ☒ be used in the accomplishment of the tasks covered by this Request for Quotation, and detailed information regarding the facilities and/or equipment involved is included in this bid or offer.

VII. AUDIT

An audit may be required to verify the information given in your pricing proposal. Please check the applicable blocks.

☒ Offeror agrees to allow an audit by the Electric Boat Corporation Subcontract Audit Department.

☐ Other and Explanation _____

VIII. SUBCONTRACTS (Applicable to RFQ's if Seller's quotation exceeds $500,000)

1. Are there any lower-tier subcontracts in excess of $500,000?        Yes ☐     No ☒     (If yes, list below.)

2. Are there any large business lower-tier subcontracts in excess of $500,000?    Yes ☐     No ☒

If yes, give names of prospective subcontractors and flow down the Small Business and Small Disadvantaged Business Subcontracting Plan requirements.

| NAME OF PROSPECTIVE SUBCONTRACTOR | MATERIAL | ESTIMATED AMOUNT | COMPETITIVE BIDS Yes | No |
|---|---|---|---|---|
| | | | ☐ | ☐ |
| | | | ☐ | ☐ |

IX. CERTIFICATION REGARDING DEBARMENT, SUSPENSION, PROPOSED DEBARMENT, AND OTHER RESPONSIBILITY MATTERS (FAR 52.209-5 (5/89))

(Applicable if Seller's offer or bid exceeds or is expected to exceed $25,000.)

(a)(1)   The Offeror certifies, to the best of its knowledge and belief, that –

(i) The Offeror and/or any of its Principals –

(A) Are ☐ are not ☒ presently debarred, suspended, proposed for debarment, or declared ineligible for the award of contracts by any Federal agency;

(B) Have ☐ have not ☒ within a three-year period preceding this offer, been convicted of or had a civil judgement rendered against them for: commission of fraud or a criminal offense in connection with obtaining, attempting to obtain, or performing a public (Federal, state, or local) contract or subcontract; violation of Federal or state antitrust statutes relating to the submission of offers; or commission of embezzlement, theft, forgery, bribery, falsification or destruction of records, making false statements, or receiving stolen property; and

PO/RFQ NO. _____

(C) Are ☐ are not ☒ presently indicted for, or otherwise criminally or civilly charged by a governmental entity with, commission of any of the offenses enumerated in subdivision (a)(1)(i)(B) of this provision.

(ii) The Offeror has ☐ has not ☒ within a three-year period preceding this offer, had one or more contracts terminated for default by any Federal agency.

(2) "Principals," for the purposes of this certification, means officers; directors; owners; partners; and, persons having primary management or supervisory responsibilities within a business entity (e.g., general manager; plant manager; head of a subsidiary, division, or business segment, and similar positions).

THIS CERTIFICATION CONCERNS A MATTER WITHIN THE JURISDICTION OF AN AGENCY OF THE UNITED STATES AND THE MAKING OF A FALSE, FICTITIOUS, OR FRAUDULENT CERTIFICATION MAY RENDER THE MAKER SUBJECT TO PROSECUTION UNDER SECTION 1001, TITLE 18, UNITED STATES CODE.

(b) The Offeror shall provide immediate written notice to the Buyer if, at any time prior to contract award, the Offeror learns that its certification was erroneous when submitted or has become erroneous by reason of changed circumstances.

(c) A certification that any of the items in paragraph (a) of this provision exists will not necessarily result in withholding of an award under this solicitation. However, the certification will be considered in connection with a determination of the Offeror's responsibility. Failure of the Offeror to furnish a certification or provide such additional information as requested by Buyer may render the Offeror nonresponsible.

(d) Nothing contained in the foregoing shall be construed to require establishment of a system of records in order to render, in good faith, the certification required by paragraph (a) of this provision. The knowledge and information of an Offeror is not required to exceed that which is normally possessed by a prudent person in the ordinary course of business dealings.

(e) The certification in paragraph (a) of this provision is a material representation of fact upon which Buyer will rely if and when making an award. If it is later determined that the Offeror knowingly rendered an erroneous certification, in addition to other remedies available to the Buyer, the Buyer may terminate the contract resulting from this solicitation for default.

X. SMALL, SMALL DISADVANTAGED AND WOMEN-OWNED BUSINESS REPRESENTATION:

The supplier, by checking the applicable box, certifies and represents that it:

(a) ( ) is, (X) is not a small business concern as defined in FAR 52.219-1,

(b) ( ) is, (X) is not a small disadvantaged business concern as defined in DFARS 252.219-7000,

(c) ( ) is, (X) is not a women-owned small business concern as defined in FAR 52.219-1.

NOTICE: In accordance with FAR 52.219-9(e)(4), there are "penalties and remedies for misrepresentations of business status as a small, small disadvantaged or women-owned small business for the purpose of obtaining a subcontract that is to be included as part or all of a goal contained in the Contractor's subcontracting plan."

XI. CERTIFICATE OF INDEPENDENT PRICE DETERMINATION (FAR 52.203-2 (4/85))

(a) The Bidder or Offeror certifies that —

(1) The prices in this bid or offer have been arrived at independently, without, for the purpose of restricting competition, any consultation, communication, or agreement with any other Bidder or Offeror or Competitor relating to (i) those prices, (ii) the intention to submit a bid or offer, or (iii) the methods or factors used to calculate the prices offered;

(2) The prices in this bid or offer have not been and will not be knowingly disclosed by the Bidder or Offeror, directly or indirectly, to any other Bidder or Offeror or Competitor before bid opening (in the case of a sealed bid solicitation) or contract award (in the case of a negotiated solicitation) unless otherwise required by law; and

(3) No attempt has been made or will be made by the Bidder or Offeror to induce any other concern to submit or not to submit an offer for the purpose of restricting competition.

(b) Each signature on the offer and this certification is considered to be a certification by the signatory that the signatory —

(1) Is the person in the Bidder's or Offeror's organization responsible for determining the prices being offered in this bid or proposal, and that the signatory has not participated and will not participate in any action contrary to subparagraphs (a)(1) through (a)(3) above; or

(2) (i) Has been authorized, in writing, to act as agent for the following principals in certifying that those principals have not participated, and will not participate in any action contrary to subparagraphs (a)(1) through (a)(3) above____Michael S. Peragine, President

(insert full name of person(s) in the Offeror's organization responsible for determining the prices offered in this bid or proposal, and the title of his or her position in the Offeror's organization);

(ii) As an authorized agent, does certify that the principals named in subdivision (b)(2)(i) above have not participated, and will not participate, in any action contrary to subparagraphs (a)(1) through (a)(3) above; and

(iii) As an agent, has not personally participated, and will not participate, in any action contrary to subparagraphs (a)(1) through (a)(3) above.

(c) If the Bidder or Offeror deletes or modifies subparagraph (a)(2) above, the Bidder or Offeror must furnish with its bid or offer a signed statement setting forth in detail the circumstances of the disclosure.

XII. CONTINGENT FEE REPRESENTATION AND AGREEMENT (FAR 52.203-4 (4/84))

(a) *Representation.* The Bidder or Offeror represents that, except for full-time bona fide employees working solely for the Offeror, the Bidder or Offeror — (Note: The Offeror must check the appropriate boxes. For interpretation of the representation, including the term "bona fide employee," see Subpart 3.4 of the Federal Acquisition Regulation.)

(1) has ☐ has not ☒ employed or retained any person or company to solicit or obtain this contract; and

(2) has ☐ has not ☒ paid or agreed to pay to any person or company employed or retained to solicit or obtain this contract any commission, percentage, brokerage, or other fee contingent upon or resulting from the award of this contract.

(b) *Agreement.* The Bidder or Offeror agrees to provide information relating to the above Representation as requested by the Buyer and, when subparagraph (a)(1) or (a)(2) is answered affirmatively, to promptly submit to the Buyer —

(1) A completed Standard Form 119, Statement of Contingent or Other Fees, (SF 119); or

(2) A signed statement indicating that the SF 119 was previously submitted to the Buyer including the date and applicable solicitation or contract number and representing that the prior SF 119 applies to this offer or quotation.

XIII. REQUIREMENT FOR CERTIFICATE OF PROCUREMENT INTEGRITY (FAR 52.203-8 (11/90))

(This certification is to be executed by the officer or employee responsible for this bid or offer if the aggregate value of this bid or offer, including all options, exceeds $100,000.)

(a) Definitions. The definitions at FAR 3.104-4 are hereby incorporated in this provision.

(b) Certifications. As required in paragraph (c) of this provision, the officer or employee responsible for this offer shall execute the following certification:

CERTIFICATE OF PROCUREMENT INTEGRITY

(1) I, ( Michael S. Peragine ), am the officer or employee responsible for the preparation of this offer and hereby certify that, to the best of my knowledge and belief, with the exception of any information described in this certificate, I have no information concerning a violation or possible violation of subsection 27(a), (b), (d), or (f) of the Office of Federal Procurement Policy Act, as amended* (41 U.S.C. 423), (hereinafter referred to as "the Act"), as implemented in the FAR, occurring during the conduct of this procurement (solicitation number).

(2) As required by subsection 27(e)(1)(B) of the Act, I further certify that, to the best of my knowledge and belief, each officer, employee, agent, representative, and consultant of (Name of Offeror) Executive Airlines who has participated personally and substantially in the preparation or submission of this offer has certified that he or she is familiar with, and will comply with, the requirements of subsection 27(a) of the Act, as implemented in the FAR, and will report immediately to me any information concerning a violation or possible violation of subsections 27(a), (b), (d), or (f) of the Act, as implemented in the FAR, pertaining to this procurement.

(3) Violations or possible violations: (Continue on plain bond paper if necessary and label Certificate of Procurement Integrity (Continuation Sheet), ENTER NONE IF NONE EXIST) __none__

(4) I agree that, if awarded a contract under this solicitation, the certifications required by subsection 27(e)(1)(B) of the Act shall be maintained in accordance with paragraph (f) of this provision.
(Signature of the officer or employee responsible for the offer and date)
(Typed name of the officer or employee responsible for the offer)   Michael S. Peragine

*Subsections 27(a), (b), and (d) are effective on December 1, 1990. Subsection 27(f) is effective on June 1, 1991. THIS CERTIFICATION CONCERNS A MATTER WITHIN THE JURISDICTION OF AN AGENCY OF THE UNITED STATES AND THE MAKING OF A FALSE, FICTITIOUS, OR FRAUDULENT CERTIFICATION MAY RENDER THE MAKER SUBJECT TO PROSECUTION UNDER TITLE 18, UNITED STATES CODE, SECTION 1001.

Provisions contained in FAR 52.203-8 (11/90) paragraphs (c) through (g) are incorporated by reference herein if this is a procurement using sealed bidding procedures exceeding $100,000.

Provisions contained in FAR 52.203-8 (11/90) ALT I (9/90) are incorporated by reference herein if this is a procurement using other than sealed bidding procedures exceeding $100,000.

Certifications made in this form are material representations of fact upon which reliance will be placed in awarding a contract.

By signing below, the individual executing this certificate also certifies that he/she is duly authorized to sign this document on behalf of the company and that to the best of his/her knowledge, the information given above is current, accurate, and complete as of the date of the submittal of the attached quotation.

| SIGNATURE | TITLE President | FIRM Executive Airlines |
|---|---|---|
| DATE 11/11/99 | BIDDER'S QUOTE NO | RFC NO. F1960000 | TELEPHONE NO Area 516-694-0600 |

Vendor Note: Include Descriptive Literature in duplicate and published price list with your quotation (if applicable)

(PAGE 6)

RFQ #K1960000

# LIST OF REFERENCES FOR EXECUTIVE AIRLINES

Action Airlines
Groton/New London Airport
Groton, CT  06340
(203) 448-1646
Contact:  John Rutledge

Caesar's Hotel & Casino (Long Island Representative)
Republic Airport
Farmingdale, New York  11735
(516) 366-1079
Contact:  Janine Grange

Northwest Airlines
JFK International Airport
Jamaica, New York  11430
(516) 822-4690
Contact:  Mr. Philip J. Jensen

Mr. Henry U. Harris, Jr.
(Smith, Barney, Harris, Upham)
37 Brookville Road
Glen Head, New York  11545
(516) 626-0055

NOTE:   During the week of September 20, 1999 our organization had the opportunity to provide subservice for Electric Boat Corporation in our Jetstream Aircraft. The employees and management of Electric Boat had the opportunity to experience first hand the quality of our aircraft and professionalism of our crews.

RFQ #K1960000

## AIRCRAFT

1988   Jetstream 3101          19 passenger seats

1988   Jetstream 3101          19 passenger seats


Under contract to purchase two additional Jetstream 3101 Aircraft