# EXHIBIT C

Page 1

```
 1              UNITED STATES DISTRICT COURT

 2                  DISTRICT OF CONNECTICUT

 3                                              COPY

 4

 5      ---------------------------------x

        EXECUTIVE AIRLINES               |
 6              PLAINTIFF                |  CIVIL ACTION NO.
                                         |  02-CV-194 (GLG)
 7      VS.                              |
                                         |
 8      ELECTRIC BOAT CORPORATION        |  JUNE 15, 2004
                DEFENDANTS               |
 9      ---------------------------------x

10

11

12

13         DEPOSITION OF:  Kevin Hanrahan
           DATE:  June 15, 2004
14         HELD AT:  Day, Berry & Howard, LLP
           1 Canterbury Green
15         Stamford, Connecticut 06905

16

17

18

19

20

21         Reporter:  Katrina Loda, LSR #00129

22         BRANDON SMITH REPORTING SERVICE
                    44 Capitol Avenue
23           Hartford, Connecticut 06106
              Telephone (860) 549-1850

24

25
```

Executive Airlines v. Electric Boat Corp.
6/15/2004
Kevin Hanrahan

Page 53

1  find out what it would cost for us to do.
2  Q  In the discussion of termination, what was
3  said?
4  A  Just that until we had word that this was not a
5  repeatable accident or incident that we can be
6  assured that it wouldn't happen again he also was no
7  longer comfortable in continuing service and that was
8  it.
9  Q  Was there a discussion of a basis for
10 termination?
11 A  Um, I was asked again specifically if I had
12 concerns and if they justified at that time our
13 continuing service and I said I cannot continue
14 service based on the accident and not having a better
15 understanding of it.
16 Q  And how did that relate to the question of
17 termination?
18 A  It relates in the fact that to move on and
19 bring it in-house I think that they wanted to let
20 Mike know at the earliest possible time that he would
21 not be having service with us so that he could feel
22 free to utilize the aircraft for other items or
23 business or continue on with his, you know, that
24 Electric Boat would not necessarily be with him.
25 Q  Did there come a time when you were asked

Page 145

1   Executive Airlines had been unable to provide the
2   services it agreed to under the purchase order
3   agreement. In what manner was Executive Airlines
4   unable to provide the services to which it
5   contracted?
6       A    After the crash they were unable to satisfy
7   me as to the use of the airplane and flight
8   crews due to the questions that we had existing from
9   the crash as to the cause.
10      Q    What services could it not provide?
11      A    It could not provide air service or shuttle
12  service for Electric Boat.
13      Q    Why not?
14      A    Because I wasn't satisfied as to the cause of
15  the crash and that it would not recur.
16      Q    So you're saying that you were the determinant
17  in that matter; is that correct?
18               MR. ERICKSON:  Object to the form.
19          You can answer the question.
20      A    I believe I had strong influence in it.
21      Q    And it was your conclusion that electric --
22  that Executive Airlines was unable to provide the
23  services; is that correct?
24      A    Yes.
25      Q    And when you say unable you're not saying that

Executive Airlines v. Electric Boat Corp.
6/15/2004                                                              Kevin Hanrahan

Page 146

1    it could not have provided aircraft and crews you're

2    simply saying you were not comfortable with it; is

3    that correct?

4              MR. ERICKSON:  Object to form.

5    A    I was not satisfied at that time with the

6    aircraft or crews that Executive if they were able to

7    provide service.

8    Q    You were not satisfied with the aircraft or

9    crews?

10   A    Being provided from Executive Airlines.

11   Q    And what were your objections to each aircraft

12   since Executive had three Jetstreams and there were

13   still two available -- I'm sorry three available.

14   What were your objections to the use of those

15   Jetstreams?

16   A    Goes back to the earlier incident where we had

17   questions on maintenance, the fueling incident.

18   Q    Which fueling incident?

19   A    Well, we had a fueling incident that Mike

20   brought up on the day of the crash and we had a

21   previous fueling incident that occurred on departure

22   out of Farmingdale that was noted on Ellie Mayo's

23   letter to Jan Stimac I believe.  On 5/15 of 2000 a

24   Monday Newport News departure left late because the

25   crew was late in proper fueling in Farmingdale and

Executive Airlines v. Electric Boat Corp.

6/15/2004

Kevin Hanrahan

Page 152

CERTIFICATE OF REPORTER

I, Katrina Loda, LSR, a Notary Public duly commissioned and qualified in and for the State of Connecticut, do hereby certify that pursuant to Notice, there came before me, on the 15th of June, 2004, at 10:30 a.m., the following named person, to wit: Kevin Hanrahan, who was by me duly sworn to testify to the truth and nothing but the truth; that he was thereupon carefully examined upon his oath and his examination reduced to writing under my supervision; that this deposition is a true record of the testimony given by the witness.

I further certify that I am neither attorney nor counsel for, nor related to, nor employed by any of the parties to the action in which this deposition is taken, and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, or financially interested in the action.

IN WITNESS THEREOF, I have hereunto set my hand and affixed my seal this 3rd day of July, 2004.

*[signature: Katrina Loda]*

Katrina Loda, LSR

Notary Public

My commission expires: 5/31/08