UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,

           Plaintiff,

— against —

ELECTRIC BOAT CORPORATION,

           Defendant.

FILED

2006 JAN 17 P 3: 22

CIVIL ACTION NO.
02-CV-194 (WWE)

17 January 2006

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO EXCLUDE PAROL EVIDENCE

### PRELIMINARY STATEMENT

Defendant has moved to preclude Plaintiff from presenting at trial parol evidence as to the parties' intent in entering into the Contract. Defendant's position is based on the claim that "This Court has already held that there is no ambiguity in the contract that would require consideration of the parties' intent" and the principal that parol evidence is not admissible as to an integrated contract. Both arguments are specious and contrary to the position of this case and the law applicable to it.

The most notable aspect of Defendant's Memorandum of Law is its reliance on the 17 July 2003 decision in this case by Hon. Gerard L. Goettel and its deafening silence as to the 12 July 2005 decision of Hon. Janet C. Hall.

### FACTS

Contrary to the impression given in Defendant's Memorandum of Law, this is a contract action not an aircraft accident investigation. Defendant's Memorandum contains a disputed narrative having little to do with the contract issues. It also resurrects a false claim which was

1

consistently asserted by Defendant until finally conceded less than a month ago in the Joint Pretrial Memorandum. Defendant again asserts that Plaintiff commenced its service for Defendant with only one airplane when paragraph 8 of the Stipulation of Uncontroverted Facts in the Joint Pretrial Memorandum says: "On April 10, 2000, Executive Airlines commenced its flights for Electric Boat using several BAE Systems Jet Stream aircraft.". The point is significant since Electric Boat raised the issue as to whether Executive Airlines was capable of continuing its services after one of the airplanes crashed.

It is ironic that, while attempting to exclude Plaintiff's parol evidence, Defendant quotes the words of its chief pilot about matters having nothing to do with the Contract, its inception or termination. As if to show how far parol evidence can go, Defendant then refers to its own expert's conclusions from four years later as if they were involved in Defendant's decision to terminate the Contract on 7 June 2000, and states its intention to present the testimony of its expert to try to justify that termination as having been for cause.

The undisputed facts are simple. Electric Boat issued a Request for Quotations for air charter services in November 1999, a draft Purchase Order was issued in February 2000 and, after further negotiations between the parties, the March Purchase Order was signed by the parties on 14 March 2000. The Contract consists of the March Purchase Order which incorporated the terms of the February Draft Purchase Order and included Purchase Order Supplement No. 1 and Paragraph 2 thereof entitled "Termination", which referenced Electric Boat form GDC-410 entitled Purchase Order Terms and Conditions (the "Terms and Conditions"). The Contract was terminated by Electric Boat by its letter to Executive Airlines dated 7 June 2000. Both sides intend to introduce all of these documents.

The 12 July 2005 Ruling

In response to the motions by both parties for summary judgment, Hon. Janet C. Hall issued her 12 July 2005 Ruling (the "Ruling"). On page 7 of the Ruling, Judge Hall said:

> The contract language in this case is not definitive. The language of the Purchase Order and Terms and Conditions is potentially contradictory and must be reasonably resolved. The court cannot do so, however, as a matter of law. It is for the finder of fact to decipher the parties' intent in entering into the Contract.

In so deciding, it appears the Court was referring to the Termination Clause of the Purchase Order but did not identify the specific provisions of the Terms and Conditions which might be considered contradictory. It may be concluded it was Paragraph 14 entitled "Termination for Convenience" since the Court found Defendant had not complied with the terms of Paragraph 12 ("Termination for Default"), saying on page 3 of the Ruling: "At no point did Electric Boat send Executive Airlines a written notice of default conforming to the requirements of paragraph 12(a) of the Term and Conditions.".

The Ruling did not mention Paragraph 23 of the Terms and Conditions which provided as follows:

> 23. ORDER OF PRECEDENCE: This order and all documents incorporated by reference constitute the entire agreement of the parties as to the subject matter hereof. In the event of any inconsistency among the foregoing, the inconsistency shall be resolved by getting precedence in the following order: (i) the purchase order to which these terms and conditions are attached; (ii) these terms and conditions; (iii) the specifications; (iv) the drawings; and (v) the other documents incorporated by reference.

It is Plaintiff's position that the Termination Clause of the Purchase Order is inconsistent with Paragraph 14 of the Terms and Conditions and the Termination Clause therefore takes precedence.

Regardless of the other factors involved, there is no question that the Ruling established,

as a matter of the law of this case, that there is an ambiguity in the Contract and the intent of the parties must therefore be determined.

## ARGUMENT

Parole Evidence Is Admissible as to the Parties' Intent

Defendant's argument on the law totally ignores the Ruling by Judge Hall that there is an ambiguity in the Contract and that the intent of the parties must be determined. The determination of whether a contract term is ambiguous is a threshold question of law for the court. *Breen v. Merrill Lynch & Co., Inc.*, 1996 Conn. Super. LEXIS 2053, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 112124 (6 August 1996) (Karazin, J.), citing *Garza v. Marine Transport Lines, Inc.*, 861 F.2d 23 (2nd Cir. 1988). Since that determination is a matter of law, Defendant's attempt to pretend there is no ambiguity is unavailing. The cases cited by Defendant, while interesting, are irrelevant to this case.

It is acknowledged that parol evidence cannot be used to vary or contradict the terms of a contract, but that does not apply here. The applicability of the parol evidence rule was discussed in *TIE Communications, Inc. v. Kopp*, 218 Conn. 281, 589 A.2d 329 (1991) where the Connecticut Supreme Court said:

> The parol evidence rule does not of itself, therefore, forbid the presentation of "parol evidence," that is, evidence outside the four corners of the contract concerning matters governed by an integrated contract, but forbids only the *use* of such evidence *to vary or contradict the terms* of such a contract. Parol evidence offered solely to vary or contradict the written terms of an integrated contract is, therefore, legally irrelevant. When offered for that purpose, it is inadmissible not because it is parol evidence, but because it is irrelevant. By implication, such evidence may still be admissible if relevant "(1) to explain an ambiguity appearing in the instrument; (2) to prove a collateral oral agreement which does not vary the terms of the writing; (3) to add a missing term in writing which indicates on its face that it does not set forth the complete agreement; or (4) to show mistake or fraud." (Emphasis in original.)

4

See also, *Jay Realty, Inc. v. Ahearn Development Corporation*, 189 Conn. 52, 453 A.2d 771 (1983); *HLO Land Ownership Associates Limited Partnership v. City of Hartford*, 248 Conn. 350, 727 A.2d 1260 (1999) and *Devan Motors of Fairfield, Inc. V. Infiniti Division of Nissan North America, Inc.*, 2004 U.S. Dist. LEXIS 25161 (D. Conn., 14 December 2004) Hon. Alvin W. Thompson, U.S.D.J.).

The parole evidence rule does not bar the use of extrinsic evidence to aid interpretation of contractual language. *Hare v. McClellan*, 234 Conn. 581, 662 A.2d 1242 (1995); *United Illuminating Company v. Wisvest-Connecticut, LLC*, 259 Conn. 665, 791 A.2d 546 (2002).

> "It is equally fundamental, however, that when the words used in a written contract are uncertain or ambiguous, parol evidence of conversations between the parties or other circumstances antedating the contract may be used as an aid in the interpretation of the contract, that is, in the determination of what was the intent of the parties which was expressed by the written words." *Maier v. Arsenault*, 140 Conn. 364, 100 A.2d 403 (1953).

Since Judge Hall has already determined as a matter of law that there is an ambiguity in the contract and the intent of the parties must be ascertained, Defendant's entire argument in support of its motion falls.

## The Contract Must Be Construed Against Defendant as Drafter

There is no dispute that the Terms and Conditions constitute a "boilerplate" form drawn by and consistently used by Defendant or that the Purchase Order was drawn by Defendant. Under the circumstances, any ambiguity in its terms must be construed against the interest of the party that drafted it. *Levine v. Advest, Inc.*, 244 Conn. 732, 714 A.2d 649 (1998).

## CONCLUSION

In the penultimate paragraph of its Memorandum, Defendant sums up its argument saying:

"Connecticut law is clear that, where there is no ambiguity in a contract, especially an integrated contract, parol evidence is irrelevant and inadmissible. That is also the clear law of the case under Judge Goettel's decision. Thus, any testimony about the negotiation process is irrelevant and inadmissible parol evidence."

The failure to mention Judge Hall's Ruling (which was issued two years after Judge Goettel's decision) and its finding of ambiguity as a matter of law, is deliberately misleading. For the reasons set forth above, there is clearly no merit to Defendant's motion which is contradictory to the intent of Judge Hall's Ruling and seeks to negate it. It is therefore respectfully requested that Defendant's motion be summarily denied.

PLAINTIFF EXECUTIVE AIRLINES

By: _____
I. Leonard Feigenbaum (ct25807)
Visiting Attorney for Plaintiff
1670 Old Country Road - Ste 224
Plainview, New York 11803
Tel. (516) 420-6900
Fax (516) 420-8444
leefeig@aol.com

### CERTIFICATE OF SERVICE

This is to certify that the foregoing was mailed on 17 January 2006 to the following:

Day, Berry & Howard LLP
CityPlace I
Hartford CT 06103-3499

_____
I. Leonard Feigenbaum