UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES | : CIVIL ACTION NO. 3:02cv194 (JCH) |
| Plaintiff, | : |
| v. | : |
| GENERAL DYNAMICS CO., ET AL. | : |
| Defendants. | : FEBRUARY 13, 2006 |

### DEFENDANT'S MOTION FOR CONTINUANCE

The defendant, Electric Boat Corporation ("Electric Boat") hereby respectfully moves for a continuance of the trial in this matter, in light of the Court's *sua sponte* decision of this date, February 13, 2006, to exclude certain evidence that was previously ruled admissible.

During a pretrial conference held on January 31, 2006, the Court denied the plaintiff's oral motion to exclude the report summarizing the findings of the National Transportation Safety Board ("NTSB") as to the Bear Creek accident of May 21, 2000. At jury selection on February 7, 2006, the plaintiff renewed its request to exclude this evidence, and the Court again denied the motion, stating that the NTSB report would be admitted.

The trial is scheduled to begin at 9 a.m. on February 14, 2006. On February 13, 2006, the parties received an e-mail from the Court clerk stating, without further explanation, that "Judge Eginton has reconsidered his initial ruling on the admission of the NTSB report and will exclude it."

Whatever the merits of the decision[1], the *timing* of the decision, coming as it does on what is quite literally the eve of trial, also severely prejudices the defendant. This decision will

---

[1] The defendant disputes the merits of that decision and intends to file a motion for reconsideration. The NTSB report is highly relevant insofar as it demonstrates that the plaintiff,

require the defendant to completely rearrange its plans for presentation of evidence as well as to rework its cross-examination of the plaintiff's witnesses. In preparing for trial, the defendant has relied on the Court's prior rulings that the NTSB report would be admitted, and the Court's apparent reconsideration of that decision requires significant reconsideration and rearrangement of the defendant's case.

  For all the foregoing reasons, the defendant respectfully requests a continuance of the trial so that it may prepare its defense in light of the court's last-minute decision to exclude this key evidence that had previously been ruled admissible.

DEFENDANT, ELECTRIC BOAT
CORPORATION

By /s/ Michelle J. T.
Paul D. Williams (ct05244)
pdwilliams@dbh.com
Michelle I. Turner (ct24012)
miturner@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
Its Attorneys

---

Executive Airlines, breached its contract with Electric Boat, which expressly required that "[c]harter aircraft, charter operator and charter pilots must meet all FAA regulations." (March Purchase Order, at 2.) This report is also highly relevant to the reasonableness of Electric Boat's decision to terminate the contract, because it substantiated Electric Boat's belief that the crash was caused by misfueling and pilot error. The defendant is severely prejudiced by the last-minute preclusion of this evidence.

## **CERTIFICATION**

      This is to certify that on this date a copy of the foregoing was mailed, first class postage prepaid, to:

I. Leonard Feigenbaum  
1670 Old County Road, Suite 224  
Plainview, NY  11803

Steven E. Arnold  
Stanger & Arnold LLP  
433 South Main Street  
West Hartford, CT 06110

Daniel F. Hayes  
Biedermann, Hoenig & Ruff  
805 Third Avenue, 18th Floor  
New York, NY 10022

_____  
Michelle I. Turner