UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2006 FEB 15 P 4: 11
BRIDGEPORT CONN

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. 3:02cv1940(WWE) |
| Plaintiff, | : | |
| v. | : | |
| GENERAL DYNAMICS CO., ET AL. | : | |
| Defendants. | : | FEBRUARY 15, 2006 |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DIRECTED VERDICT**

I.   **INTRODUCTION**

Pursuant to Fed. R. Civ. Pro. 50 (2006), the defendant, Electric Boat Corporation ("Electric Boat") hereby respectfully moves for directed verdict as to all of plaintiff's claims.

II.   **ARGUMENT**

A.   Standard of Review

Pursuant to Fed. R. Civ. Pro. 50, judgment as a matter of law should be granted where there is no legally sufficient basis for the jury to find in favor of the plaintiff. *See Zahra v. Town of Southfold*, 48 F.3d 674, 683 (2d Cir. 1995); Fed. R. Civ. P. 50(a). Accordingly, when the evidence is viewed in the light most favorable to the non-moving party, and nonetheless there is only one reasonable conclusion as to the verdict, judgment as a matter of law is appropriate. *Sir Speedy, Inc. v. L&P Graphics, Inc.*, 957 F.2d 1033, 1038-39 (2d Cir. 1992).

B.   Pursuant to the Law of the Case, the Plaintiff Is Not Entitled to Liquidated Damages Under the Contract Between the Parties

This Court has previously held that the parties did not include a provision for liquidated damages in the Contract. The Court stated, "there is no express provision in the [Contract] indicating that the parties intended to fix liquidated damages in the event of a breach." *Exec.*

*Airlines v. Elec. Boat Corp.*, 271 F. Supp. 2d 392, 398 (D. Conn. 2003). In particular, the Court noted that the presence of ¶ 14 in the Terms and Conditions, "which sets forth the manner in which damages are to be calculated" further supports the conclusion that the parties did not agree to liquidate damages. Id. The Court found "no ambiguity regarding the absence of liquidated damages." Id. at 399. The Court concluded, "we hold that Electric Boat's early termination of the [Contract] did not constitute a breach of contract and that Executive Airlines is not entitled to an award of six months' income as liquidated damages." Id. As this Court noted in reaching its ruling, "[b]efore a liquidated damages provision can be recognized under Connecticut law, three requirements must be satisfied: (1) the damage which was to be expected as a result of the breach of contract was uncertain in amount or difficult to prove; (2) there was an intent on the part of the parties to liquidate damages in advance; and (3) the amount stipulated was reasonable." Id. at 398 (internal citations and quotation marks omitted). This Court has already held, and it is therefore law of the case, that those elements are not met by the contract at issue in this case.

Despite this ruling, Plaintiff continues to assert that Electric Boat breached the contract by failing to pay six months' worth of fees, for flights that the plaintiff never undertook.

It is beyond doubt, based on this Court's prior ruling and the language of the Contract, that Electric Boat had <u>no</u> obligation to pay for flights it did not use for a period of six months after exercising its contractual right to terminate the Contract. For this reason alone, Electric Boat is entitled to summary judgment on both of Plaintiff's claims.

The only damages claimed by the plaintiff in its Second Amended Complaint or during the course of this trial, is the sum of $494,395, plus interest. That sum is based solely on a calculation of the contract minimum of 15 flights per month at the contract rate of $4,895.00 per

flight. Indeed, plaintiff's president testified that he understood the six month termination fee to be a way of ensuring him liquidated damages.

Plaintiff has done nothing in the course of this trial to substantiate any other measure of damages or to establish the true benefit of the bargain. In light of Judge Goettel's ruling, the plaintiff is clearly not entitled to claim these liquidated damages in the amount of $494,395, and a directed verdict should be entered due to plaintiff's failure to either plead or prove its actual damages.

C. <u>The Defendant is Entitled to Judgment as a Matter of Law as to Plaintiff's Second Cause of Action, Because the Plaintiff Has Not Established the Elements of an "Account Stated" Claim.</u>

The plaintiff's Second Cause of Action is a purported "Account Stated" claim alleging that, because Electric Boat never objected to the plaintiff's invoices, they constitute an account stated that has been breached by Electric Boat's failure to pay them.

However, the plaintiff has utterly failed to prove the elements for an account stated claim under Connecticut law. "A claim for account stated centers on the obligation to pay a sum certain arising upon an examination by the parties of unsettled claims of indebtedness, and an agreement between them that all the articles are true and a particular sum remains due." *Checkers Int'l v. Southwest Cmty. Health Ctr.*, 2001 Conn. Super. LEXIS 1673, *8 (Conn. Super. Ct. 2001) (internal citations and quotation marks omitted). "[A]n essential averment to such a cause of action is that a settlement has been made and a balance ascertained and struck by the parties. Settlement between the parties is a necessary ingredient in an action on account stated." *Cozy v. Smith*, 3 Conn. Cir. Ct. 261, 263 (1965).

Here, not only has the plaintiff failed to establish that Electric Boat ever agreed to pay the invoices, but instead it has presented to the jury evidence that Electric Boat disputed the invoices

and refused to pay them. That is evident from Ronald Kiely's letter of August 1, 2000 (Pl.'s Exhibit 16) as well as from the testimony of plaintiff's president, Michael Peragine.

Apparently, plaintiff's claim is that Electric Boat implicitly agreed to pay the sums by its failure to dispute them. As a matter of fact, that claim is ludicrous, as evidenced by the documents and testimony presented to the jury. However, while that may be the law in other jurisdictions such as New York, that is also not the law of Connecticut. Evidence of an agreement to pay is required:

> "This obligation may arise when there is no express promise to pay the particular sum, as where mutual claims are set off one against the other, and a resultant balance agreed upon as due . . . It is not essential to the support of this obligation that an actual examination by the parties of the items of indebtedness should be proved; it is sufficient that the conduct of the parties is equivalent to such examination and to an agreement upon a specific sum and a promise to pay that sum . . . The essential and controlling fact upon which the obligation arises is an agreement between the parties that items of indebtedness, before open to dispute, are true and amount to a particular sum agreed upon as due from the defendant to the plaintiff."

*Checkers Int'l*, 2001 Conn. Super. LEXIS 1673 at *8-9, quoting *Dunnett v. Thornton*, 73 Conn. 1, 15-16, 46 A. 158 (1900).

The plaintiff has utterly failed to prove that Electric Boat ever agreed, expressly or by its conduct, to pay the plaintiff's invoices. Indeed, the evidence shows that Electric Boat vigorously disputed those invoices and told the plaintiff that it would not pay them. As such, the defendant is entitled to judgment as a matter of law on plaintiff's account stated claim.

### III. CONCLUSION

For all the foregoing reasons, the defendant respectfully requests that the Court grant a directed verdict as to all of plaintiff's claims against.

DEFENDANT, ELECTRIC BOAT
CORPORATION

By _____
Paul D. Williams (ct05244)
pdwilliams@dbh.com
Michelle I. Turner (ct24012)
miturner@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
Its Attorneys

**CERTIFICATION**

This is to certify that on this date a copy of the foregoing was hand-delivered to:

Daniel F. Hayes
Biedermann, Hoenig & Ruff
805 Third Avenue, 18th Floor
New York, NY 10022

_____
Michelle I. Turner