UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,        :    02cv194 (WWE)
                           :
    Plaintiff,             :
                           :
v.                         :
                           :
ELECTRIC BOAT CORPORATION, :
                           :
    Defendant.             :

## SUBSTANTIVE JURY INSTRUCTIONS

### I. INTRODUCTION

In this case, plaintiff Executive Airlines alleges that defendant Electric Boat Corporation is liable to it for breach of a contract in which Executive Airlines was to provide air charter services for Electric Boat's employees traveling between Groton, Connecticut and Newport News, Virginia.

Electric Boat denies Executive Airlines' allegations and asserts that Executive Airlines is barred from recovery on its contract claim because it defaulted on its contractual obligations.

I will set forth the legal standards applicable to these various claims and defenses and you must determine whether the evidence you find relevant and credible meets the particular standard you are examining.

**Breach of Contract**

I will now instruct you on the law of contracts.

I instruct you that Electric Boat had the right to terminate the contract either as set forth by the provisions of paragraph 2 (A) of Supplement Number 1 contained in the March Purchase Order (exhibit 4, page 6), or for default by the seller as set forth in the provisions of paragraph 2

1

1  (B) of said Supplement Number 1 and as specified by paragraph 12 (a) of the Terms and
2  Conditions (exhibit 5).  Executive Airlines claims that Electric Boat breached the contract by
3  failing to pay it damages due as a result of the termination.  Electric Boat asserts as a defense to
4  this contract claim that Executive Airlines defaulted on its contractual obligations owed to
5  Electric Boat.
6       A contract is an agreement, either expressed or implied, that is enforceable by law.  In this
7  case, the parties stipulate as to the existence of an enforceable contract.
8       To prevail on its breach of contract claim, Executive Airlines must prove by a
9  preponderance of the evidence each of the following elements:
10       (1) that Executive Airlines performed its obligation or obligations under the contract;
11       (2) that Electric Boat  breached the contract by not performing its obligation or obligations
12       under the contract; and
13       (3) that Electric Boat's breach caused Executive Airlines to suffer damages.
14       You should consider the plain language of the agreement in determining what the
15  obligations were of the contracting parties.   Any ambiguity in the contract should be construed
16  against the drafter Electric Boat.  However, you should not construe the contract against Electric
17  Boat if it results in an interpretation of the contract that is contrary to the parties' intent or that
18  results in an unreasonable meaning of the contract.
19       In determining the obligations of the contracting parties, you should consider the
20  conversations and communications between the parties prior to execution of the contract, as well
21  as the evidence relating to the parties' situations at the relevant times, their motives, and the
22  purposes which they sought to accomplish by entering into the contract.

1  The circumstances surrounding the making of a contract, the purposes which the parties
2  sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the
3  language used. The question is not what intention existed in the minds of the parties, but what
4  intention is expressed in the language used. Because intent, including intent to be bound, can
5  seldom be shown by direct proof because intent relates to a person's state of mind, the law
6  presumes that a person intends the natural and probable consequences of his or her acts. Since
7  parties do not insert meaningless provisions in their agreements, every provision of a contract
8  must be given effect if it can reasonably be done.
9  In considering the parties' competing claims, you must first determine whether Electric
10 Boat terminated the contract in accordance with paragraph 2 (A) of Supplement Number 1, or for
11 default in accordance with paragraph 2 (B) of Supplement Number 1 as specified by paragraph 12
12 of the Terms and Conditions.
13 If you find that Electric Boat terminated the contract pursuant to paragraph 2 (A) of
14 Supplement Number 1, then you must consider whether paragraph 14 (Termination for
15 Convenience of the Buyer) of the Terms and Conditions (exhibit 5) applies to a termination
16 pursuant to said paragraph 2 (A). In making this determination, you must consider the law as I
17 have instructed you and paragraph 23 of the Terms and Conditions which sets forth the order of
18 precedence of the contract terms by requiring that, in the event of any inconsistency, the purchase
19 order will take precedence over the Terms and Conditions.
20 In order to find that the termination was made pursuant to paragraph 2 (B) of Supplement
21 Number 1, you must determine whether Electric Boat has proven by a preponderance of the
22 evidence that Executive Airlines was in default on performing its obligations under the terms of

1 the contract at the time of the termination, and that Electric Boat satisfied the conditions set forth
2 in paragraph 2 (B) of Supplement Number 1 as specified in paragraph 12 of the Terms and
3 Conditions. If you find that Electric Boat properly terminated the contract for default, then you
4 should find that Electric Boat is not liable to Executive Airlines for breach of contract.

5 **DAMAGES**

6 Now, if you have found that Executive Airlines has proven by a preponderance of the
7 evidence that Electric Boat breached the contract for services, then you may consider what
8 damages, if any, are due Executive Airlines. Of course, the fact that I give you instructions on
9 damages should not be taken as an indication that I think that damages should be, or should not
10 be, awarded. That is a determination which is left entirely to you. I am instructing you first on the
11 principles governing damages awards so that, in the event you should find the defendant or the
12 plaintiff liable, you will know on what basis to consider any award of damages.

13 **Compensatory Damages**

14 Compensatory damages represent the sum of money that will fairly, adequately and
15 reasonably compensate a party for harm proximately caused by another's conduct. Compensatory
16 damages are those damages which would make a party whole. Compensatory damages are not
17 allowed as a punishment and cannot be imposed or increased to penalize a party.

18 An award of damages is designed to place the damaged party, so far as it can be done by
19 money, in the same position it would have been in had there been no breach of contract. The
20 damaged party may recover for those losses which it has proven by a preponderance of the
21 evidence were the direct or natural result of the offending party's conduct. A damaged party is
22 entitled to those damages which the offending party should have realized might result from that

1  party's conduct. You may not guess or speculate as to the proper amount of the award of

2  damages, but absolute certainty is not required. Reasonable certainty is the test. You must be

3  able, in view of the evidence which is offered, to arrive with a reasonable degree of certainty at

4  some conclusion as to what the damaged party lost. Applying these principles to the fact situation

5  before you, should you conclude that any offending party is liable, then you must determine an

6  amount that is fair compensation to the damaged party.

7  <u>Liquidated Damages</u>

8  You have heard testimony in this case about liquidated damages. The term liquidated

9  damages applies when the amount of the damages has been expressly set forth in a contract as the

10  amount of damages to be recovered by either party for a breach of the agreement by the other.

11  However, there are strict requirements for whether liquidated damages are available based on the

12  language of the contract.

13  I instruct you as a matter of law that the contract between Electric Boat and Executive

14  Airlines did *not* contain a liquidated damages provision. Therefore, if you find that Electric Boat

15  breached the contract, you as the jury must determine what damages the plaintiff has proven by a

16  preponderance of the evidence, and you may only award damages based on that proof.

17  **SPECIAL VERDICT FORM (INTERROGATORIES)**

18  Let me explain the procedure you will be following in connection with your decision

19  making in this case. You are going to be asked to answer several questions that concern the issues

20  in this case. A set of those questions will be distributed to each of you when you retire to begin

21  deliberations. Fill out only the set with room for the foreperson's signature and return it to the

22  court.

1   Many questions you will be asked to answer can be answered yes or no. Several of the
2   questions need be answered only if a certain answer or answers have been given to a previous
3   question or questions. You should not answer any question one way to avoid answering a later
4   question, but it may turn out that you do not have to answer every question. Each question that
5   you answer should be given individual consideration. Do not assume from the wording of any
6   question or from the fact that a question is asked that there is any particular answer that you are
7   supposed to give. Your answers should be given solely on the basis of your assessment of the
8   evidence and the application of these instructions of law.

9   **CONCLUSION**

10   You may now retire to the jury room. Elect one of your members as foreperson. The
11   foreperson is in no way more important in your deliberations. His or her function is to pass any
12   requests for clarification of these instructions or something of that nature on to me, and to
13   announce your verdict. If you do have such requests, please give them to the Marshal, in writing,
14   and he or she will bring them to me. Be careful to give us no indication of the status of your
15   deliberations when you make such requests; we are not permitted to know anything about how
16   fast or slow you are proceeding, or whether you are divided in your positions, or any other
17   information about what is taking place in the jury room.

18   As you proceed to your deliberations in the jury room, determine the facts on the basis of
19   the evidence as you have heard it, and apply the law as I have outlined it to you. Render your
20   verdicts fairly, uprightly, and without a scintilla of prejudice.

21   Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty
22   of each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the

1  course of your deliberations, you become convinced that the views you held are erroneous, do not
2  hesitate to reexamine those views and change your opinion. Ultimately, however, you must
3  decide the case for yourself. Do not surrender your beliefs as to the proper weight of the
4  evidence solely because of the opinions of other jurors or for the mere purpose of returning a
5  verdict.