UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,         :   02cv194 (WWE)
            :
        Plaintiff,    :
            :
v.          :
            :
ELECTRIC BOAT CORPORATION,  :
            :
        Defendant.    

Defendant's Proposed
**SUBSTANTIVE JURY INSTRUCTIONS**

### I. INTRODUCTION

In this case, plaintiff Executive Airlines first alleges that defendant Electric Boat Corporation is liable to it for breach of a contract in which Executive Airlines was to provide air charter services for Electric Boat employees traveling between Groton, Connecticut and Newport News, Virginia. In its second claim entitled "account stated," Executive Airlines asserts that Electric Boat is obligated to pay the monthly payment of $73,425 invoiced to Electric Boat from June through December 2000.

Electric Boat denies Executive Airline allegations and asserts that Executive Airlines is barred from recovery on its contract claim because it defaulted on its contractual obligations.

I will set forth the legal standards applicable to these various claims and defenses and you must determine whether the evidence you find relevant and credible meets the particular standard you are examining.

**Breach of Contract**

I instruct you that Electric Boat had the right to terminate the contract either for convenience or for default. The contracts terms governing termination for convenience are set forth in paragraph 2 (A) of Supplement Number 1 (Exhibit 4, page 6) and paragraph 14 of the Terms and Conditions (Exhibit 5). The contract terms governing termination for default are

1

contained in paragraph 2 (B) of Supplement Number 1 (Exhibit 4, page 6) and paragraph 12 (a) of the Terms and Conditions (Exhibit 5).

Executive Airlines claims that Electric Boat breached the contract by failing to pay damages for its termination for convenience. Electric Boat asserts as a defense to this contract claim that Executive Airlines defaulted on its contractual obligations owed to Electric Boat.

A contract is an agreement, either expressed or implied, that is enforceable by law. In this case, the parties stipulate as to the existence of an enforceable contract.

To prevail on its breach of contract claim, Executive Airlines must prove by a preponderance of the evidence each of the following elements:

(1) that Executive Airlines performed its obligation or obligations under the contract;

(2) that Electric Boat breached the contract by not performing its obligation or obligations under the contract; and

(3) that Electric Boat breach caused Executive Airlines to suffer damages.

You should consider the plain language of the agreement in determining what the obligations were of the contracting parties. You should also consider the conversations and communications between the parties prior to execution of the contract, as well as the evidence relating to the parties situations at the relevant times, their motives, and the purposes which they sought to accomplish by entering into the contract.

The circumstances surrounding the making of a contract, the purposes which the parties sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the language used. The question is not what intention existed in the minds of the parties, but what intention is expressed in the language used. Because intent, including intent to be bound, can seldom be shown by direct proof because intent relates to a person state of mind, the law presumes that a person intends the natural and probable consequences of his or her acts.

In considering the parties competing claims, you must first determine whether Electric Boat terminated the contract for convenience in accordance with paragraph 2 (A) of Supplement

Number 1 (Exhibit 4, page 6) and paragraph 14 of the Terms and Conditions (Exhibit 5), or for default in accordance with paragraph 2 (B) of Supplement Number 1 (Exhibit 4, page 6) and paragraph 12 (a) of the Terms and Conditions (Exhibit 5). .

To prove a default by Executive Airlines, Electric Boat must prove by a preponderance of the evidence that Executive Airlines failed to meet the requirements of the contract, including the requirement that its airplanes and pilots be FAA compliant and meet with the Chief Pilot approval.

If you find that Electric Boat properly terminated the contract for default, then you must find that Electric Boat is not liable to Executive Airlines for breach of contract and you must not award any damages.

If you find that Electric Boat terminated the contract for convenience, then you must determine what damages Executive Airlines is entitled to due to the termination of the contract.

**Account Stated**

Executive Airlines has also alleged a claim of "account stated." As to this claim, Executive Airlines asserts that it submitted to Electric Boat invoices for a monthly minimum payment of $73,425 from June through December 2000.

To hold Electric Boat liable on this claim, you must find that Executive Airlines has shown, by a preponderance of the evidence, that after the invoices were issued, both parties examined the invoices, that they agreed upon the precise sum due, and that Electric Boat made a promise to pay that sum. If you find that Executive Airlines has not so proved, you must find that Electric Boat is not liable to Executive Airlines on this claim.

AUTHORITY/SOURCE

3

*Dunnett v. Thornton*, 73 Conn. 1, 15-16 (1900);

*Zacarino v. Pallotti*, 49 Conn. 36, 38 (1881);

*Cozy v. Smith*, 3 Conn. Cir. Ct. 261, 263 (1965);

*Checkers Int'l v. Southwest Cmty. Health Center, Inc.*, No. CV000375092S, 2001 Conn. Super. LEXIS 1673, *8-9 (Conn. Super. Ct. Bridgeport, June 13, 2001).

## LIQUIDATED DAMAGES

You have heard testimony in this case about liquidated damages. The term iquidated damages applies when the amount of the damages has been expressly set forth in a contract as the amount of damages to be recovered by either party for a breach of the agreement by the other. However, there are strict requirements for whether liquidated damages are available based on the language of the contract.

I instruct you as a matter of law that the contract between Electric Boat and Executive Airlines did *not* contain a liquidated damages provision. The minimum flights provision in the contract is not a liquidated damages provision.

Therefore, if you find that Electric Boat breached the contract, you as the jury must determine what actual damages the plaintiff has proven by a preponderance of the evidence, and you may only award damages based on the actual damages that have been proven.

AUTHORITY/SOURCE

Black's Law Dictionary, 391 (6th ed. 1990).

*Exec. Airlines v. Elec. Boat Corp.*, 271 F. Supp. 2d 392, 397 (D. Conn. 2003), quoting *Hanson Dev. Co. v. East Great Plains Shopping Center, Inc.*, 195 Conn. 60, 65 (Conn. 1985).

## DAMAGES

Now, if you have found that Executive Airlines has proven by a preponderance of the evidence that Electric Boat breached the contract for services or the agreement to pay the account stated, then you may consider what damages, if any, are due Executive Airlines. Of course, the fact that I give you instructions on damages should not be taken as an indication that I think that damages should be, or should not be, awarded. That is a determination which is left entirely to you. I am instructing you first on the principles governing damages awards so that, in the event you should find the defendant or the plaintiff liable, you will know on what basis to consider any award of damages.

### Compensatory Damages

Compensatory damages represent the sum of money that will fairly, adequately and reasonably compensate a party for harm proximately caused by another conduct. Compensatory damages are those damages which would make a party whole. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

An award of damages is designed to place the damaged party, so far as it can be done by money, in the same position it would have been in had there been no breach of contract. In determining an appropriate measure of damages, you should not award Executive Airlines anything in excess of that sum which compensates it for the loss of its bargain with Electric Boat. The damaged party may recover for those losses which it has proven by a preponderance of the

evidence were the direct or natural result of the offending party conduct. A damaged party is entitled to those damages which the offending party should have realized might result from that party conduct. You may not guess or speculate as to the proper amount of the award of damages, but absolute certainty is not required. Reasonable certainty is the test. You must be able, in view of the evidence which is offered, to arrive with a reasonable degree of certainty at some conclusion as to what the damaged party lost. Applying these principles to the fact situation before you, should you conclude that any offending party is liable, then you must determine an amount that is fair compensation to the damaged party.

In fixing the amount of damages that will reasonably and fairly compensate the injured party, you are to consider that a party that is damaged must exercise ordinary care to minimize damages, if any. The injured party may not recover for losses which could have been prevented by reasonable efforts on its part.

**SPECIAL VERDICT FORM (INTERROGATORIES)**

Let me explain the procedure you will be following in connection with your decision making in this case. You are going to be asked to answer several questions that concern the issues in this case. A set of those questions will be distributed to each of you when you retire to begin deliberations. Fill out only the set with room for the foreperson's signature and return it to the court.

Many questions you will be asked to answer can be answered yes or no. Several of the questions need be answered only if a certain answer or answers have been given to a previous question or questions. You should not answer any question one way to avoid answering a later question, but it may turn out that you do not have to answer every question. Each question that

you answer should be given individual consideration. Do not assume from the wording of any question or from the fact that a question is asked that there is any particular answer that you are supposed to give. Your answers should be given solely on the basis of your assessment of the evidence and the application of these instructions of law.

## CONCLUSION

You may now retire to the jury room. Elect one of your members as foreperson. The foreperson is in no way more important in your deliberations. His or her function is to pass any requests for clarification of these instructions or something of that nature on to me, and to announce your verdict. If you do have such requests, please give them to the Marshal, in writing, and he or she will bring them to me. Be careful to give us no indication of the status of your deliberations when you make such requests; we are not permitted to know anything about how fast or slow you are proceeding, or whether you are divided in your positions, or any other information about what is taking place in the jury room.

As you proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you. Render your verdicts fairly, uprightly, and without a scintilla of prejudice.

Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty of each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the course of your deliberations, you become convinced that the views you held are erroneous, do not hesitate to reexamine those views and change your opinion. Ultimately, however, you must decide the case for yourself. Do not surrender your beliefs as to the proper weight of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.