*Plaintiff's*

1
2                                    UNITED STATES DISTRICT COURT
3                                     DISTRICT OF CONNECTICUT
**EXECUTIVE AIRLINES,**                      :        02cv194 (WWE)
4
5                 **Plaintiff,**              :
6                                             :
7        v.                                   :
8                                             :
9        **ELECTRIC BOAT CORPORATION,**       :
10
11               **Defendant.**    *Plaintiff's Proposed*
12                          <u>SUBSTANTIVE JURY INSTRUCTIONS</u>

13    **I.    INTRODUCTION**

14           In this case, plaintiff Executive Airlines first alleges that defendant Electric Boat Corporation

15    is liable to it for breach of a contract in which Executive Airlines was to provide air charter services

16    for Electric Boat's employees traveling between Groton, Connecticut and Newport News, Virginia.

17           Electric Boat denies Executive Airline's allegations and asserts that Executive Airlines is

18    barred from recovery on its contract claim because it defaulted on its contractual obligations

19           I will set forth the legal standards applicable to these various claims and defenses and you

20    must determine whether the evidence you find relevant and credible meets the particular standard you

21    are examining.

22           **Breach of Contract**

23           I instruct you that Electric Boat had the right to terminate the contract as set forth in the

24    provisions of paragraph 2 of Supplement Number 1, contained at page 6 in the March Purchase Order.

25    That termination could either be for Electric Boat's unrestricted choice pursuant to paragraph 2(A),

26    or for Executive Airline's default under paragraph 2(B) as provided in paragraph 12a of the Terms

27    and Conditions.

1    Executive Airlines claims that Electric Boat breached the contract by failing to pay the six

2    monthly minimum payments after termination of the contract. Electric Boat asserts as a defense to

3    this contract claim that Executive Airlines defaulted on its contractual obligations owed to Electric

4    Boat.

5    A contract is an agreement, either expressed or implied, that is enforceable by law.   In this

6    case, the parties stipulate as to the existence of an enforceable contract.

7    To prevail on its breach of contract claim, Executive Airlines must prove by a preponderance

8    of the evidence each of the following elements:

9    (1) that Executive Airlines performed its obligation or obligations under the contract;

10    (2) that Electric Boat  breached the contract by not performing its obligation or obligations

11    under the contract; and

12    (3) that Electric Boat's breach caused Executive Airlines to suffer damages.

13    You should consider the plain language of the agreement in determining what the obligations

14    were of the contracting parties.  You should also consider the conversations and communications

15    between the parties prior to execution of the contract, as well as the evidence relating to the parties'

16    situations at the relevant times, their motives, and the purposes which they sought to accomplish by

17    entering into the contract.

18    The circumstances surrounding the making of a contract, the purposes which the parties

19    sought to accomplish and their motives cannot prove an intent contrary to the plain meaning of the

20    language used.  The question is not what intention existed in the minds of the parties, but what

21    intention is expressed in the language used. Because intent, including intent to be bound, can seldom

22    be shown by direct proof because intent relates to a person's state of mind, the law presumes that a

1  person intends the natural and probable consequences of his or her acts as reflected in the wording

2  of the contract. Where there is a question as to the meaning of the language employed, it is to be

3  construed against the interest of the party who drafted the document.

4      In considering the parties' competing claims, you must first determine whether Electric Boat

5  terminated the contract for its own reasons in accordance with paragraph 2 (A) of Supplement

6  Number 1, or for Executive Airlines' default in accordance with paragraph 2 (B) of Supplement

7  Number 1.

8      To prove a default by Executive Airlines, Electric Boat must prove by a preponderance of the

9  evidence that Executive Airlines was incapable of performing its obligations under the contract at the

10  time of the termination. If you find that Electric Boat properly terminated the contract for default,

11  then you may find that Electric Boat is not liable to Executive Airlines for breach of contract.

12  **DAMAGES**

13      Now, if you have found that Executive Airlines has proven by a preponderance of the evidence

14  that Electric Boat breached the contract by not paying the minimum monthly payments, then you may

15  consider what damages, if any, are due Executive Airlines. Of course, the fact that I give you

16  instructions on damages should not be taken as an indication that I think that damages should be, or

17  should not be, awarded. That is a determination which is left entirely to you. I am instructing you

18  first on the principles governing damages awards so that, in the event you should find the defendant

19  liable, you will know on what basis to consider any award of damages.

20  **Compensatory Damages**

21      Compensatory damages represent the sum of money that will fairly, adequately and reasonably

22  compensate a party for harm proximately caused by another's conduct. Compensatory damages are

1    those damages which would make a party whole as provided by the contract. Compensatory damages

2    are not allowed as a punishment and cannot be imposed or increased to penalize a party.

3         An award of damages is designed to place the damaged party, so far as it can be done by

4    money, in the same position it would have been in had there been no breach of contract.  The

5    damaged party may recover for those losses which it has proven by a preponderance of the evidence

6    were the direct or natural result of the offending party's conduct. A damaged party is entitled to those

7    damages which the offending party should have realized might result from that party's conduct. You

8    may not guess or speculate as to the proper amount of the award of damages, but absolute certainty

9    is not required.  Reasonable certainty is the test. You must be able, in view of the evidence which

10   is offered, to arrive with a reasonable degree of certainty at some conclusion as to what the damaged

11   party lost.  Applying these principles to the fact situation before you, should you conclude that

12   Electric Boat is liable, then you must determine an amount that is fair compensation to the damaged

13   party.

14   **CONCLUSION**

15        You may now retire to the jury room. Elect one of your members as foreperson.  The

16   foreperson is in no way more important in your deliberations.  His or her function is to pass any

17   requests for clarification of these instructions or something of that nature on to me, and to announce

18   your verdict. If you do have such requests, please give them to the Marshal, in writing, and he or she

19   will bring them to me. Be careful to give us no indication of the status of your deliberations when

20   you make such requests; we are not permitted to know anything about how fast or slow you are

21   proceeding, or whether you are divided in your positions, or any other information about what is

22   taking place in the jury room.

1    As you proceed to your deliberations in the jury room, determine the facts on the basis of the

2    evidence as you have heard it, and apply the law as I have outlined it to you. Render your verdicts

3    fairly, uprightly, and without a scintilla of prejudice.

4    Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty of

5    each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the course

6    of your deliberations, you become convinced that the views you held are erroneous, do not hesitate

7    to reexamine those views and change your opinion. Ultimately, however, you must decide the case

8    for yourself. Do not surrender your beliefs as to the proper weight of the evidence solely because of

9    the opinions of other jurors or for the mere purpose of returning a verdict.