UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | : | CIVIL NO.: 3:02 CV 194(JCH) : |
| Plaintiff, | : | |
| vs. | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| Defendant | : | February 3, 2006 |

### PLAINTIFF'S PROPOSED SPECIAL JURY INTERROGATORIES

Plaintiff Executive Airlines respectfully submits its revised proposed special jury interrogatories pursuant to the directive of the Court at conference on January 31, 2006. Plaintiff respectfully reserves, and does not intend to waive, its contention that the matters raised by these interrogatories are matters for the Court to decide as a matter of law.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES, | CIVIL NO.: 3:02 CV 194(JCH) : |
| Plaintiff, | |
| vs. | |
| GENERAL DYNAMICS Co., | |
| Defendant | February 6, 2006 |

**PLAINTIFF'S PROPOSED SPECIAL JURY INTERROGATORIES**

We, the Jury in the above-entitled action, unanimously find as follows:

*Question 1*

In its letter of June 7, 2000, from Dorothy Stillman of Electric Boat to Executive Airlines, Defendant Electric Boat Division of General Dynamics Corporation terminated the contract. Paragraph 2 (A) of the Purchase Order Supplement No. 1, provided :

> **2. TERMINATION: (A) BUYER [*ELECTRIC BOAT*] RESERVES THE RIGHT TO TERMINATE THIS SERVICE WITHOUT PENALTY UPON SIX (6) MONTHS WRITTEN NOTICE TO SELLER [EXECUTIVE AIRLINES].**
>
> **(B) BUYER RESERVES THE RIGHT TO TERMINATE THIS SERVICE WITHOUT PENALTY UPON TEN (10) DAYS WRITTEN NOTICE TO SELLER DUE TO DEFAULT BY SELLER PER ELECTRIC BOAT TERMS AND CONDITIONS, GDC 410, 03/87 .**

In its letter of June 7, 2000, did the Defendant Electric Boat Division terminate the contract under paragraph 2 (A) or under paragraph 2(B) ?

2(A)_____  2(B) _____  **(Choose one)**

2

*Instructions:* *If you answered "2(A)" to Question 1, above, go directly to Question 4 below; if you answered "2(B)" to Question 1, above, answer Question 2 below.*

**Question 2**

Paragraph 12 of the Terms and Conditions states in part as follows:

12. TERMINATION FOR DEFAULT

(a) Buyer [Electric Boat] may, subject to the provisions of subparagraph ©) below, by written notice of default to Seller [Executive Airlines], terminate the whole or any part of this order in any one of the following circumstances:

> (ii) or if Seller fails to perform any of the other provisions of this order or so fails to make progress as to endanger performance of the order in accordance with its terms, and does not cure such failure within a period of then (10) days (or longer period as buyer may authorize in writing after receipt of notice from Buyer specifying such failure).

An Executive Airlines aircraft under charter to another company suffered a fatal accident at Bear Creek Pennsylvania on May 21, 2000. Defendant Electric Boat claims that the occurrence of the accident was a default under the meaning of paragraph 12 (a)(ii) above. Plaintiff Executive Airlines claims that the occurrence of the accident was not a default under the meaning of paragraph 12 (a)(ii) above.

> Was the accident of May 21, 2000, in Bear Creek, Pennsylvania, a "default" within the meaning of paragraph 12 (a)(ii), above ?
>
> Yes ___ No ___

3

*Question 3*

*Instructions:  If you answered "Yes" to Question 2, answer  Questions 3 a. and 3 b.  If you did not answer "Yes" to Question 2, go directly to Question 4.*

The contract at paragraph 2(B) of the Purchase Order Supplement No. 1 required Defendant Electric Boat Division, if it terminated the contract for Executive Airline's default, to notify Plaintiff Executive Airlines in writing specifying the failure by Plaintiff Executive Airlines and providing a period of ten (10) days for Plaintiff Executive Airlines to cure the failure.

*Question 3*    **a.**    Did the letter of May 24, 2000, from R.F. Kiely of Electric Boat to Executive Airlines satisfy the obligation of the contract for Defendant Electric Boat Division to provide Plaintiff Executive Airlines with a period of ten days to cure  a failure specified ?

Yes ___ No ___

*Question 3*    **b.**    Did the letter of June 7, 2000, from Dorothy Stillman of Electric Boat to Executive Airlines, satisfy the obligation of the contract for Defendant Electric Boat Division to provide Plaintiff Executive Airlines with a period of ten days to cure  a failure specified ?

Yes ___ No ___

*Question 4* (Account Stated)

Plaintiff Executive Airlines sent monthly invoices to Defendant Electric Boat after the letter from Electric Boat dated June 7, 2000 terminated the contract. Electric Boat did not make a reply or objection to the statements.

Did the failure by Electric Boat to make a reply or objection to the statements imply an assent by Electric Boat to the correctness of the statements ?

Yes _____ No _____

**Question 5**

Paragraph 2 (A) of the Purchase Order Supplement No. 1, provided :

**2. TERMINATION: (A) BUYER [*ELECTRIC BOAT*] RESERVES THE RIGHT TO TERMINATE THIS SERVICE WITHOUT PENALTY UPON SIX (6) MONTHS WRITTEN NOTICE TO SELLER [EXECUTIVE AIRLINES].**

Was it the intent of the parties that in the event of a termination of the service by Electric Boat under Paragraph 2 (A) of the Purchase Order Supplement No. 1, above, Executive Airlines would receive monthly payments under the contract for six months ?

Yes _____ No _____

**Question 6**

Airlines ?    Did Defendant Electric Boat Division breach the contract with Executive

Yes _____ No _____

**Question 7**

What amount of money do you find to be due under the contract from Defendant Electric Boat Division to the Plaintiff Executive Airlines ?

Answer in Dollars and Cents $ _____

**Question 8**

Did Defendant Electric Boat satisfy its obligation under the covenant of "Good Faith and Fair Dealing" in the way it negotiated the contract ?

Yes_____    No _____


5

*Question 9*

Did Defendant Electric Boat satisfy its obligation under the covenant of "Good Faith and Fair Dealing" in the way it terminated the contract ?

Yes_____          No _____

**SO SAY WE ALL**

_____

Foreperson

**DATED:**     February    , 2006

                    Respectfully submitted,

                    _____
                    Daniel F. Hayes, Esq. (phv0207)
                    dhayes@bhmr.com
                    **Biedermann, Hoenig & Ruff, P.C.**
                    Attorneys for Plaintiff Executive Airlines
                    805 Third Avenue, 18th Floor
                    New York, New York 10016
                    (212) 697-6555 Telephone
                    (212) 986-3509 Facsimile

TO:

Paul D. Williams, Esq. (ct05244)
pdwilliams@dbh.com
Michelle I. Turner, Esq. (ct24012),
miturner@dbh.com
**Day, Berry & Howard LLP**
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 (fax)
Attorneys for Defendant, Electric Boat Corporation

## CERTIFICATION

      This is to certify that on this date a copy of the foregoing was mailed, first class postage prepaid, to:

Paul D. Williams, Esq.
Michelle Turner, Esq.
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
Attorneys for Defendant, Electric Boat
Corporation

_____
Daniel F. Hayes

February 6, 2006