UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

EXECUTIVE AIRLINES,  :  CIVIL NO.: 3:02 CV 194(WWE) :
:
:
Plaintiff,  :
:
vs.  :
:
ELECTRIC BOAT Corp.,  :
:
:
Defendant  :  March 1, 2006

# PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT WITH INTEREST AND COSTS

The plaintiff, Executive Airlines, now respectfully moves for the entry of a judgment in this matter with pre-judgment interest and costs. Plaintiff is entitled to the entry of a judgment based on the unanimous verdict of the jury returned February 17, 2006, which found for the plaintiff in the amount of four hundred seventy - two thousand, three hundred sixty-eight dollars ($472,368.00), together with pre-judgment interest at the rate of ten per cent per annum from December 17, 2000, totaling two hundred forty-five thousand, six hundred thirty-one dollars and thirty-six cents ($245,631.36); and costs in the total amount of six thousand, eight hundred forty - three dollars and ninety-one cents ($6843.91). Plaintiff requests that judgment be entered in the total sum of seven hundred twenty-four thousand, eight hundred forty-three dollars and twenty-seven cents ($724,843.27), through February 28, 2006, with the addition of one hundred twenty-nine dollars and forty-two cents ($129.42) to be added *per diem* until the judgment is entered.

# I
## PLAINTIFF IS ENTITLED TO PRE JUDGMENT INTEREST AT THE RATE OF TEN PER CENT PER ANNUM

As the Court is aware, this action was commenced in the Eastern District of New York by the filing of a complaint which asserted that jurisdiction was based on diversity of citizenship under 28 U.S.C. sec. 1332. During the course of the litigation, pursuant to the contract between the parties, it was established that the law of the State of Connecticut, home state of the defendant, would govern the legal disputes between them. In a diversity case, issues bearing on prejudgment interest are governed by state law. *Baker v. Dorfman*, 239 F.3d 415, 425 (2d Cir. 2000); *Mallis v. Bankers Trust Co.*, 717 F.2d 683, 692 n. 13 (2d Cir.1983); *Spector v. Mermelstein*, 485 F.2d 474, 481 (2d Cir.1973).

Pre-judgment interest under Connecticut law is governed by Connecticut General Statutes § 37-3a [1], whose purpose is to "compensate the prevailing party for delay in obtaining money that rightfully belongs to him". *Brandewiede v. Emery Worldwide*, 890 F.Supp. 79, 83 (D.Conn.,1994), citing *Continental Mach. Tool Co., Inc. v. Beacon Indus., Inc.*, 1993 WL 498752, at 2 (Conn.Super.Ct. November 19, 1993) and *Neiditz v. Morton S. Fine & Associates, Inc.*, 199 Conn. 683, 691, 508 A.2d 438 (1986). The rate is capped at ten per cent per annum. General Statutes § 37-3a.

---

[1] General Statutes § 37-3a provides in relevant part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable····"

Under this statute, "Basically, the question is whether the interests of justice require the allowance of interest as damages for the loss of use of money." *Harris Calorific Sales Co. v. Manifold Systems, Inc.*, 18 Conn.App. 559, 566, 559 A.2d 241, 245 (Conn.App.,1989) (affirming award of interest where contract called for payment of specific sums). In a recent case involving a contract, the court awarded the full rate of ten per cent per annum, as plaintiff requests here, and was upheld on appeal. *Advanced Financial Services, Inc. v. Associated Appraisal Services, Inc.* 79 Conn.App. 22, 30, 830 A.2d 240, 248 (Conn.App.,2003). Plaintiff also relies on the affidavit of Michael S. Peragine, filed herewith.

### Starting Date for Interest Calculation

The jury verdict and the evidence in this matter supports the proposition that the proper date from which pre-judgment interest should be calculated is December 17, 2000. The plaintiff's theory, accepted by the jury, was that the defendant was obligated to pay the plaintiff a minimum amount under the contract, for six (6) months from the date that the defendant cancelled the contract. There is no dispute that defendant's letter of June 7, 2000 (R.Kiely to M. Peragine), cancelled the contract; there is no dispute that plaintiff billed the defendant for the next six (6) months, as it claimed it was entitled to do, under the contract (See Plaintiff's Exhibits 14-15, and 17-20, inclusive -invoices dated from July 28, 2000 to December 15, 2000, for monthly periods beginning on May 17, 2000 and ending on December 17, 2000; see also Plaintiff's Exhibit 22, letter of December 16, 2000, M. Peragine to R.Kiely; all exhibits were admitted into evidence and all are attached hereto.).

The calculation of simple interest at ten percent per annum from December 17, 2000, through February 28, 2006, yields a total interest amount of two hundred forty-five thousand, eight

hundred seventy - three dollars and sixty cents ($245,873.60). (Please see spreadsheet attached as Exhibit A).

## Calculation of Costs

If costs are authorized by statute or rule, the determination of amounts is vested in the sound discretion of the district court. Fed.R.Civ.P. 54(d); *U.S. for Use and Benefit of Evergreen Pipeline Const. Co., Inc. v. Merritt Meridian Const. Corp* . 95 F.3d 153 (1996), 71 -173 (2d Cir. 1996). Attached hereto is the affirmation of counsel I. Leonard Feigenbaum, which spells out, pursuant to 28 U.S.C.A. § 1924 [2], the specific costs whose reimbursement is requested, in the total amount of six thousand, eight hundred forty - three dollars and ninety-one cents ($6843.91).

---

[2] Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed.

## CONCLUSION

For all these reasons and in the interest of justice, the Court should enter judgment in favor of plaintiff Executive Airlines and against defendant Electric Boat Corporation in the total amount of seven hundred twenty-four thousand, eight hundred forty-three dollars and twenty-seven cents ($724,843.27), representing the verdict of the jury in the amount of four hundred seventy - two thousand, three hundred sixty-eight dollars ($472,368.00), pre-judgment interest at the rate of ten per cent per annum from December 17, 2000, totaling two hundred forty-five thousand, six hundred thirty-one dollars and thirty-six cents ($245,631.36), and costs in the total amount of six thousand, eight hundred forty - three dollars and ninety-one cents ($6843.91), through February 28, 2006, with the addition of one hundred twenty-nine dollars and forty-two cents ($129.42) to be added *per diem* until the judgment is entered.

Dated: New York, New York  
       March 1, 2006

Respectfully submitted,

Plaintiff Executive Airlines

By _____

Daniel F. Hayes (phv0207)  
**Biedermann, Hoenig & Ruff, P.C.**  
805 Third Avenue, 18th Floor  
New York, New York 10016  
(212) 697-6555 Telephone  
(212) 986-3509 Facsimile  
dhayes@bhmr.com

TO:  
    Paul D. Williams  
    pdwilliams@dbh.com  
    Michelle I. Turner  
    miturner@dbh.com  
    Day, Berry & Howard, LLP  
    Attorneys for Defendant Electric Boat Corporation  
    CityPlace I  
    Hartford, CT 06103-3499  
    (860) 275-0100 (phone)  
    (860) 275-0343 (fax)

## EXHIBIT A

## CALCULATION OF SIMPLE INTEREST AND TOTAL JUDGMENT

| Verdict | Start Date | Finish Date | Annual Interest Rate | Actual Rate | Interest |
|---|---|---|---|---|---|
| $472,368.00 | 12/17/00 | 12/31/00 | 10.00% | 0.38% | $1,811.82 |
| | 1/1/01 | 12/31/01 | 10.00% | 10.00% | $47,236.80 |
| | 1/1/02 | 12/31/02 | 10.00% | 10.00% | $47,236.80 |
| | 1/1/03 | 12/31/03 | 10.00% | 10.00% | $47,236.80 |
| | 1/1/04 | 12/31/04 | 10.00% | 10.00% | $47,236.80 |
| | 1/1/05 | 12/31/05 | 10.00% | 10.00% | $47,236.80 |
| | 1/1/06 | 2/28/06 | 10.00% | 1.62% | $7,635.54 |
| | | | Total Interest | | $245,631.36 |

TOTAL JUDGMENT CALCULATION

| | | |
|---|---|---|
| | Verdict | $472,368.00 |
| | Costs | $6,843.91 |
| | Total | $724,843.27 |

## CERTIFICATION

This is to certify that a copy of the foregoing and the Memorandum of Law In Support of Motion with all supporting papers was mailed, postage prepaid, on March 1, 2006, to

        Paul D. Williams
        pdwilliams@dbh.com
        Michelle I. Turner
        miturner@dbh.com
        Day, Berry & Howard, LLP
        Attorneys for Defendant Electric Boat Corporation
        CityPlace I
        Hartford, CT 06103-3499
        (860) 275-0100 (phone)
        (860) 275-0343 (fax)

                                      _____
                                      Daniel F. Hayes (phv0207)

# *Executive Airlines*

INVOICE NUMBER: 0001686-IN
INVOICE DATE: 07/10/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,        CT 06340

AIRCRAFT: 19 Passenger

| DESCRIPTION OF SERVICES | AMOUNT |
|---|---|
| For the period May 17 through June 16, 2000 11 round trip flights as per the Agreement Number SNL022-096 | $ 50,088.37 |
| Federal Excise Tax at 7.5% | 3,756.63 |
| Total Due | $ 53,845.00 |

Note: Electric Boat/General Dynamics is obligated
for 15 round trips per month as per the
above referenced Agreement. During this period
only four trips were booked and the above
referenced billing is for the remainder of
Electric Boat/General Dynamics' obligations for
the month.




*THANK YOU FOR FLYING WITH US*

cc: *Elie Mayo*

Route 109, Hangar 3 ✈ Farmingdale, New York  11735  ✈ (631) 694-0600  ✈ (631) 694-0172 fax

# *Executive Airlines*

INVOICE NUMBER: 0001696-IN
INVOICE DATE: 07/28/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,          CT 06340

AIRCRAFT: 19 Passenger

| DESCRIPTION OF SERVICES | AMOUNT |
|---|---|
| For the period June 17 through July 16, 2000 15 round trip flights as per the Agreement Number SNL022-096 | $ 68,302.32 |
| Federal Excise Tax at 7.5% | 5,122.68 |
| Total Due | $ 73,425.00 |

Note: Electric Boat/General Dynamics is obligated for 15 round trips per month as per the above referenced Agreement.

THANK YOU FOR FLYING WITH US





cc: *Elie Mayo*

Route 109, Republic Airport, Farmingdale, New York 11735  (631) 694-0600  (631) 694-0172 fax

# Executive Airlines

INVOICE NUMBER: 0001697-IN
INVOICE DATE: 08/21/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,          CT 06340

AIRCRAFT: 19 Passenger

| DESCRIPTION OF SERVICES | AMOUNT |
|---|---|
| For the period July 17 through August 16, 2000 15 round trip flights as per the Agreement Number SNL022-096 | $ 68,302.32 |
| Federal Excise Tax at 7.5% | 5,122.68 |
| Total Due | $ 73,425.00 |

Note: Electric Boat/General Dynamics is obligated for 15 round trips per month as per the above referenced Agreement.

THANK YOU FOR FLYING WITH US

cc: Elie Mayo




Route 109, Republic Airport, Farmingdale, New York 11735   (631) 694-0600   (631) 694-0172 fax

# *Executive Airlines*

INVOICE NUMBER: 0001698-IN
INVOICE DATE: 09/21/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,         CT 06340

AIRCRAFT: 19 Passenger

| DESCRIPTION OF SERVICES | AMOUNT |
|---|---|
| For the period August 17 through September 16, 2000 15 round trip flights as per the Agreement Number SNL022-096 | $ 68,302.32 |
| Federal Excise Tax at 7.5% | 5,122.68 |
| Total Due | $ 73,425.00 |

Note: Electric Boat/General Dynamics is obligated
for 15 round trips per month as per the
above referenced Agreement.

*THANK YOU FOR FLYING WITH US*





cc: *Elie Mayo*

Route 109, Republic Airport, Farmingdale, New York 11735   (631) 694-0600   (631) 694-0172 fax

# *Executive Airlines*

INVOICE NUMBER: 0001700-IN
INVOICE DATE: 10/21/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,          CT 06340

AIRCRAFT: 19 Passenger

| DESCRIPTION OF SERVICES | AMOUNT |
|---|---|
| For the period September 16 through October 17, 2000 15 round trip flights as per the Agreement Number SNL022-096 | $ 68,302.32 |
| Federal Excise Tax at 7.5% | 5,122.68 |
| Total Due | $ 73,425.00 |

Note: Electric Boat/General Dynamics is obligated
for 15 round trips per month as per the
above referenced Agreement.

THANK YOU FOR FLYING WITH US




cc: *Elie Mayo*

Route 109, Hangar 3 ✈ Farmingdale, New York 11735 ✈ (631) 694-0600 ✈ (631) 694-0172 fax

# *Executive Airlines*

INVOICE NUMBER: 0001701-IN
INVOICE DATE: 11/21/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,           CT 06340

AIRCRAFT: 19 Passenger

| DESCRIPTION OF SERVICES | AMOUNT |
|---|---|
| For the period October 16 through November 17, 2000 15 round trip flights as per the Agreement Number SNL022-096 | $ 68,302.32 |
| Federal Excise Tax at 7.5% | 5,122.68 |
| Total Due | $ 73,425.00 |

Note: Electric Boat/General Dynamics is obligated
for 15 round trips per month as per the
above referenced Agreement.

*THANK YOU FOR FLYING WITH US*



cc: *Elie Mayo*



Route 109, Hangar 3 ✈ Farmingdale, New York  11735  ✈ (631) 694-0600 ✈ (631) 694-0172 fax

# Executive Airlines

INVOICE NUMBER: 0001702-IN
INVOICE DATE: 12/15/00

Electric Boat/General Dynamics
75 Eastern Point Road
Groton,      CT 06340

AIRCRAFT: 19 Passenger

DESCRIPTION OF SERVICES                                          AMOUNT

For the period November 16 through December 17, 2000
15 round trip flights as per the Agreement
Number SNL022-096                                                $ 68,302.32

Federal Excise Tax at 7.5%                                         5,122.68

            Total Due                                            $ 73,425.00

Note: Electric Boat/General Dynamics is obligated
for 15 round trips per month as per the
above referenced Agreement.

THANK YOU FOR FLYING WITH US



cc: Elie Mayo

Route 109, Hangar 3 ✈ Farmingdale, New York 11735 ✈ (631) 694-0600 ✈ (631) 694-0172 fax

12/16/00

DEFENDANT'S EXHIBIT ID
Peragine NO 6
12-16-03

PLAINTIFFS EXHIBIT 22 Full
2-14-06
3:02cv 194(JCH)

PLAINTIFF'S EXHIBIT 22

# Executive Airlines

Route 109 - Republic Airport
Farmingdale, NY 11735

December 16, 2000

<u>VIA FAX AND CERTIFIED MAIL #Z565 596 105</u>
Mr. Ron Kiely
Director of Materials Acquisition
General Dynamics
Electric Boat Division
75 Eastern Point Road
Groton, Connecticut 06340-4989

Dear Mr. Kiley:

Thank you for returning my call this afternoon and sharing your thoughts with me relative to resolving Electric Boat's obligations under Purchase Order SNL022-096 (hereinafter, the "Purchase Order"). You asked if I would put our position in writing as you have switched attorneys and you would like to have said position in writing to forward to them. I have done so below.

As you know, on July 10, 2000 we sent Electric Boat a letter responding to your termination of the air charter services you contracted for under the aforementioned Purchase Order. In that letter we detailed for you the obligations of Electric Boat, in the event Electric Boat chose to cancel said Purchase Order for convenience. We consider those obligations to be the Liquidated Damages provisions of our Agreement, which provisions were triggered by your cancellation for convenience.

We did not hear from you until the first week of August, when we received a letter from you dated August 1, 2000. That letter acknowledged receipt of our July 10th letter - but it failed to address the claim we had asserted in that July 10th letter.

Your August 1st letter made reference to several concepts - then leaped to your statement that your termination was well within your rights under the Agreement, but

-1-

*Ron Kelley, December 16, 2000*

never provided any valid rational for why said termination was anything more than a cancellation for convenience.

We acknowledged that you had canceled for convenience in our July 10th letter to Electric Boat, and did not see your right to do so as an issue. The purpose of that letter was to call to your attention your obligations under our agreement upon exercising said right.

In your August 1st response to my July 10th letter you did not refute that your cancellation was for convenience, but only that you had a right to cancel the Purchase Order under its terms. As stated above, we did not refute your right to cancel for convenience in our July 10th letter. We merely asserted our rights under the Agreement which you chose to terminate for convenience, with the expectation that you would honor said obligations.

I know you are aware that months before your August 1st letter I visited with your staff and shared with them my knowledge of the details of the instant investigation of the incident that occurred on May 21st, 2000, and the details of the intense scrutiny that our organization underwent for the several weeks following the incident.

Neither the instant accident investigation nor the intense scrutiny of our training records, maintenance records, inspection records, operational records, parts procurement and quality assurance policies or procedures indicated that there was anything whatsoever that our organization did or did not do - that in any way could have contributed to the accident.

I related to your staff my opinion that such a finding is remarkable, given that most investigations that occur after an aircraft accident reveal many, many such findings. Electric boat chose to terminate our service notwithstanding my presentation, a termination that could only be construed as "for convenience," under the terms our Agreement.

Although we have spoken several times since then, to date we have not received any valid explanation that would refute that the cancellation by Electric Boat was anything more than a cancellation for convenience, and consequently, why Electric Boat has not honored its Liquidated Damage obligations under the Agreement

As we promised we would in our July 10th letter, we have sent you bills every month for the minimum charges you are obligated to pay, and not one of those bills has been honored to date.

*Ron Keiley, December 16, 2000*

You now ask that we provide a rational for the amounts we claim that we are owed and my response is that it is not for us to now measure and demonstrate our losses and for you to evaluate such claims to determine your obligations. That was the purpose of establishing the Liquidated Damage amount in the Agreement - so that we would not have to quarrel over the amount if you decided to cancel said Agreement.

The last date on which the Liquidated Damages provision of your Purchase Order is based is only a week or two away. It remains my hope that Electric Boat will honor its obligations and pay its outstanding invoices without the need for litigation.

Litigation would only exacerbate our situation as we would then have to determine who is obligated to pay legal fees and litigation expenses - which the governmental guidance under which Purchase Orders such as the one you issued to us provides for.

While I want very much to avoid all the unpleasantries that accompany collection efforts, I am duty bound to give you notice that, unless we receive from you some clear indication that you are going to honor the Liquidated Damage obligations of the aforementioned Purchase Order, we will have no choice but to turn this over to our attorneys for appropriate legal action.

Consequently, I must ask you to consider this to be our formal and final demand for payment of all open invoices. Attached hereto are all of the open invoices. Unless we receive payment or written assurance that these invoices will be paid on or before December 25, 2000 (ten days from today), we will be left with no alternative but to commence appropriate legal action.

Very truly yours,

Michael S. Peragine
President