UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2006 MAR 22 P 1: 13

U.S. DISTRICT COURT
BRIDGEPORT, CONN.

| | |
|---|---|
| EXECUTIVE AIRLINES | : CIVIL ACTION NO. 3:02cv194 (WWE) |
| Plaintiff, | : |
| v. | : |
| GENERAL DYNAMICS CO., ET AL. | : |
| Defendants. | : MARCH 22, 2006 |

### MEMORANDUM OF LAW IN OPPOSITION
### TO PLAINTIFF'S MOTION FOR JUDGMENT

The defendant, Electric Boat Corporation ("Electric Boat") hereby opposes plaintiff's Motion for Judgment with Pre-Judgment Interest and Costs, filed on March 1, 2006. As set forth in defendant's Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial, the defendant objects to entry of judgment at all in this case, because the jury erroneously awarded the plaintiff liquidated damages.

In fact, the plaintiff *admits* in its motion that "[t]he plaintiff's theory, accepted by the jury, was that the defendant was obligated to pay the plaintiff a minimum amount under the contract, for six (6) months from the date that the defendant cancelled the contract." (Pl.'s Mem. of Law in Support of M. for Judgment with Interest and Costs, at 3.) Plaintiff has yet to explain how that theory differs from its previous assertion, rejected by this Court, that the contract contained a liquidated damages provision. *Executive Airlines v. Electric Boat Corp.*, 271 F. Supp.2d 392 (D. Conn. 2003).

However, even if the jury's verdict stands, the plaintiff is not entitled to pre-judgment interest, because plaintiff has not established (or even addressed) the critical factor in the prejudgment interest equation. Namely, plaintiff has not shown that Electric Boat wrongfully withheld payment.

The contract between the parties did not provide for liquidated damages, such that the sum allegedly due to Executive Airlines was indeterminate. Moreover, Electric Boat withheld payment based on its genuine dispute with the plaintiff's measure of damages. Finally, the plaintiff's own conduct has delayed and prolonged these proceedings, and that behavior should not be rewarded by an award of pre-judgment interest for those periods of delay. For all of these reasons, the plaintiff is not entitled to pre-judgment interest.

The defendant further objects to plaintiff's efforts to recover the $1,857.17 in fees it paid to defendant's expert, Aaron Goodwin Olmsted, for his deposition. Mr. Olmsted did not testify at trial, and his expert fees are therefore not taxable.

I.  **BACKGROUND**

Throughout this dispute, the defendant has maintained that it terminated the contract for default, after the plaintiff had already breached the contract requirements that "Charter aircraft, charter operator and charter pilots must meet all FAA regulations" and that "Each assigned aircraft and pilot is subject to Electric Boat (EB) Management and Chief Pilot Approval." (March 14, 2000 Purchase Order at 2, attached hereto as Ex. A.) Because Electric Boat terminated the contract for default, no payments were due to the plaintiff as a result. However, even if the termination were for convenience, the measure of damages was set forth in Paragraph 14 of the Terms and Conditions. (Terms and Conditions at ¶ 14, attached hereto as Ex. B.) Under those terms, the plaintiff was not entitled to any damages, for the simple reason that it had not performed any work.

By its decision of July 17, 2003, this Court held that "Executive Airlines is not entitled to an award of six months' income as liquidated damages." *Executive Airlines,* 271 F. Supp.2d at

399. The Court further held that Paragraph 14 of the Terms and Conditions was the "formula for the calculation of damages in the event of termination by Electric Boat for convenience" and "sets forth the manner in which damages are to be calculated." *Id.* at 398. The Court also held that the language of the agreement was clear and unambiguous "with respect to the consequences of termination" and that parol evidence therefore would not be considered in determining the meaning of the contract. *Id.* at 399.

Nonetheless, over Electric Boat's objection, plaintiff was permitted to present parol evidence at trial and to argue to the jury that the intent of the six-month termination provision was to protect plaintiff's investment by ensuring a revenue stream if Electric Boat terminated the contract.[1] This was simply another way of asking the jury to award the same liquidated damages the Court had previously determined were improper.

On February 17, 2006, the jury returned a plaintiff's verdict in the amount of $472,368, effectively adopting plaintiff's argument and awarding liquidated damages.

The plaintiff has now moved for an award of pre-judgment interest in the amount of $245,631.36 and costs in the amount of $6,843.91. The defendant hereby opposes both of those requests.

## II. ARGUMENT

### A. Prejudgment Interest

The plaintiff is correct that in a diversity case such as this, prejudgment interest is governed by state law, in this case by Conn. Gen. Stat. § 37-3a. *Brookridge Funding Corp. v.*

---

[1] Electric Boat filed a motion in limine prior to trial seeking an order preventing plaintiff from presenting such arguments. That motion in limine was denied.

*Northwestern Human Services, Inc.*, 2004 U.S. Dist. LEXIS 16788, *22-23 (D.Conn. 2004)[2]; *Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82 (D.Conn. 1994). "Prejudgment interest may be awarded if the trier of fact determines that past due amounts are payable and wrongfully withheld." *Blakeslee Arpaia Chapman, Inc. v. Dept. of Transportation*, 273 Conn. 746, 752 (2005).[3] "An award of such interest is an equitable determination lying within the trier's sound discretion." *Maloney v. PCRE, LLC*, 68 Conn. App. 727, 755 (2002). "Factors for the court to consider when deciding whether to award prejudgment interest are: 1) whether the detention of money was wrongful under the circumstances; 2) whether the sum recovered was a liquidated amount; and 3) whether the party seeking prejudgment interest diligently presented its claim." *Brookridge Funding Corp.*, 2004 U.S. Dist. LEXIS 16788 at *24.

However, just because a jury has found that money was owed does not mean that it was wrongfully withheld:

> A plaintiff's burden of demonstrating that the retention of money is wrongful requires more than demonstrating that the opposing party detained money when it should not have done so. The fact that an award of such interest is discretionary and subject to equitable considerations, rather than automatic, reflects the reality that not all improper detentions of money are wrongful.

*Maloney*, 68 Conn. App. at 756 (2002). Whether funds have been wrongfully withheld "is dependent on the circumstances in each case and is, consequently, inherently fact bound." *Id.*

---

[2] All unreported opinions are attached hereto as Exhibit C.

[3] Under Connecticut law, "interest, as an element of damages, is a matter within the jury's province." *Iseli Co. v. Conn. Light and Power Co.*, 211 Conn. 133, 143 (1989); *accord Foley v. Huntington*, 42 Conn. App. 712, 737-38 (1996). During the trial, the plaintiff failed to provide a jury instruction on prejudgment interest despite its arguments to the jury that interest should be awarded. The Court did not instruct the jury on that issue. After the jury had begun deliberations, the jury sent out a note asking whether it could award interest. Judge Eginton informed the litigants that he intended to tell the jury that he would add interest if appropriate, and the plaintiff did not object.

"Whether in certain circumstances a sum has been liquidated may be a useful, although not necessarily a controlling, criterion." *Slattery v. Maykut*, 176 Conn. 147, 155 (1978). The fact that a contract did not provide for a sum certain in damages is significant because "the exact amount of the payment was uncertain." *Maloney*, 68 Conn. App. at 756. Prejudgment interest is not appropriate where the claim is for benefit of the bargain damages rather than for liquidated damages. *See Foley*, 42 Conn. App. at 742.

As discussed at length in the defendant's motion for judgment notwithstanding the verdict, the law of this case establishes that the plaintiff was not entitled to liquidated damages. That alone is grounds for the Court to disregard the jury's verdict and enter judgment in favor of the defendant.

Even if the plaintiff is entitled to the jury's verdict, however, Electric Boat's withholding of payment was not wrongful. Rather, the parties had a *bona fide* dispute as to whether any funds were due to the plaintiff. Electric Boat's position, from the beginning, has been that its termination was for default rather than for convenience, and therefore no damages were owed to the plaintiff. It also took the reasonable position that, even if the termination was for convenience, no damages were due pursuant to Paragraph 14 of the Terms and Conditions. Obviously, the jury took a different view. Even if that view prevails, however, that does not make Electric Boat's position unreasonable or "wrongful." Indeed, Electric Boat's view was in absolute consonance with the published opinion of this Court. *See Executive Airlines*, 271 F. Supp.2d at 398-99 (holding that "Executive Airlines is not entitled to an award of six months' income as liquidated damages" and that Paragraph 14 of the Terms and Conditions was the "formula for the calculation of damages in the event of termination by Electric Boat for convenience" and "sets forth the manner in which damages are to be calculated."); *see also*

Case 3:02-cv-00194-WWE   Document 169   Filed 03/22/2006   Page 6 of 12

Ruling of Judge Hall at 7 ("this court's prior ruling regarding liquidated damages, 271 F.Supp. at 399, as well as the contract language cause the court to question the measure of damages suggested by Executive Airlines should it prove Electric Boat's breach"). Because Electric Boat had a reasonable, *bona fide* dispute with the plaintiff's claimed damages, it did not wrongfully withhold funds. In its motion, plaintiff has not even advised the Court that wrongful withholding of funds is the key factor in a determination to grant prejudgment interest, much less established that Electric Boat wrongfully withheld funds. Without establishing that factor, plaintiff cannot prevail on its motion for pre-judgment interest.

The plaintiff in this matter has also unnecessarily delayed the trial. First, the plaintiff originally filed this action in the Eastern District of New York despite a clear forum selection clause in the contract requiring disputes to be adjudicated in Connecticut. The transfer of the case to Connecticut took several months. Since that transfer, plaintiff's various attorneys repeatedly delayed depositions, refused to provide materials that the defendant was entitled to, and otherwise obstructed and delayed adjudication of this action.

Defense counsel worked cooperatively with plaintiff's counsel, often filing joint motions for extension of time when plaintiff's delay had made it impossible to comply with the existing scheduling order. Nonetheless, it is clear from those motions that the plaintiff was the cause for much of the delay, whether because plaintiff had hired a new attorney or simply because of counsel's trial schedule. (*See, e.g.*, Nov. 17, 2003 Joint Motion for Extension of Scheduling Order Deadlines [Docket No. 54] (requesting extension in part due to deposition postponement as a result of plaintiff's counsel's trial schedule); Jan. 12, 2004 Joint Motion for Extension of Scheduling Order Deadlines [Docket No. 60] (requesting extension because plaintiff's counsel was unavailable for depositions previously scheduled for that month); March 26, 2004 Joint

-6-

Motion for Extension of Scheduling Order deadlines [Docket No. 65] (requesting extension due to appearance of new counsel on behalf of plaintiff).)

Plaintiff also repeatedly failed to comply with discovery requests and other discovery rules, requiring the defendant to file several motions to compel. (*See* Dec. 3, 2003 Motion to Compel Production of Documents [Docket No. 55, 56; Motion granted on Feb. 26, 2004 by Docket No. 62]; Apr. 22, 2004 Motion to Compel Production of Documents [Docket No. 68, 69; Motion granted on August 6, 2004 by Docket No. 78]; Sept. 28, 2004 Motion to Compel [Docket No. 83]; Oct. 28, 2004 Motion to Compel Payment of Expert Fees [Docket No. 111; Motion granted on Jan. 31, 2006 by Docket No. 134].) The plaintiff's delays and obstruction, whether made in good faith or not, delayed the adjudication of this matter. Plaintiff should not now be rewarded by an award of prejudgment interest spanning the extra months and years that it delayed.

Finally, if the Court nonetheless does award the plaintiff pre-judgment interest, the defendant respectfully requests that the Court award interest at a lower rate than the 10% ceiling authorized by Conn. Gen. Stat. § 37-3a. *See Sears, Roebuck & Co. v. Bd. of Tax Review*, 241 Conn. 749, 765-66 (1997) ("37-3a establishes a *maximum* rate above which a trial court should not venture") (emphasis added); *see also Duplissie v. Devino*, 2005 Conn. Super. LEXIS 1299 at *35-36 (Conn. Super. Ct. Waterbury May 9, 2005) (awarding 5% interest pursuant to § 37-3a, where funds had been wrongfully detained since 1997).

The defendant notes that the period of time spanned by this dispute, from December 17, 2000 to February 17, 2006, has been a period of historically low interest rates. As of December, 2000, the Bank Prime Loan Rate was at 9.23%, but by December, 2001 it was down to 6.91%, and by December, 2003 it was at 4.12%. (*See* historical interest rate chart from Federal Reserve

-7-

Board, http://www.federalreserve.gov/releases/H15/data/Annual_Dec_/H15_FF_O.txt (last visited Mar. 20, 2006), attached hereto as Ex. D (showing bank prime loan rate as of December of each year since 1956).) Although the prime rate is, of course, different than the rate at which funds can actually be borrowed, it is instructive to recognize that interest rates overall dropped sharply within the year after this dispute began in December 2001. Thus, even if 10% was the appropriate rate as of the beginning of this dispute, it most certainly was not the appropriate rate throughout the five years that followed.

The affidavit of Michael Peragine, apparently submitted in support of a 10% rate, argues that during the period of this dispute, the general rate at which Executive Airlines was able to obtain financing was approximately 10% to 12%. Mr. Peragine provides no specifics of the dates or terms of such financing and indeed suggests that the rate never varied throughout this time period. However, anyone who took out a mortgage in the first five years of this decade knows how rates dropped precipitously from one year to the next, even when it seemed impossible that they could go any lower. Moreover, Executive Airlines can hardly be considered a model of credit-worthiness after one of its airplanes crashed, killing 17 people and launching extensive litigation.

Damages for breach of contract in Connecticut are not intended to be punitive. *Barry v. Posi-Seal Int'l, Inc.*, 40 Conn. App. 577 (1996). If the Court believes that equity requires an award of prejudgment interest, the defendant respectfully requests that it be awarded at a rate below 10% to reflect the economic realities of the period spanned by this dispute, rather than unduly punishing the defendant by imposing an interest rate that bears no relation to that reality.

**B.     Costs**

Plaintiff has also asked the Court to award it costs, including its deposition and the fee it paid to the defendant's disclosed expert, Aaron Goodwin Olmsted, for his deposition. The plaintiff is not, however, entitled to recover certain of these costs. Specifically, plaintiff may not recover the expert witness fees it paid Mr. Olmsted.[4]

Although the trial court exercises discretion in awarding those costs permitted by law, "the district court has no discretion to award costs not authorized by statute or contractual provision." *U.S. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 171 (2d Cir. 1996).

Witness fees are not taxable unless the witness actually testified at trial, and expert witnesses are treated no differently than other witnesses. Fed. R. Civ. P. § 54; L. Civ. R. § 54; 28 U.S.C. § 1821; *U.S. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 173 (2d Cir. 1996); *Carbonell v. Acrish*, 154 F. Supp. 2d 552, 569 (S.D.N.Y. 2001).[5] Therefore, the $1,857.17 in fees paid to Mr. Olmsted for his attendance at his deposition, pursuant to Fed. R. Civ. P. § 26(b)(4)(C), is not taxable. The plaintiff has presented no authority to the contrary. The sum of $1,857.17 must therefore be deducted from plaintiff's claim for costs, bringing that amount to $4986.74.

---

[4] Mr. Olmsted's deposition was taken on October 14, 2004. Plaintiff did not pay his fees until after the Court granted the defendant's unopposed Motion to Compel Payment of Expert Fees on January 31, 2006.

[5] If Mr. Olmsted's fees were taxable, moreover, the award of costs would be limited to those authorized under 28 U.S.C. § 1821; *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987) (courts may not award expert witness fees in excess of the amounts permitted by 28 U.S.C. §§ 1821 and 1920.)

-9-

## III.    CONCLUSION

For all the foregoing reasons, the defendant respectfully requests that the Court deny plaintiff's request for prejudgment interest. In addition, defendant requests that the award of costs be limited to those costs taxable under the federal rules, specifically excluding the expert witness fees of Aaron Olmsted.

DEFENDANT, ELECTRIC BOAT
CORPORATION

By _/s/ Michelle I. Turner_____
Paul D. Williams (ct05244)
pdwilliams@dbh.com
Michelle I. Turner (ct24012)
miturner@dbh.com
Day, Berry & Howard LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
Its Attorneys

## **CERTIFICATION**

This is to certify that on this date a copy of the foregoing was sent this date via first-class mail to:

Daniel F. Hayes
Biedermann, Hoenig & Ruff
805 Third Avenue, 18th Floor
New York, NY 10022

Steven E. Arnold
Stanger & Arnold LLP
433 South Main Street
West Hartford, CT 06110

I. Leonard Feigenbaum
1670 Old County Road, Suite 224
Plainview, NY 11803

_____
Michelle I. Turner