# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | : | 02cv194 (WWE) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| Defendant. | : | |

## ORDER ON RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR A NEW TRIAL

This case was tried to a jury on February 14, 15, 16 and 17, 2006.  On February 17, 2006, the jury rendered its special verdict findings pursuant to Rule 49(a) of the Federal Rules of Civil Procedure, awarding Executive Airlines $472,368 in damages.  The Court entered judgment on the special verdict on April 5, 2006.  As more fully articulated on the record during a telephone conference on March 30, 2006, the Court will grant the defense motion for a new trial.

### DISCUSSION

The Court assumes familiarity with the legal and factual background of this case and the standards of review relevant to Federal Rules of Procedure 50 and 59.

Defendant asserts numerous errors and prejudicial rulings issued by this Court to claim entitlement to a new trial of the case in its entirety.   In accordance with the aforesaid March 30th discussion on the record, the Court will order a retrial only as to the damages issues to a jury.  Although the Court is empathetic to the frustrations of trial counsel, a litigant is entitled to a fair trial but not necessarily a perfect one.  McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548, 552 (1984).

Although the Court would prefer to uphold the jury's finding on damages, it is persuaded that the damages award is against the weight of evidence.  The jury's award of $472,368 is

approximately equivalent to the six months of charter fees sought by plaintiff as liquidated

damages.  Upon thorough review of the rulings on summary judgment, the Court adheres to the

law of the case that plaintiff is not entitled to an award of liquidated damages under the contract.

See Goodheart Clothing Co. v. Laura Goodman Enterprises, Inc., 962 F.2d 268, 274 (2d Cir.

1992) (under law of the case doctrine, courts generally adhere to their own decisions on a given

issue in same litigation); see  also Furlong v. Shalala, 238 F.3d 227,  235 n.4 (2d Cir. 2001) (law

of the case doctrine is discretionary).  Accordingly, plaintiff is entitled only to contract damages,

which are generally based on the injured's party's expectation interest and should not award him

"in excess of the sum which compensates him for the loss of his bargain." Russell v. Russell, 91

Conn.App. 619, 643 (2005); Restatement (Second) of Contracts § 347 cmt. a (2005).  In this

instance, the jury awarded plaintiff damages based on revenues that plaintiff would have received

from defendant without consideration for the costs that plaintiff would have incurred in

performing the contract.  Since this amount exceeds that of plaintiff's expectation interest or

actual damages, the jury's finding on damages represents a seriously erroneous result warranting a

new trial.

## CONCLUSION

For the foregoing reasons, defendant's Renewed Motion for Judgment as a Matter of Law

[#164-1]  is DENIED; and defendant's Motion for a New Trial [#164-2] is GRANTED as to the

issues of damages.

SO ORDERED this 6th day of April, 2006 in Bridgeport, Connecticut.

_____/s/_____
WARREN W. EGINTON, SENIOR U.S.D.J.