# EXHIBIT B

ELECTRIC BOAT CORPORATION    PURCHASE ORDER TERMS AND COND...    Attachment (7/86) to
Case 3:02-cv-00194-WWE    Document 189-3    Filed 07/19/2006    Page 2 of 4    GDC-410 3/87

1. **ACCEPTANCE:** The acceptance of this order, by acknowledgement, shipment of goods or performance of services shall constitute acceptance of the conditions set forth below and on the face of this order. No purported acceptance of this order on terms and conditions which modify, supersede or otherwise alter the terms and conditions hereof shall be binding upon Buyer. Any shipment of goods or performance of services by Seller shall be deemed to be only upon the terms and conditions contained herein, except to the extent that an authorized purchasing representative of Buyer may otherwise expressly consent in writing, notwithstanding Buyer's acceptance or payment for any shipment of goods or similar act of Buyer.

2. **DELIVERY:** Delivery must be in strict compliance with the schedule contained in this order. All items to be delivered hereunder shall be packed and packaged to insure safe arrival at their destination, to secure the lowest transportation costs and to comply with the requirements of common carriers. Delivery shall be made by Seller at such times and places and of such items and quantities as may from time to time be specified by Buyer. If Seller fails to meet its scheduled delivery dates and Buyer elects to call for expedited shipment, Seller will pay the difference between the method of shipping specified and the actual expedited rate incurred. Seller shall be responsible for any additional charges resulting from deviation from Buyer's routing instructions. If Seller fails to make delivery promptly and regularly, as required hereunder, Buyer may, in addition to other remedies available at law, terminate this order by giving notice to Seller. Title and risk of loss shall remain in Seller until goods are delivered to the F.O.B. point specified herein. Notwithstanding such delivery, Seller shall bear risk of loss or damage to goods purchased hereunder from the time that Buyer gives notice of rejection of goods pursuant to the inspection provisions of this order.

   If Seller encounters or anticipates difficulty in meeting the delivery schedule, Seller shall immediately notify Buyer in writing, giving pertinent details; provided, however, that such data shall be informational only in character and shall not be construed as a waiver by Buyer of any delivery schedule or date or of any rights or remedies provided by law or this order. Parts fabricated in excess or in advance of Buyer's release are at Seller's risk. Buyer reserves the right, without loss of discount privileges, to pay invoices covering items shipped in advance of the schedule on the normal maturity after the date specified for delivery.

3. **INSPECTION:** Buyer (and if a Government contract number appears on the face of this order, the Government) shall have the right to inspect goods supplied hereunder at any time during the manufacture or fabrication thereof at Seller's facilities or elsewhere. Such inspection shall include, without limitation, raw materials, components, work in process and completed products as well as drawings, specifications and related data. Final inspection and acceptance shall be after delivery to the delivery point designated by Buyer. If any inspection or test is made by Buyer at Seller's facility or elsewhere, Seller shall provide reasonable facilities and assistance for the inspection personnel. Buyer may reject all goods supplied hereunder which are found to be defective. Goods so rejected may be returned to Seller at Seller's expense. At Buyer's request, Seller shall repair or replace defective goods at Seller's expense. Failure to inspect goods, failure to discover defects in goods or payment for goods shall not constitute acceptance or limit any of Buyer's rights, including without limitation those under the warranty provisions of this order. At Buyer's request, Seller shall maintain an inspection system acceptance to Buyer covering the goods furnished hereunder.

4. **OVERSHIPMENT:** Goods shall not be supplied in excess of quantities and shipping tolerance, if any, specified hereunder. Seller shall be liable for handling charges and return shipment costs for any excess quantities, and unless Seller agrees to pay for such costs, the overshipped material will be retained by Buyer at no cost.

5. **PRICES:** Unless otherwise specified, prices are F.O.B. destination and shall include all federal, state and local taxes; no charge will be allowed for packing, crating, drayage or storage. Seller warrants that prices charged for the goods are not higher than those charged to any other customer, including the government, for goods of like grade and quality in similar or lesser quantities.

6. **PAYMENT:** Seller shall be paid upon submission of properly prepared invoices in accordance with Buyer's invoicing instructions for materials and supplies delivered to and accepted by Buyer. Any adjustments in Seller's invoice due to shortages, rejection or other failure to comply with the provisions this order may be made by Buyer before payment. Discount periods shall commence ten (10) days after the latest of scheduled delivery, actual delivery, or receipt of invoice. No charges will be honored unless specified on the face of this order. Invoices must be accompanied by transportation receipt, if transportation is payable as a separate item.

7. **LIMITED WARRANTY:** Seller warrants that goods ordered to specifications will conform thereto and to any drawings, samples or other description furnished or adopted by Buyer, and will be fit and sufficient for the purpose intended; and that all goods are merchantable, of good material and workmanship and free from defect. Such warranties, together with Seller's service warranties and guarantees, if any, shall survive inspection, test, acceptance of, and payment for the goods and shall run to Buyer, its successors, assigns, customers at any tier, and ultimate user and joint users. Except for latent defects, notice of any defect or nonconformity shall be given by the Buyer to the Seller within one (1) year after acceptance by ultimate user; provided, however, that in any event notice must be given within three (3) years after acceptance by Buyer. Buyer may, at its option either (i) return for credit, (ii) require prompt correction or replacement of the defective or nonconforming goods, or (iii) have the defective item corrected or replaced at Seller's expense and deduct the cost thereof from any monies due Seller. The return to Seller of any defective or nonconforming goods and delivery to Buyer of any corrected or replaced goods shall be at Seller's expense. Goods required to be corrected or replaced shall be subject to the provisions of this paragraph and the paragraph of this order entitled "Inspection" in the same manner and to the same extent as goods originally delivered under this order.

8. **COMPLIANCE WITH LAWS AND REGULATIONS:** Seller will comply with The Fair Labor Standards Act of June 30, 1938, 929 USC 201-209), as amended. Seller also warrants that in the performance of the order Seller will comply with all applicable statutes, rules, regulations and orders of the United States, and of any State or political subdivision thereof, and agrees to indemnify Buyer against any loss, cost, damage or liability by reason of Seller's violation of this warranty.

9. **CHANGES:** Buyer may at any time, by a written notice, and without notice to sureties or assignees, make changes within the general scope of this order. If any such change causes an increase or decrease in the cost of or the time required for the performance of any part of the work under this purchase order, whether changed or not changed by any such order, or affects any such order, or affects any other provisions of this purchase order, an equitable adjustment shall be made in the price or delivery schedule, or both, and in such other provisions of this purchase order as may be affected, and this purchase order shall be modified in writing accordingly. Any claim by Seller for adjustment under this paragraph shall be asserted within twenty (20) days from the date of receipt of the written notice directing the change; provided, however, that Buyer, if Buyer decides that the facts justify such action, may receive and act upon any such claim asserted at any time prior to final payment under this order. Where the cost of property made obsolete or excess as a result of a change is included in the equitable adjustment, Buyer shall have the right to prescribe the manner of disposition of such property. Failure to agree to any adjustment shall be a dispute within the meaning of the "Disputes" paragraph of this order. However, nothing in this paragraph shall excuse the Seller from proceeding with the order as changed. Any action taken by Seller which affects any provision of this order, including delivery and price, whether or not accomplished with the concurrence of Buyer's employees shall not entitle Seller to an equitable adjustment in accordance with this paragraph unless such action has been specifically directed by written notice issued by Buyer.

10. **BUYER FURNISHED MATERIALS OR SUPPLIES:** Buyer may from time to time furnish Seller with materials or supplies which are required by Seller for the performance of this order. In such event, an equitable reduction in the price shall be accomplished prior to delivery of such materials or supplies to Seller, or as soon thereafter as possible, but in no event later than thirty (30) days after such delivery.

84-00-0001 (D630) Rev. 7/91



PLAINTIFF'S EXHIBIT 5

11. **STOP WORK ORDER:** Buyer may at any time, by written notice to Seller, require Seller to stop all or any part of the work called for by this order for a period of up to ninety (90) days after the notice is delivered to Seller ("Stop Work Order"). Upon receipt of the Stop Work Order, Seller shall forthwith comply with its terms and take all reasonable steps to minimize the incurrence of costs allocable to the work covered by the order during the period of work stoppage. Within a period of ninety (90) days after a Stop Work Order is delivered to Seller, or within any extension of that period to which the parties shall have agreed, Buyer shall either cancel the Stop Work Order, or terminate the work covered by this order as provided in the "Default" or the "Termination for Convenience" paragraphs of this order, whichever may be appropriate. Seller shall resume work upon cancellation or expiration of any Stop Work Order. An equitable adjustment shall be made in the delivery schedule or prices hereunder, or both, and this order shall be modified in writing accordingly; if the Stop Work Order results in an increase in the time required for the performance of this order or in Seller's costs properly allocable thereto.

12. **TERMINATION FOR DEFAULT**
    (a) Buyer may, subject to the provisions of subparagraph (c) below, by written notice of default to Seller, terminate the whole or any part of this order in any one of the following circumstances: (I) If Seller fails to make delivery of the goods or to perform this order within the time specified herein or any extension thereof; or (II) If Seller fails to perform any of the other provisions of this order, or so fails to make progress as to endanger performance of this order in accordance with its terms, and does not cure such failure within a period of ten (10) days (or longer period as Buyer may authorize in writing) after receipt of notice from Buyer specifying such failure.
    (b) In the event Buyer terminates this order in whole or in part as provided in subparagraph (a) above, Buyer may procure, upon such terms and in such manner as Buyer may deem appropriate, supplies or services similar to those so terminated, and Seller shall be liable to Buyer for any excess costs for the same; provided, that Seller shall continue the performance of this order to the extent not terminated hereunder.
    (c) Except with respect to defaults of subcontractors, Seller shall not be liable for any excess costs if the failure to perform this order arises out of causes beyond the control and without the fault or negligence of Seller. Such causes may include, but are not limited to, acts of God, or of the public enemy, acts of the Government in either its sovereign or contractual capacity, fires, floods, epidemics, quarantine restrictions, strikes, freight embargoes, and unusually severe weather; but in every case the failure to perform must be beyond the control and without the fault or negligence of Seller. If the failure to perform is caused by the default of a subcontractor, and if such default arises out of causes beyond the control of both Seller and the subcontractor, and without the fault or negligence of either of them, Seller shall not be liable for any excess costs for failure to perform, unless the supplies or services to be furnished by the subcontractor were obtainable from other sources in sufficient time to permit Seller to meet the required delivery schedule. The terms "subcontractor(s)" shall mean subcontractor(s) at any tier.
    (d) If this contract is terminated as provided in subparagraph (a) above, Buyer in addition to any other rights provided in this order, may require Seller to transfer title and deliver to Buyer or the government, in the manner and to the extent directed by Buyer, (I) any completed goods, and (II) such partially completed goods and materials, parts, tools, dies, jigs, fixtures, plans, drawings, information, and contract rights (hereinafter called "manufacturing materials") as Seller has specifically produced or specifically acquired for the performance of such part of this order as has been terminated; and Seller shall, upon direction of Buyer, protect and preserve property in the possession of Seller in which Buyer or the Government has an interest. Payment for completed goods delivered to and accepted by Buyer shall be at the contract price. Payment for manufacturing materials delivered to and accepted by Buyer and for the protection and preservation of property shall be in an amount agreed upon by Buyer and Seller; failure to agree to such amount shall be a dispute concerning a question of fact within the meaning of the paragraph of this order entitled "Disputes". Buyer may withhold from amounts otherwise due Seller for such completed supplies or manufacturing materials such sum as Buyer determines to be necessary to protect Buyer or the Government against loss because of outstanding liens or claims of former lien holders.
    (e) If, after notice of termination of this order under the provisions of this paragraph, it is determined for any reason that Seller was not in default under the provisions above, or that the default was excusable under the provisions of this paragraph; the rights and obligations of the parties shall be the same as if the notice of termination had been issued pursuant to a termination for convenience of Buyer.
    (f) The rights and remedies of Buyer provided in this paragraph shall not be exclusive and are in addition to any other rights and remedies provided by law or under this order.

13. **TERMINATION FOR INSOLVENCY:** In the event of the institution of any proceedings by or against Seller in bankruptcy or insolvency or under any other provisions of the Bankruptcy Act including proceedings under Chapter X and XI thereof, or the appointment of a receiver or trustee or an assignment for the benefit of creditors of Seller, Buyer may terminate this order. Any termination under this paragraph shall be deemed to be a termination for default in accordance with the paragraph of this order entitled "Termination for Default."

14. **TERMINATION FOR CONVENIENCE:** Buyer may at any time by written notice terminate all or any part of this order for Buyer's convenience. If this order is terminated, in whole or in part, for Buyer's convenience, Seller shall be paid an amount, to be mutually agreed upon, which shall be adequate to cover the reasonable cost of Seller's actual performance of work under this order to the effective date of termination, plus a reasonable profit thereon provided that no amount shall be paid to Seller for (I) any anticipatory profits related to work under this order not yet performed, or (II) costs incurred due to Seller's failure to terminate work as ordered on the effective date of termination. In no event shall the total amount paid under this provisions exceed the prices set forth in this order for the work terminated. If a Government contract number is cited on the face hereof, a termination for Buyer's convenience shall be accomplished in accordance with DAR 8-706 or FAR52-249, as in effect on the date of this order, which shall be controlling over any conflicting provisions hereof."

15. **INDEMNIFICATION:** Seller shall indemnify Buyer against and hold Buyer harmless from all claims, expenses and losses arising out of performance of this order by Seller (I) when such claims, expenses and losses result from the failure of Seller to furnish to Buyer, in accordance with the provisions of the relevant regulations, cost or pricing data, which is accurate, complete and current at the time of Seller's and Buyer's agreement to the negotiated price or at the time when Buyer requests a reaffirmation of the same, and (II) when such claims, expenses and losses result from Seller's failure to comply with the rules, regulations and standards of the Cost Accounting Standard Board in connection with covered contracts.

16. **TOOLING AND DATA:** All drawings and specifications and all materials, including tools, special dies and patterns, furnished or paid for by Buyer shall be the property of Buyer, shall be subject to removal at any time without additional cost upon demand by Buyer, shall be used only in filling orders from Buyer, and shall be kept separate from other drawings, specifications and materials, and identified as the property of Buyer. The information contained in reports, drawings, documents or other records which are furnished to Seller by Buyer relative to this order, to the extent that such information is not in the public domain, shall not be disclosed to others, except to subcontractors as necessary for completion of this order, in which event the subcontractor shall have the same obligation of nondisclosure. Seller assumes all risk and liability for loss or damage thereto, except for normal wear and tear. Seller shall supply to Buyer detailed statements of inventory upon request of Buyer. Upon completion, termination or cancellation of this order, Seller shall return all drawings and specifications to Buyer, in the event Buyer requests return on any such items, within thirty (30) days after the effective date of completion, termination or cancellation. Any such property of Buyer retained by Seller shall remain subject to the foregoing restrictions on use, reproduction disclosure. Buyer may, at any time, reimburse Seller for the cost of part or all

"NOTE: Clause 14, emboldened words reinserted 1/99 were previously omitted in error.

84-00-0001 (D630) Rev. 7/91

special tooling paid for by Seller and, upon payment thereof, shall become the owner thereof, entitled to possession at the completion of this order, or at such earlier date as the parties may agree. Upon termination of this order, either for cause or convenience, Buyer may, at Buyer's option, use, on a non-exclusive basis, all drawings, documents or other records related to this order whether created by Buyer or Seller without further compensation to Seller. Seller may not disclose the existence of this order or the items to be supplied hereunder without Buyer's written consent, except to subcontractors who shall have the same responsibility.

17. PATENTS AND COPYRIGHTS: Seller agrees to defend, indemnify and hold harmless Buyer, its customers and agents against any liability, including without limitation costs, expenses and attorneys' fees, for or by reason of any actual or alleged infringement of any patent or copyright arising out of the manufacture, use, sale, delivery or disposal of goods furnished under this order and not attributable to Seller's compliance with Buyer's specific written instructions. Buyer shall notify Seller, as soon as practicable, of any claim of infringement received by Buyer. In the event of any such claim against Buyer, Seller shall furnish to Buyer, when so notified by Buyer, all evidence and information in possession of Seller pertaining to such claim. Seller shall report to Buyer promptly and in reasonable written detail, each notice or claim of patent or copyright infringement relating to the performance of this order of which Seller has knowledge. Where payment is made for experimental, developmental, or research work performed under this order, Seller shall disclose and does hereby assign to Buyer all inventions resulting therefrom and does grant Buyer the right to use for any purpose all data specified to be delivered hereunder.

18. WORK ON BUYER'S PREMISES: In the event that Seller, Seller's employees or agents enter onto Buyer's premises for any reason in connection with this order, Seller and such other parties shall observe all military security requirements and all plant safety, plant protection and traffic regulations. Seller shall defend, indemnify and hold Buyer harmless from all claims, actions, demands, loss and causes of action arising from injury, including death, to any person, or damage to any property, when such injury or damage results in whole or in part from the acts or omissions of Seller, Seller's employees or agents, save and except damage caused by the negligence of Buyer. Seller, and any contractor used by Seller in connection with this order, shall carry Workmen's Compensation and Employees' Liability Insurance to cover Seller's and contractor's legal liability on account of accidents to their employees. Seller and the contractor shall carry adequate Comprehensive General Liability and adequate Comprehensive Automobile Liability Insurance covering the legal liability of Seller and the contractor on account of accidents arising out of the operations of Seller or the contractor and resulting in bodily injury, including death, being sustained by any person or persons, or in any damage to property. At Buyer's request, Seller shall furnish to Buyer certificates from Seller's insurers showing such coverage in effect and agreeing to give Buyer ten (10) days' prior written notice of cancellation of the coverage.

19. ASSIGNMENT AND SUBCONTRACTING: Seller shall not assign any contract resulting from this order or any portion of such contract, nor shall Seller subcontract for completed or substantially completed goods or services purchased hereunder without the prior express written consent of Buyer.

20. NOTICES: All notices required or permitted to be given hereunder shall be deemed to be properly given if delivered in writing personally or sent by United States certified or registered mail addressed to Seller or Buyer, as the case may be, at the addresses set forth on the face of this order, with postage thereon fully prepaid. The effective time of notice shall be at the time of mailing.

21. WAIVER: No waiver by Buyer of any breach of this order or the granting of an extension for performance hereunder shall be deemed to be a waiver of any other or subsequent breach.

22. DISPUTES: Pending resolution of any dispute hereunder, Seller shall proceed diligently with the performance of work, including the delivery of goods in accordance with Buyer's direction. Upon resolution of the dispute, this order shall be equitably adjusted, if necessary, to reflect such resolution.

23. ORDER OF PRECEDENCE: This order and all documents incorporated by reference constitute the entire agreement of the parties as to the subject matter hereof. In the event of any inconsistency among the foregoing, the inconsistency shall be resolved by giving precedence in the following order: (i) the purchase order to which these terms and conditions are attached; (ii) these terms and conditions; (iii) the specifications; (iv) the drawings; and (v) the other documents incorporated by reference.

24. APPLICABLE LAW: The validity, performance and construction of the contract from the acceptance of this order shall be governed by and construed in accordance with the laws of the state in which Buyer's facility issuing this order is located, excluding its choice of law rules. Jurisdiction and venue for any suit between the parties hereto arising out of or connected with this order or the goods furnished hereunder, shall lie only in the county and state in which such facility is located.

25. GOVERNMENT CONTRACTS: If this order is issued under a United States government prime contract or subcontract, the clauses listed in attachments hereto, in effect on the date of this order, are incorporated herein by reference and the terms and conditions thereof shall be controlling over any conflicting terms and conditions set forth herein.


ATTACHMENT (7/86) TO GDC-410 3/87

26. NONDISCLOSURE OF BUYER'S INFORMATION BY SELLER: All deliverables, including reports and all supporting data developed under this order, which are to be produced by Seller as the output of this order, are paid for by the Buyer and are subject to the restrictions of Article 16 of GDC-410.