UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES | : CIVIL ACTION NO. |
| | : 02-CV-194 (WWE) |
| Plaintiff, | : |
| VS. | : |
| | : |
| ELECTRIC BOAT CORPORATION, | : |
| | : |
| Defendant. | : JULY 20, 2006 |
| | : |

**DEFENDANT'S TRIAL MEMORANDUM**

Pursuant to the Court's Pretrial Order dated April 6, 2006, the defendant Electric Boat Corporation ("Electric Boat") hereby submits its Trial Memorandum in the above-captioned action.

## I.  BRIEF SUMMARY OF THE CASE

This hearing in damages comes before this Court pursuant to the April 6, 2006 order granting Electric Boat a retrial as to damages in the above-captioned action. *See* Order on Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial (Eginton, J.) dated April 6, 2006 ("Order on Motion for Judgment").

Plaintiff's claims against Electric Boat in the underlying case were predicated on a contract between the parties whereby Plaintiff agreed to provide air charter services to Electric Boat between its facilities located in Groton, Connecticut and Newport News, Virginia.[1]

---

[1] The contract between the parties consisted of three documents: a document entitled "Purchase Order Terms and Conditions" known as GDC 410 (REV. 3/87) (the "Terms and Conditions"); a February 9, 2000 purchase order, number SNL022-096 (the "February Purchase Order"); and a March 14, 2000 purchase order number SNL022-096, along with a "Purchase Order Supp. No. 1" (collectively the "March Purchase Order") (collectively the "Charter Agreement").

Plaintiff commenced services for Electric Boat on April 10, 2000, using a BAE Systems Jet Stream 3101, registration number N16EJ (the "Aircraft"). On May 21, 2000, just six weeks after its first flight for Electric Boat, Plaintiff was operating the Aircraft on a charter flight for another customer when the Aircraft crashed, killing all passengers and crew on board. Electric Boat immediately suspended service with the Plaintiff, and on June 7, 2000, terminated the Charter Agreement. It is undisputed that Electric Boat had the legal right to terminate the Charter Agreement.

Plaintiff brought suit against Electric Boat claiming that Electric Boat had improperly terminated the Charter Agreement, and seeking damages in the amount of $494,395.00. (*See* Second Am. Compl. first count, ¶ 20; second count, ¶¶ 22-23.) On February 17, 2006, after a four day jury trial, the jury returned a verdict in favor of Plaintiff in the amount of $472,368.00 Following the verdict, Electric Boat moved for judgment as a matter of law or a new trial, claiming, in part, that Plaintiff was not entitled to an award of liquidated damages under the Charter Agreement. Electric Boat contended that the July 17, 2003 order (Goettel, J.) granting Electric Boat partial summary judgment barred Plaintiff's claims for liquidated damages and that the jury's actual damage award was against the weight of the evidence. The Court (Eginton, J.) agreed on both fronts, and ordered a new trial as to the damage issue only. (*See* Order on Motion for Judgment.) The Court held that Plaintiff was "entitled only to contract damages, which are generally based on the injured party's expectation interest and should not award him in excess of the sum which compensates him for the loss of his bargain." (*Id.*)

Plaintiff now claims damages of approximately $881,362.43, through its expert Diane S. Steiner. Ms. Steiner's opinion is premised on the assumption that Plaintiff is entitled to compensation as if Electric Boat used Plaintiff's air charter service 30 times per month for the

-2-

remaining duration of the Charter Agreement.  As set forth by Electric Boat's disclosed expert, Dr. George Kosicki, Ms. Steiner's opinion is fundamentally inconsistent with basic economic principles and fails to account for rational business/consumer behavior and the concept of avoidable costs.  As a result, Ms. Steiner overstates the amount of Plaintiff's actual damages by more than ten times.

Electric Boat contends that the Charter Agreement, read so as to give effect to each agreed-upon provision, restricts Plaintiff's damages to a monetary award that would reasonably compensate Plaintiff as if Electric Boat used Plaintiff's air charter service 15 times per month for a period of six months.  Within these parameters, Electric Boat also contends that Plaintiff's damages are limited to Plaintiff's "reasonable cost of…actual performance…plus a reasonable profit" as set forth in Section 14 of the Terms and Conditions.  As to the amount of damages, Dr. Kosicki opines that Plaintiff's actual economic losses were, at most, approximately $83,638.  This figure provides Plaintiff with a rate of return under the Charter Agreement equaling 9.4%, more than twice the average rate of return earned by similar airlines operating in 2000-2001.

## II.     PROPOSED VOIR DIRE

A.     Preliminary Comments

1.     In the trial of this case, all parties are entitled to have the case decided on the basis of the evidence presented at trial by a fair, unbiased and unprejudiced jury.

2.     It is your duty to answer each question put to you as honestly as you can.

3.     If there is any reason why any of you might not be able to render a fair verdict, you must disclose that reason to the court.

4. Your duty will be to listen to the testimony. At the conclusion of the testimony, the judge will instruct you as to what the law is and will charge you to apply those principles of law to the case before you.

B. Proposed Questions

5. Do you agree that if you are selected as a juror you will follow the law as the judge states it whether or not you approve of the legal principles as he states them?

6. The defendant in this case had a legal right to terminate the Charter Agreement. Do you understand that as a juror on this matter, you need only decide the amount of damages, if any, to which the plaintiff is entitled due to Electric Boat's lawful termination?

7. Will Electric Boat's lawful termination of the Charter Agreement affect your ability to decide the amount of damages, if any, the plaintiff is entitled in a fair and unbiased manner?

8. Will the fact that the defendant was a larger company than the plaintiff affect your ability to decide the case fairly?

9. Do you understand that you cannot allow sympathy to affect your judgment in this case?

10. Even if you feel sympathy for a party, will you be able to put that sympathy aside and objectively weigh the evidence and apply the law in this case?

11. Do you have any formal or informal experience in the fields of accounting or economics? If so, please describe your experience.

12. Have you or anyone close to you been employed by either of the parties?

13. Have you or anyone close to you ever been employed by or affiliated with a charter airline? If so, please elaborate.

14.   Have any of you ever been a party to or a witness in a lawsuit? If so, please describe the lawsuit, including your role in the lawsuit, how the lawsuit was resolved and whether you were satisfied with the result.

15.   Are you aware of any relatives, friends or acquaintances who have been parties to or witnesses in a lawsuit? If so, please describe what you know about your acquaintance's role in the lawsuit and the outcome of the lawsuit.

16.   If you have been a party to a lawsuit, or know someone that was a party to a lawsuit, would that experience prevent you from rendering a fair and impartial verdict in this case?

17.   Have you ever been involved in a dispute over a written contract?

18.   If so, please describe the nature of the dispute and how it was resolved.

19.   Will you keep an open mind and listen to all of the evidence in the case before coming to any conclusion?

20.   Do you know of any other reason or has anything occurred during this questioning period that might make you doubtful that you can be a completely fair and impartial juror in this case? If there is, it is your duty to disclose such reason at this time.

### III.   WITNESSES

The Defendant anticipates calling the following witnesses:

1.   <u>Michael Peragine</u>            Executive Airlines, Route 109, Hangar 3, Farmingdale, New York

Mr. Peragine is the president of Executive Airlines and is expected to testify regarding financial issues relating to Executive Airlines and its claimed damages.

2.   <u>Dr. George Kosicki</u>         Analysis Group, Inc., 111 Huntington Avenue, Boston, MA  02199

Mr. Kosicki has been disclosed as an expert witness and is expected to testify as to Executive Airlines claimed damages.

The Defendant may call the following witness:

1.   <u>James Ahlfeld</u>             96 Laural Avenue, Larchmont, New York

Mr. Ahlfeld, who was Executive Airlines' accountant, may testify regarding financial issues relating to Executive Airlines and its claimed damages.

2.   <u>Kevin Hanrahan</u>          120 Jupiter Point, Groton, Connecticut

Mr. Hanrahan is the Chief Pilot at Electric Boat and is expected to testify concerning circumstances resulting in the termination of the Charter Agreement and Electric Boat's response to the fatal crash of May 21, 2000.

### IV.   **EXHIBITS**

A list of Electric Boat's Proposed Trial Exhibits is attached as Exhibit A.  Electric Boat reserves the right to supplement its Proposed Trial Exhibits because Plaintiff has not yet responded to or produced any documents requested by Electric Boat's Notice of Deposition and Request for the Production of Documents, dated June 19, 2006.

### V.   **DEPOSITION DESIGNATIONS AND CROSS DESIGNATIONS**

The Defendant has no witness that will testify by deposition.  However, deposition testimony given by Mr. Peragine and/or Mr. Ahlfeld in the course of this case may be used for purposes of impeachment.

**VI. PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT INTERROGATORIES**

Attached hereto as Exhibit B. At this time, the Defendant does anticipate a need to submit Special Verdict Interrogatories to the jury in this matter.

DEFENDANT,
ELECTRIC BOAT CORPORATION

By_____
    Paul D. Williams (ct05244)
    Amy T. Maas (ct25561)
    Day, Berry & Howard LLP
    CityPlace I
    Hartford, Connecticut 06103-3499
    Tel. (860) 275-0100
    Fax. (860) 275-0343
    E-mail: pdwilliams@dbh.com
        atmaas@dbh.com

*Its Attorneys*

**CERTIFICATION**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 20th day of July, 2006 via overnight mail, postage prepaid, to:

Leonard Feigenbaum, Esq.          Daniel F. Hayes
1670 Old County Road              Biedermann, Hoenig & Ruff
Suite 224                         805 Third Avenue
Plainview, NY 11803               New York, NY 10017

-

_____
Amy T. Maas