# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES | : CIVIL ACTION NO. 3:02cv194 (JCH) |
| Plaintiff, | : |
| v. | : |
| ELECTRIC BOAT CORPORATION, | : |
| Defendant. | : JULY 20, 2006 |

## DEFENDANT'S PRELIMINARY PROPOSED JURY INSTRUCTIONS

Pursuant to Federal Rule of Civil Procedure 51, Defendant Electric Boat Corporation ("Electric Boat") requests that the Court submit the following instructions to the jury in the above-captioned action. Electric Boat reserves its right to further modify, supplement or amend its preliminary proposed jury instructions based on developments at trial.

## **INTRODUCTION**

This case is a trial as to the issue of damages only. For purposes of background, I will describe briefly the previous proceedings in this matter. The plaintiff's claims against Electric Boat stem from a contract – which I will refer to as the Charter Agreement – that called for the plaintiff to provide air charter services to Electric Boat between its facilities located in Groton, Connecticut and Newport News, Virginia. The Charter Agreement contained two termination clauses; the first permitted Electric Boat to terminate the contract without penalty due to a default by the plaintiff upon ten days notice, and the second allowed Electric Boat to terminate the contract for any reason at all – or in other words, for convenience – upon six months notice.

The plaintiff commenced services for Electric Boat on April 10, 2000, using a Jet Stream aircraft, registration number N16EJ. On May 21, 2000, just six weeks after its first flight for Electric Boat, the plaintiff was operating aircraft N16EJ on a charter flight for another customer when the aircraft crashed, killing all passengers and crew on board. Electric Boat immediately suspended service with the plaintiff, and on June 7, 2000, terminated the Charter Agreement. Electric Boat paid the plaintiff for each charter service the plaintiff provided to Electric Boat up through the date of termination. It is undisputed that Electric Boat had the legal right to cancel the Charter Agreement.

The plaintiff claimed that Electric Boat terminated the Charter Agreement for convenience and brought suit against Electric Boat seeking damages. A previous jury determined that Electric Boat terminated the Charter Agreement for convenience. Thus, the sole issue for you to determine is the proper amount of damages the plaintiff should be awarded because of that termination.

## **JURY'S DUTY TO BE IMPARTIAL TO ALL PARTIES**

In deciding the facts of this case, you must not be swayed or influenced by any sympathy or prejudice for or against any of the parties. You must carefully and impartially consider all the evidence in the case, follow the law given to you by the court and reach a just verdict regardless of the consequences.

Keep in mind that Electric Boat did nothing improper; the Charter Agreement expressly permitted Electric Boat to terminate the plaintiff's services for convenience. Accordingly, you may not draw any adverse assumptions from the fact that Electric Boat is liable to the plaintiff in this regard. It is your job here to determine the amount of the plaintiff's damages in a fair and unbiased manner.

In this case, the Defendant, Electric Boat, is a large corporation, while the plaintiff, Executive Airlines, is a smaller corporation. These facts must not influence your decision in this case. In the eyes of the law, a corporation is a person and is entitled to the same fair trial at your hands as an individual, and considerations of the size of the Company or its financial position have no place in this trial. This case is not to be decided on the basis of relative size or wealth. All parties stand equal under the law and are to be dealt with as equals in a court of justice.

AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, § 103.12 (5th Ed. 2001 & Supp. 2005).

## **CREDIBILITY**

In fulfilling your duty as finders of fact, you as jurors are the sole judges of the credibility of the witnesses and the weight, if any, their testimony deserves. This is also true as to the veracity and weight of the other evidence including expert testimony and exhibits. There is no magic formula by which one may evaluate testimony. You bring with you to this courtroom all the experience and background of your daily lives. In your everyday affairs you determine for yourselves the reliability or unreliability of statements made to you or documents given to you by others. The same tests that you use in your everyday dealings are the tests which you should apply in your deliberations here. You may consider the demeanor of the witness on the stand and any interest he or she may have in the outcome of the case. You may also consider any bias or prejudice for or against any party; the witness's opportunity to observe; any reason for the witness to remember or forget; the inherent probability of her or her own story; its consistency or lack of consistency; and its corroboration or lack of corroboration with other credible evidence.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to indicate whether a witness is worthy of belief. Consider each witness's intelligence, motive, state of mind, and demeanor while on the stand. Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine. Where a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear that in mind and scrutinize the whole testimony of that witness. If you find that there has been inaccuracy in one respect upon the part of a witness, remember it in judging the rest of that witness's testimony, and give

to it that weight which your own mind leads you to think it ought to have, and which you would attach to it in the ordinary affairs of life where anyone came to you in a matter and you found that in some particular that person was inaccurate. The testimony of a witness which is discredited in one aspect may well be disbelieved in its entirety by the jury. You may apply the maxim, "Falsus in uno, falsus in omnibus;" that is, "False in one, false in all."

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony. If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

### AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, §§ 105.01, 105.04, 105.09 (5th Ed. 2001 & Supp. 2005).

## **EXPERT WITNESSES**

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists as to those whom we will call "expert witnesses." Witnesses who, by education and/or experience, have become expert in some area, science, profession or calling, may state their opinions as to relevant and material matters, in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight, if any, as you may think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, you may disregard it. If you should conclude that the reasons given in support of the opinion are not sound or not believable, disregard it. If you feel that it is outweighed by other evidence, you may disregard it, too. Finally, if the opinion is based on facts that you do not find proven, you should disregard it.

AUTHORITY/SOURCE

2 Devitt and Blackmar, *Federal Jury Practice and Instructions*, § 72.07 (2d ed. 1970); *Hally v. Hospital of St. Raphael*, 162 Conn. 352, 358 (1972).

## ADMISSIONS BY PARTIES

Out-of-court statements or conduct by parties, which are not consistent with their claims at trial, may be used against them as an admission of the facts stated. It is for you to determine what weight is to be given to any alleged admission if you find that one has been made. In that connection, you should consider the circumstances under which any such statements were given as bearing upon the weight you decide to accord to them.

AUTHORITY/SOURCE

Fed. R. Evid. 801(d)(2).

## **OBJECTIONS AND RULINGS**

It is the duty of the attorney on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not show prejudice against an attorney or his client because the attorney has made an objection.

Upon allowing testimony or other evidence to be introduced over the objection of a lawyer – that is, in overruling a lawyer's objection – the Court does not, unless expressly stated, indicate any opinion as to the weight or effect of the credibility of all witnesses and the weight and effect of all evidence.

When the Court has sustained an objection to a question addressed to a witness, the jury must disregard the question entirely, and may draw no inference from the wording of it, or speculate as to what the witness would have said if he had been permitted to answer any question.

### AUTHORITY/SOURCES

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions,* § 101.49 (5th Ed. 2001 & Supp. 2005);
*Lunn v. Hussey*, No. CV010085525, 2003 Conn. Super. LEXIS 401 (Conn. Super. Ct. Feb. 11, 2003);
*Talbot v. Kirkup*, No. 551986, 2000 Conn. Super. LEXIS 2506 (Conn. Super. Ct. Sep. 21, 2000).

## **BURDEN OF PROOF**

I will now explain to you certain rules that apply in civil cases generally. In a civil action such as this, the party who asserts certain facts must prove those facts by the required weight of the evidence. This obligation is known as the "burden of proof." In this case, the plaintiff must prove the essential elements of its claim for damages by a "preponderance of the evidence."

This rule does not require proof to an absolute certainty or even proof "beyond a reasonable doubt," the rule in criminal cases. Rather, you must weigh the evidence in support of a particular fact against the evidence opposed to that fact and consider which evidence is more convincing. To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.

It may be helpful to ask yourselves, with respect to each disputed issue of fact, how all the credible evidence would balance if you placed it on an imaginary pair of scales. If all the evidence presented by both sides on a particular issue of fact caused the scales to strike an even balance, then the plaintiff has failed to meet his burden. On the other hand, if the evidence caused the scale to tip even slightly in favor of the party asserting the claim, then that fact would have been proved by a preponderance of the evidence.

In determining whether any fact in dispute has been proved by a preponderance of the evidence, you should consider the testimony of all witnesses and all exhibits received in evidence, regardless of who may have introduced them.

AUTHORITY/SOURCE

3 Kevin O'Malley, *et al., Federal Jury Practice & Instructions*, § 104.01 (5th Ed. 2001 & Supp. 2005).

## DAMAGES GENERALLY

As I mentioned before, the plaintiff bears the burden of proof to establish its claim for damages under the Charter Agreement. I charge you that, as to any item of damage for which the plaintiff claims to be entitled to recover, you must find that the plaintiff has proven such damage by a fair preponderance of the evidence. You are not compelled to accept as true the plaintiff's evidence nor the testimony of its expert. This is solely within your province. Remember that it is not the burden of Electric Boat to disprove the damages that the plaintiff claims. If the evidence is evenly balanced or is in equipoise, then the plaintiff has not sustained its burden of proof as to such element of damage.

Further, I instruct you that you are not to speculate or to guess as to the extent of the alleged damages claimed by the plaintiff. The measure of damages claimed by the plaintiff must be proven with reasonable certainty. You may not award the plaintiff any money for any alleged damage which may only possibly have resulted from termination of the Charter Agreement. In other words, damages may only be awarded when they have been proven by a fair preponderance of the evidence, in an amount proven with reasonable certainty. Keep in mind that plaintiff is entitled to recover only fair, just and reasonable damages. It is not proper for a jury to attempt to be generous, rather than fair and reasonable.

AUTHORITY/SOURCES

3 Kevin O'Malley et al., *Fed. Jury Practice & Instructions* § 106.02 (5th ed. 2001 & Supp. 2005);
Douglas B. Wright et al., *Conn. Jury Instructions (Civil)* § 222(d) (4th Ed. 1992 & Supp. 2004);
*Cheryl Terry Enters. v. City of Hartford*, 270 Conn. 619, 639 (2004);
*Beverly Hills Concepts, Inc. v. Schatz, Schatz, Ribikoff & Kotkin*, 247 Conn. 48, 69 (1998);
*Hally v. Hosp. of St. Raphael*, 162 Conn. 352 (1972);
*Rosa v. American Oil Co.*, 129 Conn. 585 (1943);
*Braithwaite v. Lee*, 125 Conn. 10 (1938).

## **LIMITATION ON DAMAGES**

I instruct you that your award of damages to the plaintiff must be based on a monetary award you determine would reasonably compensate the plaintiff if the plaintiff had actually provided Electric Boat with air charter services 15 times per month, for a period of six months. The Charter Agreement limits the plaintiff's damages in this manner and you may not award damages to the plaintiff under any alternative assumption of frequency or duration.

## TERMINATION DAMAGES

I am instructing you as a matter of law that Electric Boat terminated the Charter Agreement for convenience. Your province here is to determine that amount of compensation, if any, the plaintiff is entitled because of Electric Boat's termination. Under Paragraph 14 of the Terms and Conditions, the plaintiff is only entitled to "an amount, to be mutually agreed upon, which shall be adequate to cover the reasonable costs of [Plaintiff's] actual performance of work under this order to the effective date of termination, plus a reasonable profit thereon." The plaintiff is not entitled to payment of the amounts invoiced for flights that were never actually made.

If you determine that the plaintiff is entitled to compensation under Paragraph 14 of the Terms and Conditions, you may award Executive Airlines damages so as to place it in the same position as it would have been had the Charter Agreement not been terminated by Electric Boat. In determining an appropriate measure of compensation, you should not place Executive Airlines in a better position than it would have been if the contract had been performed. Executive Airlines is entitled to nothing in excess of that sum which compensates it for the loss of its bargain with Electric Boat. In essence, this means that the most that Executive Airlines could recover is its reasonable profit if it had actually performed its obligations under the contract.

### AUTHORITY/SOURCES

*Argentinis v. Gould*, 219 Conn. 151, 157-58 (1991);
*Gargano v. Heyman*, 203 Conn. 616, 621 (1987);
*Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 688-89 (1986);
22 Am. Jur. 2d *Damages* §46 (2d ed. 1988).

## **ALTERNATIVE CONTRACT DAMAGE INSTRUCTION**

Compensatory damages represent the sum of money that will fairly, adequately and reasonably compensate a party for harm proximately caused by another's conduct. Compensatory damages are those damages which would make a party whole. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

In a contract-based action, an award of damages is designed to place the plaintiff, so far as it can be done by money, in the same position it would have been in had the contract been fully performed as agreed. In determining an appropriate measure of damages, you should not award the plaintiff anything in excess of that sum which compensates it for the loss of its bargain with Electric Boat. The plaintiff may recover for those losses which it has proven by a preponderance of the evidence were the direct or natural result of the Electric Boat's early termination. The plaintiff is entitled to those damages which Electric Boat should have realized might result from its conduct. You may not guess or speculate as to the proper amount of the award of damages, but absolute certainty is not required. Reasonable certainty is the test. You must be able, in view of the evidence which is offered, to arrive with a reasonable degree of certainty at some conclusion as to what the plaintiff lost. Applying these principles to the situation before you, you must determine an amount that is fair compensation to the plaintiff.

In fixing the amount of damages that will reasonably and fairly compensate the plaintiff you are to consider that a party that is damaged must exercise ordinary care to minimize damages, if any. The plaintiff may not recover for losses which it could have prevented or avoided by reasonable efforts on its part.

In no event may the plaintiff recover what are called "consequential damages," those that may be claimed to have resulted from the termination of the Charter Agreement, such as lost business, excess aircraft capacity or even failure of the business itself. And in no event is the plaintiff entitled to recover for payments it claims to have been made in reliance on the contract, such as the purchase of aircraft or the lease of facilities.

## AUTHORITY/SOURCES

*Argentinis v. Gould*, 219 Conn. 151, 157-58 (1991);
*Gargano v. Heyman*, 203 Conn. 616, 621 (1987);
*Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 688-89 (1986);
22 Am. Jur. 2d *Damages* §46 (2d ed. 1988).

## **MITIGATION OF DAMAGES**

When a party claims damages suffered as a result of a breach of contract, or due to some other alleged improper conduct, that party is under an affirmative obligation to exercise reasonable conduct to minimize the damages it claims.

In the context of this case, the plaintiff had an affirmative duty to use reasonable efforts to minimize the damages it suffered due to the termination of the contract. On this issue, Electric Boat has the burden of proving that the plaintiff failed to exercise reasonable conduct to minimize or avoid its alleged damages. Electric Boat must establish (1) that the plaintiff, failed to take reasonable action to lessen or avoid its damages; (2) that the damages were enhanced by the plaintiff's failure to take reasonable action to lessen or avoid its damages; and (3) that the damages which could have been avoided can be measured with reasonable certainty.

If you find that the plaintiff failed in any way to mitigate or avoid its damages, you must reduce any award by the amount the plaintiff reasonably could have expected to recover through mitigation.

### AUTHORITY/SOURCES

*Preston v. Keith*, 217 Conn. 12, 22 (1991);
*West Haven Sound Dev. Corp. v. City of West Haven*, 201 Conn. 305, 332 (1986);
*Cary Oil Co. v. MG Ref. & Mktg., Inc.*, 90 F. Supp. 2d 401 (S.D.N.Y. 2000).

## **CONCLUSION**

You may now retire to the jury room. Elect one of your members as foreperson. The foreperson is in no way more important in your deliberations. His or her function is to pass any requests for clarification of these instructions or something of that nature on to me, and to announce your verdict. If you do have such requests, please give them to the Marshal, in writing, and he or she will bring them to me. Be careful to give us no indication of the status of your deliberations when you make such requests; we are not permitted to know anything about how fast or slow you are proceeding, or whether you are divided in your positions, or any other information about what is taking place in the jury room.

As you proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you. Render your verdicts fairly, uprightly, and without a scintilla of prejudice.

Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty of each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the course of your deliberations, you become convinced that the views you held are erroneous, do not hesitate to reexamine those views and change your opinion. Ultimately, however, you must decide the case for yourself. Do not surrender your beliefs as to the proper weight of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.