**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. |
| | : | 02-CV-194 (WWE) |
| Plaintiff, | : | |
| VS. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| | : | |
| Defendant. | : | AUGUST 7, 2006 |
| | : | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR ADJOURNMENT OF THE TRIAL AND TRIAL MEMORANDUM SUBMISSION DATES AND SUBSTITUTION OF ITS EXPERT WITNESS ON DAMAGES

Defendant, Electric Boat Corporation ("Electric Boat") hereby respectfully submits its Opposition to Plaintiff's Motion for Adjournment of the Trial and Trial Memorandum Submission and Substitution of its Expert Witness on Damages ("Pl.'s Mot."). Plaintiff's endeavor to delay this hearing in damages and substitute its expert witness is nothing more than an improper attempt to obtain another "bite at the apple." Although Plaintiff was told by the Court prior to February, 2006 that proof of its damages would be enhanced by expert testimony, Plaintiff failed to diligently pursue and engage a suitable expert in this regard. Plaintiff now seeks leave of this Court to cure Plaintiff's own error in originally disclosing an unqualified expert and delay the commencement of trial for its own convenience. As set forth more fully below, "'fairness does not require that a plaintiff…be afforded a second chance to marshal other expert opinions and shore up his case.'" *Lippe v. Bairnco Corp.*, 99 F. App'x. 274, 278-79 (2d Cir. 2004) (quoting *Nelson v. Tennessee Gas Pipeline Co.*, 243 F.3d 244, 250 (6th Cir. 2001).

I.  **PROCEDURAL HISTORY**

This hearing in damages comes before this Court pursuant to the April 6, 2006 order granting Electric Boat a retrial as to damages in the above-captioned action.  (*See* Order on Renewed Mot. for J. as a Matter of Law or, in the Alternative, Mot. for a New Trial (Eginton, J.) dated Apr. 6, 2006 ("Order on Mot. for J.")).  Plaintiff's claims against Electric Boat in the underlying case were predicated on a contract between the parties whereby Plaintiff agreed to provide air charter services to Electric Boat between its facilities located in Groton, Connecticut and Newport News, Virginia.[1]  Plaintiff commenced services for Electric Boat on April 10, 2000, using a BAE Systems Jet Stream 3101, registration number N16EJ (the "Aircraft").  On May 21, 2000, just six weeks after its first flight for Electric Boat, Plaintiff was operating the Aircraft on a charter flight for another customer when the Aircraft crashed, killing all passengers and crew on board.  Electric Boat immediately suspended service with the Plaintiff, and on June 7, 2000, terminated the Charter Agreement.

Plaintiff brought suit against Electric Boat claiming that Electric Boat had improperly terminated the Charter Agreement and seeking liquidated damages in the amount of $494,395.00.  (*See* Second Am. Compl. first count, ¶ 20; second count, ¶¶ 22-23.)  On February 17, 2006, after a four-day jury trial, the jury returned a verdict in favor of Plaintiff in the amount of $472,368.00.  After considering Electric Boat's post-trial filings, the Court determined that the July 17, 2003 ruling on Electric Boat's Motion for Summary Judgment (Goettel, J.) established that Plaintiff was not entitled to an award of liquidated damages under the Charter Agreement.

---

[1] The contract between the parties consisted of three documents: a document entitled "Purchase Order Terms and Conditions" known as GDC 410 (REV. 3/87) (the "Terms and Conditions"); a February 9, 2000 purchase order, number SNL022-096 (the "February Purchase Order"); and a March 14, 2000 purchase order number SNL022-096, along with a "Purchase Order Supp. No. 1" (collectively the "March Purchase Order") (collectively the "Charter Agreement").

(*See* Order on Mot. for J.)  The Court found that the jury's damage award was akin to an award of liquidated damages and against the weight of the evidence presented at trial.  (*Id.*)  Accordingly, the Court ordered a new trial as to damages and issued a pretrial order setting the case to be retried on August 14, 2006 ("Apr. Pretrial Order")(attached as Ex. A).  On May 12, 2006, the Court issued a scheduling order setting forth deadlines with respect to expert discovery ("Scheduling Order")(attached as Ex. B).

On June 1, 2006, Plaintiff disclosed Diane Steiner ("Steiner") and Mr. William deDecker ("deDecker") as expert witnesses in this matter.[2]  Ms. Steiner was expected to testify as to the amount of Plaintiff's economic losses stemming from Electric Boat's termination of the Charter Agreement, while Mr. deDecker was expected to offer testimony on generic aircraft operating costs.  In accordance with the Scheduling Order, Electric Boat deposed Mr. deDecker on June 13, 2006 and Ms. Steiner on June 15, 2006.  On July 18, 2006, Electric Boat moved to preclude Ms. Steiner's testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 597 (1993) and Federal Rule of Evidence 702 on the grounds that: (1) Ms. Steiner was not qualified to offer an opinion as to the amount of Plaintiff's economic losses, and (2) Ms. Steiner's methodology did not meet the reliability standards set forth by the Federal Rules of Evidence.[3]  Electric Boat also contended that Mr. deDecker's testimony was irrelevant if Ms. Steiner's testimony was precluded.  (*See* Def.'s Mot. to Preclude the Testimony of Pl.'s Proposed Expert,

---

[2] Although Plaintiff purportedly "disclosed" Ms. Steiner and Mr. deDecker as expert witnesses by providing counsel for Electric Boat with a copy of Ms. Steiner's expert report, which attached Mr. deDecker's report as an exhibit, Plaintiff did not provide Electric Boat with the formal disclosures required by Federal Rule of Civil Procedure 26(a)(2).

[3] Pursuant to the terms of the Charter Agreement, Electric Boat also moved, in the alternative, to limit Ms. Steiner's testimony to her calculation of Plaintiff's economic losses based on a frequency of 15 flights per month for a period of six months.  (*See* Mot. to Preclude 12-16.)

dated July 18, 2006 ("Mot. to Preclude").)  Thereafter, in accordance with the April Pretrial Order, Electric Boat filed its Trial Memorandum and set forth its list of witnesses, trial exhibits and proposed jury instructions.  (*See* Def.'s Trial Mem., July 20, 2006.)

On July 24, 2006, Plaintiff sent a letter to the Court acknowledging its failure to timely file its own Trial Memorandum, and requesting an extension of time to file its Memorandum as well as an extension of the trial date.  (*See* Ltr. to Hon. W. Eginton from D. Hayes dated July 24, 2006 ("Plaintiff's Letter"))(attached as Ex. C).  Plaintiff's Letter also revealed, for the first time, Plaintiff's intent to disclose Anthony Ciccidicola ("Ciccidicola") as a rebuttal or substitute expert witness, notwithstanding that the deadline for Plaintiff to disclose its experts passed on June 1, 2006.

In response to Plaintiff's Letter, and Electric Boat's objection thereto (attached as Ex. D), the Court held a telephonic Status Conference on July 25, 2006.[4]  On July 27, 2006, the Court entered an order "continuing jury selection and trial to a date to be determined" prior to receiving any formal motion from Plaintiff requesting an extension of time or permitting Electric Boat the opportunity to object on the record.  (*See* 02-CV-194 (WWE), Docket Entry No. 193.)  Four days later, Plaintiff moved to delay the commencement of trial and trial memorandum submission dates, as well as to substitute Ms. Steiner's expert opinion with that of Mr. Ciccidicola.  Plaintiff's Motion recites word-for-word its July 24, 2006 letter to the Court and does not set forth *any* legal authority for the relief it seeks.  Electric Boat vehemently contests the entirety of Plaintiff's Motion for all the reasons set forth below.

---

[4] Electric Boat responded to Plaintiff's Letter with its own letter to the Court dated July 25, 2006.  Electric Boat noted its objection to the form of Plaintiff's requests and offered to file a formal opposition once Plaintiff properly moved for the relief it sought.

## II. ARGUMENT

### A. Plaintiff's Request to Substitute Its Expert Should Be Denied Because Plaintiff Had Ample Notice and Time to Engage an Expert Witness

Since the United States Supreme Court ruling in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 597 (1993), "parties relying on expert evidence have had notice of the exacting standards of reliability such evidence must meet." *Weisgram v. Marley Co.*, 528 U.S. 440, 455 (2000); *see also Lippe*, 99 F. App'x. at 278-79. As such, "[i]t is implausible to suggest, post-*Daubert*, that parties will initially present less than their best expert evidence in the expectation of a second chance should their first try fail." *Weisgram*, 528 U.S. at 455-56. In line with the United States Supreme Court's reasoning in *Weisgram*, "'fairness does not require that a plaintiff [whose expert witness testimony has been found inadmissible under *Daubert,*] be afforded a second chance to marshal other expert opinions and shore up his case.'" *Lippe*, 99 F. App'x. at 280 (quoting *Nelson*, 243 F.3d at 250). Therefore, in cases where the party offering expert testimony had a full and fair opportunity to engage an expert witness, substitution of that expert witness after a successful *Daubert* challenge is improper.[5] *Id.*

In this case, Plaintiff had more than a sufficient opportunity to develop and defend its choice of an expert. By instruction of this Court, Plaintiff was on notice prior to February, 2006 that its damage case would be greatly enhanced by the addition of expert testimony. At the very latest, Plaintiff was on notice that it may wish to locate and retain a qualified expert witness in this matter as of the April 6, 2006 Order on Motion for Judgment, granting a retrial as to

---

[5] The Court has not yet formally precluded Ms. Steiner from testifying in this case. However, the Court strongly suggested that Plaintiff seek out a new expert at the July 25, 2006 telephonic Status Conference. Although counsel for Plaintiff cites absolutely no reason for the proposed substitution other than his "prior experience in litigated matters"(Pl.'s Mot. 5), Plaintiff could reasonably consider the Court's "suggestion" as tantamount to the preclusion of Ms. Steiner's testimony. Thus, for purposes of Section A herein, Electric Boat assumes that the Court has precluded, or will preclude, Ms. Steiner's testimony.

Plaintiff's damages and setting trial in this matter for August, 2006. Plaintiff will have this Court believe that it was unable to locate a qualified expert or proffer an suitable expert report within in the time allotted because Plaintiff had difficulty finding "a suitable accountant during tax season," Plaintiff reviewed its records "only superficially during discovery" for the first trial and Plaintiff was now required to "sort[] out Executive's records after several years of storage." (Pl.'s Mot. 3.) However, the Court suggested Plaintiff retain an expert on damages well before the first trial in this case began and well before the start of tax season. Moreover, Plaintiff had approximately one and a half months to retain an expert after tax season ended. Accordingly, "tax season" is not to blame for Plaintiff's failure to proffer a qualified expert or suitable expert report within the deadlines set by this Court.

Plaintiff's failure to review or sort its records for the first trial also provides no explanation for Plaintiff's failure to proffer a qualified expert or suitable expert report within the deadlines set by this Court. In fact, Plaintiff's failure in this regard only reflects Plaintiff's continuing lack of diligence in this case. In light of the July 17, 2003 ruling (Goettel, J.) barring Plaintiff's claim for liquidated damages, Plaintiff was on notice for approximately *three years* that its damage claim would require evidence of Plaintiff's damages, in part, from Plaintiff's own books and records. Plaintiff's failure to set forth that evidence at the first trial resulted in a damage award that was against the weight of the evidence, and ultimately forced this Court to grant Electric Boat this retrial as to damages. (*See* Order on Mot. for J.)

Even more telling is Plaintiff's ability to locate and retain Mr. Ciccidicola after it was "first made aware that [Ms. Steiner] was vulnerable to [a *Daubert*] motion." (Pl.'s Mot. 5.) Plaintiff disclosed its intent to substitute Mr. Ciccidicola on July 24, 2006, only six days after Electric Boat moved to preclude Ms. Steiner. Plaintiff was on notice of Ms. Steiner's

vulnerability to preclusion as of June 15, 2006, the date Ms. Steiner was deposed.  Although Plaintiff was unable to locate a qualified expert within the deadlines set by this Court, when acting "in the exercise of prudence," Plaintiff managed to locate and engage Mr. Ciccidicola in a little over one month.  (*Id.*)  Accordingly, Plaintiff's excuses for failing to proffer a qualified expert or suitable expert report within the deadlines set by this Court are nothing more than lawyerly assertions intended to divert the Court's attention from Plaintiff's glaring lack of diligence in retaining an expert and preparing its damage case the first time around.  Accordingly, the Court should deny Plaintiff's request to substitute its expert and preclude the testimony of Mr. Ciccidicola.

        B.     <u>Plaintiff's Request to Substitute Its Expert Should Be Denied Because Electric Boat Will Be Severely Prejudiced by the Substitution.</u>

Perhaps more importantly, Electric Boat will be severely prejudiced by having to meet Plaintiff's substitute expert testimony.  When an expert witness has been precluded from testifying under *Daubert* and Federal Rule of Evidence 702, the Second Circuit Court of Appeals has recognized the importance of engaging in a prejudice inquiry in evaluating motions to substitute the precluded expert.  *See Lippe v. Bairnco Corp.*, 99 F. App'x. 274 (2d Cir. 2004).  As affirmed by the Second Circuit Court of Appeals in *Lippe*, permitting a party to substitute an expert witness for no other reason than "to permit the [moving party] an opportunity to cure their case after having made some 'ill-advised tactical choices'" is fundamentally unfair and prejudicial. *Id.* at 278-79.  Plaintiff's only explanation for attempting to substitute Mr. Ciccidicola is the assumption that the Court will preclude the testimony of Ms. Steiner pursuant

to Federal Rule of Evidence 702.[6] Plaintiff's failure to disclose a qualified expert within the deadlines set by this Court can only be attributed to Plaintiff's lack of diligence in engaging a suitable expert as to damages. Plaintiff was on notice that an expert opinion would be helpful to its damage case prior to commencement of the first trial in this case, giving Plaintiff ample time to locate and retain a qualified expert. Plaintiff *chose* to disclose Ms. Steiner as its expert on damages the first time around, an individual whose "expert" qualifications were deficient at best. (*See* Mot. to Preclude.) Plaintiff should remain fully responsible for its tactical choices. Permitting Plaintiff to redress its own error in disclosing an unqualified expert by untimely disclosing, presumably, a more qualified expert this second time around is fundamentally unfair and prejudicial to Electric Boat.

District courts in the Second Circuit also recognize substantial prejudice in cases where a defendant has made a "significant investment" in pursuing its defense according to court-ordered deadlines. *See Arnold v. Krause, Inc.*, 233 F.R.D. 126, 130 (W.D.N.Y. 2005).[7] In this case, Electric Boat began preparing its defense to Plaintiff's anticipated damage claims *prior* to February, 2006 – the time the first trial in this matter commenced. The April Pretrial Order that accompanied this Court's order granting Electric Boat a retrial as to damages permitted only four months for the parties to prepare for retrial (*see* April Pretrial Order), and accordingly, Electric

---

[6] Electric Boat assumes that Plaintiff's "prior experience in litigated matters" (Pl.'s Mot. 5) leads Plaintiff to believe that Ms. Steiner is not qualified to render an expert opinion in this matter and will be precluded from offering expert testimony.

[7] In *Arnold v. Krause, Inc.*, 233 F.R.D. 126 (W.D.N.Y. 2005), the district court reviewed a decision of a magistrate judge excluding the testimony of the plaintiff's untimely disclosed expert witness. The inquiry related to precluding the testimony of an untimely disclosed expert is essentially the same as the inquiry related to denying a motion to substitute because a "substitute" expert is necessarily disclosed outside the time permitted for expert disclosure by the court or the Federal Rules of Civil Procedure to replace the testimony of a properly disclosed expert.

Boat immediately began preparing its substantive defense to Plaintiff's anticipated damage claim this second time around. Since Plaintiff disclosed Ms. Steiner as its expert witness on June 1, 2006, Electric Boat has expended a significant time and effort preparing its rebuttal to her calculation of Plaintiff's damages. Pursuant to deadlines set by this Court, Electric Boat took the depositions of Ms. Steiner and Mr. William deDecker approximately two weeks after each individual was disclosed by Plaintiff as an expert witness. Electric Boat also engaged its own expert witness to assist in evaluating Ms. Steiner's report. Again, pursuant to deadlines set by this Court, Electric Boat's expert worked diligently to prepare an expert report in rebuttal to Ms. Steiner's opinion, and make an independent determination of Plaintiff's damages. Electric Boat will compensate its expert in excess of $42,000.00 for work completed through July 31, 2006. (*See* August 7, 2006 Analysis Group, Inc. Invoice)(attached as Ex. E). Moreover, at the time Plaintiff initially announced its intention to substitute Mr. Ciccidicola as its expert, Electric Boat already had prepared its case for trial. Pursuant to the April Pretrial Order, Electric Boat submitted to the Court its witness list, exhibit list, and proposed jury instructions.[8] (*See* Def.'s Trial Mem.) Collectively, it is hard to imagine a clearer example of a defendant making a more "substantial investment" in pursuing its defense according to court-ordered deadlines.

To permit Plaintiff to substitute its expert in this case effectively begins the entire expert discovery process over again. As a result, Electric Boat will be required to take the deposition of Mr. Ciccidicola, engage an expert to assist in reviewing Mr. Ciccidicola's opinion and proffer an entirely new expert report – all steps Electric Boat completed in accordance with court-imposed deadlines the first time around. Moreover, Electric Boat will be forced to absorb the expense it

---

[8] Trial has been unnecessarily delayed for the convenience of the Plaintiff. Electric Boat remains prepared to proceed to trial as originally scheduled by the Court. (*See* Def.'s Trial Mem.)

has incurred in the expert discovery process thus far, all to cure errors made by Plaintiff's own lack of diligence. Accordingly, the Court should deny Plaintiff's request to substitute its expert and preclude the testimony of Mr. Ciccidicola.

### C. Plaintiff's Request to Substitute Its Expert Should Be Denied Because Plaintiff Has Not Established a Need to Substitute

In non-*Daubert* related circumstances, district courts in the Second Circuit only permit expert substitution where the moving party establishes that its original expert is unavailable to testify, the moving party was not a fault for the "need" to substitute its expert, and where the proposed substitution would not prejudice the non-moving party. *See, e.g., Robinson v. Adirondack Med. Ctr.*, 244 F. Supp. 2d 66, 71 (N.D.N.Y. 2003) (denying motion to substitute because original expert was available to testify); *LNC Investments, Inc. v. First Fid. Bank*, No. 92 Civ. 7584 (CSH), 2000 U.S. Dist. LEXIS 13038, at * 10 (S.D.N.Y. Sept. 12, 2000) (denying a motion to substitute on the ground that "[t]he situation is the result of [defendant's] action, or more accurately, inaction, and it would not be fair to disturb the plaintiffs' arrangements for a trial…").[9] Here, Plaintiff does not even contend that Ms. Steiner is no longer available to provide assistance on this case, and certainly does not submit any evidence to that effect. (*See* Pl.'s Mot.) Moreover, as set forth more fully in Sections A and B above, Plaintiff is exclusively at fault for its purported "need" to substitute and the proposed substitution will cause Electric Boat severe prejudice. Accordingly, the principles related to expert substitution in non-*Daubert* related circumstances also weigh in favor of denying Plaintiff's request to substitute its expert and preclude the testimony of Mr. Ciccidicola.

---

[9] Copies of all unreported opinions are attached hereto as Ex. F.

D. <u>Plaintiff's Request to Substitute Its Expert Should Be Denied Because the Deadline to Disclose Experts Has Passed.</u>[10]

In this case, Plaintiff seeks leave to disclose Mr. Ciccidicola nearly seven weeks after the Court-imposed deadline for Plaintiff to disclose its expert witnesses. The Federal Rules of Civil Procedure mandate that the disclosure of an expert witness "shall be made at the times and in the sequence directed by the court." Fed. R. Civ. P. 26(a)(2)(C). In the absence of direction from the district court, an expert disclosure must be made "at least 90 days before the trial date or the date the case is to be ready for trial."[11] *Id.* Since failure to disclose in a timely manner is equivalent to failure to disclose, *see Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998), a party that has no substantial justification for its failure to timely disclose an expert witness "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). Taking into account Federal Rule of Civil Procedure 16, which permits the district court authority to set management deadlines and to impose sanctions for their violation, the Federal Rules of Civil Procedure permit a court to preclude the testimony of an untimely disclosed expert witness unless the late disclosure was either harmless or otherwise substantially justified. *See* Fed. R. Civ. P. 16(b),(c)(5)-(7), (f); 37(c)(1); *see also Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998).

---

[10] If the Court does not preclude the testimony of Ms. Steiner, then Plaintiff's disclosure of Mr. Ciccidicola as an additional expert witness must be evaluated under the Federal Rules of Civil Procedure and federal case law relating to the untimely disclosure of expert witnesses.

[11] Even if Plaintiff's untimely disclosure could be cured by the 90-day provision provided by Federal Rule of Civil Procedure 26(a)(2)(C), there is no way to determine whether Plaintiff has disclosed its new expert within the time permitted, as the Court left the date of trial and/or trial-readiness undetermined by its Order dated July 27, 2006.

The Second Circuit Court of Appeals has directed district courts to consider four factors in determining whether to preclude untimely evidence in this regard: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance. *See Outley v. City of New York*, 837 F.2d 587, 590-91 (2d Cir. 1988); *see also Patterson v. Balsamico*, 440 F.3d 104 (2d Cir. 2006); *Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997). Although preclusion of evidence is generally a drastic sanction, the Second Circuit recognizes that preclusion is "necessary to achieve the purpose of Rule 37 as a credible deterrent rather than a paper tiger." *Update Art, Inc. v. Modiin Publ'g Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988)(internal quotation marks and citation omitted); *Arnold v. Krause, Inc.*, 233 F.R.D. 126, 130 (W.D.N.Y. 2005). In this case, the *Outley* factors weigh in favor of precluding Mr. Ciccidicola's testimony.

First, Plaintiff's only explanation or "justification" for disclosing Mr. Ciccidicola at this time is the assumption that the Court will preclude the testimony of Ms. Steiner pursuant to Federal Rule of Evidence 702. Plaintiff seeks to disclose and substitute Mr. Ciccidicola, rather than face a substantive *Daubert* hearing on the suitability of Ms. Steiner as an expert. Plaintiff had ample time to locate and engage a qualified expert in this regard and should not be permitted another "bite at the apple." Plaintiff's attempt to cure its own error in disclosing an unqualified expert does not constitute a suitable explanation or a "substantial justification" for the untimely disclosure of Mr. Ciccidicola.

Second, Mr. Ciccidicola's testimony is not necessary to Plaintiff's case. Plaintiff is capable of establishing its damages through other evidence at trial. As an initial matter, the

testimony of Plaintiff's original expert as to damages has not yet been precluded. However, this information is also readily available through Plaintiff's own documents, including account receivable reports, flight reports, payroll documents and financial statements.[12] Accordingly, Plaintiff is able to provide the jurors with evidence of its damages without the testimony of Mr. Ciccidicola.

Third, and perhaps most importantly, the prejudice Electric Boat will suffer as a result of having to prepare to meet Plaintiff's new expert testimony is severe. As set forth in Section B above, Electric Boat has made a significant investment in pursuing its defense according to court-ordered deadlines, and would suffer a great prejudice as a result of having to prepare to meet Plaintiff's new expert testimony and having trial delayed.

Although the Court provided an extension of the trial date in this matter, Plaintiff's substandard reasons for failing to timely disclose Mr. Ciccidicola, Plaintiff's ability to establish its damages with other evidence, and the severe prejudice to Electric Boat in permitting Mr. Ciccidicola to testify warrant the preclusion of his testimony under the *Outley* factors. Accordingly, the Court should deny Plaintiff's request to substitute its expert and preclude the testimony of Mr. Ciccidicola.[13]

---

[12] The deposition testimony of Ms. Steiner confirms these documents exist and are in the possession of Mr. Peragine. (*See* Mot. to Preclude n.11.) On July 24, 2006, Electric Boat served Plaintiff with a request for the production of these documents. (*See* Pl.'s Mot. 8-9.)

[13] Electric Boat also objects to Plaintiff's alternative request to submit Mr. Ciccidicola as a rebuttal witness. Fed. R. Civ. P. 26(a)(2)(C) defines rebuttal experts as presenting "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. Plaintiff has not yet disclosed Mr. Ciccidicola or identified the substance of Mr. Ciccidicola's proposed testimony. As such, Electric Boat reserves the right to submit a formal opposition on this issue.

### D. In the Alternative, Plaintiff Must Compensate Electric Boat for the Costs Associated With Expert Discovery in this Matter Thus Far.

In addition to the district court's authority to preclude the testimony of untimely disclosed expert witnesses, the Federal Rules of Evidence also permit the court to impose additional sanctions for late disclosure, including payment of reasonable expenses and attorney's fees caused by the failure to disclose. Fed. R. Civ. P. 37(c)(1). Reimbursement of expenses is considered the mildest sanction and is appropriate to remedy prejudice caused by the behavior of another party during discovery. *See Equant Integrations Servs. v. United Rentals (N. Am.), Inc.*, 217 F.R.D. 113 (D. Conn. 2003).

Federal courts have imposed this sanction as a prerequisite to granting leave to substitute an expert witness as a means to abate prejudice caused by the substitution. *Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-EEO, 1998 U.S. Dist. LEXIS 11822 (D. Kan. July 31, 1998). In *Sithon Maritime*, the plaintiff sought leave to substitute the expert witness it designated to provide testimony on its damages. The defendant opposed the plaintiff's request on the ground that the defendant would be prejudiced by the substitution because it spent approximately $37,000 for its own expert to review and criticize the opinion of the plaintiff's original expert. The Court recognized the inherent prejudice to the defendant by allowing substitution, but determined:

> "The court can cure that prejudice, however, by requiring plaintiff to reimburse the defendant for a reasonable amount of such expense. Since the motion seeks relief to benefit the plaintiff through no fault of the defendant, the latter should not bear all the expense it has incurred."

*Id.* at *4-5. As a matter of fundamental fairness, the *Sithon Marine* Court granted the plaintiff's motion to substitute *on the condition that* the plaintiff reimburse the defendant for the reasonable expenses it incurred for its expert witness. Likewise, if the Court permits Plaintiff to substitute

its expert witness, the relief granted will benefit Plaintiff through no fault of Electric Boat. Accordingly, Plaintiff should be required to reimburse Electric Boat for the expert fees it incurs in preparing its rebuttal to Ms. Steiner's expert opinion, as well for a reasonable amount of the attorney's fees Electric Boat expended in connection with the depositions of Ms. Steiner and Mr. deDecker, and to prepare Electric Boat's Motion to Preclude.[14]

### E. Plaintiff's Request to Delay the Commencement of Trial and Modify the Pretrial Filing Deadlines Must Be Denied Because Plaintiff Continues to Engage in Dilatory Behavior.

Plaintiff contends that there is "too much to be briefed and decided for the trial to go forward on August 28." (Pl.'s Mot. 2.) As justification for this assertion, Plaintiff cites the following: (1) Plaintiff must brief its response to Electric Boat's Motion to Preclude Ms. Steiner; (2) Plaintiff must submit the expert report of Mr. Ciccidicola as a substitute or rebuttal expert; (3) Plaintiff must take the deposition of Electric Boat's expert witness; (4) Plaintiff must prepare and submit its "*Daubert* motion related to" Electric Boat's expert witness; (5) Plaintiff must respond to Electric Boat's July 24, 2006 Notice of Deposition and Request for the Production of Documents ("Request for Production"); (6) Electric Boat must take the depositions of Mr. Peragine and Mr. Ciccidicola; (7) the Court must rule on all outstanding issues; and (8) the parties must prepare for trial in accordance with the Court's rulings.[15] (*Id.* 10.) A close review of these "reasons" reveal that Plaintiff has continually failed to prepare its case in this matter as a means to maneuver this Court into delaying trial.

---

[14] Electric Boat would be pleased to provide the Court affidavits attesting to these expenses.

[15] Strangely, Plaintiff also cites its need to brief and submit a motion to substitute Mr. Ciccidicola in support of its request to delay trial (*see* Pl.'s Mot. 10), despite the fact that Plaintiff's Motion does precisely that. This is another indication that Plaintiff's Motion simply recites its July 24, 2006 Letter to the Court word-for-word and adds a case caption.

Plaintiff is exclusively at fault for the onslaught of expert discovery it uses to justify delaying trial in this matter. Plaintiff has had approximately two weeks to brief its response to Electric Boat's Motion to Preclude. In lieu of responding, Plaintiff chose to request leave to substitute Mr. Ciccidicola for Ms. Steiner and disclose Mr. Ciccidicola one month before trial. Plaintiff chose to initiate the barrage of expert discovery related to Mr. Ciccidicola's disclosure, whether Mr. Ciccidicola is substituted for Ms. Steiner or permitted to testify as a rebuttal expert, as a means to redress its error in disclosing an unqualified expert. As a result, Plaintiff has delayed the deposition of Electric Boat's expert witness and its preparation of a *Daubert* motion, – additional reasons Plaintiff cites as justification for delaying trial.[16] (*Id.* 10.) Plaintiff should not be permitted to delay trial because it has created the need for additional and ongoing expert discovery by attempting to disclose Mr. Ciccidicola as substitute expert witness. Accordingly, Plaintiff's request to delay the commencement of trial and modify the pretrial filing date should be denied.

### III. CONCLUSION

Plaintiff has had ample time since inception of this case to proffer an expert as to Plaintiff's damages. Thus, permitting Plaintiff to substitute its expert and delay the commencement of trial is tantamount to punishing Electric Boat for proceeding in this matter, at all times, in accordance with the deadlines set by this Court. For all the foregoing reasons, Electric Boat respectfully submits Plaintiff's Motion should be denied in its entirety. In the

---

[16] Electric Boat served Plaintiff with Dr. Kosicki's disclosure on July 17, 2006. Plaintiff made no attempt to serve a notice of deposition on Dr. Kosicki or even contact counsel regarding Dr. Kosicki's availability prior to the July 24, 2006 Letter to the Court indicating Plaintiff's intent to substitute Mr. Ciccidicola as its expert witness. At the July 25, 2006 telephonic Status Conference, counsel for Electric Boat indicated that if substitution was permitted, Electric Boat would take the deposition of Mr. Ciccidicola before Electric Boat would allow Plaintiff to depose Dr. Kosicki.

alternative, Electric Boat respectfully requests the Court award Electric Boat reasonable costs related to expert discovery as a prerequisite to granting Plaintiff's requests for relief.

        DEFENDANT,
        ELECTRIC BOAT CORPORATION


By    /s/ Amy T. Maas
        Paul D. Williams (ct05244)
        Amy T. Maas (ct25561)
        Day, Berry & Howard LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        Tel. (860) 275-0100
        Fax. (860) 275-0343
        E-mail: pdwilliams@dbh.com
                atmaas@dbh.com

*Its Attorneys*

**ELECTRONIC CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

| | |
|---|---|
| Leonard Feigenbaum, Esq. | Daniel F. Hayes |
| 1670 Old County Road | Biedermann, Hoenig & Ruff |
| Suite 224 | 805 Third Avenue |
| Plainview, NY 11803 | New York, NY 10017 |

/s/ Amy T. Maas