# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | : | CIVIL NO.: 3:02 CV 194(WWE) |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | _____ |
| vs. | : | |
| | : | |
| | : | |
| ELECTRIC BOAT Corp., | : | |
| | : | |
| | : | |
| Defendant | : | August 10, 2006 |

### PLAINTIFF'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ADJOURNMENT OF THE TRIAL AND TRIAL MEMORANDUM SUBMISSION DATES AND SUBSTITUTION OF ITS EXPERT WITNESS ON DAMAGES

### PRELIMINARY STATEMENT

The Court was well within its discretion in granting plaintiff the relief sought in this motion, as it did in a  telephone conference on July 25, 2006, after receiving plaintiff's counsel's letter of July 24, 2006.  In such matters, a trial court enjoys wide discretion. *In re Fitch, Inc.* 330 F.3d 104, 108 (2dd Cir. 2003) .  At plaintiff's request, this Court entered an order vacating the trial date.  This decision is consistent with guidance from the Second Circuit.  The Second Circuit has emphasized that an adjournment is the appropriate solution to the request by the plaintiff to substitute its expert witness on damages.  See, *Wolak, supra*, 217 F.3d at 161, citing  *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988), discussed below.

Defendant's criticism of the plaintiff's motion as a ploy to delay the trial ignores that the Court has already granted the plaintiff the relief it sought, indicating that the Court found merit  in the plaintiff's requests and explanations.  Defendant's claim of prejudice ignores that the Court has

already stated it would grant sufficient time for preparation and would entertain Defendant's motion to transfer reasonable and necessary costs incurred by the Defendant's expert to the plaintiff.

In order to squeeze this case into the *Lippe* [1] fact pattern, Defendant's argument expressly **assumes** that the Court has already granted its *Daubert* motion against Ms. Steiner. This assumption is completely inappropriate. Plaintiff stated its disagreement that with the proposition that her testimony was unreliable under *Daubert* and has not yet filed its memorandum in opposition for the consideration of the Court. [2].

Plaintiff denies that it failed diligently to pursue and engage a suitable expert. Plaintiff and its counsel clearly and candidly set out the reasons for its request for substitution in its letter of July 24, 2006. As soon as it became apparent that counsel for Defendant intended to move against Diane Steiner, plaintiff's expert on damages, under *Daubert*, plaintiff located and retained a CPA with experience in litigation, Anthony Ciccodicola, who began his own review of the company's records and has now completed a report. (Exhibit A). The Steiner deposition occurred on June 15; the first meeting with Mr. Ciccodicola occurred on June 23; and the Defendant filed its *Daubert* motion against Ms. Steiner on July 18, 2006.

After it received plaintiff's counsel's letter, the Court by telephone conferred with the parties, noted it had read plaintiff's counsel's letter and the transcript of Steiner's deposition, and orally granted plaintiff the relief it sought: namely, to extend the time of trial and to substitute Mr. Ciccodicola for Ms. Steiner. The Defendant's counsel disagreed during the telephone conference

---

[1]       A non-precedential Summary Order published at *Lippe v. Bairnco Corp.*, 99 Fed.Appx. 274, 280, 2004 WL 1109846, 5 (2d Cir.2004)(please see below)

[2]       Counsel agreed, with the approval of the Court, to adjourn the deadline for filing plaintiff's opposition, until after the Court conference on August 15, 2006.

and disagrees now, but the Court, in its discretion, has rejected Defendant's arguments and there is no legal basis in the Defendant's Memorandum which requires the Court to reverse itself.

Plaintiff made this formal motion at the direction of the Court after the Court granted the relief sought only because counsel for Defendant, Mr. Williams, requested that a record be made; counsel for plaintiff was directed to convert the letter into a formal motion to create such a record. Defendant complains that the motion contained no citation to legal authority, but it was understood that the relief had been granted on the basis of the letter; it was not understood that more formal authority was needed, especially since these matters are within the discretion of the trial judge.

As will be demonstrated below, issues involving trial scheduling and the substitution of expert witnesses are matters clearly well within the discretion of the trial judge. Moreover, Defendant's legal argument is improperly based on a summary order of the Second Circuit, which Section 0.23 of the Second Circuit's rules forbids using as precedent, and whose fact pattern does not fit this case.

## ARGUMENT

### I

### *LIPPE* DOES NOT APPLY TO THESE FACTS AND AS A SUMMARY ORDER IS NOT BINDING OR PERSUASIVE AUTHORITY

Violating a rule of the Second Circuit, Defendant improperly relies on *Lippe v. Bairnco Corp.*, 99 Fed.Appx. 274, 280, 2004 WL 1109846, 5 (2d Cir.2004), as precedent for the proposition that where the party offering expert testimony had a "full and fair opportunity to engage an expert witness", substitution of that expert witness after a successful *Daubert* challenge is "improper". It is clear that the Defendant should not have briefed *Lippe*, that, *Lippe* provides no precedent binding

on the Court, and that *Lippe* does not apply to this motion because of a significant difference with the facts in this case.

### *Lippe* **May Not Be Cited or Relied on as Precedent**

*Lippe* is a summary order, whose text contains a bold print admonition: **THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT**...[3]

This rule means what it says and should be followed on pain of sanctions. *See McGreevy v. Providence Wash. Ins. Co.,* 2005 WL 1460428, 1 (N.D.N.Y. 2005) (Court warns Defendants' counsel that future citation to unreported Second Circuit decisions may lead to the imposition of sanctions.)

District Courts in this Circuit observe this rule, and consider such orders not to be binding authority. For example, in *New Colt Holding Corp. v. RJG Holdings of Florida, Inc*., 312 F.Supp.2d 195, 213 (D.Conn.,2004), the Court said:

> the opinion in *Neiman Marcus* is unpublished and clearly marked "summary order." According to the Second Circuit's Local Rules of Appellate Procedure, because summary orders "do not constitute formal opinions of the court and are unreported or not uniformly available to all parties, they shall not be cited or otherwise used in unrelated cases before this or any other court." Local Rule § 0.23. Plaintiffs' reliance on *Neiman Marcus* is therefore misplaced and is not binding authority. This is not to say that there is no authority for the proposition that design alternatives may still be considered, *see* Pl. Br. Opp. Def. Mot. for Summ. J. at 21-22 (citing to various unpublished district court cases in this circuit), but Plaintiffs have not pointed to any binding authority.

Other District Courts have observed this rule and disregarded Summary Orders of the Second Circuit even in regard to questions of constitutional law. *See, e.g., Hanig v. Yorktown Cent. School*

---

[3]    Continuing, "[B]UT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CAE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

*Dist.*, 384 F.Supp.2d 710, 717 (S.D.N.Y. 2005) (unpublished Second Circuit decisions may not be cited as precedential authority on question of Eleventh Amendment immunity); *Kelsey v. County of Schoharie,* 2005 WL 1972557, 3 (N.D.N.Y. 2005)(same); *Cohn v. New Paltz Central School Dist.*, 363 F.Supp.2d 421, 427 (N.D.N.Y. 2005)(same)("Second Circuit's [unpublished summary] decision ...has no authority (**binding or persuasive**) in this case".)(emphasis added).

## II

## LIPPE DOES NOT APPLY TO THE FACT PATTERN IN THIS CASE

The *Lippe* holding, as misconstrued by the Defendant, is that substitution of an expert after a successful *Daubert* challenge, is improper. Assuming that this is a correct analysis, *Lippe* does not apply here because **there has not been a successful *Daubert* challenge**.

However, Defendant has misconstrued *Lippe*. In *Lippe*, the panel criticized Plaintiffs for waiting to respond to criticisms by the Defendant of plaintiffs' experts' reports " until the District Court finally excluded the evidence as unreliable".

> [I]ndeed, 'although [plaintiffs were] on notice every step of the way that [Defendants were] challenging [their] experts, [they] *made no attempt to add or substitute other evidence*.', citing *Weisgram v. Marley Co.,* 528 U.S. 440, 456, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000).

*Lippe v. Bairnco Corp.*, 99 Fed.Appx. 274, 280, 2004 WL 1109846, 5 (2d Cir. 2004) (emphasis added). Thus, the holding of *Lippe* (limited by rule to its own facts)is that a party must act diligently when it has notice of a potential preclusion of its expert.

What *Lippe*, and the Supreme Court in *Weisgram* (quoted in *Lippe*) criticize, is a party's failure to arrange for a substitution when a party knows it **may** lose an expert to a *Daubert* challenge. In this case, the plaintiff took immediate steps to retain a substitute and to provide him with the

documents necessary for his evaluation when the Defendant indicated that it might bring a *Daubert*

motion against Ms. Steiner.

In fact, the Court in *Weisgram* faults the plaintiff there for not doing, prior to trial, exactly

what the plaintiff in this case has done, i.e., making "an attempt to add or substitute other evidence",

even though on notice that the Defendant was challenging its experts:

> In this case, for example, although Weisgram was on notice every step of the way that
> Marley was challenging his experts, he made no attempt to add or substitute other evidence.
> See *Lujan v. National Wildlife Federation,* 497 U.S. 871, 897, 110 S.Ct. 3177, 111 L.Ed.2d
> 695 (1990) ("[A] litigant's failure to buttress its position because of confidence in the
> strength of that position is always indulged in at the litigant's own risk.").

*Weisgram v. Marley Co.,* 528 U.S. 440, 455-456, 120 S.Ct. 1011, 1021 (U.S.,2000).

Thus, *Lippe* and *Weisgram* do not compel the Court to deny substitution; in fact, they compel

the conclusion that Plaintiff acted appropriately and should be allowed the substitution.

Defendant also relies on *LNC Investments*, inappropriately. In *LNC Investments, Inc. v. First*

*Fidelity Bank* L 1290615, 3 -4 (S.D.N.Y. 2000), cited by the Defendant, Judge Haight, "in the

exercise of [his] discretion", precluded a substitution of an expert witness in a retrial, but the

circumstances were quite different from those here.

In *LNC Investments, supra,* the Defendant's expert had retired for medical reasons, but

counsel waited well past the original trial date "at which time the various evidence-preclusion

motions were being exchanged by the parties" to contact him and discovered his unavailability very

close to the final trial date. In the instant case, the potential need for a substitute expert arose at Ms.

Steiner's deposition, and plaintiff's counsel and plaintiff acted immediately afterward to retain an

expert who has been reviewing documents and preparing a report since. That report is now

available.  In *LNC Investments*, on the other hand, one of the reasons Judge Haight denied the request

was because the substitute's written report had not yet been created.  *Id*.

### III

### THE DECISION TO ALLOW SUBSTITUTION WAS WITHIN THE  DISTRICT COURT'S DISCRETION

The  issues of scheduling and expert witness substitution are within the  District Court's

discretion,  *Wolak v. Spucci,* 217 F.3d 157, 161 (2d Cir. 2000), citing *Softel, Inc. v. Dragon Med.*

*And Sceintific Communications, Inc*., 118 F.3d 955, 961 ("We review the district Court's order for

abuse of discretion:) and *Dulap-McCuller v. Riese Organization*, 980 F.2d 153, 158 (2d Cir. 1992)

*("*A district Court's decision to permit or to exclude testimony by a witness who was not listed in

the pre-trial order will not be disturbed absent a clear abuse of discretion").  *See also*,  *Potthast v.*

*Metro-North Railroad Co.*,  400 F.3d 143, 153 (2d Cir. 2005) (trial Court's decision to amend or

modify a pretrial order is reviewed for abuse of discretion).

In *Wolak, supra*, a sexual harassment case, the plaintiff, for the first time, stated her intention

to call a psychiatrist  just three weeks before trial,  almost a year after she should have disclosed her

experts.  217 F.3d at 159.  Understandably, the District Court and the Circuit Court found severe

prejudice to the Defendant who "had a right to assume [plaintiff] would adduce evidence of damages

primarily through her own testimony", *i.e*., without an expert.  *Id*. at 160.  "Because the disclosure

came so late, Defendants would have been hard pressed to depose *Wolak*'s expert and find one of

their own."  *Id*.

Importantly for this case, even though the disclosure was so close to trial, the Court in *Wolak,*

*supra*, suggested that,

**A delay of the trial might have cured that prejudice**, but, at oral argument, plaintiff's counsel conceded there was no request for an adjournment. *Cf. Outley [v. City of New York*] 837 F.2d [587] at 591 (finding that the District Court abused its discretion in part because it ignored a suggestion for a continuance).

*Id*. at 161 (emphasis added).

In *Outley, supra*, cited with approval in *Wolak, supra*, the District Court had granted the motion of the Defendant City  to preclude  witnesses because the plaintiff had not identified them until her opening statement.  The Second Circuit  reversed , emphasizing that **preclusion was to be avoided if possible by a continuance**:

> [r]efusal to allow the plaintiff's eyewitnesses to testify, an extreme sanction in any case...here had an excessively harsh effect....

> The rules of discovery were not designed to encourage procedural gamesmanship, with lawyers seizing upon mistakes made by their counterparts in order to gain some advantage. The City sought the most drastic remedy, preclusion, rather than requesting a recess or continuance. *See Johnson v. H.K. Webster, Inc.,* 775 F.2d at 8 ("**Courts have looked with disfavor upon parties who claim surprise and prejudice but who do not ask for a recess**...."). Plaintiff's good faith mistake, in the absence of any prior request from the City, in no way suggests preclusion as the appropriate sanction....

> Because the evidence of these witnesses was so important, **only extreme misconduct on the part of the plaintiff or extreme prejudice suffered by the defendants would justify the extraordinary sanction of preclusion in this case**.

837 F.2d  at 590, 591 (emphasis added).

*Under Wolak, supra*, and the cases cited in *Wolak*, there are several factors for the Court to consider; these include the importance of the testimony of the precluded witness.  837 F.2d at 590. In the instant case, plaintiff's expert witness will be a most important witness to establish the plaintiff's damages, given the decision of this Court to set aside the first jury's verdict.

Other factors which the Court should consider include the possibility of a continuance; prejudice or surprise, including the prejudice suffered by the opposing party as a result of having to

8

prepare to meet the new testimony; the ability to cure; disruption of trial efficiency; bad faith or willfulness; the party's explanation for the failure to comply with the discovery order. *Wolak, supra*. 837 F.2d at 590. The Court has alleviated all possible prejudice to the defendant by granting an extension of the trial date and indicating it will entertain defendant's motion to charge plaintiff with the reasonable costs incurred by the substitution.

In addition, prejudice to the party seeking amendment or modification of the order is also relevant, as a trial Court should not refuse to modify a pre-trial order where manifest injustice will result. *Potthast, supra*, 400 F.3d at 153. In this case, a denial of the request to substitute an expert witness could conceivably lead to the dismissal of a case where a jury has already decided that the defendant is liable to the plaintiff for breach of contract.

## IV

## OTHER COURTS HAVE PERMITTED SUBSTITUTION UNDER SIMILAR CIRCUMSTANCES

In situations truly similar to those in this case, Courts have permitted substitution. For example, in *Petit v. City of Chicago*, ___ F.Supp.2d ___, 1999 WL 66539 (N.D.Ill. 1999) (Copy attached hereto as (Exhibit B), the Court, invoked its "[i]nherent and discretionary authority to reconsider its discovery rulings and modify them in light of the circumstances of the case", and, on renewal, granted Defendant's motion to substitute. *Id*. at 2. Defendant had provided the substitute expert's report, as has plaintiff here (Exhibit A). *Id*. Plaintiff's alleged prejudice was the time spent in analyzing the first expert's report, as here. *Id*. The Court found that plaintiffs had not shown sufficient prejudice to justify denying the use of the substitute expert, since plaintiffs would have a

"more than adequate opportunity to evaluate [the substitute's] report and any deposition testimony he may have given". *Id*.

In *Eadie v. McMahon,* 199 F.R.D. 45 (2001), 46-47 (D.Conn.,2001), "Plaintiffs were granted leave to disclose a second expert witness in October 1998, after they were precluded from using their first expert at trial." However, plaintiffs then delayed disclosing the second expert for years, and "plaintiffs' counsel acknowledged that there was no explanation for the delay" and that "an additional damages expert is not crucial to their case". On that basis, the Court denied plaintiffs' request.

In *Lithuanina Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 206 (D.N.J. 1997), the magistrate judge first extended the deadline for a party to serve expert repots several times and then set a firm date, which the party failed to observe; instead, it moved for leave to substitute a new expert witness in place of their previously identified primary expert who had already been deposed

> "In an effort to move this case to a trial on its merits, the magistrate judge accommodated this request and granted the motion...[h]e conditioned his ruling, however on Appellants' payment of the expenses and attorneys' fees incurred by Appellees as a result of the substitution of the new expert."

*Id*. The Magistrate Judge ordered that "in keeping with this court's goal of making the defendants whole, this court shall not pass upon the reasonableness of the fees and costs incurred by the defendants as a result of the substitution of the plaintiff's expert." The trial judge, however, disagreed, and remanded to the Magistrate Judge to determine reasonable expenses and attorneys fees, at least by requiring affidavits and permitting an opportunity to respond, and considering the ability to pay the amounts. *Id*. at 215.

IV

**DEFENDANT IS NOT ENTITLED TO RECOUP "THE COSTS ASSOCIATED WITH EXPERT DISCOVERY IN THIS MATTER SO FAR"**

Defendant makes its argument for compensation under a heading reading, "In the Alternative, Plaintiff Must Compensate Electric Boat for th Costs Associated With Expert Discovery in this Matter Thus Far." Defendant's Memorandum in Opposition at 14. At the end of this section, Defendant asks for different relief: "Plaintiff should be required to reimburse Electric Boat for the expert fees it incurs (stet) in preparing its rebuttal to Ms. Steiner's expert opinion, as well for a reasonable amount of the attorney's fees Electric Boat expended in connection with the deposition of Ms. Steiner and Mr. de Decker and to prepare Electric Boat's Motion to Preclude".

Plaintiff completely disagrees with the request for "costs associated with expert discovery in this matter so far". This would include the entire preparation for Dr. Kosicki. Dr. Kosicki did his own calculations of the plaintiff's losses and also commented on his differences with Ms. Steiner's report. Plaintiff should not be charged with his general preparation, but only with extra costs associated with the new report. This is the consistent principle in the cases cited by defendant. For example, in *Equant Integrations Services, Inc. v. United Rentals (North America), Inc.*, 217 F.R.D. 113, 118 (D.Conn.,2003) the parties were allowed to schedule another deposition of the parties' experts. However, defendant, who had substituted an expert, was charged with the costs of the depositions. In *Sithon Marine*, 1998 U.S. Dist.LEXIS 11822 (D.Kan. July 31, 1998), where the plaintiff was allowed to substitute, the Court held merely that the defendant "should not bear all the expense it has incurred."

11

**V**

**THE COURT WAS WITHIN ITS DISCRETION IN ADJOURNING THE TRIAL DATE**

The cases cited above make it clear that a Senior United States District Judge with decades of experience has the discretion to adjourn a trial date after considering the factors stated in plaintiff's letter of July 24, 2006, and re-stated in its opening memorandum.

**CONCLUSION**

The Court was correct in granting plaintiff the relief sought in its letter of July 24, 2006.

Respectfully submitted,

**Biedermann, Hoenig & Ruff, P.C.**
Attorneys for Plaintiff Executive Airlines


By _____
          Daniel F. Hayes (phv0207)

805 Third Avenue, 18th Floor
New York, New York  10016
(212) 697-6555 Telephone
(212) 986-3509 Facsimile
dhayes@bhmr.com

12

**TO**:

       Paul D. Williams, Esq.
       pdwilliams@dbh.com
       Amy T. Maas, Esq.
       atmaas@dbh.com
       Day, Berry & Howard, LLP
       Attorneys for Defendant Electric Boat Corporation
       CityPlace I
       Hartford, CT 06103-3499
       (860) 275-0100 (phone)
       (860) 275-0343 (fax)

## ELECTRONIC CERTIFICATION OF SERVICE

I hereby certify that on August 10, 2006, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> Paul D. Williams, Esq.
> pdwilliams@dbh.com
> Amy T. Maas, Esq.
> atmaas@dbh.com
> Day, Berry & Howard, LLP
> Attorneys for Defendant Electric Boat Corporation
> CityPlace I
> Hartford, CT 06103-3499
> (860) 275-0100 (phone)
> (860) 275-0343 (fax)

_____    _____
                                    Daniel F. Hayes (phv0207)

14