UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. 3:02cv194 (WWE) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| | : | |
| Defendant. | : | APRIL 24, 2007 |

## **DEFENDANT'S REVISED TRIAL MEMORANDUM**

Pursuant to the Court's Pretrial Order dated April 6, 2006, the defendant Electric Boat Corporation ("Electric Boat") hereby submits its Revised Trial Memorandum in the above-captioned action.[1]

### I. **BRIEF SUMMARY OF THE CASE**

This hearing in damages comes before this Court pursuant to the April 6, 2006 order granting Electric Boat a retrial as to damages in the above-captioned action. *See* Order on Renewed Motion for Judgment as a Matter of Law or, in the Alternative, Motion for a New Trial (Eginton, J.) dated April 6, 2006 ("Order on Motion for Judgment").

Plaintiff's claims against Electric Boat in the underlying case were predicated on a contract between the parties whereby Plaintiff agreed to provide air charter services to Electric Boat between its facilities located in Groton, Connecticut and Newport News, Virginia (the "Charter Agreement"). Plaintiff commenced services for Electric Boat on April 10, 2000, using a BAE Systems Jet Stream 3101, registration number N16EJ (the "Aircraft"). On May 21, 2000,

---

[1] Electric Boat originally filed its Trial Memorandum on July 20, 2006. Electric Boat submits this Revised Trial Memorandum pursuant to the e-mail dated March 5, 2007 from the Court's Clerk, Talbot Wells, which indicated that Electric Boat was "free to supplement" its Trial Memorandum in this matter.

just six weeks after its first flight for Electric Boat, Plaintiff was operating the Aircraft on a charter flight for another customer when the Aircraft crashed, killing all passengers and crew on board. Electric Boat immediately suspended service with the Plaintiff, and by letter dated June 7, 2000, terminated the Charter Agreement. It is undisputed that Electric Boat had the legal right under the contract to terminate the Charter Agreement.

Plaintiff brought suit against Electric Boat claiming that Electric Boat had improperly terminated the Charter Agreement. On February 17, 2006, after a four day jury trial, the jury returned a verdict in favor of Plaintiff in the amount of $472,368.00  Following the verdict, Electric Boat moved for judgment as a matter of law or a new trial, claiming, in part, that Plaintiff was not entitled to an award of liquidated damages under the Charter Agreement. Electric Boat contended that the July 17, 2003 order (Goettel, J.) granting Electric Boat partial summary judgment barred Plaintiff's claims for liquidated damages and that the jury's actual damage award was against the weight of the evidence. The Court (Eginton, J.) agreed on both fronts, but ordered a new trial as to the damage issue only. (*See* Order on Motion for Judgment.) The Court held that Plaintiff was "entitled only to contract damages, which are generally based on the injured party's expectation interest and should not award him in excess of the sum which compensates him for the loss of his bargain." (*Id.*)

Plaintiff now claims damages of approximately $931,276.82, through its new expert Anthony Ciccodicola. Mr. Ciccodicola's opinion is premised on the assumption that Plaintiff is entitled to compensation as if Electric Boat used Plaintiff's air charter service 30 times per month for the remaining duration of the Charter Agreement. As set forth by Electric Boat's disclosed expert, Dr. George Kosicki, Mr. Ciccodicola's opinion is fundamentally inconsistent with basic economic principles, and fails to account for the concept of avoidable costs and

Electric Boat's valid termination of the Charter Agreement.  As a result, Mr. Ciccodicola overstates the amount of Plaintiff's actual damages by more than ten times.

Electric Boat contends that Plaintiff is entitled to a monetary award that compensates Plaintiff for the loss of its bargain, which is limited by the terms of the Charter Agreement to an amount equal to Plaintiff's lost profits on 15 charter flights per month for a period of six months.  As to the amount of damages, Dr. Kosicki opines that Plaintiff's actual economic losses were, at most, approximately $83,638.  This figure is further supported by Dr. Kosicki's alternative analysis of Plaintiff's losses, which compares the amount Plaintiff paid to subcontract other charter providers to service the Charter Agreement when Plaintiff was unable to provide that service.  This figure also provides Plaintiff with a rate of return under the Charter Agreement equaling 9.4%, more than twice the average rate of return earned by similar airlines operating in 2000-2001, which is consistent with Plaintiff's expected rate of return on the Charter Agreement, and the rate of return generated by Plaintiff in providing charter services to other customers.

## II.   PROPOSED VOIR DIRE

   A.   Preliminary Comments

1.   In the trial of this case, all parties are entitled to have the case decided on the basis of the evidence presented at trial by a fair, unbiased and unprejudiced jury.

2.   It is your duty to answer each question put to you as honestly as you can.

3.   If there is any reason why any of you might not be able to render a fair verdict, you must disclose that reason to the court.

4.   Your duty will be to listen to the testimony.  At the conclusion of the testimony, the judge will instruct you as to what the law is and will charge you to apply those principles of law to the case before you.

B.   Proposed Questions

5.   Do you agree that if you are selected as a juror you will follow the law as the judge states it whether or not you approve of the legal principles as he states them?

6.   Electric Boat had a legal right to terminate the Charter Agreement. Do you understand that as a juror on this matter, you need only decide the amount of lost profits to which the plaintiff is entitled as a result of Electric Boat's lawful termination of the Charter Agreement?

7.   Will Electric Boat's lawful termination of the Charter Agreement affect your ability to decide the amount of lost profits, if any, the plaintiff is entitled to recover in a fair and unbiased manner?

8.   Do you understand that the plaintiff in this case is a company, Millenium Aviation Services, Inc. d/b/a Executive Airlines, and that as a juror, you must determine the amount of lost profits that the plaintiff has suffered with no regard to the effect that Electric Boat's lawful termination may have had on other companies related to the plaintiff, or to Mr. Michael Peragine, the person who owned the corporate plaintiff?

9.   Will you be able to objectively weigh the evidence presented to you and apply the law in determining the proper amount of plaintiff's lost profits in this case?

10.   Do you understand that the plaintiff is only entitled to receive an amount that fairly and reasonably compensates the plaintiff for the profits it lost due to Electric Boat's termination, and absolutely nothing more?

11.   Although the plaintiff may be entitled to recover lost profits in this case, do you understand that the plaintiff may have failed to avoid certain losses that were reasonably

avoidable, and as a juror, you will be required to deduct any of those reasonably avoidable losses from the amount of lost profit damages that you award to the plaintiff?

12. Do you understand the plaintiff is entitled to fair and reasonable compensation in this case, and that you may not award damages based on sympathy for the plaintiff or as punishment for Electric Boat?

13. Will the fact that Electric Boat is a larger company than the plaintiff affect your ability to decide the case fairly?

14. Do you have any formal or informal experience in the fields of accounting or economics? If so, please describe your experience.

15. Have you or anyone close to you been employed by Electric Boat? If so, would that in any way affect your ability to decide this case fairly?

16. Have you or anyone close to you ever been employed by or affiliated with a charter airline? If so, please elaborate.

17. Have any of you ever been a party to or a witness in a lawsuit? If so, please describe the lawsuit, including your role in the lawsuit, how the lawsuit was resolved and whether you were satisfied with the result.

18. Are you aware of any relatives, friends or acquaintances who have been parties to or witnesses in a lawsuit? If so, please describe what you know about your acquaintance's role in the lawsuit and the outcome of the lawsuit.

19. If you have been a party to a lawsuit, or know someone that was a party to a lawsuit, would that experience prevent you from rendering a fair and impartial verdict in this case?

20. Have you ever been involved in a dispute over a written contract? If so, please describe the nature of the dispute and how it was resolved.

21. Will you keep an open mind and listen to all of the evidence in the case before coming to any conclusion?

22. Do you know of any other reason or has anything occurred during this questioning period that might make you doubtful that you can be a completely fair and impartial juror in this case? If there is, it is your duty to disclose such reason at this time.

### III.  WITNESSES

The Defendant anticipates calling the following witnesses:

1. <u>Michael Peragine</u>        Executive Airlines, Route 109, Hangar 3, Farmingdale, New York

Mr. Peragine is the president of Plaintiff and is expected to testify regarding financial issues relating to Executive Airlines and its claimed damages.

2. <u>Dr. George Kosicki</u>      Analysis Group, Inc., 111 Huntington Avenue, Boston, MA  02199

Mr. Kosicki has been disclosed as an expert witness and is expected to testify as to Executive Airlines claimed damages.

The Defendant may call the following witness:

1. <u>James Ahlfeld</u>           96 Laural Avenue, Larchmont, New York

Mr. Ahlfeld was Plaintiff's accountant and is expected to testify regarding financial aspects of Plaintiff's business and Plaintiff's claimed damages.

2. <u>Kevin Hanrahan</u>         120 Jupiter Point, Groton, Connecticut

Mr. Hanrahan is the Chief Pilot at Electric Boat and is expected to testify concerning circumstances resulting in the termination of the Charter Agreement and Electric Boat's response to the fatal crash of May 20, 2000.

3.  <u>Michael S. Leeds</u>          460 Split Rock Road, Syosset, New York

Mr. Leeds was the sole member of Millennium Jetstream Holdings, LLC and Millennium Jetstream Holdings II, LLC ("the Millennium Companies"), the entities that owned certain aircraft Plaintiff used to service the Charter Agreement. Mr. Leeds is expected to testify regarding the Millennium Companies ownership interest in the aircraft Plaintiff used to service the Charter Agreement, the financial aspects related to Plaintiff's operation of the Millennium Companies' aircraft, and his business relationship with Plaintiff and Mr. Peragine.

## IV.  **EXHIBITS**

A list of Electric Boat's Proposed Trial Exhibits is attached as Exhibit A.

## V.  **DEPOSITION DESIGNATIONS AND CROSS DESIGNATIONS**

At this time, Electric Boat does not anticipate the need to for any witness to testify by deposition. However, any deposition testimony previously given by a witness in this case may be used for purposes of impeachment.

## VI.  **PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT INTERROGATORIES**

Attached hereto as Exhibits B and C, respectively.

                      DEFENDANT,
                      ELECTRIC BOAT CORPORATION


By      /s/ Amy T. Maas_____
        James H. Rotondo (ct05713)
        jhrotondo@daypitney.com
        Amy T. Maas (ct25561)
        atmaas@daypitney.com
        Day Pitney LLP
        CityPlace I
        Hartford, Connecticut 06103-3499
        (860) 275-0100
        (860) 275-0343 fax
        Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2007, a copy of the foregoing Defendant's Revised Trial Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court' s CM/ECF System.

                                  /s/ Amy T. Maas_____
                                Amy T. Maas (ct25561)