**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | : | CIVIL NO.: 3:02 CV 194(WWE) |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | _____ |
| vs. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| | : | |
| | : | |
| Defendant | : | April 23, 2007 |

**PLAINTIFF'S TRIAL MEMORANDUM AND IN SUPPORT OF MOTION _IN LIMINE_**

Plaintiff Executive Airlines respectfully submits its Trial Memorandum:

**Background**

This re-trial was ordered when the Court granted in part, on March 31, 2006, Defendant's motion for a new trial after the jury verdict of February 17, 2006 in favor of the Plaintiff in the sum of $ 472,368.  At trial, Executive's theory on damages was that Electric Boat owed it the revenue for 15 flights per month for six months.  However, the Court decided on post trial motions that the theory was equivalent to a theory of liquidated damages, which had earlier been precluded on a motion for summary judgment, and therefore improper as a matter of law.

Plaintiff engaged an expert, Diane Steiner, who furnished a report and was deposed,. Defendant served the report of Dr. George Kosicki.  On motion, the Court allowed plaintiff to substitute a new expert, Anthony Ciccodicola.  Mr. Ciccodicola issued a report on August 7, 2006, which was served.  He has been deposed.  Michael S. Peragine, President of Executive Airlines and of its affiliated companies, was also deposed.  On defendant's agreement to waive "Daubert motions", plaintiff waived its right to depose Dr. Kosicki.

**Plaintiff's Motion *In Limine***

**A. To Preclude Certain Assumptions Made by Dr. Kosicki**

Defendant's expert witness is  an economist, Dr. George Kosicki, Ph.D., past chair of the Department of Economics at Holy Cross.  Plaintiff asks the Court to preclude certain testimony of Dr. Kosicki as inconsistent with Connecticut damage law and as based on rank speculation.

The contract called for Electric Boat to pay Executive Air Lines for each flight flown the sum of $4553.79, net of taxes;  the express term was for 12 months, and  Electric Boat was obligated to pay Executive Air Lines for a minimum of 15 flights per month, but additional flights were expressly contemplated.

Executive Air Lines actually flew under the contract for about 6 weeks, at the rate of about 30 flights per month.   Plaintiff's expert A. Ciccodicola will present to the jury his estimate of the profitability of the contract ***if it had not been breached***.  He extrapolated from the experience of some six weeks at the rate of about 30 flights per month for the full contract term of 12 months.  He also checked documents produced by Electric Boat showing how much Electric Boat used  other airlines  after it broke its contract with Executive Air Lines, and determined that the 30 trips per month estimate was well-supported.

In accordance with Connecticut damage law, he then calculated and deducted the variable costs associated with the actual flights, and then Executive's fixed costs.  He calculated that Executive Air Lines would have realized a profit of $633,588.81 on the contract.  He also calculated the fixed costs that Executive Air Lines paid in order to carry out the contract and was not able to mitigate in full, which are also recoverable under Connecticut law.  That amount was $297,688.01,

2

so that the total damages he calculated was $931,276.82.

Dr. Kosicki, on the other hand, based his estimate on speculative facts not supported in the record. Dr. Kosicki arrives at the remarkable conclusion that Executive would have lost about $650,000 if Electric Boat had *not* terminated the contract, and that Executive lost some $83,000 more because of the early termination. This increased loss is what he calculates the damages were to Executive.

In order to decrease the profitability of the contract, Dr. Kosicki ignores that Electric Boat breached its contract, and stopped flying with Executive Air Lines, and makes an assumption that, after the crash of N16EJ, Electric Boat would have given notice to Executive Air Lines and continued its flights with Executive Air Lines, but only to the "minimum" number of flights, 15 per month; and that Electric Boat would have gone elsewhere for the rest of the flying it needed.

Plaintiff believes that the jury should only consider what would have happened had the contract not been breached based on proof in the record and that Dr. Kosicki and the jury not be allowed to speculate. There is nothing in the record to support this speculation. Electric Boat did not continue to fly with Executive Air Lines at all.

The first jury found Electric Boat had breached its contract. This finding is a binding decision that the crash did not justify Electric Boat's termination, in whole or in part. Electric Boat has defended this case on the theory that they had the right to stop flying with Executive Air Lines because the crash of N16EJ was a default under the contract and they were concerned about safety. Given the attitude of the persons who terminated the contract, it is without support that they would subject some of their employees to the perceived hazard but not others.

Moreover, the Court has ruled that the plaintiff could not demand payment for minimum

3

flights because of the breach.  The defendant should not be heard to defend on the basis of a theory the Court has not allowed to the plaintiff.

Finally, allowing Dr. Kosicki to speculate in this manner would introduce into the case the highly prejudicial issue of the fact of the crash of N16EJ, which is completely irrelevant to the issue of damages, since the jury has decided the fact of the crash did not justify the termination (please see below).

**B.     To Preclude the Defendant  from Introducing or Arguing <u>on the Report or Deposition of Diane Steiner</u>**

Since the Court has allowed plaintiff to substitute Mr. Ciccodicola for Ms. Steiner, it should preclude the defendant and its witnesses including Dr. Kosicki from referring to her calculations or her deposition.  The substitution has rendered her opinions and testimony irrelevant to this case and she will not be there to defend or explain herself.  Mr. Ciccodicola reviewed her report, but only after he had arrived at his conclusions.

**C.     To Preclude the Defendant and Its Witnesses From Introducing or Arguing <u>About the Crash of N16EJ</u>**

The crash of N16EJ and the loss of 19 human beings is inherently emotional and prejudicial to the plaintiff.  The first jury decided the crash did not justify Electric Boat's termination.  While the fact of the crash may have had some relevance to the defendant's defense on liability, it has no relevance  to the issue of damages and so, the Court should not permit any mention of the crash by the defendant or its witnesses.

**D.     <u>Interest</u>**

Plaintiff requests that the Court submit the issue of  prejudgment interest to the jury; if this request is denied, plaintiff requests that the Court award prejudgment interest from the date of the

breach to the date of the liability verdict, and post judgment interest since the liability verdict, on whatever amount the second jury awards the plaintiff.

During the course of the litigation, pursuant to the contract between the parties, it was established that the law of the State of Connecticut, home state of the defendant, would govern the legal disputes between them. In a diversity case, issues bearing on prejudgment interest are governed by state law. *Baker v. Dorfman,* 239 F.3d 415, 425 (2d Cir. 2000); *Mallis v. Bankers Trust Co.,* 717 F.2d 683, 692 n. 13 (2d Cir.1983); *Spector v. Mermelstein,* 485 F.2d 474, 481 (2d Cir.1973).

Pre-judgment interest under Connecticut law is governed by Connecticut General Statutes § 37-3a [1], whose purpose is to "compensate the prevailing party for delay in obtaining money that rightfully belongs to him". *Brandewiede v. Emery Worldwide*, 890 F.Supp. 79, 83 (D.Conn.,1994), citing *Continental Mach. Tool Co., Inc. v. Beacon Indus., Inc.,* 1993 WL 498752, at 2 (Conn.Super.Ct. November 19, 1993) and *Neiditz v. Morton S. Fine & Associates, Inc.,* 199 Conn. 683, 691, 508 A.2d 438 (1986). The rate is capped at ten per cent per annum. General Statutes § 37-3a.

Under this statute, "Basically, the question is whether the interests of justice require the allowance of interest as damages for the loss of use of money." *Harris Calorific Sales Co. v. Manifold Systems, Inc.,* 18 Conn.App. 559, 566, 559 A.2d 241, 245 (Conn.App.,1989) (affirming award of interest where contract called for payment of specific sums). In a recent case involving

---

[1]General Statutes § 37-3a provides in relevant part: "Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable····"

a breach of contract, the court also awarded the full rate of 10 % , as plaintiff requests here,  and was

upheld on appeal.  *Advanced Financial Services, Inc. v. Associated Appraisal Services, Inc*. 79

Conn.App. 22, 30, 830 A.2d 240, 248 (Conn.App. 2003).

In *Designs by Idle, Inc. v. Cardi Corp*. 2000 WL 1269738, 3(Conn.Super.,2000) the court

found that defendant had not paid the plaintiff anything for two contracts. It concluded that this

conduct constituted a wrongful detention of money, and  awarded the plaintiff 10% interest from the

dates of breach.   See also,  *National Eastern Corp. v. Vegas Fastener MFG*,  2006 WL 758634, 6

(D.Conn.,2006)(awarding 10% interest on summary judgment in construction supply  / UCC case).

Litigants in this Court have been denied prejudgment interest recently because they failed to

ask the Court to submit the question to the jury, based on a "thorough review of relevant state and

federal cases":

> The issue of prejudgment interest was not raised until after judgment had entered, and so,
> was not charged to the jury. Retepromaca argues that this is immaterial because an award of
> prejudgment interest lies within the discretion of the court. It is understandable how
> Retepromaca could have come to this conclusion. The case law on prejudgment interest is
> confusing and, sometimes, inconsistent. Nevertheless, after a thorough review of relevant
> state and federal cases, I conclude that the question of whether to award prejudgment interest
> pursuant to section 37-3a must be decided by the trier of fact-in this case the jury. Because
> I have no discretion to make such an award, Retepromaca's motions are denied.

*Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. Ensign-Bickford Co.* 2004

WL 722231 (D.Conn. 2004)(Underhill, D.J.).  Accord, *Charts v. Nationwide Mut. Ins. Co.,*  397

F.Supp.2d 357, 361 (D.Conn. 2005)(Droney, D.J.) .

### E.    Objections

Plaintiff objects to each document offered by the defendant as irrelevant and immaterial; and

to each of its proffered jury instructions as unfair and prejudicial  to the plaintiff.

**G.    Trial Exhibits**

Please see Exhibit A, attached.

**H.    Jury Instructions**

Please see Exhibit B, attached

**I.    Witness List**

. Please see Exhibit C, attached.

**J.    Jury Interrogatories**.

Please see Exhibit D, attached

**J.    Jury Voir Dire**

Please see Exhibit E, attached

Respectfully submitted,

*Daniel F. Hayes*

_____

Daniel F. Hayes, Esq. (phv0207)
dhayes@bhmr.com
**Biedermann, Hoenig & Ruff, P.C.**
Attorneys for Plaintiff Executive Airlines
805 Third Avenue, 18th Floor
New York, New York  10022
(212) 697-6555 Telephone
(212) 986-3509 Facsimile

TO:

      James H. Rotondo, Esq.
      jhrotondo@daypitney.com
      Amy T. Maas, Esq.
      atmaas@dbh.com
      **Day Pitney LLP**
      CityPlace I
      Hartford, Connecticut 06103-3499
      (860) 275-0100
      (860) 275-0343 (fax)
      Attorneys for Defendant, Electric Boat Corporation

**EXHIBIT A**

**PLAINTIFF'S PROPOSED EXHIBIT LIST**

Plaintiff Executive Airlines respectfully submits its  Proposed Exhibit List:

| EXH | Doc Name | Date - Start Date | BATES Start | Bates Finish | Reference |
|---|---|---|---|---|---|
| P001 | Aircraft Sales Agreement | 12/21/99 | EXECAIR00021351 | EXECAIR00021363 | MSP DEP 12 |
| P002 | Aircraft flight/maintenance logs | 01/01/00 | | | Reviewed by AC #8 |
| P003 | Cost of Capital Yearbook - 2000 | 01/01/00 | CIC0220 | CIC0225 | |
| P004 | General Ledger | 01/01/00 | EXECAIR00028100 | EXECAIR00027826 | OUT OF SEQUENCE AC DEP EXHIBIT 8 |
| P005 | Summary of commercial/charter passengers for Electric Boat January, 2000 - October, 2000 | 01/01/00 | EB0347 | EB0520 | Reviewed by A Cicco. #10 |
| P006 | Trial Balances  for 2000 and 2001 (2000tb01 thru 2000tb10) | 01/01/00 | AC 000051 | AC 000161 | A Cicco |
| P009 | Lease agreement between Executive Airlines and Flightways of Long Island d/b/a Million Air | 02/21/00 | EXECAIR00027446 | EXECAIR00027463 | MSP DEP 23- Reviewed by A Cicco. #5 |
| P011 | Electric Boat Purchase Order number SNL 022-096 - including Supplement No. 1 | 03/14/00 | | | Trial Exh 4, 2/06; MSP DEP EX 2 |
| P012 | A/C Sales Agreement | 03/30/00 | N/A | | MSP DEP 14 |
| P013 | Journal Entries | 06/01/00 | EXECAIR00028077 | EXECAIR00025276 | OUT OF SEQUENCE A Cicco. DEP EXHIBIT 8 |
| P014 | Treasury Bill Rates published by the U.S. Treasury Department | 07/01/00 | CIC0196 | CIC0198 | Reviewed by A Cicco. #20 |
| P015 | Airliner Price Guide Winter 2000-2001 | 01/01/01 | CIC0189 | CIC0190 | A Cicco. #19A |
| P016 | Airliner Price Guide, Spring 2001 | 04/01/01 | CIC0191 | CIC0192 | A Cicco. #19B |
| P017 | A/C Sales Agreement | 08/11/03 | EXECAIR00021369 | EXECAIR00021376 | MSP DEP 15 |
| P018 | A/C Sales Agreement | 10/01/03 | EXECAIR00021364 | EXECAIR00021368 | MSP DEP 13 |
| P019 | Conklin & deDecker's Report and Exhibits | 05/26/06 | | | Reviewed by A Cicco. #4 |
| P020 | CGM Retainer | 06/26/06 | CIC0198 | CIC0200 | |
| P021 | CGM Report | 08/07/06 | CIC0069 | CIC0075 | MSP DEP 40 |

| P022 | ANALYSIS OF CONTRACT VALUE | 08/07/06 | CIC0076 | CIC0076 | Schedule 1 to A Cicco. Report |
| P023 | ANALYSIS OF LOST REVENUE | 08/07/06 | CIC0077 | CIC0077 | Schedule 2 to A Cicco. Report |
| P024 | ANALYSIS OF MONTHLY VARIABLE COST | 08/07/06 | CIC0078 | CIC0078 | Schedule 3 to A Cicco. Report |
| P025 | CALCULATED FUEL COST PER FLIGHT | 08/07/06 | CIC0079 | CIC0079 | Schedule 4 to A Cicco. Report |
| P026 | THREE PLANE ANALYSIS | 08/07/06 | CIC0080 | CIC0080 | Schedule 5 to A Cicco. Report |
| P027 | ANALYSIS OF VARIABLE LANDING/PARKING COST | 08/07/06 | CIC0081 | CIC0081 | Schedule 6 to A Cicco. Report |
| P028 | SUMMARY OF INVOICE BILLINGS | 08/07/06 | CIC0082 | CIC0082 | Schedule 7 to A Cicco. Report |
| P029 | CALCULATED AVERAGE GALLONS PER HOUR | 08/07/06 | CIC0083 | CIC0083 | Schedule 8 to A Cicco. Report |
| P030 | ANALYSIS OF MONTHLY FIXED COST | 08/07/06 | CIC0084 | CIC0084 | Schedule 9 to A Cicco. Report |
| P031 | Spreadsheet | 04/20/07 | | | A Cicco. Demonstrative Spreadsheet |
| P032 | All documents in file of George Kosicki | | | | |

# EXHIBIT B

## PLAINTIFF'S PROPOSED SUBSTANTIVE JURY INSTRUCTIONS

### I.    INTRODUCTION

In this case, plaintiff Executive Airlines  alleged that defendant Electric Boat Corporation is liable to it for breach of a contract in which Executive Airlines was to provide air charter services for Electric Boat's employees traveling between Groton, Connecticut and Newport News, Virginia.

I will set forth the legal standards applicable to these various claims and defenses and you must determine whether the evidence you find relevant and credible meets the particular standard you are examining.

### Breach of Contract

I instruct you that a jury in an earlier trial found that Electric Boat breached the contract.  You are not to question that decision by the jury.   Executive Airlines must now prove by a preponderance of the evidence that Electric Boat's breach caused Executive Airlines to suffer  damages.

### DAMAGES

The fact that I give you instructions on damages should not be taken as an indication that I think that damages should be, or should not be, awarded.  That is a determination which is left entirely to you.  I am instructing you first on the principles governing damages awards so that, in the event you should find the defendant or the plaintiff liable, you will know on what basis to consider any award of damages.

### Compensatory Damages

Compensatory damages represent the sum of money that will fairly, adequately and reasonably compensate a party for harm proximately caused by another's conduct.  Compensatory

damages are those damages which would make a party whole.  Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a party.

An award of damages is designed to place the damaged party, so far as it can be done by money, in the same position it would have been in had there been no breach of contract.  The damaged party may recover for those losses which it has proven by a preponderance of the evidence were the direct or natural result of the offending party's conduct.  A damaged party is entitled to those damages which the offending party should have realized might result from that party's conduct. You may not guess or speculate as to the proper amount of the award of damages, but absolute certainty is not required.  Reasonable certainty is the test.  You must be able, in view of the evidence which is offered, to arrive with a reasonable degree of certainty at some conclusion as to what the damaged party lost.  Applying these principles to the fact situation before you, should you conclude that any offending party is liable, then you must determine an amount that is fair compensation to the damaged party.

In fixing the amount of damages that will reasonably and fairly compensate the injured party, you are to consider that a party that is damaged must exercise ordinary care to minimize damages, if any.  The injured party may not recover for losses which could have been prevented by reasonable efforts on its part.

You are required to award net profits on the contract which would have gone forward had Electric Boat not breached the contract.   Overhead must always be deducted from gross profits, even if a given sale has a marginal cost of zero, because overhead is properly allocated on an average basis to each sale.   However, I charge you that under Connecticut law, overhead expenditures are recoverable as an element of damages. Thus, even if profit was reduced by overhead this would be

offset by the overhead being recoverable as damages.

As a matter of both simple arithmetic and sound accounting principles, the profit from a transaction ordinarily consist of the difference between the costs of the transaction and the selling price or receipts, and overhead expenses which are allocable to the transaction either must be included in the costs of the transaction, in which case they are deducted from the price or receipts in computing the profits, or they must be excluded from the costs, in which case they are not deducted from the price or receipts in computing the profits. Thus, to the extent that overhead expenses are treated as an element of costs in an action for loss of profits, such expenses are, in effect, deducted from the damages recoverable as lost profits. Conversely, to the extent that overhead expenses are not included as an element of costs and not deducted from the selling price or receipts in determining the amount of lost profits, such expenses are of necessity included within the measure of lost profits and are, in effect, recoverable as an element of damages.

Authority: *Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. Ensign-Bickford Co.*2004 WL 722231, 5 (D.Conn.,2004) and cases cited therein and 3 A.L.R.3d 689

COMMENT Note: <u>Overhead Expense as Recoverable Element of Damages.</u>

**Interest**

You may award pre-judgment interest to compensate the plaintiff Executive Airlines for delay in obtaining money that rightfully belonged to it. The rate is capped at ten per cent per annum.

Authority: *Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. Ensign-Bickford Co.*2004 WL 722231, 5 (D.Conn.,2004) and cases cited therein *Brandewiede v. Emery Worldwide*, 890 F.Supp. 79, 83 (D.Conn.,1994), citing *Continental Mach. Tool Co., Inc. v. Beacon Indus., Inc.,* 1993 WL 498752, at 2 (Conn.Super.Ct. November 19, 1993) and *Neiditz v. Morton S. Fine & Associates, Inc.,* 199 Conn. 683, 691, 508 A.2d 438 (1986). . General Statutes § 37-3a.

**Mitigation of Damages**

Electric Boat asserts that Executive Airlines failed to mitigate its damages. When a plaintiff claims damages suffered as a result of a breach of contract, the plaintiff is under an affirmative obligation to exercise reasonable care to minimize the resulting losses and damages caused thereby. Electric Boat must establish (1) that Executive Airlines failed to take reasonable action to lessen the damages; (2) that the damages were enhanced by the Executive Airlines' failure to take reasonable action to lessen the damages; and (3) that the damages which could have been avoided can be measured with reasonable certainty. If you find that Executive Airlines failed in any way to mitigate its damages, you must reduce any award by the amount that Executive Airlines reasonably could have expected to recover through mitigation.

**SPECIAL VERDICT FORM (INTERROGATORIES)**

You are going to be asked to answer three questions. Fill out only the copy with room for the foreperson's signature and return it to the court.

**CONCLUSION**

You may now retire to the jury room. Elect one of your members as foreperson. The foreperson is in no way more important in your deliberations. His or her function is to pass any requests for clarification of these instructions or something of that nature on to me, and to announce your verdict. If you do have such requests, please give them to the Marshal, in writing, and he or she will bring them to me. Be careful to give us no indication of the status of your deliberations when you make such requests; we are not permitted to know anything about how fast or slow you are proceeding, or whether you are divided in your positions, or any other information about what is taking place in the jury room.

As you proceed to your deliberations in the jury room, determine the facts on the basis of the evidence as you have heard it, and apply the law as I have outlined it to you. Render your verdicts fairly, uprightly, and without a scintilla of prejudice.

Although all jurors must agree before a verdict can be rendered, it is nevertheless the duty of each of you to discuss and consider the evidence and the opinions of the other jurors. If, in the course of your deliberations, you become convinced that the views you held are erroneous, do not hesitate to reexamine those views and change your opinion. Ultimately, however, you must decide the case for yourself. Do not surrender your beliefs as to the proper weight of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict.

**EXHIBIT C**

## <u>PLAINTIFF'S PROPOSED WITNESS LIST</u>-RETRIAL

Plaintiff Executive Airlines respectfully submits its  Proposed Witness List:

1.      Michael S. Peragine, President, Executive Airlines.

2.      William deDecker, Conkli8n & deDecker (expert witness).

3.      Anthony Ciccodicola, CPA (expert witness).

# EXHIBIT D

## PLAINTIFF'S PROPOSED SPECIAL JURY INTERROGATORIES

Plaintiff Executive Airlines respectfully submits its  proposed special jury interrogatories.


We, the Jury in the above-entitled action, unanimously find as follows:

### *Question* 1

What amount of money is due as damages from Defendant Electric Boat Division to the Plaintiff Executive Airlines ?

        Answer in Dollars and Cents:        $    _____

### *Question* 2

Do you find that interest should be awarded the plaintiff Executive Airlines on the award you have made ?

        Answer Yes or No:        _____

### *Question* 3

 If your Answer to the question just above is Yes, proceed to the next question.  If it was No, then do not go further.

You may award interest at any rate you think best up to and including 10% per annum.  At what rate should interest be awarded ?       _____


**SO SAY WE ALL**

_____

Foreperson

# EXHIBIT E

## <u>PLAINTIFF'S PROPOSED VOIR DIRE</u>

Plaintiff Executive Airlines respectfully submits its proposed jury voir dire.

1.      Does anyone in the jury panel have a relative or friend who works for General Dynamics Corporation, or Electric Boat Corp. ?

2.      Does anyone in the jury panel have an opinion, good or bad, about General Dynamics Corporation, or Electric Boat Corp. ?

3.      Does anyone in the jury panel know any of the witnesses who may be called by the parties ? (Read witness lists)

4.      Does anyone in the jury panel have an opinion, good or bad, about aviation ?

5.      Does anyone in the jury panel have a fear of flying ?

6.      Does anyone in the panel have experience in accounting or economics or know anyone who has such experience ?

7.      If there is a difference between what the Court tells you and what you believe is true, will you be able to set aside your personal beliefs and follow the Court's instructions ?

8.      Is there anything in this case which would make it difficult for anyone to be fair and impartial ?

## <u>CERTIFICATION</u>

This is to certify that on this date a copy of the foregoing was mailed, first class postage prepaid, and as an email attachment to:

James H. Rotondo, Esq.
jhrotondo@daypitney.com
Amy T. Maas, Esq.
atmaas@dbh.com
**Day Pitney LLP**
CityPlace I
Hartford, Connecticut 06103-3499
Attorneys for Defendant

_____
Daniel F. Hayes (phv0207)

April 23, 2007

24