**EXHIBIT A**

**LOST PROFIT DAMAGES**

In a contract-based action, such as this one, an award of damages is designed to place the plaintiff, so far as it can be done by money, in the same position it would have been in had the contract been fully performed as agreed.  Executive Airlines is entitled to nothing in excess of that sum which compensates it for the loss of its bargain with Electric Boat.  In this regard, I remind you that the plaintiff here is Millennium Aviation Services, Inc. d/b/a Executive Airlines, You may not compensate Executive Airlines for losses sustained by any entity other than Millennium Aviation Services, Inc. d/b/a Executive Airlines, even if that other entity also was doing business as Executive Airlines.

The Charter Agreement represents the "bargain" between Electric Boat and Executive Airlines in this case.  Accordingly, Executive Airlines' damages are the profits Executive Airlines would have made under the Charter Agreement, had the Agreement been performed as the parties agreed.  This calculation is sometimes referred to as a calculation of "lost profits."  Lost profits are the net profits from a transaction, or in other words, the amount of profit that remains after a business deducts both fixed and variable expenses.  Executive Airlines also may be entitled to recover as damages a portion of the overhead or fixed expenses it incurred in association with the Charter Agreement, if those expenses are proven to you with reasonable certainty.  Keep in mind, however, that at some point in time, all overhead expenses become avoidable.  Executive Airlines is entitled to recover as damages only those overhead or fixed expenses that it could not have reasonably avoided.

In order to calculate Plaintiff's lost profits in this case, therefore, you must engage in a three-step process.  First, you must determine the total amount of revenue that Executive Airlines would have generated if the Charter Agreement had been performed as agreed.  On this issue,

-2-

you must bear in mind that the Charter Agreement permitted Electric Boat to terminate the Agreement with six-months notice, and only required that Electric Boat purchase fifteen flights per month from Executive Airlines.  The law limits Executive Airlines' damages in this regard and you may not award damages under alternate assumptions of frequency or duration.

Second, you must determine the total amount of expenses Executive Airlines would have incurred in performing under the Charter Agreement, including all fixed or overhead expenses and all variable incremental expenses.

Third, you must deduct the total amount of expenses from the revenue Executive Airlines would have earned had the Charter Agreement been performed as the parties' agreed.  In this regard, however, you do not need to deduct the amount of overhead or fixed expenses that Executive Airlines could not have reasonably avoided incurring, if you find that there were any such unavoidable expenses.

As I stated earlier, Executive Airlines bears the burden to establish its lost profit damages with sufficiently accurate and complete evidence for you to be able to estimate those lost profits with reasonable certainty.  Accordingly, Executive Airlines must establish with reasonable certainty the amount of revenue it would have earned under the Charter Agreement, the amount of expenses it would have incurred in performing under the Charter Agreement, and the amount of fixed overhead expenses that it could not have reasonably avoided incurring.  Executive Airlines' lost profit damages may not be based upon evidence that is speculative or conjectural.

AUTHORITY/SOURCES

*Nationwide Airlines (Pty) Ltd. v. African Global, Ltd.*, 2007 U.S. Dist. LEXIS 10420, 55- 57 (D. Conn. Feb. 14, 2007);
*McKeown Distributors, Inc. v. Gyp-Crete Corp.*, 618 F. Supp. 632, 634 (D. Conn. 1985);

*Martin Motor Sales, Inc. v. Saab-Scania of Am., Inc.,* 452 F. Supp. 1047, 1053 (S.D.N.Y. 1978), *aff'd*, 595 F.2d 1209 (2d Cir. 1979);
*Cheryl Terry Enterprises Ltd. v. Hartford*, 270 Conn. 619, 641 (2004);
*Beverly Hills Concepts v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 70 (1998);
*Argentinis v. Gould*, 219 Conn. 151, 157-58 (1991);
*Gargano v. Heyman*, 203 Conn. 616, 621 (1987);
*Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 688-89 (1986);
*Benevenuti Oil Co. v. Foss Consultants, Inc.*, No. CV010485270S, 2006 Conn. Super. LEXIS 238 (Conn. Super Ct. Jan. 25, 2006);
*Gent Uniform Rental Corp. v. Jordan*, No. CV 990174469, 2000 Conn. Super. LEXIS 2210 (Conn. Super. Ct. Aug. 18, 2000);
*J. Iapaluccio, Inc. v. City of Torrington*, No. 31 81 4, 1996 Conn. Super. LEXIS 3166 (Conn. Super. Ct. Dec. 2, 1996).
25 C.J.S., *Damages*, § 74  (2d ed. 1988).
22 Am. Jur. 2d *Damages* §46 (2d ed. 1988).