UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| EXECUTIVE AIRLINES<br><br>　　　　　　　Plaintiff,<br>VS.<br><br>ELECTRIC BOAT CORPORATION,<br><br>　　　　　　　Defendant. | : CIVIL ACTION NO.<br>: 02-CV-194 (WWE)<br>:<br>:<br>:<br>:<br>:<br>:<br>: MAY 10, 2007<br>: |

## DEFENDANT'S MOTION TO DISMISS

Pursuant to Fed. R. Civ. P. 12, defendant Electric Boat Corporation ("Electric Boat") hereby respectfully moves this Court to dismiss the above-captioned matter for lack of jurisdiction.

## PROCEDURAL POSTURE

This hearing in damages comes before this Court pursuant to the April 6, 2006 order granting Electric Boat a retrial as to damages in the above-captioned action.[1] The parties presented evidence on that retrial from May 8-10, 2007. Prior to the close of evidence, Electric Boat moves to dismiss this action.

## ARGUMENT

"It is elemental that in order to confer jurisdiction on the court, the plaintiff must have an actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity to sue." *Isaac v. Mount Sinai Hosp.*, 3 Conn. App. 598, 600, *cert. denied*, 196 Conn. 807 (1985); *see also Randolph Found. v. Probate Court of Westport*, No. XO 5CV980167903S, 2001 Conn.

---

[1] (*See* Order on Renewed Mot. for J. as a Matter of Law or, in the Alternative, Mot. for a New Trial (Eginton, J.) dated Apr. 6, 2006 ("Order on Mot. for J.")).

Super. LEXIS 953 (Conn. Sup. Ct. Apr. 3, 2001). The use of a fictitious or assumed business name does not create a separate legal entity and the designation d/b/a is merely descriptive of the person or corporation who does business under some other name. *Edmands v. CUNO, Inc.*, 277 Conn. 425, 455 (2006); *Scrivani v. Vallombroso*, 99 Conn. App. 645, 647 (2007); *Bauer v. Pounds*, 61 Conn. App. 29, 36 (2000).

In *Randolph Found. v. Probate Court of Westport*, No. XO 5CV980167903S, 2001 Conn. Super. LEXIS 953 (Conn. Sup. Ct. Apr. 3, 2001), the Connecticut Superior Court addressed this issue in detail, as follows:

> It appears well settled that the use of a fictitious or assumed business name does not create a separate legal entity and that the designation d/b/a is merely descriptive of the person or corporation who does business under some other name...A corporation is a person, although not a natural person...the use of "d/b/a" or "doing business as to associate a trade name with a corporation does not create a legal entity separate from a corporation, but is merely descriptive of the corporation.

*Id.* (citing *Bauer v. Pounds*, 61 Conn. App. 29, 36 (2000)).

> A number of trial courts have held that a registered trade name is not a legal entity and the trade name, as a plaintiff, has no standing to institute suit. Those lawsuits have been dismissed for lack of subject matter jurisdiction. Suit must be brought in the name of the owner, "doing business as" the trade name, not the trade name as a separate entity.

*Id.* (citing *GMA Yacht Sales v. Skagit Marine Distributing, Inc.*, No. CV 99-0364155, 2000 Conn. Super. LEXIS 2486 (Conn. Sup. Ct. Sep. 7, 2000); *American Rental Centers v. ITT Hartford Ins. Group*, No. CV 92-0453271 5, 1993 Conn. Super. LEXIS 700 (Conn. Sup. Ct. March 17, 1993)) ("No action may be brought by, nor may any suit be maintained against, a trade name as an entity . . . Any such proceeding is a nullity")).

In this case, Plaintiff identified itself in its pleadings merely as "Executive Airlines." During a December 6, 2006 deposition, the corporate representative of Plaintiff indicated that "Executive Airlines" is actually a d/b/a for another legal entity called Millennium Aviation

Services, Inc. (*See* Dep. of M. Peragine as Corporate Representative of Executive Airlines, dated Dec. 6, 2006)("30(b)(6) Dep.") at 10:6-16)(attached as Ex. A). Accordingly, the Plaintiff in this case is not a legal entity and does not have capacity under Connecticut law to maintain the above-captioned suit.[2] Moreover, because Plaintiff is not a legal entity, there can be no showing of residency or domicile and no showing of diversity for purposes of jurisdiction under 28 U.S.C. § 1332. (*See* Second Am. Compl. ¶ 2.) As a result, this Court lacks jurisdiction over this matter. For these reasons, Electric Boat respectfully requests the Court dismiss the action pursuant to Fed. R. Civ. P. 12.

DEFENDANT,
ELECTRIC BOAT CORPORATION

By _____
James H. Rotondo (ct05713)
jhrotondo@daypitney.com
Amy T. Maas (ct25561)
atmaas@daypitney.com
Day Pitney LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 fax
Its Attorney

---

[2] Pursuant to Fed. R. Civ. P. 17(b), the capacity of an individual to sue or be sued is determined by the law of the state where the individual is domiciled, the capacity of a corporation to sue or be sued is determined by the law of the State under which the corporation is organized, and in all other cases, capacity is determined by the law of the State in which the District Court sits. Because Plaintiff is not a recognized legal entity, Plaintiff falls under the "all other cases" category and this Court must apply Connecticut when determining whether Plaintiff has legal capacity to maintain this action against Electric Boat.

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10th day of May, 2007, a copy served in hand upon counsel for the plaintiff, Daniel Hayes and will be filed electronically and by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                                             Amy T. Maas (ct25561)

# EXHIBIT A

```
00001
 1  UNITED STATES DISTRICT COURT
 2  DISTRICT OF CONNECTICUT
    ---------------------------------x
 3
    EXECUTIVE AIRLINES,
 4
              Plaintiff,
 5
         -against-
 6                      CIVIL ACTION NO.
    ELECTRIC BOAT CORP.,    02-CV-194(WEE)
 7
              Defendants.
 8
    ---------------------------------x
 9
10
              One Canterbury Green
11              Stamford, CT
12              December 6, 2006
                10:05 a.m.
13
14
15       DEPOSITION of MICHAEL PERAGINE, taken
16  before Cheryll Kerr, LSR, a Licensed Shorthand
17  Reporter within and for the State of
18  Connecticut.
19
20
21
       BRANDON SMITH REPORTING SERVICE, LLC
22         44 Capitol Avenue
         Hartford, Connecticut 06106
23   Phone (860) 549-1850 Fax (860) 549-1537
24
25
```

```
00002
 1  APPEARANCES:

 2  BIEDERMANN, HOENIG & RUFF, ESQS.
        Attorneys for Plaintiff
 3      805 Third Avenue
        New York, NY 10017
 4
    BY:  DANIEL F. HAYES, ESQ.
 5

 6  DAY, BERRY & HOWARD LLP
        Attorneys for Defendant
 7      CityPlace
        Hartford, CT 06103
 8
    BY:  JAMES H. ROTONDO, ESQ.
 9

10        *****   *****   *****

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

00004
1    A. I am.

2    Q. Okay, so you know you should wait for me

3 to finish my questions before you answer?

4    A. I do.

5    Q. And that you should answer out loud?

6    A. I do.

7        (Whereupon, an informal discussion

8        was held off the record.)

9 BY MR. ROTONDO:

10    Q. Now, Mr. Peragine, I understand that you

11 are here to testify in response to the Rule 30(b)(6)

12 Notice of Deposition that Electric Boat issued. Is

13 that correct?

14    A. Yes.

15    Q. All right, and we have marked as Exhibit 1

16 the 30(b)(6) Notice of Deposition. Have you ever

17 seen that document before today?

18    A. Yes.

19    Q. Okay, and what, if anything, have you done

20 to prepare yourself to testify in response to the

21 30(b)(6) Notice of Deposition?

22    A. I read through my prior deposition, some

23 of -- some of them, and some of the other documents.

24    Q. When you say "some of the other

25 documents," what are you referring to?

00005
1    A. I read through the depositions and some of
2 the trial memorandum -- you know, just to scan
3 through the -- all of the case files.
4    Q. Are you authorized to testify today on
5 behalf of the plaintiff in this case, Executive
6 Airlines?
7    A. Yes.
8    Q. And are you, in fact, knowledgeable with
9 respect to each of the categories about which
10 information is sought in the 30(b)(6) (indicating)
11 Notice of Deposition?
12    A. I believe so.
13       MR. HAYES: Object to the form of the
14       question. You may answer.
15 BY MR. ROTONDO:
16    Q. There were requests for production
17 attached at the end of the Notice of Deposition
18 beginning on page 7.
19    Have you done anything -- have you made any
20 effort to search for the documents requested?
21    A. (No response).
22    Q. In these requests for production?
23    A. Yes.
24    Q. Okay, and what have you done in that
25 regard?

00010
1  Aviation and the owners?
2  Q. Correct.
3  A. I don't believe so.
4  Q. That actually gets me to a point that I
5  wanted to ask you about.
6  The plaintiff in this case is Executive
7  Airlines, correct?
8  A. Millennium Aviation d/b/a Executive
9  Airlines.
10  Q. That's exactly what I was getting at.
11  Executive Airlines is not a corporation, correct?
12  A. It's a d/b/a -- the name Executive
13  Airlines is a d/b/a of a corporation.
14  Q. And the corporation is Millennium Aviation
15  Services, Inc. is that correct?
16  A. Yes.
17  Q. Request for Production No. 5 seeks each
18  and every document concerning the purchase or sale
19  of the aircraft that serviced Electric Boat under
20  the purchase order agreement.
21  Those documents have been produced to us?
22  A. You are -- you are reading number...
23  Q. Five.
24  A. I believe they have been produced, yes.
25  Q. Request for Production No. 6 seeks "For