UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES | : | CIVIL ACTION NO. |
| | : | 02-CV-194 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| | : | |
| Defendant. | : | MAY 11, 2007 |
| | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S REQUEST TO CHARGE

Defendant Electric Boat Corporation ("Electric Boat") hereby submits this memorandum in support of its request to charge the jury that Plaintiff bears the burden of proof on the issue of mitigation in this case.

## PROCEDURAL POSTURE

This hearing in damages comes before this Court pursuant to the April 6, 2006 order granting Electric Boat a retrial as to damages in the above-captioned action. The parties presented evidence on that retrial in May, 2007. On May 10, 2007, the Court held a charging conference wherein Electric Boat requested, among other things, that the Court instruct the jury that Plaintiff bears the burden of proof on the issue of mitigation in this case. The Court requested a memorandum of law on the issue.

## ARGUMENT

Under Connecticut law, overhead costs are generally recoverable as an element of damages. *See Retepromaca Representaciones Tecnicas Proyectos Y Sistemas, C.A. v. Ensign-Bickford Co.*, 2004 U.S. Dist. LEXIS 5552 (D. Conn. 2004). Overhead is typically described as an ongoing, indirect cost, and courts tend to use the terms "fixed costs" and "overhead" interchangeably. *Comment Note: Overhead Expense as Recoverable Element of Damages*, 3

ALR 3d. 689. After a period of time, however, all fixed costs become variable and can be avoided. *See, e.g., Verizon Communs., Inc. v. FCC*, 535 U.S. 467, 509 (2002) (recognizing that "[i]n the long run, all of a firm's costs become variable or avoidable.") (internal citations omitted); *Kutner Buick, Inc. v. Am. Motors Corp.*, 868 F.2d 614 (3d Cir. 1989) ("A cost may be fixed for one time period but avoidable over a longer time period."). Fixed costs that a plaintiff can reasonably avoid are not properly recovered as lost profit damages. *See Martin Motor Sales, Inc. v. Saab-Scania of Am., Inc.*, 452 F. Supp. 1047, 1053 (S.D.N.Y. 1978), *aff'd*, 595 F.2d 1209 (2d Cir. 1979).

It is axiomatic that Plaintiff bears the responsibility to come forth with evidence of its damages, such that the amount of the plaintiff's loss can be measured with reasonable certainty. *Beverly Hills Concepts v. Schatz & Schatz, Ribicoff & Kotkin*, 247 Conn. 48, 70; *Conaway v. Prestia*, 191 Conn. 484, 493-94, 464 A.2d 847 (1983). Because fixed costs are an element of lost profit damages under Connecticut law, the plaintiff bears the burden of establishing the amount of fixed costs that it is entitled to recover as damages. *See Outdoor Dev. Corp. v. Mihalov*, 59 Conn. App. 175, 178-179 (2000)(refusing to permit plaintiff to recover overhead expenses as an element of its lost profit damages when plaintiff failed to carry its burden of establishing the amount of overhead expenses to which it was entitled). Accordingly, in this case, Plaintiff bears the burden of establishing, by a preponderance of the evidence and with reasonable certainty, the amount of fixed costs it is entitled to recover as damages, or in other words, those fixed costs that Plaintiff could not have reasonably avoided. In this regard, the concepts of mitigation and avoidability overlap: although the defendant typically bears the burden of proof on mitigation, where a plaintiff seeks to recover fixed overhead expenses as an element of lost profit damages, the plaintiff bears the burden of establishing non-avoidability.

Under these circumstances, the defendant is not properly charged with the burden of proof on mitigation. For these reasons, Electric Boat respectfully submits that the burden of proof on mitigation shifts to Plaintiff in this case, and requests that the Court charge the jury accordingly.

DEFENDANT,
ELECTRIC BOAT CORPORATION

By: *[signature]*
James H. Rotondo (ct05713)
jhrotondo@daypitney.com
Amy T. Maas (ct25561)
atmaas@daypitney.com
Day Pitney LLP
CityPlace I
Hartford, Connecticut 06103-3499
(860) 275-0100
(860) 275-0343 fax
Its Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of May, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*[signature]*
Amy T. Maas (ct25561)