UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MILLENNIUM AVIATION SERVICES, INC. d/b/a EXECUTIVE AIRLINES, | |
| Plaintiff, | 02cv194 (WWE) |
| v. | |
| ELECTRIC BOAT CORPORATION, | |
| Defendant. | |

## SUBSTANTIVE JURY INSTRUCTIONS

I. **INTRODUCTION**

In this case, you will consider the amount of damages owed to plaintiff Millennium Aviation Services, Inc. d/b/a Executive Airlines by reason of defendant Electric Boat Corporation's termination of the contract for air charter services. Henceforth, I will refer to plaintiff as Executive Airlines.

**PROXIMATE CAUSE**

In order for Executive Airlines to be entitled to damages, there must be a showing by a preponderance of the evidence that Electric Boat's actions were a proximate cause of Executive Airlines' damage. Proximate cause, as we use the phrase in the law, means that cause or act which, as a natural sequence, produces the damage and without which the damage would not have occurred. In other words, the conduct of Electric Boat must be a substantial factor in producing the damage to Executive Airlines, and not a mere condition of or incident to the harm.

1   This does not mean, however, that the law recognizes only one proximate cause
2   of damage. On the contrary, many factors or things, or the conduct of more than one
3   person may operate at the same time, either independently or together, to cause
4   damage. In such a case, each may be a proximate cause.
5   **DAMAGES: Compensatory Damages**
6   Compensatory damages represent the sum of money that will fairly, adequately
7   and reasonably compensate a party for harm proximately caused by the conduct of
8   another party. Compensatory damages are those damages which would make a party
9   whole. Compensatory damages are not allowed as a punishment and cannot be
10  imposed or increased to penalize a party.
11  A damaged party may recover for those losses which it has proven by a
12  preponderance of the evidence were the direct or natural result of the offending party's
13  conduct. A damaged party is entitled to those damages which were reasonably
14  foreseeable.
15  Here, the Purchase Order Supplement represents the "bargain" between Electric
16  Boat and Executive Airlines. Accordingly, Executive Airlines' damages are the profits
17  Executive Airlines would have made under the contract, had the contract been
18  performed as the parties agreed. This calculation is sometimes referred to as a
19  calculation of "lost profits." Lost profits are the net profits from a transaction, or in other
20  words, the amount of profit that remains after a business deducts both fixed and variable
21  expenses. Executive Airlines also may be entitled to recover as damages a portion of
22  the overhead or fixed expenses it incurred in association with the contract, if those
23  expenses are proven to you with reasonable certainty. Keep in mind, however, that at

1   some point in time, all overhead expenses become avoidable. Executive Airlines is
2   entitled to recover as damages only those overhead or fixed expenses that it could not
3   have reasonably avoided. This is because of what the law calls "mitigation of damages,"
4   which I will explain in a moment.
5       Executive Airlines bears the burden to establish its lost profit damages with
6   sufficiently accurate and complete evidence for you to be able to estimate those lost
7   profits with reasonable certainty. Accordingly, Executive Airlines must establish with
8   reasonable certainty the amount of revenue it would have earned under the contract, the
9   amount of expenses it would have incurred in performing under the contract, and the
10  amount of fixed overhead expenses that it could not have reasonably avoided incurring.
11  Executive Airlines' lost profit damages may not be based upon evidence that is
12  speculative or conjectural. Applying these principles to the fact situation before you,
13  then you must determine an amount that is fair compensation to Executive Airlines.
14      In determining the amount of damages that will reasonably and fairly compensate
15  Executive Airlines, you must also consider whether Executive Airlines made reasonable
16  efforts to minimize or avoid incurring additional overhead or fixed expenses after the
17  early termination by Electric Boat. If Executive Airlines failed to make reasonable efforts
18  to lessen or avoid its overhead expenses, it is not entitled to recover those expenses.
19  Executive Airlines bears the burden of proof on the issue of whether it acted reasonably
20  in terms of making efforts to reduce overhead expenses.
21      In this context, reasonable certainty means that, after weighing the evidence, you
22  are able to arrive with a reasonable degree of certainty at some conclusion as to the
23  amount of money that Executive Airlines could have avoided losing in this matter. If you

1  find that Executive Airlines failed to avoid some or all of the damages it seeks to recover,
2  you must reduce the damages that you award Executive Airlines, if any, by the amount
3  of loss that Executive Airlines could have avoided with reasonable effort.

## CONCLUSION

5  You may now retire to the jury room. Elect one of your members as foreperson.
6  The foreperson is in no way more important in your deliberations. His or her function is
7  to pass any requests for clarification of these instructions or something of that nature on
8  to me, and to announce your verdict. If you do have such requests, please give them to
9  the Marshal, in writing, and he or she will bring them to me. Be careful to give us no
10 indication of the status of your deliberations when you make such requests; we are not
11 permitted to know anything about how fast or slow you are proceeding, or whether you
12 are divided in your positions, or any other information about what is taking place in the
13 jury room.

14  As you proceed to your deliberations in the jury room, determine the facts on the
15 basis of the evidence as you have heard it, and apply the law as I have outlined it to you.
16 Render your verdicts fairly, uprightly, and without a scintilla of prejudice.

17  Although all jurors must agree before a verdict can be rendered, it is nevertheless
18 the duty of each of you to discuss and consider the evidence and the opinions of the
19 other jurors. If, in the course of your deliberations, you become convinced that the views
20 you held are erroneous, do not hesitate to reexamine those views and change your
21 opinion. Ultimately, however, you must decide the case for yourself. Do not surrender
22 your beliefs as to the proper weight of the evidence solely because of the opinions of
23 other jurors or for the mere purpose of returning a verdict.