UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | : | CIVIL NO.: 3:02 CV 194(WWE) |
| Plaintiff, | : | |
| vs. | : | |
| ELECTRIC BOAT Corp., | : | |
| Defendant. | : | May 24, 2007 |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO FRCivP 59(e) TO AMEND JUDGMENT WITH PRE-JUDGMENT AND POST-JUDGMENT INTEREST**

The plaintiff, Executive Airlines, now respectfully moves pursuant to FRCivP 59(e), for the entry of an amended judgment in this matter with pre-judgment and post judgment interest.

Plaintiff is entitled to the entry of an amended judgment to add pre-judgment and post judgment interest to the verdict. Plaintiff will also submit its bill of costs to the Clerk of Court withing the time permitted by Local Rule 54(a)(1.).

**BACKGROUND**

In the first trial, the jury on February 17, 2006 found for the plaintiff on liability and damages. After the Court ordered a retrial on damages, on May 11, 2007 a second jury found for the plaintiff in the amount of five hundred seventy - six thousand, fifty-four dollars ($576,054.00). On May 14, 2007, the Clerk entered judgment in the amount of the verdict.

During the first trial, the plaintiff asked the jury in summation to award interest. During its deliberations, the jury passed a note to the Court asking if it could award interest. The parties agreed that the Court should tell the jury that the Court would deal with the issue of interest.

Before the second trial, the plaintiff briefed the issue of interest and requested that the issue be submitted to the jury. The Court over the objection of the plaintiff ruled that it would not submit the question of interest to the jury but would decide it itself.

Plaintiff now requests the entry of an amended judgment based on the verdict of the jury on damages in the amount of five hundred seventy - six thousand, fifty-four dollars ($576,054.00); pre-judgment interest pursuant to Connecticut General Statutes § 37-3a, at the rate of ten per cent *per annum* from June 7, 2000 (the date of the termination letter from Electric Boat to Executive Airlines) until February 17, 2006, in the total amount of three hundred twenty-seven thousand, one hundred sixty-seven dollars and eleven cents ($327,167.11); and post - judgment interest pursuant to 28 U.S.C. § 1961at the rate of 4.67% from February 18, 2006 through May 31, 2007 , totaling thirty-four thousand four hundred nineteen dollars and forty - six cents ($34,419.46), with the addition of $73.70 *per diem* until paid. The total amount requested is nine hundred thirty-seven thousand six hundred forty dollars and fifty-seven cents ($937,640.57). The calculations are set out in Exhibit A.

## I
## THE PLAINTIFF AS PREVAILING PARTY IS ENTITLED TO PRE-JUDGMENT INTEREST AT THE RATE OF TEN PER CENT PER ANNUM UNDER CONNECTICUT LAW

This action was commenced in the Eastern District of New York under 28 U.S.C. § 1332. During the course of the litigation, pursuant to the contract between the parties, it was established that the law of the State of Connecticut, home state of the defendant, would govern the legal disputes between them.

In a diversity of citizenship case such as this, prejudgment interest is governed by state law. *See Charts v. Nationwide Mut. Ins. Co.,* 397 F.Supp.2d 357, 385 (D.Conn.2005), and post-judgment interest is governed by 28 U.S.C. § 1961, see *Jones v. UNUM Life Ins. Co. of America,* 223 F.3d 130, 139 (2d Cir.2000).

The applicable Connecticut statute provides that "interest at the rate of ten percent a year, and no more, may be recovered ... as damages for **the detention of money after it becomes payable**." Conn. Gen.Stat. § 37-3a [1]. (Emphasis added).

"Pursuant to General Statutes § 37-3a , prejudgment interest is awarded in the discretion of the trial court to compensate the prevailing party for a delay in obtaining money that rightfully belongs to him," *Northrop v. Allstate Ins. Co.*, 247 Conn. 242, 245, 720 A.2d 879, 885 (1998).

Two juries in this matter have construed the written contract between the parties and found that Electric Boat has "detained" money that rightfully belonged to Executive Airlines, for almost seven years now. Five years of litigation and two trials have been necessary to reach this point. Inflation, though subdued, over seven years has taken a substantial toll on the debt due. The interests of justice require that plaintiff be awarded pre-judgment interest for the period requested . Plaintiff

---

[1] General Statutes § 37-3a provides: "Rate recoverable as damages. Except as provided in sections 37-3b, 37-3c and 52-192a, interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions or arbitration proceedings under chapter 909, including actions to recover money loaned at a greater rate, as damages for the detention of money after it becomes payable. Judgment may be given for the recovery of taxes assessed and paid upon the loan, and the insurance upon the estate mortgaged to secure the loan, whenever the borrower has agreed in writing to pay such taxes or insurance or both. Whenever the maker of any contract is a resident of another state or the mortgage security is located in another state, any obligee or holder of such contract, residing in this state, may lawfully recover any agreed rate of interest or damages on such contract until it is fully performed, not exceeding the legal rate of interest in the state where such contract purports to have been made or such mortgage security is located."

suggests that the rate be set at the maximum of ten percent, which seems to be the rate used most often by the Connecticut courts.

### The First Verdict

Plaintiff raised the issue of pre-judgment interest with the Court after the first verdict. Before it ordered a new trial, the Court entered an order denying plaintiff's request for pre judgment interest. In that order, the Court indicated it was bound by *Brookridge Funding Corp. v. Northwestern Human Resources, Inc.*, 170 Fed.Appx. 170, 2006 WL 508356 (2d Cir. 2006), to deny the request for interest because there had been a good faith dispute over the obligations of the Executive - Electric Boat contract.

*Brookridge Funding Corp.* was a Summary Order. Respectfully, any reliance by the Court on this summary order would be improper since the rules of the Second Circuit forbid its use as precedent. ² Moreover, the interpretation of the interest statute's "wrongfulness" requirement which

---

²     The Amended Rules allow the citation **only** of summary orders filed after January 1, 2007, and continue to state that all summary orders do not have precedential effect. U.S.Ct. of App. 2nd Cir. § 0.23, 28 U.S.C.A. in pertinent part, states:
**Summary Order**
**(a) Use of Summary Orders**
The demands of contemporary case loads require the court to be conscious of the need to utilize judicial time effectively. Accordingly, in those cases in which decision is unanimous and each judge of the panel believes that no jurisprudential purpose would be served by an opinion (i.e., a ruling having precedential effect), the ruling may be by summary order instead of by opinion.
**(b) Precedential Effect of Summary Orders**
Rulings by summary order do not have precedential effect.
**© Citation of Summary Orders**
(1) Citation to summary orders filed after January 1, 2007, is permitted.
(A) In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)."
(B) Unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/), the party citing the summary order must file and serve a copy of that summary order together with

the Court derived from the summary order does not reflect the holdings of the Supreme Court of Connecticut since this Court's order, or in the cases cited in *Brookridge Funding*.

*Brookridge Funding* itself does not **require** some sort of "bad faith" to award interest. It merely points out in passing that "bad faith" cases are **some** of the cases where interest can be awarded in the discretion of the Court, but **only some**. *Brookridge Funding* and the Supreme Court cases it relies on do not raise "bad faith" to the level of a *sine qua non* for an award of pre-judgment interest.

## II
## THE COURT IS FREE TO AWARD INTEREST IN THE INTEREST OF JUSTICE UNDER A "RELAXED STANDARD" SET BY THE SUPREME COURT

A decision by the Supreme Court after this Court's decision in 2006 clearly leaves the award of interest up to the trial court to do justice under the circumstances under a "relaxed standard" and it broadly hints that the Supreme Court favors the awarding of interest in a contract case such as this:

> "The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court.... We have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful.... Gauged by this **relaxed standard**, the panel's award of interest was certainly not in manifest disregard of the law."

*LaSalla v. Doctor's Associates, Inc.*, 278 Conn. 578, 597, 898 A.2d 803, 816 (June 13, 2006)(emphasis added).

---

the paper in which the summary order is cited. If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.
(2) Citation to summary orders filed prior to January 1, 2007, is not permitted in this or any other court, except in a subsequent stage of a case in which the summary order has been entered, in a related case, or in any case for purposes of estoppel or res judicata.

Under cases decided by the Supreme Court, this Court would be soundly within its discretion to award pre-judgment interest under the facts and circumstances of this case. The overriding consideration in the appellate case law is that "[t]he allowance of interest as an element of damages is ... primarily an equitable determination and a matter lying within the discretion of the trial court." See, *e.g.*, *LaSalla, supra*; *Ferrato v. Webster Bank*, 67 Conn.App. 588, 789 A.2d 472 (Conn.App. 2002); *Slattery v. Maykut*, 176 Conn. 147, 405 A.2d 76 (1978).

The statute requires that the detention of money be "wrongful" but "wrongfulness" means simply a refusal to pay on an express contract without the legal right to do so. *Ferrato, supra,* 67 Conn.App. at 588, 789 A.2d at 472.

*Ferrato, supra,* was an action brought by a "serving officer" against a judgment debtor's bank for its wrongful failure to honor an execution order. In affirming a judgment for an amount which should have paid when the execution was served, the Appellate Court noted that "wrongful" is not synonymous with "bad faith conduct"; "wrongful" means the lack of a legal right to withhold the money:

> Although bad faith is one factor that the court may look at when deciding whether to award interest as damages for the detention of money after it becomes payable, **in the context of the statute authorizing such interest, "wrongful" is not synonymous with bad faith conduct, but rather, simply means that the act is performed without the legal right to do so.** *Nevertheless***, "[t]he allowance of interest as an element of damages is ... primarily an equitable determination and a matter lying within the discretion of the trial court."**

*Ferrato, supra,* 67 Conn.App. at 596, 789 A.2d at 477 (Emphasis added).

This Court's discretion is only bound by the demands of justice. In *Cecio Bros., Inc. v. Feldmann*, 161 Conn. 265, 287 A.2d 374 (1971), a contractor's action against an owner under an express agreement to be paid for time and materials, the defendant claimed that interest could not

be awarded since there was no finding by the court that the defendant *wrongfully* withheld payment. The Supreme Court disagreed, affirming an award of interest at 6% [the maximum at the time]. The Supreme Court emphasized the wide discretion afforded the trial court to **do justice**, rather than to apply an *arbitrary rule*.

> "The determination of whether or not interest is to be recognized as a proper element of damage is one to be made in view of *the demands of justice rather than through the application of any arbitrary rule*.....The real question in each case is whether the detention of the money is or is not wrongful under the circumstances.... plaintiff performed his work in a good and workmanlike manner and ...sold and delivered materials and supplied machinery and labor in accordance with an express agreement and that the plaintiff performed all the work requested by the defendant or his agents and completed the contract. Thus, it is implicit in the court's conclusions that the money due the plaintiff was wrongfully detained after July 14, 1961. On the facts of this case, we cannot hold that the referee erred in allowing interest. (Citations omitted, emphasis added).

*Cecio Bros., supra*, 161 Conn. at 275, 287 A.2d at 379.

The only reasonable conclusion from this explanation by the Supreme Court is that, at least where there is a written contract, "wrongful detention" is equivalent to non-payment when there is a contractual obligation to pay; and that no more is required for awarding interest.

A *bona fide*, though unsuccessful defense, does not mean that a court cannot award interest, in its discretion. In *Northrop v. Allstate Ins. Co.*, 247 Conn. 242, 720 A.2d 879 (1998), the Supreme Court affirmed an award of interest at 10% per annum (but remanded for recalculation) in an action by insureds against a homeowners' insurer. The Supreme Court approved the award, even though the insurer relied on a plausible interpretation of language in its policy to deny full payment. [3] In

---

[3]

In *Northrop, supra,* after a fire, the insurer paid the actual cash value of the damage, which amounted to replacement cost less depreciation. According to the insurer, the full replacement cost was not due because the policy required **payment** of "the amount actually and necessarily spent."to trigger the obligation to repay the insured, and that incurring a debt with a contractor, as the insureds had done, was insufficient.

*Nor'easter Group, Inc. v. Colossale Concrete, Inc.*, 207 Conn. 468, 542 A.2d 692 (1988), a subcontractor brought an action against a contractor and surety to recover for labor and material on a payment bond. The defendant claimed that it withheld payment because the work was defective. Nevertheless, the Supreme Court affirmed the award of prejudgment interest as within the discretion of the trial court. See also, *Southern New England Contracting Co. v. State*, 165 Conn. 644, 665, 345 A.2d 550, 561 (1974) (a "hot" dispute over both liability and damages is a factor which can be considered but is not decisive.) .

### Starting Date for Interest Calculation

The jury verdicts and the evidence in this matter support the proposition that the proper date from which pre-judgment interest should be calculated is June 7, 2000, the date on which Electric Boat notified Executive Airlines that it was terminating the contract (Letter, R.Kiely to M. Peragine).

The calculation of simple interest based on the second jury's award of five hundred seventy - six thousand, fifty-four dollars ($576,054.00) at ten percent *per annum* from June 7, 2000, through February 17, 2006, when the first jury decided liability, yields a total of pre-judgment interest of three hundred twenty-seven thousand, one hundred sixty-seven dollars and eleven cents ($327,167.11). (Please see spreadsheet attached as Exhibit A).

### Post - Judgment Interest

Post - Judgment interest is governed by 28 USC 1961 [4]. The rate to be applied is the

---

[4]      § 1961. Interest

(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the

weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment, *Id*., in this case the rate for the week of February 10, 2006, or 4.67%. (Exhibit B).

The calculation of simple interest based on the second jury's award of five hundred seventy-six thousand, fifty-four dollars ($576,054.00) at four point six seven percent (4.67%) *per annum* from February 18, 2006, the day after the liability verdict, to May 31, 2007, yields a total of post-judgment interest of thirty-four thousand four hundred nineteen dollars and forty - six cents ($34,419.46). The *per diem* rate is seventy three dollars and seventy cents ($73.70). (Please see spreadsheet attached as Exhibit A).

---

courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.[1] the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.
(b) Interest shall be computed daily to the date of payment except as provided in section 2516 (b) of this title and section 1304 (b) of title 31, and shall be compounded annually.

**CONCLUSION**

For all these reasons and in the interest of justice, the Court should enter an amended judgment in favor of plaintiff Executive Airlines and against defendant Electric Boat Corporation in the total amount of nine hundred thirty-seven thousand six hundred forty dollars and fifty-seven cents ($937,640.57), representing the verdict of the jury in the amount of five hundred seventy - six thousand, fifty-four dollars ($576,054.00); pre-judgement interest in the amount of three hundred twenty-seven thousand, one hundred sixty-seven dollars and eleven cents ($327,167.11); and post - judgment interest totaling thirty-four thousand four hundred nineteen dollars and forty - six cents ($34,419.46), to May 31, 2007; with the addition of $73.70 *per diem* until paid.

Dated:  New York, New York
        May 24, 2007

Respectfully submitted,
Biedermann, Hoenig & Ruff, P.C.

By _____

Daniel F. Hayes (phv0207)
Attorneys for Plaintiff Executive Airlines
805 Third Avenue, 18th Floor
New York, New York  10016
(212) 697-6555 Telephone
(212) 986-3509 Facsimile
dhayes@bhmr.com

To:   James H. Rotondo, Esq. (Ct05713)
      jhrotondo@dbh.com
      Amy T. Maas, Esq. (Ct25561)
      atmaas@dbh.com
      Day Pitney LLP
      Attorneys for Defendant Electric Boat Corporation
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100 (phone)
      (860) 275-0343 (fax)