UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILLENNIUM AVIATION SERVICES, INC. d/b/a EXECUTIVE AIRLINES | : : : | CIVIL ACTION NO. 02-CV-194 (WWE) |
| Plaintiff, | : | |
| VS. | : : | |
| ELECTRIC BOAT CORPORATION, | : : | MAY 29, 2007 |
| Defendant. | : | |

## DEFENDANT'S MOTION FOR COSTS

In accordance with the Order issued by this Court on August 17, 2006, the defendant Electric Boat Corporation ("Electric Boat") hereby respectfully moves this Court for an assessment of sanctions and costs against Plaintiff consisting of Electric Boat's expense relevant to the addition of Anthony Ciccodicola as Plaintiff's substituted expert witness.

## FACTUAL BACKGROUND

This case was first tried to a jury in February, 2006. By order dated April 6, 2006, the Court subsequently set aside the verdict of that jury in part, and ordered a new trial limited to the issue of damages. (*See* Order on Mot. for J..) On June 1, 2006, Executive Airlines disclosed Diane Steiner ("Steiner") and Mr. William deDecker ("deDecker") as expert witnesses in this matter. After Electric Boat took the depositions of Ms. Steiner and Mr. deDecker, Electric Boat moved to preclude their testimony. (*See* 02-CV-194 (WWE), Docket Entry No. 189, Def.'s Mot. to Preclude the Testimony of Pl.'s Proposed Expert, dated July 18, 2006). In response, Executive Airlines sought to substitute Anthony Ciccodicola ("Ciccodicola") as its expert witness, notwithstanding that the deadline to disclose experts had long passed. Over Electric Boat's strenuous objection, the Court permitted Executive Airlines to substitute Mr. Ciccodicola

as its expert witness, but issued sanctions against Executive Airlines "consisting of defendant's expense relevant to the possible addition of a second expert witness by plaintiff. Such assessment will be made at the close of trial." (*See* 02-CV-194 (WWE), Docket Entry No. 201, Order, dated August 17, 2006.)

## ARGUMENT

Electric Boat is entitled to payment of reasonable expenses and attorney's fees caused by the addition of Mr. Ciccodicola as an expert witness. Fed. R. Civ. P. 37(c)(1). Federal courts routinely impose this sanction to remedy prejudice caused by the behavior of another party during discovery, including the untimely substitution of an expert witness. *See Sithon Maritime Co. v. Holiday Mansion*, No. 96-2262-EEO, 1998 U.S. Dist. LEXIS 11822 (D. Kan. July 31, 1998) ("The court can cure that prejudice, however, by requiring plaintiff to reimburse the defendant for a reasonable amount of such expense. Since the motion seeks relief to benefit the plaintiff through no fault of the defendant, the latter should not bear all the expense it has incurred."). Where this sanction has been imposed, courts generally base the award on costs and expenses incurred in reviewing, criticizing and deposing the original expert witness. *See id.*, *Belmont Corp. v. Shell Oil Co.*, No. C96-1936 FMS, 1998 U.S. Dist. LEXIS 6760 (N.D. Cal. May 12, 1998); *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205 (D.N.J. 1997). This principle was embraced by the Court at the August 15, 2006 Status Conference, where the Court decided to impose sanctions against Executive Airlines for the late disclosure of Mr. Ciccodicola. The Court stated "[i]t seems clear the defense has to assume the expense of looking into one expert, not two" and that "the damages [Electric Boat] will suffer…are, I think, all the

expenses [Electric Boat] had on Steiner." (*See* Tr. of August 15, 2006 Motion Hearing at 9:21-22, 18:2-4.)

Accordingly, Electric Boat respectfully moves this Court for an award of costs in the amount of $ 37,474.14, which represents the total amount of fees incurred by Electric Boat associated with Ms. Steiner's disclosure as an expert witness, including: (1) $10,625.00 in expert fees associated with preparing a rebuttal to Ms. Steiner's proposed expert opinion, (2) $8,278.14 in attorney's fees and costs associated with the deposition of Ms. Steiner and attorney Paul Williams' preparation of the motion to preclude Ms. Steiner's testimony, and (3) $18,571.00 in attorney's fees and costs associated with attorney Amy Maas' preparation and filing of the motion to preclude Ms. Steiner's testimony. Affidavits attesting to these fees are attached as Exhibits A, B, and C, respectively.

                              DEFENDANT,
                              ELECTRIC BOAT CORPORATION

                              By     /s/ Amy T. Maas
                                  James H. Rotondo (ct05713)
                                  jhrotondo@daypitney.com
                                  Amy T. Maas (ct25561)
                                  atmaas@daypitney.com
                                  Day Pitney LLP
                                  CityPlace I
                                  Hartford, Connecticut 06103-3499
                                  (860) 275-0100
                                  (860) 275-0343 fax
                                  Its Attorneys

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 29th day of May, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                /s/ Amy T. Maas
                                                Amy T. Maas (ct25561)