# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILLENNIUM AVIATION SERVICES, Inc., d/b/a: | | |
| EXECUTIVE AIRLINES, | : | CIVIL NO.: 3:02 CV 194(WWE) |
| | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | |
| ELECTRIC BOAT Corp., | : | |
| | : | |
| | : | |
| Defendant. | : | June 7, 2007 |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Plaintiff, Millennium Aviation Services, Inc., d/b/a Executive Airlines ("Executive Airlines"), now respectfully submits its Memorandum of Law in opposition to defendant's motion to dismiss for lack of subject matter jurisdiction.

### PRELIMINARY STATEMENT

Litigating this case has cost the plaintiff (and the Court) extensive outlays of time, to deal with many motions and depositions and two trials; and of money, to pay attorneys and experts. Almost at the end of the second[1] trial, after years of preparation and expense, defendant Electric Boat Corp. moved to dismiss for lack of subject matter jurisdiction, because the plaintiff, referred to as "Executive Airlines", was a trade name and not the formal name of a corporation. Rather than resolve the dispute, the defendant again showed only its intransigence, which remains even though two juries have returned verdicts against it.

---

[1] The trial transcript is not yet available to plaintiff. References to the trial will be based on notes and memory. Plaintiff reserves the right to supplement its arguments with references to the trial transcript when it is available.

Its memorandum in support cited Connecticut cases holding that the courts of Connecticut must dismiss actions brought in a "trade name" of a corporation rather than in the true name of a corporation, for "lack of subject matter jurisdiction".  The defendant argued on this basis alone that this United States District Court lacked federal subject matter jurisdiction over this action and that therefore it must dismiss..

The Court properly denied the motion, and in its discretion amended the caption so that the action proceeded through summations and jury instructions as Millennium Aviation Services, Inc. d/b/a Executive Airlines vs. Electric Boat Corp.

Defendant had vigorously cross examined plaintiff's witnesses and summed up on what it perceived as differences between "Executive Airlines" and the real party in interest in this contract dispute, before and after its motion to dismiss.  Plaintiff's President, Michael Peragine, testified that "Executive Airlines" was a d/b/a for a New York corporation, Executive Aviation Services, Inc., which he owned, until the turn of the Millennium; and that "Executive Airlines" was then also used as a d/b/a for Millennium Aviation Services, Inc., which he also owned.  Defendant admits in its memorandum that Mr. Peragine so testified.

The contract at issue began and was terminated within 2000.  Mr. Peragine testified that all revenues from the contract with Electric Boat and all expenses associated with carrying out the contract were accounted by Millennium Aviation Services, Inc., d/b/a Executive Airlines.  Plaintiff's expert, Anthony Ciccodicola, CPA, corroborated this testimony, based on his examination of the books and computer and paper records of the company.

There is no dispute that any other corporations involved in carrying out the contract were owned by Mr. Peragine and that all were diverse in citizenship from Electric Boat Corp.

## SUMMARY OF ARGUMENT

Federal procedural law, not Connecticut law, governs this issue, which is one of "real party in interest" under Rule 17(a), F.R.Civ.P. Federal law prohibits the dismissal requested by the defendant. Clearly, the defendant waived all its potential objections in regard to these issues by waiting until *a second trial had almost ended*.

## I
## CONNECTICUT LAW DOES NOT APPLY; FEDERAL PROCEDURAL LAW APPLIES, DOES NOT INVOLVE THE ISSUE OF SUBJECT MATTER JURISDICTION AND PERMITS THE AMENDMENT

The Court properly denied the motion and amended the caption. To grant the motion on the basis that the plaintiff "Executive Airlines" was not a real party in interest would have wasted years of preparation and severely prejudiced the plaintiff, contrary to rule and case law.

There was never any doubt that federal subject matter jurisdiction, under 28 USC § 1332, existed, since the dispute was between persons and corporations who were citizens of different states and the amount in controversy exceeded the sum or value of $75,000, exclusive of interest and costs.

Under federal law, the question of a corporation suing under a trade name is not a question of subject matter jurisdiction, but rather of the identity of the "real party in interest" (Please see below). The Connecticut rule expressed in the memorandum of the defendant does not govern concepts of federal subject matter jurisdiction. Federal courts are not bound by the procedural statutes of the states, but follow their own procedural law, regardless of contrary state law:

> "It is settled that if the Rule in point is consonant with the Rules Enabling Act, 28 U.S.C. § 2072, and the Constitution, the Federal Rule applies **regardless of contrary state law**." *Gasperini v. Ctr. for Humanities*, 518 U.S. 415, 428, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996). (emphasis added).

Under *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938),

"federal courts sitting in diversity apply state substantive law and federal procedural law.". *Gasperini v. Center for Humanities, supra,* 518 U.S. at 427. See also, *e.g.*, *Wausau Bus. Ins. Co. v. Turner Constr. Co.*, 2001 U.S. Dist. LEXIS 12691 n7 (S.D.N.Y. 2001)("In addition, the cases Nationwide has cited involve procedural rather than substantive state law, and therefore are not dispositive of the severance issue in this diversity action.").

### Defendant's Connecticut Cases Do Not Support Defendant's Motion

In *Bauer v. Pounds*, 61 Conn. App.29, 762 A.2d 499, 2000 Conn.App. LEXIS 585 (2000), the only appellate level case cited by the defendant's memorandum, the trial court granted the defendant's post trial motion to dismiss, based on the argument that the plaintiff had not proven that the bus which injured him was owned by the defendant. The trade name, "Connecticut Transit", was used by several corporation besides the defendant; and the parties had referred to the defendant during trial as "Connecticut Transit".

The Appeals Court reversed, finding that the references to the trade name were a "convenient shorthand method of referring to the defendant H.N.S. Management Company, Inc., doing business as Connecticut Transit"; and that the record contained sufficient evidence for the jury to decide reasonably that the bus was owned by H.N.S.  61 Conn. App. at 43.

In our federal case, there is more than enough evidence in the record that the losses submitted to the jury were suffered by Millennium Aviation Services, Inc., d/b/a "Executive Airlines". Thus, under the rationale of *Bauer v. Ponds, supra*, as well as under applicable federal law, the Court should have denied the motion to dismiss.

The other cases cited by defendant cannot support its motion because they are inconsistent with federal law. *Randolph Foundation v. Appeal from Probate Court of Westport*, 2001

4

Conn.Super. LEXIS 953 (2001), concluded that a trust - as opposed to its trustees - lacked capacity to sue ("legal capacity to litigate in Connecticut courts") under Connecticut law and that in the absence of a motion to amend, the Court had to dismiss for "lack of subject matter jurisdiction". *GMA Yachts Sales v. Skagit Marine Distributing, Inc.*, 2000 Conn.Super.LEXIS 2486 (2000), held that a plaintiff named as a "trade name of a sole proprietorship, rather than in his own name followed by d/b/a GMA....., was not a legal entity and "[l]ack[ed] standing to commence this lawsuit." Accordingly, the defendant's motion to dismiss for lack of subject matter jurisdiction is granted." The holding in *American Rental Centers v. ITT Hartford Ins.Group*, 1993 Conn.Super.LEXIS 700 (1993) was to the same effect.

These trial level cases dealing on questions of capacity to sue, or standing, are inconsistent with the Federal Rules of Civil Procedure, and cannot be followed in this federal case.

# II
# AMBUSHES ARE OUTLAWED: THE DEFENDANT WAIVED ITS OBJECTION TO THE PROSECUTION OF THIS ACTION BY "EXECUTIVE AIRLINES" BY WAITING UNTIL A SECOND TRIAL WAS NEARLY OVER

Federal law on the identity of the real party in interest looks to substance and fairness, and not to form. Under Rule 17, Fed.R.Civ.P. [2], every action shall be prosecuted in the name of the real party in interest and substitution of the "real party in interest" is to be freely granted:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed **after objection** for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.   (Emphasis added)

Thus, the rule requires that an objection be lodged before a substitution need be made; and the case law is clear that such an objection, as in this case, is waived by inaction.

That "Executive Airlines" was a trade name, or a "doing business as" name, has been known by the defendant since the pleading stage of this case, as the Court noted during oral argument at trial. Courts do not allow defendants to waste judicial resources by waiting in ambush, as defendant

---

[2]     Rule 17. Parties Plaintiff and Defendant; Capacity

(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought; and when a statute of the United States so provides, an action for the use or benefit of another shall be brought in the name of the United States. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

did here, until a second trial was almost completed, to raise the issue that Executive Airlines was not a proper plaintiff:

> [c]ourts have discretion to deny real party in interest objections that are not raised in a timely manner. Because a real party defect should be evident at the commencement of the action, the defendant should present the issue in its pleadings or by an early motion.21 A timeliness requirement is also inherent in the portion of Rule 17 that requires that the court and the parties allow time after the objection for the joinder or substitution of the real party in interest.21.1 Therefore, the objection must be raised at a time when joinder is practical and convenient.21.2 **If an objection is not timely made, it will be deemed to have been waived. A determination of waiver is made on a case-by-case basis at the discretion of the court.22 The court's decision is guided by considerations of prejudice resulting from the delay.** 23

4-17 *Moore's Federal Practice* - Civil § 17.12 (emphasis added). Accord, 6A Charles Alan Wright et al., *Federal Practice and Procedure*: CIVIL 2d § 1554.

See also, *Rogers v. Samedan Oil Corp.*, 308 F.3d 477, 483-484 (5th Cir. 2002)(on day before trial, defendant objected that plaintiff had failed to prove its right as assignee; objection on eve of trial was too late; late notice did not afford plaintiff meaningful opportunity to establish real party in interest status or to substitute real party in interest as plaintiff); *Powles v. Kandrasiewicz*, 886 F. Supp. 1261, 1263 (W.D.N.C. 1995) ("Defendant is also precluded at this late date from raising any objections to Plaintiff's real party in interest status in the proceedings below, having clearly waived those objections by failing to raise them at trial or on appeal."); *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 40 F.3d 1416, 1431 (3d Cir. 1994) (real party in interest objection waived by failure to raise prior to trial and potential prejudice to plaintiff); *Whelan v. Abell*, 953 F.2d 663, 672-673, 293 U.S. App. D.C. 267 (D.C. Cir. 1992), *cert. denied sub nom. Toomey v. Whelan*, 506 U.S. (1992) (district court abused discretion by permitting Rule 17(a) defense at trial because real party in interest was prejudiced); *Gogolin & Stelter v. Karn's Auto Imports*, 886 F.2d 100, 102-103 (5th

Cir. 1989), *cert. denied*, 494 U.S. 1031 (1990) (objection to real party in interest defect deemed waived when initially raised only at close of plaintiff's case); *Harris v. Illinois-California Express Co.*, 687 F.2d 1361, 1373-1374 (10th Cir. 1982) (affirming trial court's denial of defendant's real party in interest challenge made four months after deadline for pretrial motions and two weeks before trial); *Hefley v. Jones*, 687 F.2d 1383, 1388 (10th Cir. 1982) (real party in interest objection raised sixteen days before trial held untimely); *McLouth Steel Corp. v. Mesta Mach. Co*, 116 F. Supp. 689, 691 (E.D. Pa. 1953), aff'd on other grounds, 214 F.2d 608 (3d Cir.), *cert. denied sub nom*. *Hartford Acc. & Indem. Co. v. Foster*, 348 U.S. 873 (1954) (real party in interest objection raised two years after case commenced and four days before trial was untimely).

In *Gogolin & Stelter, supra*, the Court concluded that the defendant, as here, "lay behind the log" until a directed verdict when defendant moved to dismiss because plaintiff had never proved that it was an assignee of the cause of action, and hence was not the real party in interest. The Court said that if the defendant "[h]ad any serious doubts about this ....it should have raised the issue earlier in the trial process. It should not have awaited the time for a directed verdict motion.....The earlier the defense is raised, the more likely that the high cost of trial preparation for both parties can be avoided if a real party in interest question is determined adversely to a plaintiff". 886 F.2d at 103.

In *Aini v. Sun Taiyang Co.*, 978 F. Supp. 533, 539 (S.D.N.Y. 1997), defendant suggested that plaintiff lacked the capacity to sue, that its claim against was not authorized, or that a trustee was the real party in interest. Since none of these defenses was pleaded, asserted in the pretrial order, or raised prior to the entry of judgment, the failure to file a reply or otherwise to assert them in a timely fashion waived them.

In *Whelan, supra*, 293 U.S. App. D.C. at 271, 953 F.2d at 667-68, on the first day of trial, the defendants moved to bar any testimony concerning the lost value of the plaintiffs' investments in the corporation because only the corporation itself could recover for the loss; the trial judge agreed, directed a verdict for the defendants on the Whelans' breach of fiduciary duty claim, and denied a motion by the plaintiffs to join the corporation as the real party in interest. *Whelan, supra*, 293 U.S. App. D.C at 275, 953 F.2d at 671.

However, the D.C. Circuit reversed: the district court abused its discretion by considering the real party in interest objection so late in the proceedings; defendants had waived their right to bring the objection by waiting until the first day of trial; and the corporation - the real party in interest - did not have time to ratify the lawsuit and was prejudiced. *Whelan, supra*, 293 U.S. App. D.C. at 276-77, 953 F.2d at 671-73.

# III
## AMENDMENTS OF PLEADINGS ARE ALLOWED EVEN WHERE SUBJECT MATTER JURISDICTION WAS INITIALLY LACKING ARE ALLOWED

Under Rule 15, F.R..Civ.P. [3], amendments of pleadings are allowed even where subject matter jurisdiction was initially lacking. *A fortiori*, the amendment by the Court in this case was appropriate.

*Squibb I* [4] was a diversity declaratory judgment action by an insured against its excess insurers. The insured had named as a defendant an underwriter of Lloyd's, London in a representative capacity to represent other Lloyd's "Names". The Second Circuit held that suing an underwriter in a representative capacity required the court to determine if each and every member of the Lloyd's syndicate met the diversity of citizenship requirements for subject matter jurisdiction.

In *Squibb II* [5], after two trials on liability and one on damages, the Second Circuit solved the jurisdictional problem when it granted Squibb's motion to amend its complaint to substitute for the

---

Rule 15. Amended and Supplemental Pleadings (in pertinent part):

(b) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence. .

[4]    *E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925 (2d Cir. 1998)

[5]    *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 164, 164 n3 (2d Cir. 2001).

"representative underwriter" (who had died), a new underwriter in an individual capacity; and the Circuit found that the substitution "related back" to the filing of the original complaint under Rule 15(c)(3) of the Federal Rules of Civil Procedure. [6]

> [i]t is widely accepted that amendments to cure subject matter jurisdiction relate back. and that once subject matter jurisdiction is "cured" by an amendment, courts regularly have treated the defect as having been eliminated from the outset of the action.  In other words, ***where a change in parties, necessary to the existence of jurisdiction, is appropriate and is made (even on or after appeal), appellate courts have acted as if the trial court had jurisdiction from the beginning of the litigation***. This has permitted such courts to affirm decisions of trial courts on the merits, although the requisite change in the parties did not occur until much later in the action. See, e.g., Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 104 L. Ed. 2d 893, 109 S. Ct. 2218 (1989). By thus retroactively validating the pre-amendment substantive decisions of the lower court, appellate courts -- the Supreme Court has told us -- ***avoid the "waste of time and resources [that] would be engendered by remanding to the District Court or by forcing the[] parties to begin anew***." Id. at 838 (emphasis added).

All the requirements for a Rule 15 substitution are met in this case. [7]

---

[6] Rule 17, F.R.Civ.P., states in pertinent part:
© Relation Back of Amendments.
1. An amendment of a pleading relates back to the date of the original pleading when
(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or
(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or
(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.....

[7] Rule 15(c)(3)'s standards require (1) there is no prejudice as a result of the substitution, (2) the party to be brought in by the curative amendment had notice of the action and knew or should have known that he would be named as the proper party in order to cure the jurisdictional defect,   and (3) the claims remain the same as those that were originally asserted. The party to be substituted under Rule 15© can be either a plaintiff or a defendant and courts have used Rule 15© to relate back amendments substituting either. *Squibb II*, 241 F.3d at164, 164 n3.

See also, *Canedy v. Liberty Mut. Ins. Co.*, 126 F.3d 100, 103 (2d Cir. 1997):

A failure to allege facts establishing jurisdiction need not prove fatal to a complaint. By statute, "defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts," 28 U.S.C. § 1653. Such amendments will be freely permitted where necessary to avoid dismissal on purely technical grounds. Unless the record clearly indicates that the complaint could not be saved by any truthful amendment, see, e.g., *Baer v. United Servs. Auto. Ass'n,* 503 F.2d 393, 397 (2d Cir. 1974), we generally afford an opportunity for amendment.

The Supreme Court has held that district and appellate courts may correct jurisdictional defects, "[p]articularly when requiring dismissal after years of litigation would impose unnecessary and wasteful burdens on the parties, judges, and other litigants waiting for judicial attention." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 836-837 (U.S. 1989).

## CONCLUSION

The defendant's motion to dismiss for lack of subject matter jurisdiction was properly denied and the substitution of Millennium Aviation Services, Inc. properly allowed.

Dated: New York, New York
June 7, 2007

Respectfully submitted,
Biedermann, Hoenig & Ruff, P.C.

*/s/ Daniel F. Hayes/*

By_____

Daniel F. Hayes (phv0207)
Attorneys for Plaintiff Executive Airlines
570 Lexington Avenue, 16th Floor
New York, New York  10022
(212) 697-6555 Telephone
(212) 986-3509 Facsimile
dhayes@bhmr.com

To:   James H. Rotondo, Esq. (Ct05713)
      jhrotondo@dbh.com
      Amy T. Maas, Esq. (Ct25561)
      atmaas@dbh.com
      Day Pitney LLP
      Attorneys for Defendant Electric Boat Corporation
      CityPlace I
      Hartford, CT 06103-3499
      (860) 275-0100 (phone)
      (860) 275-0343 (fax)