UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILLENNIUM AVIATION SERVICES, INC. d/b/a EXECUTIVE AIRLINES | : : : | CIVIL ACTION NO. 02-CV-194 (WWE) |
| Plaintiff, | : : | |
| v. | : : | |
| ELECTRIC BOAT CORPORATION, | : : | JUNE 14, 2007 |
| Defendant. | | |

**DEFENDANT ELECTRIC BOAT CORPORATION'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND JUDGMENT**

In its May 24, 2007 Motion Pursuant to Fed. R. Civ. P. 59(e) to Amend Judgment With Prejudgment and Post-judgment Interest ("Motion for Interest"), plaintiff Millennium Aviation Services, Inc. d/b/a Executive Airlines ("Millennium Aviation") seeks an award of interest totaling $ 361,586.57.[1] This motion for interest includes of claims of prejudgment interest pursuant to Conn. Gen. Stat. § 37a-3 in the amount of $ 327,167.11, and post-judgment interest pursuant to 28 U.S.C. § 1961 of $ 34,419.46, with a request for an additional $73.70 per diem until paid.

Millennium Aviation is not entitled to the interest awards that it seeks for the following reasons:

- This Court has already declined to award prejudgment interest in this matter, and that ruling is the law of the case.

- Prejudgment interest under Conn. Gen. Stat. § 37-3a is not warranted because the claims at issue were not for a liquidated or certain sum or for money wrongfully withheld, and because there were good faith disputes between the parties as to whether

---

[1] Following the close of evidence, the Court substituted Millennium Aviation as the named plaintiff and real party in interest to this case.

- the Charter Agreement was terminated for default or convenience and whether money was owed as a result of the early termination.

- Conn. Gen. Stat. § 37-3a does not apply to the facts of this case because Millennium Aviation sought to recover anticipated lost profits and unavoidable expenses, not unpaid amounts owed under the Charter Agreement for services rendered.

- An award of post-judgment interest begins to accrue only after damages have been "ascertained in a meaningful way." In this case, damages were not "ascertained in a meaningful way" until judgment was entered on the second jury's verdict. Therefore, Millennium Aviation is not entitled to an award of post-judgment interest dating back to the date of the first jury verdict in February, 2006.

## ARGUMENT

**I.   MILLENNIUM AVIATION IS NOT ENTITLED TO AN AWARD OF PREJUDGMENT INTEREST**

   A.   Millennium Aviation's Claim for Prejudgment Interest is Barred by the Law of the Case Doctrine

This Court *already denied* the request for prejudgment interest in this matter.[2] (*See* 02-CV-194 (WWE), Docket Entry No. 172, Order, dated April 3, 2006)(attached as Ex. A). The Court's decision is consistent with well-established Connecticut law, which limits the award of prejudgment interest to cases where money has been wrongfully withheld. After hearing the evidence presented in this case during the first trial, the Court determined:

> In this instance, the Court finds no evidence that defendant wrongfully withheld funds owed to plaintiff. The record in this case, including the two rulings on the motions for summary judgment, evinces that the parties had a genuine dispute as to whether any damages were owed, and if so, the amount of damages owed. Accordingly, the Court cannot find that prejudgment interest is merited.

---

[2] Although the issue of statutory interest is a typically an issue for the trier of fact, the parties may agree to submit the issue of statutory interest to the Court rather than to a jury. *See Mariculture Prods., Ltd. v. Those Certain Underwriters at Lloyd's of London*, No. FSTCV980163762S, 2006 Conn. Super. LEXIS 2378 (Conn. Super. Ct. Aug. 1, 2006). In this case, the parties agreed to submit the issue of statutory interest to the Court. (*See* Trial Tr., Feb. 17, 2006 at 2.)

(*Id.*)  That ruling is the law of the case, and must be followed here, which means that Millennium Aviation's motion for prejudgment interest must be denied.  *See Nussbaum v. Kimberly Timbers, Ltd.*, 271 Conn. 65, 76 (2004) ("when a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance.")

The facts of this case have not changed since April 3, 2006: the Court considered all the evidence presented during the first trial before rendering its decision that prejudgment interest was not warranted in this case.  During the second trial, the parties only presented evidence relating to damages suffered as a result of the early termination.  The jury heard no evidence on the issues of liability or wrongfulness.  Accordingly, the Court received no new evidence to consider on the issue of wrongfulness.  To revisit the issue of prejudgment interest now is tantamount to revisiting the entire liability case on the merits, when no new evidence on the issue has been introduced, and would allow Millennium Aviation another "bite at the apple" simply because it is not satisfied with the previous factual findings and conclusions of law by the Court during the first trial.

In an attempt to avoid the application of the law of the case doctrine, Millennium Aviation argues that the Court erred in 2006 by relying on *Brookridge Funding Corp. v. Northwestern Human Resources*, Inc., 170 Fed. App'x 170 (2d Cir. 2006), for the proposition that prejudgment interest is not appropriate in cases where there is a good faith dispute between the parties about contractual obligations.  Millennium Aviation argues that the decision is a summary order with no precedential value. (Mot. for Interest at 4.)  In *Brookridge Funding*, however, the Second Circuit made no determination regarding circumstances under which an

award of prejudgment interest is appropriate. Instead, the Second Circuit remanded the case for a new trial and instructed the district court to consider prejudgment interest under the proper Connecticut standards. This Court cited *Brookridge Funding* in 2006 only for the Second Circuit's most recent articulation of Connecticut law with respect to prejudgment interest, as set forth in the numerous Connecticut cases cited therein.

Millennium Aviation also attempts to avoid the application of the law of the case doctrine by arguing that two juries "found that Electric Boat 'detained' money that rightfully belonged to the Executive Airlines for almost seven years now." (Mot. for Interest at 3.) Millennium Aviation's argument grossly mischaracterizes the jury verdicts in this case: the first jury determined that Electric Boat terminated the Charter Agreement for convenience pursuant to Section 2(A), (*see* Special Verdict Interrogs.), and the second jury determined that Millennium Aviation sustained damages as a result of that termination. (*See* General Verdict Form, dated May 11, 2007.) The juries were not asked to make any finding as to whether Electric Boat "detained" money rightfully owed to Millennium Aviation, and neither made any such finding. Notably, this mischaracterization of the jury verdicts is the *only* basis Millennium Aviation sets forth in support of its claim for prejudgment interest. Millennium Aviation makes no mention of the *facts* of this case, and for good reason: the facts of this case clearly establish that Millennium Aviation is not entitled to an award of prejudgment interest, as this Court previously held.

An award of prejudgment interest under Section 37-3a is only appropriate when "the claim to which the prejudgment interest attaches must be a claim for a liquidated sum of money wrongfully withheld" and equitable considerations warrant the payment of interest. *Ceci Bros., Inc. v. Five Twenty-One Corp.,* 81 Conn. App. 419, 428 (2004). Prejudgment interest on non-liquidated sums is appropriate only when "the sums were not so uncertain that a defendant could

not have been on notice as to the amount it was required to pay." *White Oak Corp. v. DOT*, 217 Conn. 281, 302 n.18 (1991). In this case, Millennium Aviation's claim was not for a liquidated or certain sum in any sense, nor for money wrongfully withheld under the Charter Agreement. This Court set aside the first jury verdict on the grounds that Charter Agreement did not set forth or provide for liquidated damages. At the second trial, Millennium Aviation sought lost profit damages as a result of the early termination of the Charter Agreement. Lost profits are a calculation of revenue minus expenses and, by nature, not a sum certain. *Foley v. Huntington Co.*, 42 Conn. App. 712, 740, *appeal denied*, 239 Conn. 931 (1996)(a liquidated sum of money is a sum either specified under the terms of a contract, or a sum to be determined by the terms a contract); *see also Benvenuti Oil Co. v. Foss Consultants, Inc.*, No. CV010485270S, 2006 Conn. Super. LEXIS 238 at * 43 (Conn. Super Ct. Jan. 25, 2006)(lost profits are the net profits from the transaction and "net profits are what remains after a business deducts expenses.")[3]

    The "sum" at issue in this case was not certain because the calculation of lost profit damages depended on an evaluation of the profits Millennium Aviation actually earned on the Charter Agreement and the expenses that could not be avoided as a result of the early termination. In his closing argument at the end of the second trial on May 11, 2007, Millennium Aviation's counsel acknowledged to the jury that it had the discretion to award part of what the Millennium Aviation was seeking in damages.

    Additionally, Millennium Aviation's claim was not for money wrongfully withheld.

> The burden of demonstrating that the retention of money is wrongful requires more than demonstrating that the opposing party detained money when it should not have done so. The fact that an award of such interest is discretionary and subject to equitable

---

[3] The Court charged the second jury consistent with these authorities. (*See* Substantive Jury Instructions, dated May 11, 2007.)

considerations, rather than automatic, reflects the reality that not all improper detentions of money are wrongful.

*Maloney v. PCRE, LLC*, 68 Conn. App. 727, 756 (2002); *see also Brandewiede v. Emery Worldwide*, 890 F. Supp. 79, 82-83 (D. Conn. 1994), *aff'd mem.*, 66 F.3d 308 (2d Cir. 1995). Under this standard, as this Court previously found, no Electric Boat did not wrongfully detained money from Millennium Aviation.

Contrary to these well-established authorities, Millennium Aviation asks this Court to adopt a general rule that a "wrongful detention is equivalent to non-payment when there was a contractual obligation to pay" *in all cases*. (Mot. for Interest at 7.) None of the cases cited by Millennium Aviation supports this proposition. In *Ferrato v. Webster Bank*, 67 Conn. App. 588 (2002), the Connecticut Appellate Court reversed the decision of the trial court and remanded the case for further determinations, instructing the trial court to consider whether an award of prejudgment interest was appropriate. The Appellate Court did not address under what circumstances such an award is proper. In *Cecio Bros., Inc. v. Feldmann*, 161 Conn. 265 (1971), the Connecticut Supreme Court reviewed a trial court's decision to award prejudgment interest, finding no abuse of discretion because the case involved the failure to pay specified sums owed for services performed under a construction contract. Neither of these cases stands for the general proposition that a "wrongful detention is equivalent to non-payment when there was a contractual obligation to pay."

Essentially, Millennium Aviation is seeking to have this Court ignore the applicable case law and "do justice under the circumstances under a relaxed standard" in awarding prejudgment interest. Here, the facts and applicable case law demonstrate that there are no equitable considerations that warrant the award of prejudgment interest. Moreover, there is no "relaxed standard" that the Court should apply. In making the argument for such a standard, Millennium

Aviation incorrectly cites *LaSalla v. Doctor's Assocs.*, 278 Conn. 578, 598 (2006) (Mot. for Interest at 5), where the Connecticut Supreme Court reviewed an award of prejudgment interest issued by an arbitration panel. The Court held that:

> The allowance of interest as an element of damages is, thus, primarily an equitable determination and a matter lying within the discretion of the trial court. . . . We have seldom found an abuse of discretion in the determination by a trial court of whether a detention of money was wrongful. Gauged by this relaxed standard, the panel's award of interest was certainly not in manifest disregard of the law.

*Id.* (citing *O'Hara v. State*, 218 Conn. 628, 643 (1991)) (internal citations omitted). The "relaxed standard" the Supreme Court referred to was the abuse of discretion standard of review, *not* the underlying decision to award prejudgment interest.

As recognized by this Court, Connecticut courts typically determine there is no wrongful withholding of money where there is a bona fide dispute between the parties as to whether money is owed. *See, e.g., Hartford Fire Ins. v. Dollar Tree Stores*, No. 3:05cv98 (WWE), 2006 U.S. Dist. LEXIS 33802 (D. Conn. May 25, 2006); *Brandewiede*, 890 F. Supp. at 82-83; *Maloney*, 68 Conn. App. at 756. The extensive motions for summary judgment and the evidence presented at the first trial clearly establish that there was a legitimate dispute between the parties as to whether the Charter Agreement was terminated for default or convenience, and whether any damages were sustained as a result of that termination. (*See* 02-CV-194 (WWE), Docket Entry No. 172, Order, dated April 3, 2006.) For these same reasons, the equities weigh against an award of prejudgment interest in this case. This Court properly determined that an award of prejudgment interest is not warranted in this case and should not entertain Millennium Aviation's request to revisit the issue.

B.     <u>Section 37-3a Does Not Apply to the Facts of this Case</u>

This Court has already held correctly that Millennium Aviation is not entitled to prejudgment interest under the facts of this case. There is an additional reason why such an award must not be made: Section 37-3a simply does not apply to the facts of this case. A party claiming damages for breach of contract is not entitled to an award of prejudgment interest unless there is a statutory basis for the award. *See Foley*, 42 Conn. App. at 738-739 (1996)(citing *Westport Taxi Serv., Inc. v. Westport Transit Dist.*, 235 Conn. 1, 37 (1995)). Here, the only statutory basis offered by Millennium Aviation is Section 37-3a, which provides that prejudgment interest may be recovered in a civil action as damages "for the detention of money after it becomes payable." The statute does not provide a substantive right to interest and applies only to claims involving the wrongful detention of money <u>after</u> it becomes <u>due and payable</u>. *Id.*; *see also Paine Webber Jackson & Curtis, Inc. v. Winters*, 22 Conn. App. 640, 651-53 (1990).

Prejudgment interest under Section 37-3a has been applied to breach of contract claims for liquidated damages where a party claims that a specified sum under the terms of a contract, or a sum to be determined by the terms of the contract, owed to that party has been detained by another party. *See, e.g., Harris Calorific Sales Co. v. Manifold Systems, Inc.*, 18 Conn. App. 559 (1989). It has also been applied to breach of contract claims where the partial performance of one party caused the other party specific damages or to debts that had matured without payment. *See, e.g., Westport Taxi Serv., Inc.*, 235 Conn. at 41; *Sabo v. Strolis*, 148 Conn. 504 (1961). Section 37-3a has not been applied, however, in cases where a party is simply seeking to be made whole as a result of a breach of contract. *See Foley*, 42 Conn. App. at 739. In these cases, the party is not seeking to regain money detain by another, but rather, only to restore itself to the status it enjoyed and would have continued to enjoy prior to the breach of contract. *Id.* Based on

these authorities, prejudgment interest under Section 37-3a is only appropriate in breach of contract cases where a party has "claimed to have performed fully or substantially under the contract so as to invoke the other's obligation to pay a liquidated sum or to provide services under the contract." *Id.* (citing *Vincenzi v. Cerro*, 186 Conn. 612 (1982)).

In this case, Millennium Aviation sought damages only for anticipated lost profits. Millennium Aviation did not seek, and the jury did not award, damages based on amounts *owed* by Electric Boat to Millennium Aviation for services rendered under the Agreement. Millennium Aviation simply sought to be regain the status it would have enjoyed had the early termination not occurred. Accordingly, the claims involved in this case do not involve the "detention of money rightfully owed" and Section 37-3a does not provide a statutory basis for Millennium Aviation's claim for prejudgment interest.

   C. <u>Millennium Aviation Incorrectly Requests an Award of Prejudgment Interest at 10% Per Annum Commencing on June 7, 2000.</u>

If this Court were to reverse its previous ruling that Millennium Aviation is not entitled to prejudgment interest, a ruling to which Electric Boat would vigorously object for the reasons set forth above, it must not compound that error by adopting Millennium Aviation's improper request that the Court award prejudgment interest at the rate of 10% on the second jury verdict from June 7, 2000, the date the Charter Agreement termination, through February 17, 2006, the date of the first jury verdict. When the claim at issue results in an award of future lost profits, prejudgment interest begins to run from the time that those profits would have been earned. *See Nationwide Airlines (Pty) Ltd. v. African Global, Ltd.*, No. 3:04 CV 00768 (MRK), 2007 U.S. Dist. LEXIS 10420, 91-92 (D. Conn. Feb. 14, 2007) ("Nationwide breached the termination provisions of the GSA Agreement as of February 2, 2004, but Atkinson Associates would not have earned the lost profits that the Court has awarded for that breach until February, March, and

April, 2004. Since Atkinson Associates never provided the Court with a monthly breakdown of lost profits, the Court has chosen to commence the running of prejudgment interest on Atkinson Associates' damages from a point mid-way through the lost profits period-namely, March 10, 2004.")  Thus, if the Court were to award prejudgment interest on the current verdict, interest should begin to run from the midpoint of the eleven months remaining on the Charter Agreement, which is November 7, 2000.

Millennium Aviation also incorrectly requests an award of prejudgment interest at a rate of 10% per annum.  With respect to the rate of interest to be paid, the Connecticut Supreme Court has stated:

> we decline to negate, judicially, the significance of the phrase "and no more" by holding that § 37-3a fixes the rate of prejudgment interest at 10 percent.  We conclude instead that, consistent with its plain language, § 37-3a establishes a <u>maximum rate</u> above which a trial court should not venture in the absence of specific legislative direction.

*Sears, Roebuck & Co. v. Board of Tax Review*, 241 Conn. 749, 765-66 (1997) (citing *White Oak Corp.*, 217 Conn. at 297) (emphasis added).  An award of prejudgment interest pursuant to Section 37-3a is compensatory rather than punitive in nature.  *See Neiditz v. Morton S. Fine & Assocs., Inc.*, 199 Conn. 683, 691 (1986) (interest awarded pursuant to Section 37-3a "is intended to compensate the prevailing party for a delay in obtaining money that rightfully belongs to him.").  In this case, the proper rate of interest to be applied is the average Treasury Bill rate from November 7, 2000, the date prejudgment interest would begin to run, through February 17, 2006, the end of the interest period requested by Millennium Aviation.  The average Treasury Bill rate during this period was 2.330%.  (*See* Current Year 2000 and 2001 91 Day Treasury Bill Rates, Weekly U.S. T-Bill Discount Rate, furnished by the Federal Reserve System and Average Calculation, attached as Exs. B and C.)  Application of the Treasury Bill rates are particularly appropriate here because Mr. Ciccodicola applied the very same Treasury

-10-

Bill interest rates when valuing Millennium Aviation's lost opportunity income in this case. Accordingly, to the extent the Court awards prejudgment interest in this case, the Court should award no more than 2.330% as the applicable interest rate.

**II.    MILLENNIUM AVIATION IS NOT ENTITLED TO THE AWARD OF POST-JUDGMENT INTEREST IT SEEKS**

During the first trial, Millennium Aviation ignored Judge Goettel's 2003 ruling and proceeded on a liquidated damages theory. This Court set aside the damages portion of the first verdict because Millennium Aviation had failed to present any evidence of actual damages. Now Millennium Aviation seeks to benefit from its own failure to present essential evidence during the first trial by also seeking an award of post-judgment interest on the May 11, 2007 verdict pursuant to 28 U.S.C. § 1961 starting fifteen months earlier, on February 18, 2006, the date of the first verdict.[4] Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." (emphasis added). Section 1961 "refers to a calculation of interest from the 'date of judgment' and does not allude to the date of the verdict." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990).

Millennium Aviation is not entitled to the award of post-judgment interest dating back to February 16, 2006 because an award of post-judgment interest begins to accrue only after damages have been "ascertained in a meaningful way." *See generally Kaiser Aluminum & Chem. Corp.*, 494 U.S. at 835-836; *Andrulonis v. United States*, 26 F.3d 1224 (2d Cir. 1994) (post-judgment interest is to commence from a judgment that is "ascertained in a meaningful

---

[4] The first jury returned the verdict on February 17, 2006 and the Clerk of Court entered judgment on behalf of Plaintiff on April 5, 2006. (*See* 02-CV-194 (WWE), Docket Entry Nos. 150, 173.)

way" and "supported by the evidence."). Where, as here, a jury verdict has been set aside and the matter has been retried as to damages, damages are "meaningfully ascertained" on the date judgment is entered following the second trial. *Kaiser Aluminum & Chemical Corp.*, 494 U.S. at 835-36.

In *Kaiser Aluminum*, the plaintiff sought an award of post-judgment interest under Section 1961 in an antitrust action. The district court entered a directed verdict for the defendant, which the Court of Appeals for the Third Circuit overturned. The case was tried again, resulting in a jury verdict of approximately $ 5 million in the plaintiff's favor. Judgment was entered on this amount in August, 1979. Following the entry of judgment, the district court determined that the evidence presented at trial did not support the jury's damage award and granted the defendant's motion for a new trial as to damages only. A limited retrial on damages resulted in a jury award of approximately $ 9 million. Judgment was entered on this amount in December, 1981. Just as Millennium Aviation does here, the plaintiff in *Kaiser Aluminum* claimed that it was entitled to an award of post-judgment interest on the $9 million damage award from the date judgment entered on the first verdict in August, 1979. The United States Supreme Court rejected the plaintiff's argument, stating that "the purpose of an award of post-judgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Id.* at 835-36. The Court held:

> Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.

*Id.* at 836 (citing *FDIC v. Rocket Oil Co.*, 865 F. 2d 1158 (10th Cir. 1989)). Accordingly, the Supreme Court determined that the proper date for the commencement of post-judgment interest was the date the second judgment entered.

*Kaiser Aluminum* applies here with full force. The Court set aside the first jury verdict as to damages on the ground that the award was against the weight of the evidence. The case was retried, and the second jury issued a new damage verdict. Judgment was entered on this second verdict on May 14, 2007, which is the proper date post-judgment interest commences. Accordingly, Millennium Aviation is not entitled to the award of post-judgment interest it seeks, and Electric Boat respectfully requests that the Court issue an order on post-judgment interest consistent with the authorities cited above.

### III.   CONCLUSION

For all the foregoing reasons, Electric Boat respectfully requests that the Court deny Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59(e) to Amend Judgment With Prejudgment and Post-Judgment Interest, and enter an order consistent with *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990).

DEFENDANT,
ELECTRIC BOAT CORPORATION


By      /s/ Amy T. Maas
    James H. Rotondo (ct05713)
    jhrotondo@daypitney.com
    Amy T. Maas (ct25561)
    atmaas@daypitney.com
    Day Pitney LLP
    242 Trumbull Street
    Hartford, Connecticut 06103
    (860) 275-0100
    (860) 275-0343 fax
    Its Attorneys


**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of June, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

    /s/ Amy T. Maas
    Amy T. Maas (ct25561)