# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EXECUTIVE AIRLINES, | : | 02cv194 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| Defendant. | : | |

ORDER

This case was tried to a jury on February 14, 15, 16 and 17, 2006. On February 17, 2006, the jury rendered its special verdict findings pursuant to Rule 49(a) of the Federal Rules of Civil Procedure, awarding Executive Airlines $472,368 in damages. During its deliberations, the jury inquired by note whether it should award interest. After conferring with the attorneys, the Court informed the jury that the Court would determine the interest. Accordingly, the Court must now determine whether plaintiff is entitled to prejudgment interest on the damages found by the jury.

The Second Circuit has recently articulated the "correct standard" to determine an award of prejudgment interest:

> Under Connecticut law, the ultimate question is simply "whether the detention of the money is or is not wrongful under the circumstances." Cecio Bros., Inc. v. Feldmann, 161 Conn. 265, 275, 287 A.2d 374 (1971). The "wrongfulness" of the detention is a determination "to be made in view of the demands of justice rather than through the application of an arbitrary rule." Maloney v. PCRE, LLC, 68 Conn.App. 727, 755, 793 A.2d 1118 (Conn.App.Ct.2002) . . . . Courts have identified several factors that can be useful in guiding their inquiry into wrongfulness, such as whether the sum to be paid has been reduced to a liquidated amount, see Slattery v. Maykut, 176 Conn. 147, 155, 405 A.2d 76 (1978), and whether defendant acted in bad faith, see Ferrato v. Webster Bank, 67 Conn.App. 588, 596, 789 A.2d 472 (Conn.App.2002), but these factors are simply tools

for assessing wrongfulness and not additional elements to be balanced against wrongfulness itself.

Brookridge Funding Corp. v. Northwestern Human Resources, Inc., 2006WL508356 *1 n.2 (2d Cir. 2006).

In this instance, the Court finds no evidence that defendant wrongfully withheld funds owed to plaintiff. The record in this case, including the two rulings on the motions for summary judgment, evinces that the parties had a genuine dispute as to whether any damages were owed, and if so, the amount of damages owed. Accordingly, the Court cannot find that prejudgment interest is merited.

## CONCLUSION

The clerk is instructed to enter judgment on the special verdict in favor of Executive Airlines in the amount of $472,368. The plaintiff's Motion for Judgment with Interest and Costs [#161] is DENIED.

SO ORDERED this 3rd day of April, 2006 in Bridgeport, Connecticut.

_____/s/_____

WARREN W. EGINTON, SENIOR U.S.D.J.