# United States District Court

EASTERN _____ DISTRICT OF _____ NEW YORK

EXECUTIVE AIRLINES

**CV 01 6238**

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

GENERAL DYNAMICS COMPANY
and ELECTRIC BOAT CORPORATION

WEXLER, J
WALL, M.J

TO: (Name and address of defendant)

GENERAL DYNAMICS COMPANY
75 Eastern Point Road
Groton, Connecticut  06340-4989

ELECTRIC BOAT CORPORATION
75 Eastern Point Road
Groton, Connecticut, 06340-498[9]

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

SEP 20 2001

Robert C. Heinemann                         September   , 2001
CLERK                                       DATE

(BY) DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
EXECUTIVE AIRLINES,

           Plaintiff,

- against -

GENERAL DYNAMICS
COMPANY and ELECTRIC
BOAT CORPORATION,

           Defendants.
----------------------------------------------------X



CV 01 6238

COMPLAINT

JURY TRIAL DEMANDED

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by plaintiff EXECUTIVE AIRLINES as a result of defendants GENERAL DYNAMICS COMPANY and ELECTRIC BOAT CORPORATION's willful breach of a contract pursuant to which it was agreed that EXECUTIVE AIRLINES would provide air charter services for defendants between Groton, Connecticut and Newport News, Virginia for a period of one year.

## JURISDICTION

2. Jurisdiction for this action is founded on 28 U.S.C. § 1332(a)(1) insomuch as this action is between citizens of different States.

3. The amount in controversy exceeds $100,000.00, exclusive of interest.

## PARTIES

4. Plaintiff EXECUTIVE AIRLINES is in the business of providing air charter services and maintains its principal address for the performance of such services at Route 109, Hangar 3, Farmingdale, New York 11735.

5. Defendant GENERAL DYNAMICS COMPANY is a Connecticut corporation maintaining its principal address for business at 75 Eastern Point Road, Groton, Connecticut 06340-4989.

6. Defendant ELECTRIC BOAT CORPORATION is a Connecticut corporation maintaining its principal address for business at 75 Eastern Point Road, Groton, Connecticut 06340-4989.

7. Upon information and belief, defendant ELECTRIC BOAT CORPORATION is a wholly owned subsidiary of defendant GENERAL DYNAMICS COMPANY.

## FACTUAL ALLEGATIONS

8. In or about October 1999, defendant ELECTRIC BOAT CORPORATION forwarded to plaintiff a Request for Quotation for air charter service between Groton, Connecticut and Newport News, Virginia for a term of not less than one (1) year.

9. In its Request for Quotation, defendant ELECTRIC BOAT CORPORATION specified that it required of any potential provider of air charter services a minimum of fifteen (15) round-trip flights per month between Groton, Connecticut and Newport News, Virginia.

10. In or about November, 1999, plaintiff submitted a response to defendant ELECTRIC BOAT CORPORATION's Request for Quotations meeting all of ELECTRIC BOAT CORPORATION's specifications, including the minimum number of round trip flights per month.

11. In submitting this response, plaintiff itemized that the cost per flight would be $4,895.00

12. Defendant ELECTRIC BOAT CORPORATION accepted plaintiff's bid/proposal to provide air charter services per ELECTRIC BOAT's specification and, on or about March 14, 2000, forwarded to plaintiff a purchase order agreement pursuant to which plaintiff was to provide such services for a term of one (1) year, from April 17, 2000 through April 16, 2001, at the rate of $4,895.00 per flight. See Exhibit "A."

13. As with the Request for Quotation, defendant ELECTRIC BOAT CORPORATION's purchase order agreement called for a minimum of fifteen (15) flights per month.

14. The purchase order agreement further provided that defendant ELECTRIC BOAT CORPORATION had the right to terminate the service called for thereunder, but only upon six (6) months written notice.

15. On or about June 7, 2000, defendant ELECTRIC BOAT CORPORATION advised plaintiff in writing that it was exercising its right to terminate the services provided for in the purchase order agreement. In so doing, however, defendant ELECTRIC BOAT CORPORATION did not indicate when its unilateral termination would become effective.

16. At all times subsequent to April 17, 2000, plaintiff was willing and able to meet all of its obligations under the purchase order agreement.

17. At no time prior to June 7, 2000 was plaintiff in default of any terms or conditions of the purchase order agreement.

18. Nevertheless, since June 7, 2000, defendant ELECTRIC BOAT CORPORATION has failed to fulfill its obligations under the agreement, including

payment of the per flight fee of $4,895.00 for the minimum number of flights specifically requested by defendant ELECTRIC BOAT CORPORATION.

19. In fact, after paying for only four (4) flights for the period from May 17, 2000 through June 16, 2000, defendant ELECTRIC BOAT CORPORATION has failed to compensate plaintiff for any charges associated with the fifteen (15) round trip flights for which it was obligated to pay plaintiff each and every month of the agreement.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats and reiterates each and every allegation set forth above in paragraphs "1" through and including "19" as if set forth here at length.

21. That by virtue of its failure to fulfill its obligations under the purchase order agreement for a period of six (6) months after written notice of its decision to terminate the services provided for thereunder, defendant ELECTRIC BOAT CORPORATION has breached the agreement.

22. As a result of defendant ELECTRIC BOAT CORPORATION's breach, plaintiff has been damaged in the amount of $494,395.00.

## AS AND FOR A SECOND CAUSE OF ACTION

23. Plaintiff repeats and reiterates each and every allegation set forth above in paragraphs "1" through "22" as if set forth here at length.

24. On or about December 16, 2000, plaintiff duly provided to defendants invoices detailing defendants' obligations for the six (6) months following defendant ELECTRIC BOAT CORPORATION's unilateral termination of the services provided for in the purchase order agreement.

25.  These invoices demonstrate that the amount of $494,395.00 remains unpaid.

26.  Defendants have never objected to these invoices. Nor have they disputed the amounts of the invoices.

27.  As such, these invoices constitute accounts stated.

28.  Defendants have failed to make any payments due plaintiff pursuant to the accounts stated.

29.  As a result of defendants' failure to make payment, plaintiff has suffered damages in the amount of $494,395.00.

## AS AND FOR A THIRD CAUSE OF ACTION

30.  Plaintiff repeats and reiterates each and every allegation set forth above in paragraphs "1" through and including "29" as if set forth here at length.

31.  In specifying that termination of the services provided for under the purchase order agreement required six (6) months written notice, the parties contemplated that liquidated damages would be recoverable in the event of a breach following such termination.

32.  The measure of liquidated damages under the agreement is the amount of any unpaid charges for minimum monthly round trip flights (i.e. 15) for a period of six (6) months following cancellation.

33.  As set forth above, subsequent to termination, defendants failed to compensate plaintiff for any of the minimum monthly round trip flights for which it was obligated under the agreement.

34. As such, plaintiff is entitled to recover, as liquidated damages, the sum of $494,395.00 against defendants.

WHEREFORE, plaintiff demands judgment over and against defendants on each of its three (3) causes of action in the amount of $494,395.00, together with interest since June 7, 2000, costs and disbursements.

Dated: Floral Park, New York
September 6, 2001

Respectfully submitted,

RYAN & BRENNAN LLP

By: _____
John E. Ryan (JR3935)
Attorneys for Plaintiff
131 Tulip Avenue
Floral Park, NY 11001
(516) 328-1100

===== NOTICE OF ENTRY =====

PLEASE take notice that the within is a (*certified*) true copy of a
duly entered in the office of the clerk of the within named court on

Dated,

        Yours, etc.
   RYAN & BRENNAN LLP
*Attorneys for*

   *Office and Post Office Address*
     131 TULIP AVENUE
   FLORAL PARK, N.Y. 11001

To

Attorney(s) for

===== NOTICE OF SETTLEMENT =====

PLEASE take notice that an order

of which the within is a true copy will be presented
or settlement to the Hon.

one of the judges of the within named Court, at

on
at      M.
Dated,

        Yours, etc.
   RYAN & BRENNAN LLP
*Attorneys for*

   *Office and Post Office Address*
     131 TULIP AVENUE
   FLORAL PARK, N.Y. 11001

To

Attorney(s) for

---

Index No.        Year

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

EXECUTIVE AIRLINES,

           Plaintiff,

  -against-

GENERAL DYNAMICS COMPANY
and ELECTRIC BOAT CORPORATION,

           Defendants.

SUMMONS and
COMPLAINT

Signature (Rule 130-1.1-a)

      *[signature]*
Print name beneath
        John E. Ryan

   RYAN & BRENNAN LLP
*Attorneys for*  Plaintiff.

  *Office and Post Office Address, Telephone*
     131 TULIP AVENUE
   FLORAL PARK, N.Y. 11001
     (516) 328-1100

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated,

...........................................................................

Attorney(s) for

1500 – BlumbergExcelsior Inc., NYC 10013

© 1995 JULIUS BLUMBERG, INC.

STATE OF NEW YORK, COUNTY OF                                      ss.:

I, the undersigned, an attorney admitted to practice in the courts of New York State,

☐ **Certification By Attorney** certify that the within

has been compared by me with the original and found to be a true and complete copy.

☐ **Attorney's Affirmation** state that I am

the attorney(s) of record for

action; I have read the foregoing                                                                     in the within

and know the contents thereof;

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury.
Dated:

................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                      ss.:

I, the undersigned, being duly sworn, depose and say: I am

☐ **Individual Verification** in the action; I have read the foregoing

and know the contents thereof; the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

☐ **Corporate Verification** the                                       of

a                              corporation and a party in the within action; I have read the foregoing

and know the contents thereof; and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true. This verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

Sworn to before me on

................................................................
The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                      ss.:    (If more than one box is checked--indicate after names type of service used.)

I, the undersigned, being sworn, say: I am not a party to the action, am over 18 years of age and reside at

On                                       I served the within

☐ **Service By Mail** } by mailing a copy to each of the following persons at the last known address set forth after each name below.

☐ **Personal Service on Individual** } by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as *a party therein:*

☐ **Service by Electronic Means** } by transmitting a copy to the following persons by ☐ FAX at the telephone number set forth after each name below ☐ E-MAIL at the E-Mail address set forth after each name below, which was designated by the attorney for such purpose, and by mailing a copy to the address set forth after each name.

☐ **Overnight Delivery Service** } by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below.

Eastern District of New York

**COURT**
**COUNTY OF**

Index No. CV 01-6233
Purchase Date ??/20/0?

Executive Airlines

against

General Dynamics Company and Electric Boat Corporation

**AFFIDAVIT OF SERVICE**

Summons In A Civil Case
Complaint Jury Trial
Demanded

STATE OF NEW YORK, COUNTY OF NASSAU  ss.:

John Savage being duly sworn,
deposes and says that he is over the age of 21 years and resides at Freeport, N.Y.

That on the 24th day of September, 2001 at 8:15 A.M.
AT: 75 Eastern Point Road, Groton, Connecticut 06340
he served the annexed a copy of Summons In A Civil Case, etc. upon
General Dynamics Company
in this action, by delivering to and leaving with said Joan Haberat, Manager, Authorized to Accept
a true copy thereof.    DESCRIPTION: White Female, Gray Hair, 50Yrs., 5'7, 140 Lbs.

DEPONENT FURTHER STATES, that he knew the person so served as aforesaid to be the person mentioned and described in the said legal document.

[X] Papers so served were endorsed with the index number and date of filing:

Deponent is not a party to the action.

[Notary stamp: ?ANOUELLINO, State of New York, No. ITR5031219, Qualified in Nassau County, Commission Expires August 1, ????]

Sworn to before me, this 28th
day of September, 2001

John Savage

LICENSE NO.

United States District Court
Eastern District of New York

COURT

COUNTY OF _____

Executive Airlines

                        Plaintiff(s)

against

General Dynamics Company and Electric Boat Corporation

                        Defendant(s)

Index No. CV 01-6233
Purchase Date 9/20/01

**AFFIDAVIT OF SERVICE OF SUMMONS in a Civil Case (COMPLAINT)** Jury is Demanded

STATE OF NEW YORK, COUNTY OF NASSAU    ss.:

John Savage being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides at Freeport, NY

That on September 24, 2001 at 8:15 A.M., at 75 Eastern Point Road, Groton, Connecticut 06340 deponent served the within summons and complaint on Electric Boat Corporation defendant therein named, in a Civil case, etc.

**INDIVIDUAL 1.** ☐ by delivering a true copy of each to said defendants personally; deponent knew the person so served to be the person described as said defendant therein.

**CORPORATION 2.** ☒ a domestic corporation, by delivering thereat a true copy of each to Joan Haberat personally, deponent knew said corporation so served to be the corporation described in said summons as said defendant and knew said individual to be Managing Agent thereof Authorized to Accept

**SUITABLE AGE PERSON 3.** ☐ by delivering thereat a true copy of each to a person of suitable age and discretion. Said premises is defendant's—actual place of business—dwelling house—within the state.

**AFFIXING TO DOOR, ETC. 4.** ☐ by affixing a true copy of each to the door of said premises, which is defendant's—actual place of business—dwelling house—within the state. Deponent was unable, with due diligence to find defendant or a person of suitable age and discretion, thereat, having called there

**USE WITH 4** ☐ Deponent was unsuccessful in obtaining place of business of the defendant.

**MAILING USE WITH 3 or 4** ☐ Deponent also enclosed a copy of same in a postpaid sealed wrapper properly addressed to defendant at defendant's ☐ Last Known Residence ☐ Last Known Place of Business and deposited said wrapper in—a post office—official depository under exclusive care and custody of the United States Postal Service within New York State.

**DESCRIPTION USE WITH 1 or 3** ☒ Deponent describes the individual served as follows:

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ Male | ☒ White Skin | ☐ Black Hair | | ☐ Yrs. | ☐ Under 5' | ☐ Under 100 Lbs. |
| ☒ Female | ☐ Black Skin | ☐ Brown Hair | ☐ White Hair | ☐ 21-35 Yrs. | ☐ 5'0"-5'3" | ☐ 100-130 Lbs. |
| | ☐ Yellow Skin | ☐ Blond Hair | ☐ Balding | ☒ 36-50 Yrs. | ☒ 5'4"-5'8" | ☒ 131-160 Lbs. |
| | ☐ Brown | ☒ Gray Hair | | ☐ 51-65 Yrs. | ☐ 5'9"-6'0" | ☐ 161-200 Lbs. |
| | ☐ Red Skin | ☐ Red Hair | | ☐ Over 65 Yrs. | ☐ Over 6' | ☐ Over 200 Lbs. |

Other identifying features:

**USE IN NYC CIVIL CT.** ☐ Hospital & Doctors affidavits attached to complaint per NYCRR 2900.18.

**USE IN NYC CIVIL CT** ☐ The language required by NYCRR 2900.2(e), (f) & (h) was set forth on the face of said summons(es).

**MILITARY SERVICE** ☐ I asked the person spoken to whether defendant was in active military service of the United States or of the State of New York in any capacity whatever and received a negative reply. Defendant wore ordinary civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated.

Upon information and belief I aver that the defendant is not in the military service of New York State or of the United States as that term is defined in either the State or in the Federal statutes.

☒ Papers so served were endorsed with the index number and date of filing.

Sworn to before me on

September 26, 2001

LYNN M. TRANQUILLINO
Notary Public, State of New York
No. 1TR5031210
Qualified in Nassau County
Commission Expires August 1, 2002

_signature_

John Savage

LICENSE NO. _____

2001 OCT 23 CLERK U.S. DISTRICT COURT EASTERN DISTRICT OF NEW YORK

COPY

STATE OF NEW YORK  
UNITED STATES DISTRICT COURT

COUNTY OF

INDEX NO: cv016238  
FILED ON: September 20, 2001  
DISTRICT: Eastern/New York

*Executive Airlines*

vs

Plaintiff(s)

*General Dynamics Company, et. al*

Defendant(s)

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

**AFFIDAVIT OF SERVICE BY THE SECRETARY OF STATE**

____Stephen L. Collen____, being duly sworn, deposes and says: deponent is over the age of eighteen (18) years; that on ____October 10, 2001____, at ____1:00pm____, at the office of the Secretary of State of the State of New York in the City of Albany, New York, deponent served the annexed ____Summons and Complaint____, on ____Electric Boat Corporation____, Defendant in this action, by delivering to and leaving with ____Lisa Robinson____, Authorized Agent in the Office of the Secretary of State of the State of New York, personally at the Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of making such service, deponent paid said Secretary of State the statutory fee, if required. Service was made pursuant to Section 306 Business Corporation Law.

☐ Service was completed by mailing notice of such service and one (1) true copy thereof by ☐ Registered or ☐ 1st Class Mail and Certified Mail, #_____, Return Receipt Requested on _____ to said defendant at: _____.

☐ Papers so served were properly endorsed with the index number and date of filing.

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said defendant.

Description of the person served: Approx. Age: 31 years    Approx. weight: 140 lbs.    Approx. Ht.: 5' 6"  
Sex: Female    Color of skin: Black    Color of hair: Black    Other: _____

Sworn to before me on ____October 11, 2001____

MARCY A. O'HARE  
NOTARY PUBLIC, State of New York  
No. 4865530, Qualified in Albany County  
Term Expires July 14, 2002

Stephen L. Collen

Invoice • Work Order # 0109905

State of New York - Department of State
Receipt for Service

Receipt #: 200110100317                              Cash #: 200110100278
Date of Service: 10/10/2001                          Fee Paid: $40 - CHECK
Service Company:  83 STAR PROCESS SERVICE

Service was directed to be made pursuant to:  SECTION 306 OF THE BUSINESS CORPORATION LAW

Party Served:  ELECTRIC BOAT CORPORATION


Plaintiff/Petitioner:
        EXECUTIVE AIRLINES

Name of Plaintiff/Petitioner's Attorney:
        RYAN & BRENNAN LLP

Service of Process Address:
C/O THE PRENTICE-HALL CORPORATION SYSTEM
80 STATE STREET
ALBANY, NY 12207

                                        Secretary of State
                                        By  LISA ROBINSON

A082 SWEDA
(Rev. 4-90)

**ORIGINAL**
RECEIPT FOR PAYMENT
UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NEW YORK
at    BROOKLYN

**251855**

| Fund | |
|---|---|
| 6855XX | Deposit Funds |
| 604700 | Registry Funds |
| | General and Special Funds |
| 508800 | Immigration Fees |
| 085000 | Attorney Admission Fees |
| 086900 | Filing Fees |
| 322340 | Sale of Publications |
| 322350 | Copy Fees |
| 322360 | Miscellaneous Fees |
| 143500 | Interest |
| 322380 | Recoveries of Court Costs |
| 322386 | Restitution to U.S. Government |
| 121000 | Conscience Fund |
| 129900 | Gifts |
| 504100 | Crime Victims Fund |
| 613300 | Unclaimed Monies |
| 510000 | Civil Filing Fee (1/2) |
| 510100 | Registry Fee |

CASE REFERENCE:
_01 CV 6238_

RECEIVED FROM
_RYAN & BRENNAN LLP_

_Re: Executive Airlines_
_V- General Dynamics_

DEPUTY CLERK _MW_

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the financial institution on which it was drawn.

☆ U.S. GPO: 2000–610-334

## AFFIDAVIT OF NON-SERVICE

INDEX NO.: cv016238

STATE OF NEW YORK  
UNITED STATES DISTRICT COURT

DISTRICT: EASTERN/NEW YORK  
COUNTY OF

Executive Airlines

vs

Plaintiff / Petitioner

General Dynamics Company, et. al

Defendant / Respondent

STATE OF NEW YORK, COUNTY OF ALBANY, SS.:

_____Stephen L. Collen_____, being duly sworn, deposes and says: that deponent is not a party to this action, is over the age of eighteen (18) years and resides in New York State; that on ____October 16, 2001____ at the office of the Secretary of State of the State of New York, 41 State Street, Albany, New York, deponent

    X  attempted to serve the within

        Summons and Complaint

    ___ requested a search of the records of said Secretary of State  
upon _____ General Dynamics Company

and found

    X  no record of said corporation.

    ___ said corporation is a not-for-profit corporation for which the Secretary of State has not been designated as agent.

    ___ said corporation was dissolved by proclamation on

    ___ Secretary of State has "no jurisdiction" to accept service.

    X  Secretary of State has a corporation with a similar name.

    ___ Other:

Sworn to before me on     October 23, 2001

*[signature]*  
MARCY A. O'HARE  
NOTARY PUBLIC, State of New York  
No. 4865530, Qualified in Albany County  
Term Expires July 14, 2002

*[signature]*  
Stephen L. Collen

Invoice•Work Order # 0109915

```
7=              8=               9=NAMES    10=CURR ADD 11=BIEN RPT 12=NAME ENTRY
DOSPITECS                        CORPORATIONS INQUIRY SYSTEM                10/10/01
                                  CURRENT STATUS INFORMATION
CURR NAME GENERAL DYNAMICS CORPORATION

NAME ASSMD  ********** TYPE 01FB A STATUS A
    EFFECTIVE DATE   __/__/____          BIENNIAL RPT   CURRENT
ORIG NAME GENERAL DYNAMICS CORPORATION

INC. DATE     COUNTY      DURATION        JURISDICTION         FOR. INC.     NFP TYPE
03/14/1952    NEWY        PERPETUAL       DELAWARE             __/__/____

Process Name C/O CT CORPORATION SYSTEM_____
Address      111 EIGHTH AVENUE_____  _____
City,St,Zip  NEW YORK_____ , NY_ 10011  -  ____

Chairmn Name NICHOLAS D CHABRAJA_____
Address      3190 FAIRVIEW PARK DR_____  _____
City,St,Zip  FALLS CHURCH_____ , VA_ 22042  -  ____
INF101 - PRESS APPROPRIATE FUNCTION KEY FOR DESIRED ACTION
===> x_____
1=             2=            3=PREVIOUS  4=LIST       5=HISTORY    6=STOCK
```

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (For more detailed instructions, see separate instruction sheet.)

**CV 01 6238**

| PLAINTIFFS | DEFENDANTS |
|---|---|
| EXECUTIVE AIRLINES | GENERAL DYNAMICS COMPANY and ELECTRIC BOAT CORPORATION |

COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Nassau
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER):
RYAN & BRENNAN LLP
131 Tulip Avenue
Floral Park, NY 11001
(516) 328-1100

ATTORNEYS (IF KNOWN): UNKNOWN

WEXLER, J.

(PLACE AN ☒ IN ONE BOX ONLY)
BASIS OF JURISDICTION
☐ 1 U.S. PLAINTIFF  ☐ 2 U.S. DEFENDANT  ☐ 3 FEDERAL QUESTION (U.S. NOT A PARTY)  ☒ 4 DIVERSITY

IF DIVERSITY, INDICATE CITIZENSHIP ON REVERSE (28 USC 1332, 1441)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

(PLACE AN ☒ IN ONE BOX ONLY) — NATURE OF SUIT

**CONTRACT**
- ☐ 110 INSURANCE
- ☐ 120 MARINE
- ☐ 130 MILLER ACT
- ☐ 140 NEGOTIABLE INSTRUMENT
- ☐ 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- ☐ 151 MEDICARE ACT
- ☐ 152 RECOVERY OF DEFAULTED STUDENT LOANS
- ☐ 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
- ☐ 160 STOCKHOLDERS SUITS
- ☒ 190 OTHER CONTRACT
- ☐ 195 CONTRACT PRODUCT LIABILITY

**TORTS — PERSONAL INJURY**
- ☐ 310 AIRPLANE
- ☐ 315 AIRPLANE PRODUCT LIABILITY
- ☐ 320 ASSAULT, LIBEL & SLANDER
- ☐ 330 FEDERAL EMPLOYERS LIABILITY
- ☐ 340 MARINE
- ☐ 345 MARINE PRODUCT LIABILITY
- ☐ 350 MOTOR VEHICLE
- ☐ 355 MOTOR VEHICLE PRODUCT LIABILITY
- ☐ 360 OTHER PERSONAL INJURY
- ☐ 362 PERSONAL INJURY — MED. MALPRACTICE
- ☐ 365 PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- ☐ 370 OTHER FRAUD
- ☐ 371 TRUTH IN LENDING
- ☐ 380 OTHER PERSONAL PROPERTY
- ☐ 385 PROPERTY DAMAGE PRODUCT LIABILITY

**CIVIL RIGHTS**
- ☐ 441 VOTING
- ☐ 442 JOBS
- ☐ 443 ACCOMMODATIONS
- ☐ 444 WELFARE
- ☐ 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- ☐ 510 VACATE SENTENCE (2255)
- ☐ 530 HABEAS CORPUS
- ☐ 540 MANDAMUS & OTHER
- ☐ 550 CIVIL RIGHTS
- ☐ 555 Prison Condition

**FORFEITURE PENALTY**
- ☐ 610 AGRICULTURE
- ☐ 620 FOOD & DRUG
- ☐ 630 LIQUOR LAWS
- ☐ 640 R.R. & TRUCK
- ☐ 650 AIRLINES REGS
- ☐ 660 OCCUPATIONAL SAFETY/HEALTH
- ☐ 690 OTHER

**LABOR**
- ☐ 710 FAIR LABOR STANDARDS
- ☐ 720 LABOR/MGMT RELATIONS
- ☐ 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- ☐ 740 RAILWAY LABOR ACT
- ☐ 790 OTHER LABOR LITIGATION
- ☐ 791 EMPL. RET. INC. SECURITY ACT

**BANKRUPTCY**
- ☐ 420 TRUSTEE
- ☐ 421 TRANSFER (S15b)
- ☐ 422 APPEAL (801)

**PROPERTY RIGHTS**
- ☐ 820 COPYRIGHT
- ☐ 830 PATENT
- ☐ 840 TRADEMARK

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 BLACK LUNG (923)
- ☐ 863 DIWC (405(g))
- ☐ 863 DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**TAX SUITS**
- ☐ 870 TAXES
- ☐ 871 IRS-THIRD PARTY 26 USC 7609
- ☐ 875 CUSTOMER CHALLENGE 12 USC 3410

**OTHER STATUTES**
- ☐ 400 STATE REAPPORTIONMENT
- ☐ 410 ANTI-TRUST
- ☐ 430 BANKS AND BANKING
- ☐ 450 COMMERCE ICC RATES, ETC.
- ☐ 460 DEPORTATION
- ☐ 810 SELECTIVE SERVICE
- ☐ 850 SECURITIES COMMODITIES EXCHANGE
- ☐ 891 AGRICULTURAL ACTS
- ☐ 892 ECONOMIC STABILIZATION ACT
- ☐ 893 ENVIRONMENTAL MATTERS
- ☐ 894 ENERGY ALLOCATION ACT
- ☐ 895 FREEDOM OF INFORMATION ACT
- ☐ 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- ☐ 950 CONSTITUTIONALITY OF STATE STATUTES
- ☐ 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- ☐ 210 CONDEMNATION
- ☐ 220 FORECLOSURE
- ☐ 230 RENT LEASE & EJECTMENT
- ☐ 240 TORTS TO LAND
- ☐ 245 TORT PRODUCT LIABILITY
- ☐ 290 ALL OTHER REAL PROPERTY

(PLACE AN ☒ IN ONE BOX ONLY) — ORIGIN
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

UNITED STATES DISTRICT COURT
(Continued on Reverse Side)
(Revised 9/87)