UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILLENNIUM AVIATION SERVICES, INC. d/b/a EXECUTIVE AIRLINES | : : : | CIVIL ACTION NO. 02-CV-194 (WWE) |
| Plaintiff, | : | |
| v. | : : | |
| ELECTRIC BOAT CORPORATION, | : : | JULY 16, 2007 |
| Defendant. | | |

### REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR COSTS

Defendant Electric Boat Corporation ("Electric Boat") hereby respectfully submits this Reply Memorandum in Support of its Motion for Costs. In its June 29, 2007 Opposition to Defendant's Motion for Costs ("Opposition"), plaintiff Millennium Aviation Services, Inc. d/b/a Executive Airlines ("Millennium Aviation") broadly argues that the Court should defer payment of any costs or fees awarded until final resolution of this matter and that the costs and fees sought by Electric Boat are unreasonably high. Millennium Aviation's arguments are unpersuasive for the following reasons:

- Millennium Aviation offers no legal authority for the proposition that payment of the costs awarded to Electric Boat by the Court should be deferred until the final resolution of this matter;

- The amount of time spent by Electric Boat's counsel in briefing the Motion to Preclude the testimony of Ms. Diane Steiner was reasonable and appropriate given the complexity of the motion;

- The amount of time spent by Electric Boat's expert in preparing a rebuttal to the expert opinion of Ms. Steiner was a fraction of that spent by Millennium Aviation's expert before trial and more than reasonable; and

- The hourly rate charged for Dr. Kosicki's services was reasonable given his extensive education, credentials and economic expertise.

## ARGUMENT

First, Millennium Aviation offers no legal authority for the proposition that payment of the costs awarded to Electric Boat by the Court should be deferred until the final resolution of this matter. The Court assessed sanctions in the form of costs and fees against Millennium Aviation nearly eleven months ago, indicating that "such assessment will be made at the close of trial." (*See* 02-CV-194 (WWE), Docket Entry No. 201, Order, dated August 17, 2006.) Millennium Aviation has presented no reason or legal authority supporting its contention that payment of these sanctions should continue to be deferred until final resolution of this matter.

Second, the 75 hours spent by Electric Boat's counsel in researching, preparing and briefing the motion to preclude Ms. Steiner's testimony was reasonable and appropriate given the complexity of the motion. Counsel for Electric Boat engaged in a meticulous review of *Daubert* and its progeny, and carefully reviewed Ms. Steiner's 203-page deposition transcript. The 16-page motion to preclude also attached over 100 pages of exhibits, all carefully reviewed and prepared by counsel for Electric Boat. The 75 hours spent preparing and briefing of the motion to preclude Ms. Steiner's testimony is reasonable under these circumstances.

Third, the time spent by Electric Boat's expert, Dr. George Kosicki, in preparing a response to the expert opinion of Ms. Steiner was inherently reasonable. Dr. Kosicki spent 25 hours preparing his rebuttal to Ms. Steiner's expert opinion, managing to review the report issued by Ms. Steiner, consult the appropriate economic authorities and brief his rebuttal all in less than one full week of work. As set forth in Dr. Kosicki's affidavit, the time included in the motion for sanctions does not include time spent learning about the facts of this case in general, but only the time dedicated to reviewing and responding to Ms. Steiner's report and deposition. That the "method" used by Mr. Ciccodicola was the similar to the method used by Ms. Steiner is

irrelevant to this calculation of costs and fees: the costs Electric Boat is entitled to recover as a result of the substitution are "the expenses [Electric Boat] had on Steiner." (*See* 02-CV-194 (WWE), Docket Entry No. 201, Order, dated August 17, 2006.)  The costs Electric Boat seeks to recover are the costs Electric Boat incurred as a result of work Dr. Kosicki conducted *solely* with respect to Ms. Steiner's opinion.  Electric Boat's request for costs does not work Dr. Kosicki performed that was applicable to the opinions rendered by Mr. Ciccodicola.

      Finally, the rate for Dr. Kosicki's services is reasonable and appropriate given his extensive expertise and credentials.  The rate was set by his employer Analysis Group, Inc. based on Dr. Kosicki's education and decades of experience in economic analysis.  Dr. Kosicki has a Ph.D from Cornell University in Economics and over twenty years' experience in applied microeconomics, antitrust, competition policy, labor economics, market definition analyses and pharmacoeconomics.  Dr. Kosicki served as Chair of the Economics Department at the College of the Holy Cross, where he spent 15 years teaching principles of economics, microeconomic theory, industrial organization, and labor economics.  Dr. Kosicki's per hour rate is reasonable in the industry given his education and expertise.

      Accordingly, Electric Boat respectfully moves this Court for an award of costs in the amount of $ 37,474.14, which represents the total amount of fees incurred by Electric Boat associated with Ms. Steiner's disclosure as an expert witness, including: (1) $10,625.00 in expert fees associated with preparing a rebuttal to Ms. Steiner's proposed expert opinion, (2) $8,278.14 in attorney's fees and costs associated with the deposition of Ms. Steiner and attorney Paul Williams' preparation of the motion to preclude Ms. Steiner's testimony, and (3) $18,571.00 in

attorney's fees and costs associated with attorney Amy Maas' preparation and filing of the motion to preclude Ms. Steiner's testimony.[1]

          DEFENDANT,
          ELECTRIC BOAT CORPORATION


By     /s/ Amy T. Maas
      James H. Rotondo (ct05713)
      jhrotondo@daypitney.com
      Amy T. Maas (ct25561)
      atmaas@daypitney.com
      Day Pitney LLP
      CityPlace I
      Hartford, Connecticut 06103-3499
      (860) 275-0100
      (860) 275-0343 fax
      Its Attorneys


**CERTIFICATE OF SERVICE**

     I hereby certify that on this 16th day of July, 2007, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

          /s/ Amy T. Maas
          Amy T. Maas (ct25561)

---

[1] Millennium Aviation also argues that Electric Boat should provide "supporting documentation" of the costs it seeks to recover. However, Electric Boat already submitted sworn affidavits from counsel and Dr. Kosicki on this issue. Moreover, Millennium Aviation does not contend that Electric Boat did not incur the costs it seeks to recover; but rather, argues that the costs incurred were excessive. Accordingly, the underlying accountings and invoices are duplicative and unnecessary.