UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **MILLENNIUM AVIATION SERVICES,** | : | |
| **INC. d/b/a EXECUTIVE AIRLINES,** | : | 02cv194 (WWE) |
| **Plaintiff,** | : | |
| v. | : | |
| **ELECTRIC BOAT CORPORATION,** | : | |
| **Defendant.** | : | |

MEMORANDUM OF DECISION RE:  PENDING MOTIONS

The genesis of this action is the contract that was executed by Executive Aviation Services d/b/a "Executive Airlines" and defendant Electric Boat.  On May 14, 2007, after two jury trials, the Court entered judgment in favor of plaintiff in the amount of $576,054.

Defendant now moves for a judgment as a matter of law and a new trial.  Plaintiff moves to amend the judgment to add prejudgment and post-judgment interest.  For the following reasons, defendant's motion for judgment as a matter of law and for a new trial will be denied; plaintiff's motion to amend the judgment will be denied.

Discussion

A.   Motion for Judgment as a Matter of Law

The standard for reviewing a motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b) is well settled.  The court must:

1

consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence. The court cannot assess the weight of conflicting evidence, pass on credibility of the witnesses, or substitute its judgment for that of the jury....Only if there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded men could not arrive at a verdict against [the moving party] may the court properly grant the motion.

LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 429 (2d Cir. 1995).

The Court assumes familiarity with the factual and procedural history of this case. However, the Court includes the following background information that is relevant to this ruling.

In September 2001, this action was commenced with Executive Airlines as the named plaintiff. After extensive motion practice, this Court held a trial on the merits on February 14, 15, 16 and 17, 2006. On February 17, 2006, the jury rendered its special verdict findings pursuant to Rule 49(a) of the Federal Rules of Civil Procedure, awarding plaintiff Executive Airlines[1] $472,368 in damages.

In an order dated April 6, 2006, this Court held that the damages award was against the weight of evidence and ordered a new trial on damages.

On May 8, 9, and 10, 2007, a second jury heard the evidence related to damages.

Defendant did not object to the status of Executive Airlines as the named plaintiff

---

[1]On May 11, 2007, the Court instructed plaintiff to amend the caption to substitute Millennium Aviation Services, Inc. d/b/a Executive Airlines for Executive Airlines as plaintiff. The jury instructions submitted to the jury reflected this amendment to the caption.

until May 10, 2007, at the close of evidence of the second trial in this case. At that time, defendant moved for dismissal of this action on the ground that the court lacked subject matter jurisdiction over Executive Airlines, which was a trade name rather than a legal corporate entity. Defendant attached to its motion a deposition transcript in which plaintiff's corporate executive, Michael Peragine, testified that the name Executive Airlines was a d/b/a of Millennium Aviation Services, Inc.

On May 11, 2007, the Court instructed plaintiff to amend the caption to substitute Millennium Aviation Services, Inc. d/b/a Executive Airlines. Neither side posed an objection to the amendment of the named plaintiff. See R & B Realty Group v. Heiser, 322 F.Supp.2d 206, 207 (D.Conn. 2004) ("As only a trade name, OCH has no independent legal status"); Bauer v. Pounds, 61 Conn.App. 29, 36 (2000) (the use of a fictitious or assumed business name "does not create a separate legal entity").

The Court instructed the jury:

> In this case, you will consider the amount of damages owed to plaintiff Millennium Aviation Services, Inc. d/b/a Executive Airlines by reason of defendant Electric Boat Corporation's termination of the contract for air charter services. Henceforth, I will refer to plaintiff as Executive Airlines.

That same day, the jury rendered its verdict that plaintiff was entitled to $576,054 in damages.

Defendant now argues: 1) that plaintiff Millennium Aviation presented no evidence that it was entitled to receive damages under the charter agreement executed by Executive Aviation Services and defendant; and 2) that evidence at trial related to losses suffered by corporate entities other than Millennium. Defendant's arguments rest on well settled law that a party cannot recover for harm to a third party. See

3

Holmes v. Sec. Investor Prot. Corp., 503 U.S. 258, 268-69 (1992).

However, plaintiff counters that defendant's untimeliness constitutes a waiver of its right to pose an attack on Executive Airlines' status as real party in interest.[2] Further, plaintiff contends that the evidence supports Millennium's entitlement to recover damages on the contract and the jury's award to Millennium.

Plaintiff points to Mr. Peragine's testimony that Millennium Aviation Services was formed to do business as Executive Airlines for the new millennium. He testified that Millennium acted as the operating company of the Executive Airlines companies and that all revenues and expenses associated with the contract at issue were accounted for by Millennium. Plaintiff presented expert testimony that corroborated Mr. Peragine's representation and that indicated that Executive Airlines would have realized profits of approximately $614,000 during the term of the contract. Defendant had the opportunity to cross examine both Mr. Peragine and plaintiff's expert as to the status of Millennium and the amount of damages that it allegedly suffered by way of the breach of contract. Defendant also presented its own expert evidence as to the proper amount of damages caused by defendant's breach.

The verdict on damages reflects the jury's assessment of the evidence presented that Millennium was entitled to recover damages and had suffered damages in the amount of $576,054. The Court cannot find that the jury's findings could only have been the result of sheer surmise and conjecture. Accordingly, the Court will deny the motion for judgment as a matter of law.

---

[2]This argument appears to support plaintiff's amendment of the caption in response to defendant's motion to dismiss for lack of subject matter jurisdiction.

B.     Motion for a New Trial

Defendant asserts that a new trial is merited due to the Court's erroneous decision to reject three of its proposed jury instructions, and because the verdict is against the weight of evidence.

The defendant proposed the following jury instructions: 1) that the damages were limited to lost profits incurred for a period of six months, 2) that the damages in this case were limited to lost profits associated with fifteen flights per month, and 3) that the newly-substituted plaintiff was not entitled to recover damages suffered by other corporate entities as a result of the early termination.

The Court considered these proposed instructions and rejected defendant's arguments during the jury instruction conference. For the reasons stated on the record, the Court denies defendant's motion for a new trial on the ground that the Court erred in rejecting these instructions.

The Court also rejects defendant's contention that the verdict is against the weight of evidence. The jury assessed the evidence presented, including competing expert testimony, according to proper instructions on the law of damages.

C.     Motion to Amend the Judgment to add Prejudgment and Post-Judgment Interest

Plaintiff moves this Court to amend the judgment to add prejudgment and post judgment interest.

Prejudgment Interest

This Court has previously considered whether prejudgment interest should be applied in this case. Upon review, the Court adheres to its previous decision to deny prejudgment interest.

An award of prejudgment interest is an equitable determination within the sound discretion of the trier of fact to compensate the prevailing party for a delay in obtaining money that rightfully belonged to that party. Tang v. Bou-Fakhreddine, 75 Conn.App. 334, 346 (2003). However, the right to prejudgment interest pursuant to Connecticut General Statutes section 37-3a applies only to certain claims. Foley v. Huntington Co., 42 Conn. App. 712, 739 (1996). Ordinarily, prejudgment interest pursuant to section 37-3a does "not apply to contract actions in which the plaintiff is not seeking the recovery of liquidated damages or the recovery of money advanced under a contract and wrongfully withheld after a breach of that contract." Tang, 75 Conn.App. at 349. As the Connecticut Appellate Court recently elaborated, "the focus of the prejudgment interest award allowed by § 37-3a has been to provide interest, at the discretion of the court, when there is no dispute over the sum due and the liable party has, without justification, refused to pay." Travelers Property and Casualty Co. v. Christie, 99 Conn.App. 747, 765 (2007).

This case cannot be characterized as one in which the "sum due" was not in dispute. In this instance, the amount owed to plaintiff required a jury's consideration of competing expert testimony as to damages.

However, even if consideration of prejudgment interest is appropriate, such an award is not merited on the facts of this case. In awarding prejudgment interest, the Court must determine whether the party against whom interest is sought has wrongfully detained money due the other party. O'Hara v. State, 218 Conn. 628, 643 (1991). The party seeking prejudgment interest has the burden of demonstrating that the retention of money is wrongful, which "requires more than demonstrating that the opposing party

6

detained money when it should not have done so." Smithfield Assoc., LLC v. Tolland Bank, 86 Conn.App. 14, 26 (2004), cert. denied, 274 Conn. 901 (2005).

In exercise of its discretion, the Court finds no evidence that defendant wrongfully withheld funds owed to plaintiff since defendant had a good faith disagreement as to its liability and the amount owed. See Maloney v. PCRE, LLC, 68 Conn. App. 727, 756 (2002). The request for prejudgment interest will be denied.

Post-Judgment Interest

Plaintiff seeks an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a), which provides for interest "on any money judgment in a civil case recovered in a district court." Defendant contests the date plaintiff proposes to commence accrual of that post-judgment interest.

An award of post-judgment interest compensates "the successful plaintiff for being deprived of compensation for loss from the time between the ascertainment of the damages and the payment by the defendant." Kaiser Aluminum & Chemical Corp. V. Bonjorno, 494 U.S. 827, 836 (1990). Post-judgment interest is to "be calculated from the date of the judgment...." 28 U.S.C. § 1961(a).

Plaintiff requests calculation of post-judgment interest as of February 18, 2006, the day after the first jury entered its verdict. However, the Court set aside that verdict as to damages, and the verdict as to damages was not rendered until May 11, 2007. Judgment was entered on May 14, 2007. Accordingly, post-judgment interest should be calculated as of May 14, 2007.

Conclusion

Based on the foregoing discussion, the motion for a judgment as a matter of law and for a new trial is DENIED [#250, 252]; and the motion to amend the judgment [#251] is DENIED as to prejudgment interest and GRANTED as to post-judgment interest. The clerk is instructed to amend the judgment to provide that plaintiff is entitled to post-judgment interest pursuant to 28 U.S.C. § 1961(a) as of May 14, 2007.

Dated this __29th__ day of January 2008 at Bridgeport, Connecticut.

_____/s/_____
Warren W. Eginton
Senior U.S. District Judge