UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MILLENNIUM AVIATION SERVICES, INC. d/b/a EXECUTIVE AIRLINES, | : | CIVIL ACTION NO. 02cv194 (WWE) |
| Plaintiff, | : | |
| v. | : | |
| ELECTRIC BOAT CORPORATION, | : | |
| Defendant. | : | MARCH 25, 2008 |

**DEFENDANT'S OBJECTION TO PLAINTIFF'S
MOTION FOR JUDGMENT WITH PRE-JUDGMENT INTEREST AND COSTS**

The defendant Electric Boat Corporation ("Electric Boat"), pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54(b) of the Local Civil Rules of the United States District Court for the District of Connecticut, hereby objects to the Motion for Judgment with Pre-Judgment Interest and Costs[1] filed by plaintiff, Millennium Aviation Services, d/b/a Executive Airlines ("Millennium") on March 13, 2008, and requests that Millenium's Motion be denied in its entirety.

The timeline as pertinent to the instant motion and objection is as follows. After a second jury trial in this action, the jury returned a general verdict in favor of Millennium on May 14, 2007 and the Court entered judgment that same day. On May 24, 2007, Electric Boat moved for judgment as a matter of law, or in the alternative, a new trial pursuant to Federal Rules of Civil Procedure 50(b) and 59. The Court denied these motions by a decision dated January 29, 2008

---

[1] Although the title of the motion indicates that Millennium is now moving for both "pre-judgment interest" and "costs," the body of said motion requests "the entry of judgment in this matter for costs in the total amount of eight thousand three hundred eleven dollars and two cents" and does not address any claim for pre-judgment interest. To the extent that Millennium is, by this motion, renewing its request for pre-judgment interest – a request previously denied by the Court (*See* Order on Motion for Judgment as a Matter of Law, at 6, Docket #279) – Electric Boat objects. Such a request is particularly inappropriate here given that the Court's denial of pre-judgment interest forms the basis of Millennium's pending Cross Appeal to the Court of Appeals for the Second Circuit. (*See* Notice of Cross Appeal, Docket # 283).

and entered final judgment on February 1, 2008.  Electric Boat filed a timely Notice of Appeal to the Second Circuit Court of Appeals on February 22, 2008.  This motion for costs was filed on March 13, 2008.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, a prevailing party may move for certain costs.  The procedure for requesting costs is articulated in Rule 54(b) of the Local Civil Rules for the District of Connecticut (formerly Local Civil Rule 17), which provides that: "[a]ny party who seeks costs in the District Court shall, within ten (10) days after the District Court judgment becomes final due to the expiration of the appeal period, as defined by Fed. R. App. P. Rule 4, or within ten (10) days after the issuance of a mandate by a federal appellate Court, file with the Clerk and serve on all parties a verified bill of costs . . . ."

Once a timely notice of appeal has been filed, however, the prevailing party is subject to the latter time limitation and cannot move for costs until mandate has issued on the appeal.  *See Ceraso v. Motiva Enters., LLC*, No. 3:01 CV 193 (PCD), 2002 U.S. Dist. LEXIS 26782, at *11 (D. Conn. Dec. 2, 2002) (denying motion for costs under then-Local Civil Rule 17, holding the motion was "premature as the appeal is pending before the Court of Appeals, thus no mandate has issued to date.").  In this case, Electric Boat had already filed its notice of appeal and the matter was pending before the Second Circuit before Millennium filed its motion for costs, and therefore Millennium's motion for costs is premature.

Finally, with respect to the merits of each of the amounts requested, Electric Boat objects to Millennium's requested costs totaling $1,857.17 for "deposition fees, defendant's expert witness" as relating to Aaron Olmsted on February 5, 2006, because Millenium has failed to demonstrate the services which it seeks to have assessed.  Millennium has separately requested costs in the amount of $958.03 for the "Court Reporter Fees" for this witness and has not

submitted any bills or affidavits explaining what this additional $1,857.17 amount includes. Accordingly, Electric Boat objects to Millennium's motion for costs as to this $1,857.17 amount.

For all of the foregoing reasons, Defendant Electric Boat objects to Millenium's Motion and requests that it be denied in its entirety.

>
> DEFENDANT, ELECTRIC BOAT
> CORPORATION
>
> By   /s/ James H. Rotondo
>   James H. Rotondo (ct05173)
>   jhrotondo@daypitney.com
>   Michael P. Shea (ct19598)
>   mpshea@daypitney.com
>   Day Pitney LLP
>   242 Trumbull Street
>   Hartford, CT 06103-1212
>   (860) 275-0100
>   (860) 275-0343 (fax)
>   Its Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this date a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>   /s/ James H. Rotondo
> James H. Rotondo (ct05173)